# EXHIBIT A

1
ROBBINS ARROYO LLP
BRIAN J. ROBBINS (SB# 190264)
2
DIANE E. RICHARD (SB# 204897)
600 B Street, Suite 1900
3
San Diego, CA 92101
Telephone: (619) 525-3990
4
Facsimile: (619) 525-3991
brobbins@robbinsarroyo.com
5
drichard@robbinsarroyo.com

6
THE DENTE LAW FIRM
MATTHEW S. DENTE (SB# 241547)
7
600 B Street, Suite 1900
San Diego, CA 92101
8
Telephone: (619) 550-3475
Facsimile: (619) 342-9668
9
matt@dentelaw.com

10
Attorneys for Plaintiff Tran K. Ly

11
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN DIEGO
12

13
TRAN K. LY, Individually and on Behalf of
Other Members of the Public Similarly
Situated,

14
Plaintiff,

15
v.

16
AT&T MOBILITY SERVICES LLC,
17
AT&T MOBILITY LLC, and
DOES 1-10, Inclusive,

18
Defendants.

Case No. 37-2014-00013654-CU-OE-CTL

**CLASS ACTION COMPLAINT FOR:**
**(1) FAILURE TO PAY MINIMUM
    WAGES;**
**(2) FAILURE TO PAY OVERTIME
    WAGES;**
**(3) FAILURE TO AUTHORIZE AND
    PERMIT PAID REST PERIODS;**
**(4) FAILURE TO PROVIDE MEAL
    PERIODS;**
**(5) FAILURE TO PAY WAGES
    TIMELY UPON SEPARATION OF
    EMPLOYMENT;**
**(6) FAILURE TO PROVIDE AND
    MAINTAIN COMPLIANT
    ITEMIZED WAGE STATEMENTS;**
**(7) UNFAIR COMPETITION**

**DAMAGES EXCEED $25,000**

**DEMAND FOR JURY TRIAL**

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**04/30/2014** at 02:43:26 PM

Clerk of the Superior Court
By Bernice Orihuela, Deputy Clerk

CLASS ACTION COMPLAINT

COMES NOW Plaintiff Tran K. Ly ("Plaintiff"), on behalf of herself and as a representative of employees of AT&T Mobility Services LLC and AT&T Mobility LLC (collectively, "AT&T Mobility") and Does 1-10, inclusive, (collectively, with AT&T Mobility, "Defendants") and asserts the following claims:

1.      This is a class action brought for violations of the California Labor Code pertaining to the issuance and maintenance of noncompliant itemized wage statements, failure to pay proper meal and rest premiums at the true regular rate of pay, failure to pay all required wages for all time worked arising for the time periods employees spend waiting for the issuance and return of electronic devices (e.g., iPads) and for the time periods employees spend waiting to be released from work at the end of closing shifts, and for failure to pay all wages due and owing upon separation of employment.

2.      On April 30, 2014, Plaintiff filed an exhaustion letter with the California Labor and Workforce Development Agency providing notice of her intent to bring a private attorneys general action for recovery of penalties under the California Labor Code Private Attorneys General Act of 2004, California Labor Code §2698, *et seq.* ("PAGA"). *See Arias v. Superior Court*, 46 Cal. 4th 969 (2009). PAGA permits an "aggrieved employee" to bring a lawsuit for civil penalties arising from violations of California's Labor Code committed against himself or herself and other current and former employees. Upon the conclusion of the PAGA exhaustion period, Plaintiff will amend her Complaint, as permitted by law, to seek penalties for the Labor Code violations committed against her and Defendants' other current and former California employees as a private attorney general.

3.      Plaintiff is, and at all times mentioned in this Complaint was, a resident of San Diego, California.

4.      Upon information and belief, defendant AT&T Mobility Services LLC is a Delaware corporation with principal executive offices in Georgia. AT&T Mobility Services LLC is currently registered to do business in the state of California and does business in San Diego, California.

- 1 -

5.      Upon information and belief, defendant AT&T Mobility LLC is a Delaware corporation with principal executive offices in Georgia.  AT&T Mobility, LLC is currently registered to do business in the state of California and does business in San Diego, California.

6.      Upon information and belief, defendants AT&T Mobility are employers whose employees are engaged throughout San Diego County and the state of California.

7.      Whenever in this Complaint reference is made to any act, deed, or conduct of AT&T Mobility, the allegation means that AT&T Mobility engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of AT&T Mobility.

8.      Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein as Does 1-10, inclusive and therefore sues said defendants by such fictitious names ("Doe Defendants").  Plaintiff will amend this Complaint to insert the true names and capacities of the Doe Defendants at such time as the identities of the Doe Defendants are ascertained.

9.      Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are the partners, agents, or principals and/or co-conspirators of AT&T Mobility, and of each other; that AT&T Mobility and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the liability of AT&T Mobility as alleged herein.

10.     Plaintiff is further informed and believes, and thereon alleges, that at all times herein material, each defendant was completely dominated and controlled by its co-defendants and each was the alter ego of the other.  Whenever and wherever reference is made in this Complaint to any conduct by AT&T Mobility or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally.  Whenever and wherever reference is made to individuals who are not named as defendants in this Complaint, but were employees and/or agents of Defendants, such individuals

- 2 -

at all relevant times acted on behalf of Defendants named in this Complaint within the scope of their respective employments.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings her claim for relief in this action on behalf of herself as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure §382.

12.     All claims alleged herein arise under California law for which Plaintiff seeks relief as authorized by California law.

13.     With respect to Plaintiff's First through Seventh Causes of Action, the proposed Classes and Sub Class are comprised of and defined as:

> Any and all persons who are or were employees of AT&T Mobility LLC and/or AT&T Mobility Services LLC in the state of California within one year prior to the filing of the Complaint in this action until resolution of this lawsuit and who received a paystub (hereinafter collectively referred to as the "Pay Stub Class").

> Any and all persons who are or were non-exempt Retail Sales Consultant employees, or equivalent positions however titled, of AT&T Mobility LLC and/or AT&T Mobility Services LLC in the state of California within four years prior to the filing of the Complaint in this action until resolution of this lawsuit (hereinafter collectively referred to as the "RSC Class").

> Any and all persons in the RSC Class whose employment was separated at any time within three years prior to the filing of the Complaint in this action until resolution of this lawsuit (hereinafter collectively referred to as the "RSC Waiting Time Sub Class").

14.     The members of the Pay Stub Class, the RSC Class, and the RSC Waiting Time Sub Class (collectively, the "Classes" or "Class Members") are so numerous as to make it impracticable to bring them all before this Court. Plaintiff is unable to state the exact number of the Class Members without discovery of Defendants' books and records, but avers upon information and belief that each of the Classes exceed fifty members. The identity of Class Members is readily ascertainable by an inspection of Defendants' employment and payroll records.

15.     There are questions of law and fact common to the members of each of the Classes that predominate over any questions affecting any individual in the Classes.  Defendants have acted, and refused to act, on grounds generally applicable to members of the Classes.

16.     Plaintiff's claims are typical of the claims of the Class Members and Plaintiff will fairly and adequately protect the interests of these members.

17.     The prosecution of separate actions by individual members of the Classes would create the risk of:

(a)     Inconsistent or varying adjudications in different jurisdictions with respect to individual Class Members, which would establish incompatible standards of conduct for Defendants; and

(b)     Adjudications with respect to individual Class Members which, as a practical matter, would be dispositive of the interests and rights of Class Members who are not parties to the adjudications, or would substantially impair or impede the ability of Class Members to protect their interests.

18.     At all times relevant to this action, Defendants have enacted and effected unlawful and unfair state-wide employment policies and practices which have caused Plaintiff and members of the Classes to suffer injury.  A class action is superior to other available methods for the fair and efficient adjudication of Defendants' policies and practices and the damage they caused Plaintiff and members of the Classes to suffer and which are the subject matter of this action.

19.     Employers in the state of California violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means.  The nature of this action allows for the protection of current and former employees' rights without fear for retaliation or damage.

- 4 -

20.     The claims asserted herein implicate questions of law or fact common to members of the Classes   These common questions predominate over any questions affecting only individual Class Members.  Common questions include, but are not limited to:

(a)     Whether Defendants failed to maintain and provide Pay Stub Class members with wage statements that complied with the requirements of the California Labor Code §226(a);

(b)     Whether Defendants failed to provide members of the RSC Class with proper meal premium pay at the true regular rate of pay as required by California Labor Code §§226.7(c) and 1198 and the applicable California Industrial Welfare Commission ("IWC") Wage Order;

(c)     Whether Defendants failed to provide members of the RSC Class with proper rest premium pay at the true regular rate of pay as required by California Labor Code §§226.7(c) and 1198 and the applicable California IWC Wage Order;

(d)     Whether Defendants failed to provide members of the RSC Class with all required overtime in violation of California Labor Code §§510 and 1198;

(e)     Whether Defendants failed to provide members of the RSC Class with all required minimum wages in violation of California Labor Code §§1197 and 1198 and the applicable California IWC Wage Order;

(f)     Whether Defendants unlawfully failed to pay all wages due and owing to RSC Class members, and on a timely manner timely wages to members of the RSC Waiting Time Sub Class in violation of California Labor Code §§201, 202, and 203;

(g)     Whether Defendants engaged in unfair competition in violation of California Business and Professions Code §§17200, *et seq.*; and

(h)     The appropriate amount of penalties, damages, and restitution resulting from Defendants' violations of California law.

## FACTUAL ALLEGATIONS

21.     At all times set forth herein, Defendants employed, and continue to employ, employees throughout the state of California. Upon information and belief, defendant AT&T

- 5 -

1   Mobility Services LLC is a Delaware corporation with principal executive offices in Georgia.

2   AT&T Mobility Services LLC is currently registered to do business in the state of California and

3   does business in San Diego, California.

4          22.    Upon information and belief, defendant, AT&T Mobility LLC is Delaware

5   corporation with principal executive offices in Georgia.   AT&T Mobility LLC is currently

6   registered to do business in the state of California and does business in San Diego, California.

7          23.    Upon information and belief, defendants AT&T Mobility provide wireless

8   services and products and employ persons throughout San Diego County and the state of

9   California.

10         24.    Plaintiff is a former employee of Defendants and worked in San Diego County,

11  California, until approximately April 21, 2014.   At times relevant, she held a non-exempt

12  employee position of Retail Sales Consultant.  Plaintiff worked for Defendants at times during

13  the relevant period specified herein.

14         25.    Plaintiff and other members of the Pay Stub Class, the RSC Class, and the RSC

15  Waiting Time Sub Class have been at times pertinent hereto, employees of Defendants within the

16  meaning of the California Labor Code and the implementing rules and regulations of the

17  California IWC Wage Orders.  Plaintiff and other members of the RSC Class and the RSC

18  Waiting Time Sub Class have been at times pertinent hereto, non-exempt employees of

19  Defendants within the meaning of the California Labor Code and the implementing rules and

20  regulations of the California IWC Wage Orders.

21         26.    During the relevant time frame, Defendants knowingly and intentionally failed,

22  and continue to fail, to provide Plaintiff and other members of Pay Stub Class with wage

23  statements that contained the information required by California Labor Code §226(a).  The wage

24  statements Defendants have provided to Plaintiff and other employees in Pay Stub Class fail to,

25  among other things, on their face correctly state the work dates for which payments are being

26  paid including overtime wages, commissions, and adjustments, and accurately itemize the total

27  hours worked and all applicable hourly rates in effect during the pay period and the

28  corresponding number of hours worked at each hourly rate in effect each pay period.  For

- 6 -

example, the wage statements, on their face, fail to identify a rate of pay, hours worked, and time periods for "true up payments" and "additional adjustments;" fail to have corresponding time periods listed for each time period that non-base payments are being made such as overtime and commissions; fail to accurately itemize the total hours worked; and fail to accurately state the rate of pay for meal and rest premiums in that the premium payments are not based on the employees' true regular rate of pay but rather only their base pay. Additionally, the wage statements fail to accurately itemize hours worked and gross and net wages earned in that for RSC Class members, the wage statements omit some hours worked and wages earned as a result of these employees not being paid for all time spent working while waiting for procedures to be completed for electronic devices and closing. Furthermore, the wage statements omit required information about the employer legal entities in that the wage statements identify AT&T Mobility Services LLC as the employer but fail to identify AT&T Mobility LLC as an employer. AT&T Mobility LLC is identified in a Labor Agreement between AT&T Mobility LLC and the Communication Workers of America as an employer of persons covered by that agreement.

27. During the relevant time frame, Plaintiff and RSC Class members have been systematically denied all extra hours of pay, at these employees' true regular rates of pay, as required by California law where meal periods were not provided and rest periods not authorized and permitted. Rather, when Defendants did pay the extra hours of pay, Defendants did so at the employees' base regular rate of pay and not their true regular rate of pay which includes commissions, incentive pay, and other forms of compensation that is factored into the calculation of the employees' regular rate of pay.

28. During the relevant time frame, Plaintiff and RSC Class members were not exempt from receiving the applicable minimum wages and overtime wages. Notwithstanding this, these persons had their rights violated through Defendants' failure to pay applicable minimum, overtime, and regular wages. Such violations resulted from Defendants' conduct which includes, but is not limited to: (i) failing to pay for all time worked arising from time spent waiting for issuance and return of electronic devices (e.g., iPads) for work; and (ii) failing to pay for all time worked to closing shift RSC Class members arising from time spent waiting to be

- 7 -

1  released from work at the end of closing shifts as a result of procedures such as lock-up, closing

2  up, and alarming procedures.

3      29.    During the relevant time frame, Plaintiff and RSC Waiting Time Sub Class

4  members each were required to be paid timely upon separation of employment in accordance

5  with California Labor Code §§201, 202, and 203.  Defendants, through their actions including

6  those alleged herein of not paying proper wages, wilfully have not paid these employees all

7  wages due during upon separation of employment.

8      30.    During the relevant time frame, Defendants engaged in unlawful conduct and

9  unfair competition resulting in injury to Plaintiff and, on information and belief, others through

10  their violation of California's wage and hour laws alleged herein.

11  **FIRST CAUSE OF ACTION**

12  **Class Claim for Violation of California Labor Code §1197 Against All Defendants**

13  **(Minimum Wage Claim)**

14      31.    Plaintiff repeats and incorporates herein by reference each and every allegation

15  contained above, as though fully set forth herein.

16      32.    California Labor Code §1197 specifies that an employer engages in an unlawful

17  act if it pays employees an amount less than the lawful minimum wage fixed by the California

18  IWC Wage Order.

19      33.    The "Minimum Wages" section of the applicable California IWC Wage Order

20  makes it unlawful for an employer to pay less than the applicable minimum wage for all hours

21  worked, whether the remuneration is measured by time, piece, commission, or otherwise.

22      34.    During times relevant, Defendants failed to pay, at least minimum wages for all

23  hours worked, to Plaintiff and members of the RSC Class  This occurred as a result of

24  Defendants' conduct of, among other things: (i) failing to pay for all time worked arising from

25  time spent waiting for issuance and return of electronic devices (e.g., iPads) for work; and (ii)

26  failing to pay for all time worked to closing shift RSC Class members arising from time spent

27  waiting to be released from work at the end of closing shifts as a result of procedures such as

28  lock-up, closing up, and alarming procedures.

- 8 -

CLASS ACTION COMPLAINT

35.     California Labor Code §§201 and 202 set forth timing requirements for the payment of wages to employees who are separating employment.  A violation of California Labor Code §§201 and/or 202 results in payment waiting time penalties under California Labor Code §203.

36.     During times relevant, Defendants failed to pay Plaintiff and members of the RSC Waiting Time Sub Class wages timely in conformance with the requirements set forth in California Labor Code §§201 and 202, as applicable.

37.     For this violation, Plaintiff and members of the RSC Class are entitled to and seek the payment of the unlawfully withheld minimum wages and further seek recovery of any and all available remedies to the extent permissible including recovery of interest, attorneys' fees and costs, and liquidated damages relating to any unpaid minimum wages under California Labor Code §§1194 and 1194.2.  Further, Plaintiff and members of the RSC Waiting Time Sub Class who have not been paid timely within the statutory period set forth in California Labor Code §§201 and 202 are entitled to and seek recovery of penalties under California Labor Code §203.

## SECOND CAUSE OF ACTION

### Class Claim for Violation of California Labor Code §510 Against All Defendants
### (Overtime Claim)

38.     Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

39.     California Labor Code §510(a) provides in relevant part with respect to non-exempt employees:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

CLASS ACTION COMPLAINT

40.     During times relevant, Defendants failed to pay overtime wages for all hours worked to Plaintiff and members of the RSC Class  This occurred as a result of Defendants' conduct of, among other things: (i) failing to pay for all time worked arising from time spent waiting for issuance and return of electronic devices (e.g., iPads) for work; and (ii) failing to pay for all time worked to closing shift RSC Class members arising from time spent waiting to be released from work at the end of closing shifts as a result of procedures such as lock-up, closing up, and alarming procedures.

41.     California Labor Code §§201 and 202 set forth timing requirements for the payment of wages to employees who are separating employment.  A violation of California Labor Code §§201 and/or 202 results in payment waiting time penalties under California Labor Code §203.

42.     During times relevant, Defendants failed to pay Plaintiff and members of the RSC Waiting Time Sub Class wages timely in conformance with the requirements set forth in California Labor Code §§201 and 202, as applicable.

43.     For this violation, Plaintiff and members of the RSC Class are entitled to and seek the payment of the unlawfully withheld overtime wages and further seek recovery of any and all available remedies to the extent permissible including recovery of interest, attorneys' fees and costs, and liquidated damages relating to any unpaid overtime wages under California Labor Code §§1194 and 1194.2.  Further, Plaintiff and members of the RSC Waiting Time Sub Class who have not been paid timely within the statutory period set forth in California Labor Code §§201 and 202 are entitled to and seek recovery of penalties under California Labor Code §203.

## THIRD CAUSE OF ACTION

### Class Claim for Violation of California Labor Code §226.7(b) Against All Defendants (Rest Period Claim)

44.     Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

45.     California Labor Code §226.7(b) makes it unlawful for an employer to require any employee to work during any paid rest period mandated by an applicable California IWC

- 10 -

Wage Order.  California Labor Code §1198 additionally makes it unlawful to employ persons under conditions prohibited by a Wage Order.  The "Rest Periods" section of the applicable Wage Order provides the following in relevant part:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3½) hours. Authorized rest period time shall be counted, as hours worked for which there shall be no deduction from wages.

46.     California Labor Code §226.7(c) provides that an employer shall pay an employee one additional hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

47.     During times relevant, Defendants failed to pay the appropriate payment under California Labor Code §226.7(c) because Defendants, if and when paid, paid the additional hour not at the employee's true regular rate of compensation, but rather used the employee's base rate compensation not taking into account other compensation that forms the regular rate of compensation such as commissions and incentive pay.

48.     For this violation, Plaintiff and members of the RSC Class are entitled to and seek one hour of premium pay at the employees' true regular rate of compensation for each day in which a paid rest period was not authorized and permitted, and further seek recovery of any and all available remedies to the extent permissible including recovery of interest, attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION

### Class Claim for Violations of California Labor Code §§226.7(b) Against All Defendants (Meal Period Claim)

49.     Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

50.     California Labor Code §226.7(b) makes it unlawful for an employer to require any employee to work during any meal period mandated by an applicable California IWC Wage

- 11 -

Order.  California Labor Code §1198 additionally makes it unlawful to employ persons under conditions prohibited by a Wage Order.  The "Meal Periods" section of the applicable Wage Order provides the following in relevant part:

> No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.  Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.  An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time…. If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

51.     California Labor Code §226.7(c) provides that an employer shall pay an employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

52.     During times relevant, Defendants failed to pay the appropriate payment under California Labor Code §226.7(c) because Defendants, if and when paid, paid the additional hour not at the employee's true regular rate of compensation, but rather used the employee's base rate compensation not taking into account other compensation that forms the regular rate of compensation such as commissions and incentive pay.

53.     For this violation, Plaintiff and members of the RSC Class are entitled to and seek one hour of premium pay at the employees' true regular rate of compensation for each day in which a meal period was provided, and further seek recovery of any and all available remedies to the extent permissible including recovery of interest, attorneys' fees, and costs.

1

## FIFTH CAUSE OF ACTION

2

**Class Claim for Violations of California Labor Code §§201 and 202 Against All Defendants**
**(For Failure to Pay Wages Owed on Separation of Employment)**

3

4          54.    Plaintiff repeats and incorporates herein by reference each and every allegation

5    contained above, as though fully set forth herein.

6          55.    California Labor Code §§201 and 202 require an employer who discharges an

7    employee to pay compensation due and owing to said employee immediately upon discharge and

8    that if an employee voluntarily leaves his or her employment, his or her wages shall become due

9    and payable not later than seventy-two hours thereafter, unless the employee has given

10   seventy-two hours previous notice of his or her intention to quit, in which case the employee is

11   entitled to his or her wages on their last day of work.  California Labor Code §203 provides that

12   if an employer willfully fails to pay compensation promptly upon discharge, as required by

13   California Labor Code §§201 and 202, the employer is liable for waiting time penalties in the

14   form of continued compensation for up to thirty work days.

15         56.    During the relevant time period and through its conduct including that alleged

16   herein, Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay

17   Plaintiff and members of the RSC Waiting Time Sub Class their wages, earned and unpaid,

18   either at the time of discharge, or within seventy-two hours of their voluntarily leaving

19   Defendants' employ.  Premium, regular, and minimum wages were improperly unpaid, but upon

20   separation, Defendants also failed to pay earned and calculable wages due and owing within the

21   time frame specified by California Labor Code §§201 and 202.

22         57.    Defendants' willful failure to pay Plaintiff and RSC Waiting Time Sub Class

23   members their wages earned and unpaid at the time of discharge, or within seventy-two hours of

24   their voluntarily leaving Defendants' employ, violates California Labor Code §§201 and 202, as

25   applicable.  As a result, Defendants are liable to Plaintiff and members of the RSC Waiting Time

26   Sub Class for waiting time penalties under California Labor Code §203, in an amount according

27   to proof at the time of trial.

28

CLASS ACTION COMPLAINT

## SIXTH CAUSE OF ACTION

### Class Claim for Violation of California Labor Code §226(a) Against All Defendants
### (Pay Stub Claim)

58.     Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

59.     California Labor Code §226(a) sets forth reporting requirements for employers when they pay wages.  In relevant part, it states:

> Every employer shall … at the time of each payment of wages, furnish each of his or her employees … an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer …, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.…

California Labor Code §226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

California Labor Code §226(e)(2)(B) provides:

> An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a)[;] (ii) Which deductions the employer made from

- 14 -

CLASS ACTION COMPLAINT

gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a)[;] (iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period[; and] (iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

60.    During the relevant time frame, Defendants knowingly and intentionally failed, and continue to fail, to provide Plaintiff and other members of Pay Stub Class with wage statements that contained the information required by California Labor Code §226(a). The wage statements Defendants have provided to Plaintiff and other employees in Pay Stub Class fail to, among other things, on their face correctly state the work dates for which payments are being paid including overtime wages, commissions, and adjustments, and accurately itemize the total hours worked and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in effect each pay period. For example, the wage statements, on their face, fail to identify a rate of pay, hours worked, and time periods for "true up payments" and "additional adjustments;" fail to have corresponding time periods listed for each time period that non-base payments are being made such as overtime and commissions; fail to accurately itemize the total hours worked; and fail to accurately state the rate of pay for meal and rest premiums in that the premium payments are not based on the employees' true regular rate of pay but rather only their base pay. Additionally, the wage statements fail to accurately itemize hours worked and gross and net wages earned in that for RSC Class members, the wage statements omit some hours worked and wages earned as a result of these employees' not being paid for all time spent working while waiting for procedures to be completed for electronic devices and closing. Furthermore, the wage statements omit required information about the employer legal entities in that the wage statements identify AT&T Mobility Services LLC as the employer but fail to identify AT&T Mobility LLC as an employer. AT&T Mobility LLC is identified in a Labor Agreement between AT&T Mobility LLC and the Communication Workers of America as an employer of persons covered by that agreement.

61.    Plaintiff and other Pay Stub Class members have been injured, as defined by California Labor Code §226, by these omissions and inaccuracies.

62.    Defendants knowingly and intentionally failed, and continue to fail, to furnish Plaintiff and Pay Stub Class members complete and accurate wage statements upon each payment of wages in violation of California Labor Code §226(a).  Plaintiff and Pay Stub Class members have been injured and damaged by these failures because, among other things, it renders them unable to determine whether Defendants properly recorded their hours worked and makes it impossible to tell whether they were properly compensated for all pay earned at the proper rates and during the applicable pay period.  Plaintiff and, on information and belief, Pay Stub Class members are required to engage in discovery and mathematical computations to reconstruct their time records to determine if they were paid correctly as a result of the inaccurate and/or incomplete wage statements. Plaintiff and, on information and belief, Pay Stub Class members cannot easily ascertain from the information provided to them through the wage statements whether his or her wages and hours have been calculated correctly. Accordingly, Plaintiff and, on information and belief, Pay Stub Class members cannot promptly and easily determine from the wage statement alone the information set forth in California Labor Code §226(e)(2)(B) to assure that he or she is not being underpaid and have had to refer to other documents and information to attempt to ascertain this information.

63.    Defendants will no doubt continue these illegal practices until such time as they are forced to pay monies set forth under California Labor Code §226(e).  Defendants moreover will no doubt continue these illegal practices until such time as they are forced to cease such practice under the injunctive relief provision of California Labor Code §226(h).

64.    Plaintiff and Pay Stub Class members are entitled to and seek any and all available remedies to the extent permissible including injunctive relief and recovery of all available statutory damages, penalties, interest, attorneys' fees, and costs pursuant to California Labor Code §226(e) and (h).

CLASS ACTION COMPLAINT

## SEVENTH CAUSE OF ACTION

**Class Claim for Unfair Competition Against All Defendants
(Unfair Competition Claim)**

65.     Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

66.     Defendants' conduct, as alleged in this Complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and members of the RSC Class, Defendants' competitors, and the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure §1021.5.

67.     Defendants' policies, activities, and actions as alleged herein are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§17200, *et seq.*

68.     A violation of California Business and Professions Code §§17200, *et seq.*, may be predicated on the violation of any state or federal law.  In the instant case, Defendants' policies and practices of not paying proper wages, and not providing compliant additional hours of pay for meal and rest premiums, among the other statutory violations alleged herein, over the past four years violates California Labor Code §§226.7, 510, 1197, and 1198 among other statutes.

69.     Plaintiff and members of the RSC Class have been personally aggrieved and injured by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

70.     Pursuant to California Business and Professions Code §§17200, *et seq.*, Plaintiff and members of the RSC Class are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this Complaint, an award of attorneys' fees pursuant to California Code of Civil Procedure §1021.5, and an award of costs.

CLASS ACTION COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment, on behalf of herself and the other California employees, against each defendant, jointly and severally, as follows:

<u>Class Certification</u>

1. That this action be certified as a class action;

2. That Plaintiff be appointed as the representative of the Pay Stub Class, the RSC Class, and the RSC Waiting Time Sub Class; and

3. That counsel for Plaintiff be appointed as counsel for the Pay Stub Class, the RSC Class, and the RSC Waiting Time Sub Class.

<u>On the First and Second Causes of Action</u>

1. For repayment of wages and liquidated damages, under the First and Second Causes of Action, to Plaintiff and members of the RSC Class under California Labor Code §§1194 and 1194.2 according to proof and to the extent permissible;

2. For payment of penalties to Plaintiff and members of the RSC Waiting Time Sub Class under California Labor Code §203 according to proof and to the extent permissible;

3. For pre-judgment interest on any unpaid wages due from the day that such amounts were due under California Labor Code §1194;

4. For reasonable attorneys' fees that Plaintiff and members of the RSC Class are entitled to recover under California Labor Code §1194;

5. For costs of suit incurred herein that Plaintiff and members of the RSC Class are entitled to recover under California Labor Code §1194; and

6. For such other and further relief as the Court deems proper.

<u>On the Third and Fourth Causes of Action</u>

1. For statutory premium wages to Plaintiff and members of the RSC Class under California Labor Code §226.7(c) according to proof;

2. For reasonable attorneys' fees and costs of suit pursuant to California Code of Civil Procedure §1021.5;

- 18 -

1       3.     For pre-judgment interest on any unpaid wages due from the day that such

2  amounts were due; and

3       4.     For such other and further relief as the Court deems proper.

4                       On the Fifth Cause of Action

5       1.     For penalties according to proof under California Labor Code §203 to Plaintiff

6  and members of the RSC Waiting Time Sub Class;

7       2.     For reasonable attorneys' fees;

8       3.     For costs of suit incurred herein; and

9       4.     For such other and further relief as the Court deems proper.

10                     On the Sixth Cause of Action

11       1.     For penalties and damages according to proof under California Labor Code

12  §226(e) to Plaintiff and Pay Stub Class members;

13       2.     For injunctive relief under California Labor Code §226(h);

14       3.     For reasonable attorneys' fees;

15       4.     For costs of suit incurred herein; and

16       5.     For such other and further relief as the Court deems proper.

17                   On the Seventh Cause of Action

18       1.     That Defendants, jointly and/or severally, pay restitution and/or disgorgement of

19  sums to Plaintiff and members of the RSC Class for their failures to pay all minimum wages over

20  the last four years in an amount according to proof;

21       2.     That Defendants, jointly and/or severally, pay restitution and/or disgorgement of

22  sums to Plaintiff and members of the RSC Class for their failures to pay all overtime wages over

23  the last four years in an amount according to proof;

24       3.     That Defendants, jointly and/or severally, pay restitution and/or disgorgement of

25  sums to Plaintiff and members of the RSC Class for their failures to pay all wages due and owing

26  over the last four years as in an amount according to proof;

27       4.     That Defendants, jointly and/or severally, pay restitution and/or disgorgement of

28  sums to Plaintiff and members of the RSC Class for their failures to pay correct premium wages

1  for rest periods that were not authorized and permitted over the last four years in an amount

2  according to proof;

3       5.     That Defendants, jointly and/or severally, pay restitution and/or disgorgement of

4  sums to Plaintiff and members of the RSC Class for their failures to pay correct premium wages

5  for meal periods that were not provided over the last four years in an amount according to proof;

6       6.     For pre-judgment interest on any unpaid wages due from the day that such

7  amounts were due;

8       7.     For reasonable attorneys' fees that Plaintiff and members of the RSC Class are

9  entitled to recover under California Labor Code §§218.5 and 1194, and California Code of Civil

10  Procedure §1021.5;

11       8.     For costs of suit incurred herein that Plaintiff and members of the RSC Class are

12  entitled to recover under California Labor Code §§218.5 and 1194; and

13       9.     For such other and further relief as the Court deems proper.

14  **DEMAND FOR JURY TRIAL**

15       Plaintiff requests a jury trial in this matter.

16  Dated: April 30, 2014

        ROBBINS ARROYO LLP
        THE DENTE LAW FIRM

18          By: _____
           DIANE E. RICHARD

20          Attorneys for Plaintiff Tran K. Ly

# EXHIBIT B

 **CT Corporation**

**Service of Process Transmittal**
06/20/2014
CT Log Number 525187093

| | |
|---|---|
| **TO:** | Jill M Calafiore, Rm 3A119A<br>AT&T Corp.<br>One AT&T Way-<br>Bedminster, NJ 07921- |
| **RE:** | **Process Served in California** |
| **FOR:** | AT&T Mobility LLC (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Tran K. Ly, etc., Individually and on Behalf of Other Members of the Public Similarly Situated, Pltf. vs. AT&T Mobility Services LLC, et al. including AT&T Mobility LLC, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, First Amended Class Action Complaint, Exhibit(s), Cover Sheet, Alternative Dispute Resolution Information, Instructions, Notice, Stipulation, Order, Electronic Filing Requirements |
| **COURT/AGENCY:** | San Diego County - Superior Court - San Diego, CA<br>Case # 37201400013654CUOECTL |
| **NATURE OF ACTION:** | Employee Litigation - Class Action Claims - Violations of California Labor Codes - Unpaid Wages - Seeking Injunctive Relief |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/20/2014 at 14:30 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Earliest Answer Date - Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Diane E. Richard<br>Robbins Arroyo LLP<br>600 B Street<br>Suite 1900<br>San Diego, CA 92101<br>619-525-3990 |
| **REMARKS:** | Documents have been modified to reflect the name of the entity being served. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/23/2014, Expected Purge Date: 07/03/2014<br>Image SOP<br>Email Notification, Jill M Calafiore jcalafiore@att.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

6/26/14   2:30

**SUM-100**

# SUMMONS AS TO COMPLAINT
## (CITACION JUDICIAL) AND FIRST
AMENDED COMPLAINT

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

AT&T MOBILITY SERVICES LLC, AT&T MOBILITY LLC, and
DOES 1-10, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

TRAN K. LY, Individually and on Behalf of Other Members of the
Public Similarly Situated

| FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE) |
|---|
| **ELECTRONICALLY FILED** Superior Court of California, County of San Diego **04/30/2014** at 02:43:26 PM Clerk of the Superior Court By Bernice Orihuela, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: (El nombre y dirección de la corte es): San Diego Superior Court | CASE NUMBER: (Número del Caso): 37-2014-00013654-CU-OE-CTL |
|---|---|

330 West Broadway
San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Diane E. Richard, Robbins Arroyo LLP, 600 B Street, Suite 1900, San Diego, CA 92101; (619) 525-3990

| DATE: 05/01/2014 (Fecha) | Clerk, by B. Orihuela (Secretario) | , Deputy (Adjunto) |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): AT&T Mobility LLC

under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☒ other (specify): Limited Liability Company
4. ☒ by personal delivery on (date): 6/20/14

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** 6/20/14 | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/04/2014** at 03:57:00 PM

Clerk of the Superior Court
By Calvin Beutler, Deputy Clerk

1  ROBBINS ARROYO LLP
   BRIAN J. ROBBINS (SB# 190264)
2  DIANE E. RICHARD (SB# 204897)
   600 B Street, Suite 1900
3  San Diego, CA 92101
   Telephone: (619) 525-3990
4  Facsimile: (619) 525-3991
   brobbins@robbinsarroyo.com
5  drichard@robbinsarroyo.com

6  THE DENTE LAW FIRM
   MATTHEW S. DENTE (SB# 241547)
7  600 B Street, Suite 1900
   San Diego, CA 92101
8  Telephone: (619) 550-3475
   Facsimile: (619) 342-9668
9  matt@dentelaw.com

10 Attorneys for Plaintiff Tran K. Ly

11            SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                      COUNTY OF SAN DIEGO

13 TRAN K. LY, Individually and on Behalf of     Case No. 37-2014-00013654-CU-OE-CTL
   Other Members of the Public Similarly
14 Situated,                                     **CLASS ACTION AS TO PLAINTIFF'S
                                                 FIRST THROUGH SEVENTH CAUSES
15              Plaintiff,                        OF ACTION**

16      v.                                       **CALIFORNIA LABOR CODE PRIVATE
                                                 ATTORNEYS GENERAL ACT OF 2004
17 AT&T MOBILITY SERVICES LLC,                   ACTION AS TO PLAINTIFF'S EIGHTH
   AT&T MOBILITY LLC, and                        THROUGH FIFTEENTH CAUSES OF
18 DOES 1-10, Inclusive,                         ACTION**

19              Defendants.                       **FIRST AMENDED COMPLAINT FOR:**

20                                               **(1) FAILURE TO PAY MINIMUM
                                                     WAGES;**
21                                               **(2) FAILURE TO PAY OVERTIME
                                                     WAGES;**
22                                               **(3) FAILURE TO AUTHORIZE AND
                                                     PERMIT PAID REST PERIODS;**
23                                               **(4) FAILURE TO PROVIDE MEAL
                                                     PERIODS;**
24                                               **(5) FAILURE TO PAY WAGES TIMELY
                                                     UPON SEPARATION OF
25                                                   EMPLOYMENT;**
                                                 **(6) FAILURE TO PROVIDE AND
26                                                   MAINTAIN COMPLIANT ITEMIZED
                                                     WAGE STATEMENTS;**
27                                               **(7) UNFAIR COMPETITION;**
                                                 **(8) VIOLATION OF LABOR CODE
28                                                   SECTION 1197 BROUGHT UNDER
                                                     THE LABOR CODE PRIVATE**

─────────────────────────────────────────────
FIRST AMENDED CLASS ACTION COMPLAINT

ATTORNEYS GENERAL ACT OF
2004 (CAL. LAB. CODE SECTION
2698, ET SEQ.);
(9) VIOLATION OF LABOR CODE
SECTION 510 BROUGHT UNDER
THE LABOR CODE PRIVATE
ATTORNEYS GENERAL ACT OF
2004 (CAL. LAB. CODE SECTION
2698, ET SEQ.);
(10) VIOLATION OF LABOR CODE
SECTION 226.7(B) BROUGHT
UNDER THE LABOR CODE
PRIVATE ATTORNEYS GENERAL
ACT OF 2004 (CAL. LAB. CODE
SECTION 2698, ET SEQ.);
(11) VIOLATIONS OF LABOR CODE
SECTIONS 226.7(B) AND 512
BROUGHT UNDER THE LABOR
CODE PRIVATE ATTORNEYS
GENERAL ACT OF 2004 (CAL. LAB.
CODE SECTION 2698, ET SEQ.);
(12) VIOLATIONS OF LABOR CODE
SECTIONS 201, 202, AND 203
BROUGHT UNDER THE LABOR
CODE PRIVATE ATTORNEYS
GENERAL ACT OF 2004 (CAL. LAB.
CODE SECTION 2698, ET SEQ.);
(13) VIOLATION OF LABOR CODE
SECTION 226(A) BROUGHT UNDER
THE LABOR CODE PRIVATE
ATTORNEYS GENERAL ACT OF
2004 (CAL. LAB. CODE SECTION
2698, ET SEQ.);
(14) VIOLATION OF LABOR CODE
SECTION 204 BROUGHT UNDER
THE LABOR CODE PRIVATE
ATTORNEYS GENERAL ACT OF
2004 (CAL. LAB. CODE SECTION
2698, ET SEQ.); AND
(15) VIOLATION OF LABOR CODE
SECTION 1198 BROUGHT UNDER
THE LABOR CODE PRIVATE
ATTORNEYS GENERAL ACT OF
2004 (CAL. LAB. CODE SECTION
2698, ET SEQ.)

DAMAGES EXCEED $25,000
DEMAND FOR JURY TRIAL

[IMAGED FILE]

Date Action Filed: April 30, 2014
Judge: Honorable Joel R. Wohlfeil
Dept.: C-73

---

FIRST AMENDED CLASS ACTION COMPLAINT

COMES NOW Plaintiff Tran K. Ly ("Plaintiff"), on behalf of herself and as a representative of employees of AT&T Mobility Services LLC and AT&T Mobility LLC (collectively, "AT&T Mobility") and Does 1-10, inclusive, (collectively, with AT&T Mobility, "Defendants") and asserts the following claims:

1. This is a class action brought for violations of the California Labor Code pertaining to the issuance and maintenance of noncompliant itemized wage statements, failure to pay proper meal and rest premiums at the true regular rate of pay, failure to pay all required wages for all time worked arising for the time periods employees spend waiting for the issuance and return of electronic devices (e.g., iPads) and for the time periods employees spend waiting to be released from work at the end of closing shifts, and for failure to pay all wages due and owing upon separation of employment.

2. This is further a private attorneys general action brought under the California Labor Code Private Attorneys General Act of 2004 codified in California Labor Code §2698, *et seq.* ("PAGA"). On April 30, 2014, Plaintiff filed an exhaustion letter with the California Labor and Workforce Development Agency ("LWDA"), AT&T Mobility Services LLC, and AT&T Mobility LLC providing notice of her intent to bring a private attorneys general action for recovery of penalties under PAGA. *See Arias v. Superior Court*, 46 Cal. 4th 969 (2009). PAGA permits an "aggrieved employee" to bring a lawsuit for civil penalties arising from violations of California's Labor Code committed against himself or herself and other current and former employees, as a private attorney general, to address an employer's violations of the California Labor Code. *Id.* at 980-81. More than thirty-three days have elapsed since Plaintiff served the PAGA notice without the LWDA providing notice of its intent to investigate, and further without AT&T Mobility Services LLC, and/or AT&T Mobility LLC providing notice that they have cured any of the alleged violations as may be applicable. Accordingly, Plaintiff brings a PAGA enforcement action as alleged herein.

3. Plaintiff is, and at all times mentioned in this Complaint was, a resident of San Diego, California.

FIRST AMENDED CLASS ACTION COMPLAINT

4.    Upon information and belief, defendant AT&T Mobility Services LLC is a Delaware corporation with principal executive offices in Georgia. AT&T Mobility Services LLC is currently registered to do business in the state of California and does business in San Diego, California.

5.    Upon information and belief, defendant AT&T Mobility LLC is a Delaware corporation with principal executive offices in Georgia. AT&T Mobility, LLC is currently registered to do business in the state of California and does business in San Diego, California.

6.    Upon information and belief, defendants AT&T Mobility are employers whose employees are engaged throughout San Diego County and the state of California.

7.    Whenever in this Complaint reference is made to any act, deed, or conduct of AT&T Mobility, the allegation means that AT&T Mobility engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of AT&T Mobility.

8.    Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein as Does 1-10, inclusive and therefore sues said defendants by such fictitious names ("Doe Defendants"). Plaintiff will amend this Complaint to insert the true names and capacities of the Doe Defendants at such time as the identities of the Doe Defendants are ascertained.

9.    Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are the partners, agents, or principals and/or co-conspirators of AT&T Mobility, and of each other; that AT&T Mobility and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the liability of AT&T Mobility as alleged herein.

10.    Plaintiff is further informed and believes, and thereon alleges, that at all times herein material, each defendant was completely dominated and controlled by its co-defendants and each was the alter ego of the other. Whenever and wherever reference is made in this

1 Complaint to any conduct by AT&T Mobility or Defendants, such allegations and references
2 shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly,
3 and severally.   Whenever and wherever reference is made to individuals who are not named as
4 defendants in this Complaint, but were employees and/or agents of Defendants, such individuals
5 at all relevant times acted on behalf of Defendants named in this Complaint within the scope of
6 their respective employments.

7 **CLASS ACTION ALLEGATIONS**

8     11.    Plaintiff brings her claim for relief in this action on behalf of herself as well as on
9 behalf of each and all other persons similarly situated, and thus, seeks class certification under
10 California Code of Civil Procedure §382.

11     12.    All claims alleged herein arise under California law for which Plaintiff seeks
12 relief as authorized by California law.

13     13.    With respect to Plaintiff's First through Seventh Causes of Action, the proposed
14 Classes and Sub Class are comprised of and defined as:

15
16       Any and all persons who are or were employees of AT&T Mobility LLC and/or AT&T Mobility Services LLC in the state of California within one year prior to the filing of the Complaint in this action until resolution of this lawsuit and who
17       received a paystub (hereinafter collectively referred to as the "Pay Stub Class").

18       Any and all persons who are or were non-exempt Retail Sales Consultant employees, or equivalent positions however titled, of AT&T Mobility LLC
19       and/or AT&T Mobility Services LLC in the state of California within four years prior to the filing of the Complaint in this action until resolution of this lawsuit
20       (hereinafter collectively referred to as the "RSC Class").

21       Any and all persons in the RSC Class whose employment was separated at any
22       time within three years prior to the filing of the Complaint in this action until resolution of this lawsuit (hereinafter collectively referred to as the "RSC
23       Waiting Time Sub Class").

24     14.    The members of the Pay Stub Class, the RSC Class, and the RSC Waiting Time
25 Sub Class (collectively, the "Classes" or "Class Members") are so numerous as to make it
26 impracticable to bring them all before this Court.  Plaintiff is unable to state the exact number of
27 the Class Members without discovery of Defendants' books and records, but avers upon
28 information and belief that each of the Classes exceed fifty members.  The identity of Class

- 3 -

1   Members is readily ascertainable by an inspection of Defendants' employment and payroll
2   records.

3       15.    There are questions of law and fact common to the members of each of the
4   Classes that predominate over any questions affecting any individual in the Classes. Defendants
5   have acted, and refused to act, on grounds generally applicable to members of the Classes.

6       16.    Plaintiff's claims are typical of the claims of the Class Members and Plaintiff will
7   fairly and adequately protect the interests of these members.

8       17.    The prosecution of separate actions by individual members of the Classes would
9   create the risk of:

10       (a)    Inconsistent or varying adjudications in different jurisdictions with respect
11   to individual Class Members, which would establish incompatible standards of conduct for
12   Defendants; and

13       (b)    Adjudications with respect to individual Class Members which, as a
14   practical matter, would be dispositive of the interests and rights of Class Members who are not
15   parties to the adjudications, or would substantially impair or impede the ability of Class
16   Members to protect their interests.

17       18.    At all times relevant to this action, Defendants have enacted and effected
18   unlawful and unfair state-wide employment policies and practices which have caused Plaintiff
19   and members of the Classes to suffer injury. A class action is superior to other available
20   methods for the fair and efficient adjudication of Defendants' policies and practices and the
21   damage they caused Plaintiff and members of the Classes to suffer and which are the subject
22   matter of this action.

23       19.    Employers in the State of California violate employment and labor laws every
24   day. Current employees are often afraid to assert their rights out of fear of direct or indirect
25   retaliation. Former employees are fearful of bringing actions because they believe their former
26   employers may damage their future endeavors through negative references and/or other means.
27   The nature of this action allows for the protection of current and former employees' rights
28   without fear for retaliation or damage.

- 4 -

1    20.    The claims asserted herein implicate questions of law or fact common to members
2  of the Classes   These common questions predominate over any questions affecting only
3  individual Class Members.  Common questions include, but are not limited to:

4            (a)    Whether Defendants failed to maintain and provide Pay Stub Class
5  members with wage statements that complied with the requirements of the California Labor
6  Code §226(a);

7            (b)    Whether Defendants failed to provide members of the RSC Class with
8  proper meal premium pay at the true regular rate of pay as required by California Labor Code
9  §§226.7(c) and 1198 and the applicable California Industrial Welfare Commission ("IWC")
10  Wage Order;

11           (c)    Whether Defendants failed to provide members of the RSC Class with
12  proper rest premium pay at the true regular rate of pay as required by California Labor Code
13  §§226.7(c) and 1198 and the applicable California IWC Wage Order;

14           (d)    Whether Defendants failed to provide members of the RSC Class with all
15  required overtime in violation of California Labor Code §§510 and 1198;

16           (e)    Whether Defendants failed to provide members of the RSC Class with all
17  required minimum wages in violation of California Labor Code §§1197 and 1198 and the
18  applicable California IWC Wage Order;

19           (f)    Whether Defendants unlawfully failed to pay all wages due and owing to
20  RSC Class members, and on a timely manner timely wages to members of the RSC Waiting
21  Time Sub Class in violation of California Labor Code §§201, 202, and 203;

22           (g)    Whether Defendants engaged in unfair competition in violation of
23  California Business and Professions Code §§17200, *et seq.*; and

24           (h)    The appropriate amount of penalties, damages, and restitution resulting
25  from Defendants' violations of California law.

26                              **PAGA ALLEGATIONS**

27    21.    This is a PAGA enforcement action as to Plaintiff's Eighth through Fifteenth
28  Causes of Action only for recovery of civil penalties under the PAGA. *See Arias*, 46 Cal. 4th at

- 5 -

969.  PAGA permits an "aggrieved employee" to bring a lawsuit for civil penalties as a private attorney general, to address an employer's violations of the California Labor Code committed against the aggrieved employee and other current and former employees.  *Id.* at 980-81.  In this case, Defendants violated California Labor Code  §§201, 202, 203, 204, 226(a), 226.7(b), 510, 512, 1197, and 1198 as set forth more fully below.  Plaintiff seeks PAGA penalties for the violations committed against her and Defendants' other current and former California employees.

22.    Plaintiff's Eighth through Fifteenth Causes of Action are suitable for treatment as a PAGA action for the following reasons:

(a)    The violations set forth in Plaintiff's Eighth through Fifteenth Causes of Action allege violations of the California Labor Code for which the Code provides a civil penalty to be assessed and recovered by the LWDA or any department, division, commission, boards, agencies, or employees, or for which a penalty is provided for under California Labor Code §2699(f);

(b)    Plaintiff is an "aggrieved employee" because she was employed by the Defendants and had one or more of the alleged violations committed against her;

(c)    Plaintiff complied with the requirement to commence a civil action under California Labor Code §2699.3;

(d)    Plaintiff complied with the exhaustion requirements of PAGA by providing notice by certified letter on April 30, 2014, to AT&T Mobility Services LLC, AT&T Mobility LLC, and the LWDA concerning the PAGA claims Plaintiff intends to pursue.  A true and correct copy of the notice is attached as Exhibit A.  More than thirty-three days have elapsed since Plaintiff served the PAGA notice, and the LWDA has not provided notice of its intent to investigate, nor has AT&T Mobility LLC or AT&T Mobility Services LLC provided notice that they have cured any of the alleged violations as may be applicable; and

(e)    "Current and former employees," for the purposes of the PAGA claims include any and all non-exempt Retail Sales Consultant employees, or equivalent positions however titled, of AT&T Mobility LLC and/or AT&T Mobility Services LLC in the State of

- 6 -

1  California, unless a different employee status is noted, at any time during the PAGA statutory
2  period.

3  ### FACTUAL ALLEGATIONS

4  23.   At all times set forth herein, Defendants employed, and continue to employ,
5  employees throughout the state of California. Upon information and belief, defendant AT&T
6  Mobility Services LLC is a Delaware corporation with principal executive offices in Georgia.
7  AT&T Mobility Services LLC is currently registered to do business in the state of California and
8  does business in San Diego, California.

9  24.   Upon information and belief, defendant, AT&T Mobility LLC is Delaware
10 corporation with principal executive offices in Georgia.  AT&T Mobility LLC is currently
11 registered to do business in the state of California and does business in San Diego, California.

12 25.   Upon information and belief, defendants AT&T Mobility provide wireless
13 services and products and employ persons throughout San Diego County and the state of
14 California.

15 26.   Plaintiff is a former employee of Defendants and worked in San Diego County,
16 California, until approximately April 21, 2014.   At times relevant, she held a non-exempt
17 employee position of Retail Sales Consultant.  Plaintiff worked for Defendants at times during
18 the relevant period specified herein.

19 27.   Plaintiff and other members of the Pay Stub Class, the RSC Class, and the RSC
20 Waiting Time Sub Class have been at times pertinent hereto, employees of Defendants within the
21 meaning of the California Labor Code and the implementing rules and regulations of the
22 California IWC Wage Orders.  Plaintiff and other members of the RSC Class and the RSC
23 Waiting Time Sub Class have been at times pertinent hereto, non-exempt employees of
24 Defendants within the meaning of the California Labor Code and the implementing rules and
25 regulations of the California IWC Wage Orders.

26 28.   During the relevant time frame, Defendants knowingly and intentionally failed,
27 and continue to fail, to provide Plaintiff and other members of Pay Stub Class with wage
28 statements that contained the information required by California Labor Code §226(a). The wage

- 7 -

statements Defendants have provided to Plaintiff and other employees in Pay Stub Class fail to, among other things, on their face correctly state the work dates for which payments are being paid including overtime wages, commissions, and adjustments, and accurately itemize the total hours worked and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in effect each pay period. For example, the wage statements, on their face, fail to identify a rate of pay, hours worked, and time periods for "true up payments" and "additional adjustments;" fail to have corresponding time periods listed for each time period that non-base payments are being made such as overtime and commissions; fail to accurately itemize the total hours worked; and fail to accurately state the rate of pay for meal and rest premiums in that the premium payments are not based on the employees' true regular rate of pay but rather only their base pay. Additionally, the wage statements fail to accurately itemize hours worked and gross and net wages earned in that for RSC Class members, the wage statements omit some hours worked and wages earned as a result of these employees not being paid for all time spent working while waiting for procedures to be completed for electronic devices and closing. Furthermore, the wage statements omit required information about the employer legal entities in that the wage statements identify AT&T Mobility Services LLC as the employer but fail to identify AT&T Mobility LLC as an employer. AT&T Mobility LLC is identified in a Labor Agreement between AT&T Mobility LLC and the Communication Workers of America as an employer of persons covered by that agreement.

29.     During the relevant time frame, Plaintiff and RSC Class members have been systematically denied all extra hours of pay, at these employees' true regular rates of pay, as required by California law where meal periods were not provided and rest periods not authorized and permitted. Rather, when Defendants did pay the extra hours of pay, Defendants did so at the employees' base regular rate of pay and not their true regular rate of pay which includes commissions, incentive pay, and other forms of compensation that is factored into the calculation of the employees' regular rate of pay.

30.     During the relevant time frame, Plaintiff and RSC Class members were not exempt from receiving the applicable minimum wages and overtime wages. Notwithstanding

- 8 -

1  this, these persons had their rights violated through Defendants' failure to pay applicable

2  minimum, overtime, and regular wages.  Such violations resulted from Defendants' conduct

3  which includes, but is not limited to: (i) failing to pay for all time worked arising from time spent

4  waiting for issuance and return of electronic devices (e.g., iPads) for work; and (ii) failing to pay

5  for all time worked to closing shift RSC Class members arising from time spent waiting to be

6  released from work at the end of closing shifts as a result of procedures such as lock-up, closing

7  up, and alarming procedures.

8      31.    During the relevant time frame, Plaintiff and RSC Waiting Time Sub Class

9  members each were required to be paid timely upon separation of employment in accordance

10 with California Labor Code §§201, 202, and 203.  Defendants, through their actions including

11 those alleged herein of not paying proper wages, wilfully have not paid these employees all

12 wages due during upon separation of employment.

13     32.    On or about April 30, 2014, Plaintiff requested her employment records from

14 AT&T Mobility Services LLC and AT&T Mobility LLC, including time and wage statement

15 records, and compensation plan documents.  As of the date of this filing, AT&T Mobility

16 Services LLC nor AT&T Mobility LLC had provided Plaintiff with the requested records, in

17 violation of the California Labor Code's and IWC Wage Order's requirements to do so.

18     33.    During the relevant time frame, Defendants engaged in unlawful conduct, and

19 unfair competition resulting in injury to Plaintiff and, on information and belief, others through

20 their violation of California's wage and hour laws alleged herein.

21                    **CLASS ACTION CLAIMS**

22                    **FIRST CAUSE OF ACTION**

23      **Class Claim for Violation of California Labor Code §1197 Against All Defendants**
                              **(Minimum Wage Claim)**
24

25     34.    Plaintiff repeats and incorporates herein by reference each and every allegation

26 contained above, as though fully set forth herein.

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

1    35.    California Labor Code §1197 specifies that an employer engages in an unlawful

2    act if it pays employees an amount less than the lawful minimum wage fixed by the California

3    IWC Wage Order.

4    36.    The "Minimum Wages" section of the applicable California IWC Wage Order

5    makes it unlawful for an employer to pay less than the applicable minimum wage for all hours

6    worked, whether the remuneration is measured by time, piece, commission, or otherwise.

7    37.    During times relevant, Defendants failed to pay, at least minimum wages for all

8    hours worked, to Plaintiff and members of the RSC Class   This occurred as a result of

9    Defendants' conduct of, among other things: (i) failing to pay for all time worked arising from

10   time spent waiting for issuance and return of electronic devices (e.g., iPads) for work; and (ii)

11   failing to pay for all time worked to closing shift RSC Class members arising from time spent

12   waiting to be released from work at the end of closing shifts as a result of procedures such as

13   lock-up, closing up, and alarming procedures.

14   38.    California Labor Code §§201 and 202 set forth timing requirements for the

15   payment of wages to employees who are separating employment.  A violation of California

16   Labor Code §§201 and/or 202 results in payment waiting time penalties under California Labor

17   Code §203.

18   39.    During times relevant, Defendants failed to pay Plaintiff and members of the RSC

19   Waiting Time Sub Class wages timely in conformance with the requirements set forth in

20   California Labor Code §§201 and 202, as applicable.

21   40.    For this violation, Plaintiff and members of the RSC Class are entitled to and seek

22   the payment of the unlawfully withheld minimum wages and further seek recovery of any and all

23   available remedies to the extent permissible including recovery of interest, attorneys' fees and

24   costs, and liquidated damages relating to any unpaid minimum wages under California Labor

25   Code §§1194 and 1194.2. Further, Plaintiff and members of the RSC Waiting Time Sub Class

26   who have not been paid timely within the statutory period set forth in California Labor Code

27   §§201 and 202 are entitled to and seek recovery of penalties under California Labor Code §203.

28

FIRST AMENDED CLASS ACTION COMPLAINT

## SECOND CAUSE OF ACTION

**Class Claim for Violation of California Labor Code §510 Against All Defendants**
**(Overtime Claim)**

41.     Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

42.     California Labor Code §510(a) provides in relevant part with respect to non-exempt employees:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

43.     During times relevant, Defendants failed to pay overtime wages for all hours worked to Plaintiff and members of the RSC Class  This occurred as a result of Defendants' conduct of, among other things: (i) failing to pay for all time worked arising from time spent waiting for issuance and return of electronic devices (e.g., iPads) for work; and (ii) failing to pay for all time worked to closing shift RSC Class members arising from time spent waiting to be released from work at the end of closing shifts as a result of procedures such as lock-up, closing up, and alarming procedures.

44.     California Labor Code §§201 and 202 set forth timing requirements for the payment of wages to employees who are separating employment.  A violation of California Labor Code §§201 and/or 202 results in payment waiting time penalties under California Labor Code §203.

45.     During times relevant, Defendants failed to pay Plaintiff and members of the RSC Waiting Time Sub Class wages timely in conformance with the requirements set forth in California Labor Code §§201 and 202, as applicable.

- 11 -

46.     For this violation, Plaintiff and members of the RSC Class are entitled to and seek the payment of the unlawfully withheld overtime wages and further seek recovery of any and all available remedies to the extent permissible including recovery of interest, attorneys' fees and costs, and liquidated damages relating to any unpaid overtime wages under California Labor Code §§1194 and 1194.2.  Further, Plaintiff and members of the RSC Waiting Time Sub Class who have not been paid timely within the statutory period set forth in California Labor Code §§201 and 202 are entitled to and seek recovery of penalties under California Labor Code §203.

## THIRD CAUSE OF ACTION

### Class Claim for Violation of California Labor Code §226.7(b) Against All Defendants (Rest Period Claim)

47.     Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

48.     California Labor Code §226.7(b) makes it unlawful for an employer to require any employee to work during any paid rest period mandated by an applicable California IWC Wage Order.  California Labor Code §1198 additionally makes it unlawful to employ persons under conditions prohibited by a Wage Order.  The "Rest Periods" section of the applicable Wage Order provides the following in relevant part:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3½) hours. Authorized rest period time shall be counted, as hours worked for which there shall be no deduction from wages.

49.     California Labor Code §226.7(c) provides that an employer shall pay an employee one additional hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

50.     During times relevant, Defendants failed to pay the appropriate payment under California Labor Code §226.7(c) because Defendants, if and when paid, paid the additional hour not at the employee's true regular rate of compensation, but rather used the employee's base rate

- 12 -

1  compensation not taking into account other compensation that forms the regular rate of

2  compensation such as commissions and incentive pay.

3       51.    For this violation, Plaintiff and members of the RSC Class are entitled to and seek

4  one hour of premium pay at the employees' true regular rate of compensation for each day in

5  which a paid rest period was not authorized and permitted, and further seek recovery of any and

6  all available remedies to the extent permissible including recovery of interest, attorneys' fees, and

7  costs.

8                        **FOURTH CAUSE OF ACTION**

9  **Class Claim for Violations of California Labor Code §§226.7(b) Against All Defendants**
                                  **(Meal Period Claim)**

10

11      52.    Plaintiff repeats and incorporates herein by reference each and every allegation

12  contained above, as though fully set forth herein.

13      53.    California Labor Code §226.7(b) makes it unlawful for an employer to require

14  any employee to work during any meal period mandated by an applicable California IWC Wage

15  Order.  California Labor Code §1198 additionally makes it unlawful to employ persons under

16  conditions prohibited by a Wage Order.  The "Meal Periods" section of the applicable Wage

17  Order provides the following in relevant part:

18       No employer shall employ any person for a work period of more than five (5)
         hours without a meal period of not less than 30 minutes, except that when a work
19       period of not more than six (6) hours will complete the day's work the meal period
         may be waived by mutual consent of the employer and employee.  Unless the
20       employee is relieved of all duty during a 30 minute meal period, the meal period
         shall be considered an "on duty" meal period and counted as time worked.  An
21       "on duty" meal period shall be permitted only when the nature of the work
         prevents an employee from being relieved of all duty and when by written
22       agreement between the parties an on-the-job paid meal period is agreed to. The
         written agreement shall state that the employee may, in writing, revoke the
23       agreement at any time.... If an employer fails to provide an employee a meal
         period in accordance with the applicable provisions of this order, the employer
24       shall pay the employee one (1) hour of pay at the employee's regular rate of
         compensation for each work day that the meal period is not provided.
25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

54.     California Labor Code §226.7(c) provides that an employer shall pay an employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

55.     During times relevant, Defendants failed to pay the appropriate payment under California Labor Code §226.7(c) because Defendants, if and when paid, paid the additional hour not at the employee's true regular rate of compensation, but rather used the employee's base rate compensation not taking into account other compensation that forms the regular rate of compensation such as commissions and incentive pay.

56.     For this violation, Plaintiff and members of the RSC Class are entitled to and seek one hour of premium pay at the employees' true regular rate of compensation for each day in which a meal period was provided, and further seek recovery of any and all available remedies to the extent permissible including recovery of interest, attorneys' fees, and costs.

## FIFTH CAUSE OF ACTION

**Class Claim for Violations of California Labor Code §§201 and 202 Against All Defendants
(For Failure to Pay Wages Owed on Separation of Employment)**

57.     Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

58.     California Labor Code §§201 and 202 require an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two hours thereafter, unless the employee has given seventy-two hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.  California Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by California Labor Code §§201 and 202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty work days.

59.     During the relevant time period and through its conduct including that alleged herein, Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay

- 14 -

1    Plaintiff and members of the RSC Waiting Time Sub Class their wages, earned and unpaid,

2    either at the time of discharge, or within seventy-two hours of their voluntarily leaving

3    Defendants' employ.  Premium, regular, and minimum wages were improperly unpaid, but upon

4    separation, Defendants also failed to pay earned and calculable wages due and owing within the

5    time frame specified by California Labor Code §§201 and 202.

6        60.      Defendants' willful failure to pay Plaintiff and RSC Waiting Time Sub Class

7    members their wages earned and unpaid at the time of discharge, or within seventy-two hours of

8    their voluntarily leaving Defendants' employ, violates California Labor Code §§201 and 202, as

9    applicable.  As a result, Defendants are liable to Plaintiff and members of the RSC Waiting Time

10   Sub Class for waiting time penalties under California Labor Code §203, in an amount according

11   to proof at the time of trial.

12                              **SIXTH CAUSE OF ACTION**

13   **Class Claim for Violation of California Labor Code §226(a) Against All Defendants**
                                **(Pay Stub Claim)**
14

15       61.      Plaintiff repeats and incorporates herein by reference each and every allegation

16   contained above, as though fully set forth herein.

17       62.      California Labor Code §226(a) sets forth reporting requirements for employers

18   when they pay wages.  In relevant part, it states:

19       Every employer shall … at the time of each payment of wages, furnish each of his
         or her employees … an accurate itemized statement in writing showing (1) gross
20       wages earned, (2) total hours worked by the employee, except for any employee
         whose compensation is solely based on a salary and who is exempt from payment
21       of overtime under subdivision (a) of Section 515 or any applicable order of the
         Industrial Welfare Commission, (3) the number of piece-rate units earned and any
22       applicable piece rate if the employee is paid on a piece-rate basis, (4) all
         deductions, provided that all deductions made on written orders of the employee
23       may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive
         dates of the period for which the employee is paid, (7) the name of the employee
24       and only the last four digits of his or her social security number or an employee
         identification number other than a social security number, (8) the name and
25       address of the legal entity that is the employer …, and (9) all applicable hourly
         rates in effect during the pay period and the corresponding number of hours
26       worked at each hourly rate by the employee....
27

28       California Labor Code §226(e) provides:

- 15 -

FIRST AMENDED CLASS ACTION COMPLAINT

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

California Labor Code §226(e)(2)(B) provides:

An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a)[;] (ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a)[;] (iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period[; and] (iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

63.     During the relevant time frame, Defendants knowingly and intentionally failed, and continue to fail, to provide Plaintiff and other members of Pay Stub Class with wage statements that contained the information required by California Labor Code §226(a).  The wage statements Defendants have provided to Plaintiff and other employees in Pay Stub Class fail to, among other things, on their face correctly state the work dates for which payments are being paid including overtime wages, commissions, and adjustments, and accurately itemize the total hours worked and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in effect each pay period.   For example, the wage statements, on their face, fail to identify a rate of pay, hours worked, and time periods for "true up payments" and "additional adjustments;" fail to have corresponding time periods listed for each time period that non-base payments are being made such as overtime and commissions; fail to accurately itemize the total hours worked; and fail to accurately state the

FIRST AMENDED CLASS ACTION COMPLAINT

rate of pay for meal and rest premiums in that the premium payments are not based on the employees' true regular rate of pay but rather only their base pay.   Additionally, the wage statements fail to accurately itemize hours worked and gross and net wages earned in that for RSC Class members, the wage statements omit some hours worked and wages earned as a result of these employees' not being paid for all time spent working while waiting for procedures to be completed for electronic devices and closing.   Furthermore, the wage statements omit required information about the employer legal entities in that the wage statements identify AT&T Mobility Services LLC as the employer but fail to identify AT&T Mobility LLC as an employer. AT&T Mobility LLC is identified in a Labor Agreement between AT&T Mobility LLC and the Communication Workers of America as an employer of persons covered by that agreement.

64.   Plaintiff and other Pay Stub Class members have been injured, as defined by California Labor Code §226, by these omissions and inaccuracies.

65.   Defendants knowingly and intentionally failed, and continue to fail, to furnish Plaintiff and Pay Stub Class members complete and accurate wage statements upon each payment of wages in violation of California Labor Code §226(a).   Plaintiff and Pay Stub Class members have been injured and damaged by these failures because, among other things, it renders them unable to determine whether Defendants properly recorded their hours worked and makes it impossible to tell whether they were properly compensated for all pay earned at the proper rates and during the applicable pay period.   Plaintiff and, on information and belief, Pay Stub Class members are required to engage in discovery and mathematical computations to reconstruct their time records to determine if they were paid correctly as a result of the inaccurate and/or incomplete wage statements. Plaintiff and, on information and belief, Pay Stub Class members cannot easily ascertain from the information provided to them through the wage statements whether his or her wages and hours have been calculated correctly. Accordingly, Plaintiff and, on information and belief, Pay Stub Class members cannot promptly and easily determine from the wage statement alone the information set forth in California Labor Code §226(e)(2)(B) to assure that he or she is not being underpaid and have had to refer to other documents and information to attempt to ascertain this information.

- 17 -

66.    Defendants will no doubt continue these illegal practices until such time as they are forced to pay monies set forth under California Labor Code §226(e).  Defendants moreover will no doubt continue these illegal practices until such time as they are forced to cease such practice under the injunctive relief provision of California Labor Code §226(h).

67.    AT&T Mobility moreover failed to permit Plaintiff to inspect or copy wage statement records within the time set forth in subdivision (c) of California Labor Code §226, entitling Plaintiff recover a $750 penalty from the employer as set forth in California Labor Code §226(f).  On information and belief, AT&T Mobility LLC have refused others in the Pay Stub Class their right under California Labor Code §226(c), entitling said employees to recover a $750 penalty from the employer as set forth in California Labor Code §226(f).

68.    Plaintiff and Pay Stub Class members are entitled to and seek any and all available remedies to the extent permissible including injunctive relief and recovery of all available statutory damages, penalties, interest, attorneys' fees, and costs pursuant to California Labor Code §226(e) and (h).

### SEVENTH CAUSE OF ACTION

**Class Claim for Unfair Competition Against All Defendants
(Unfair Competition Claim)**

69.    Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

70.    Defendants' conduct, as alleged in this Complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and members of the RSC Class, Defendants' competitors, and the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure §1021.5.

71.    Defendants' policies, activities, and actions as alleged herein are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§17200, *et seq.*

72.    A violation of California Business and Professions Code §§17200, *et seq.*, may be predicated on the violation of any state or federal law.  In the instant case, Defendants' policies

- 18 -

1  and practices of not paying proper wages, and not providing compliant additional hours of pay

2  for meal and rest premiums, among the other statutory violations alleged herein, over the past

3  four years violates California Labor Code §§226.7, 510, 1197, and 1198 among other statutes.

4      73.    Plaintiff and members of the RSC Class have been personally aggrieved and

5  injured by Defendants' unlawful and unfair business acts and practices alleged herein by the loss

6  of money and/or property.

7      74.    Pursuant to California Business and Professions Code §§17200, *et seq.*, Plaintiff

8  and members of the RSC Class are entitled to restitution of the wages withheld and retained by

9  Defendants during a period that commences four years prior to the filing of this Complaint, an

10  award of attorneys' fees pursuant to California Code of Civil Procedure §1021.5, and an award of

11  costs.

12  **PAGA ACTION CLAIMS**

13  **EIGHTH CAUSE OF ACTION**

14  
15  **For Violation of California Labor Code §1197 Brought Under PAGA**
**Against AT&T Mobility by Plaintiff on a Private Attorneys General Basis**
**(PAGA Minimum Wage Claim)**

16  

17      75.    Plaintiff repeats and incorporates herein by reference each and every allegation

18  contained above, as though fully set forth herein.

19      76.    During the year immediately preceding the date of Plaintiff's PAGA exhaustion

20  letter, AT&T Mobility paid to Plaintiff and other of AT&T Mobility's current and former

21  employees a less wage than the minimum fixed by the IWC in the "Minimum Wages" section of

22  the applicable California IWC Wage Order.  By doing so, AT&T Mobility violated California

23  Labor Code §1197.

24      77.    PAGA, specifically California Labor Code §2699(a), allows Plaintiff to recover

25  civil penalties for the violation of provisions of the California Labor Code that contain their own

26  civil penalties.  California Labor Code §§1197.1 and 2699 contain the civil penalties collectable

27  under the PAGA for violation of California Labor Code §1197.  Accordingly, Plaintiff seeks the

28

1  civil penalties permitted through California Labor Code §§1197.1 and 2699 for AT&T Mobility's

2  violation of California Labor Code §1197.

3     78.    Plaintiff requests penalties against AT&T Mobility for its violation of California

4  Labor Code §1197 as provided under PAGA, plus reasonable attorneys' fees and costs, in

5  amounts to be proven at trial.

6                          **NINTH CAUSE OF ACTION**

7              **For Violation of California Labor Code §510 Brought Under PAGA**
8        **Against AT&T Mobility by Plaintiff on a Private Attorneys General Basis**
                              **(PAGA Overtime Claim)**
9

10     79.    Plaintiff repeats and incorporates herein by reference each and every allegation

11  contained above, as though fully set forth herein.

12     80.    AT&T Mobility failed to pay required overtime compensation in accordance with

13  California Labor Code §510.

14     81.    During the year immediately preceding the date of Plaintiff's PAGA exhaustion

15  letter, AT&T Mobility failed to compensate Plaintiff and other California current and former

16  employees a proper overtime rate for hours worked in excess of eight in a day or forty in a week.

17     82.    PAGA, specifically California Labor Code §2699(a), allows Plaintiff to recover

18  civil penalties for the violation of provisions of the California Labor Code that contain their own

19  civil penalties.  California Labor Code §§558 and 2699 contain the civil penalties collectable

20  under the PAGA for violation of California Labor Code §510.  Accordingly, Plaintiff seeks the

21  civil penalties permitted through California Labor Code §§558 and 2699 for AT&T Mobility's

22  violation of California Labor Code §510.

23     83.    Plaintiff requests penalties against AT&T Mobility for its violation of California

24  Labor Code §510 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts

25  to be proven at trial.

26

27

28

## TENTH CAUSE OF ACTION

### For Violation of California Labor Code §226.7(b) Brought Under PAGA Against AT&T Mobility by Plaintiff on a Private Attorneys General Basis (PAGA Rest Period Claim)

84.     Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

85.     During the year immediately preceding the date of Plaintiff's PAGA exhaustion letter, AT&T Mobility failed to authorize and permit paid rest periods to Plaintiff and other of AT&T Mobility's California current and former employees in violation of the "Rest Periods" section of the applicable California IWC Wage Order. By failing to authorize and permit paid rest periods to Plaintiff and other of AT&T Mobility's California current and former employees in violation of the "Rest Periods" section of the applicable California IWC Wage Order, AT&T Mobility violated California Labor Code §226.7(b).

86.     PAGA, specifically California Labor Code §2699(a), allows Plaintiff to recover civil penalties for the violation of provisions of the California Labor Code that contain their own civil penalties. California Labor Code §§558 and 2699 contain the civil penalties collectable under the PAGA for violation of California Labor Code §226.7(b). Accordingly, Plaintiff seeks the civil penalties permitted through California Labor Code §§558 and 2699 for AT&T Mobility's violation of California Labor Code §226.7(b).

87.     Plaintiff requests penalties against AT&T Mobility for its violation of California Labor Code §226.7(b) as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proven at trial.

## ELEVENTH CAUSE OF ACTION

### For Violations of California Labor Code §§226.7(b) and 512 Brought Under PAGA Against AT&T Mobility by Plaintiff on a Private Attorneys General Basis (PAGA Meal Period Claim)

88.     Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

- 21 -

1       89.     During the year immediately preceding the date of Plaintiff's PAGA exhaustion

2  letter, AT&T Mobility failed to authorize and provide first and, when applicable, second meal

3  periods to Plaintiff and other of AT&T Mobility's California current and former employees in

4  violation of the "Meal Periods" section of the applicable California IWC Wage Order and §512

5  of the California Labor Code.  By failing to authorize and provide meal periods to Plaintiff and

6  other of AT&T Mobility's California current and former employees, AT&T Mobility violated

7  California Labor Code §§226.7(b) and 512.

8       90.     PAGA, specifically California Labor Code §2699(a), allows Plaintiff to recover

9  civil penalties for the violation of provisions of the California Labor Code that contain their own

10  civil penalties.  California Labor Code §§558 and 2699 contain the civil penalties collectable

11  under the PAGA for violation of California Labor Code §§226.7(b) and 512.  Accordingly,

12  Plaintiff seeks the civil penalties permitted through California Labor Code §§558 and 2699 for

13  AT&T Mobility's violations of California Labor Code §§226.7(b) and 512.

14       91.     Plaintiff requests penalties against AT&T Mobility for its violations of California

15  Labor Code §§226.7(b) and 512, as provided under PAGA, plus reasonable attorneys' fees and

16  costs, in amounts to be proven at trial.

17
### TWELFTH CAUSE OF ACTION

18
**For Violations of California Labor Code §§201, 202, and 203 Brought Under PAGA**
19
**Against AT&T Mobility by Plaintiff on a Private Attorneys General Basis**
**(PAGA §§201-203 Claim)**
20

21       92.     Plaintiff repeats and incorporates herein by reference each and every allegation

22  contained above, as though fully set forth herein.

23       93.     During the year immediately preceding the date of Plaintiff's PAGA exhaustion

24  letter, AT&T Mobility failed to pay Plaintiff and other California current and former employees

25  whose employment had separated all wages due and owing by the times set forth in California

26  Labor Code §§201-202, as applicable.  AT&T Mobility further failed to pay the waiting time

27  penalties as set forth in California Labor Code §203 to Plaintiff and other California current and

28  former employees whose employment had separated.

94.     PAGA, specifically California Labor Code §2699(a), allows Plaintiff to recover civil penalties for the violation of provisions of the California Labor Code that contain their own civil penalties. California Labor Code §§256 and 2699 contain the civil penalties collectable under the PAGA for violation of California Labor Code §203. California Labor Code §2699(f)(2) provides that "[i]f, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation." California Labor Code §§201-202 do not provide their own civil penalties. Because AT&T Mobility is an employer that currently employs one or more employees, the civil penalties set forth in California Labor Code §2699(f)(2) apply to each of AT&T Mobility's violations of California Labor Code §§201-202. Accordingly, Plaintiff seeks the civil penalties permitted through California Labor Code §§256 and 2699 for AT&T Mobility's violation of California Labor Code §§201-203.

95.     Plaintiff requests penalties against AT&T Mobility for its violation of California Labor Code §§201-202 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proven at trial.

### THIRTEENTH CAUSE OF ACTION

**For Violation of California Labor Code §226(a) Brought Under PAGA
Against AT&T Mobility by Plaintiff on a Private Attorneys General Basis
(PAGA Pay Stub Claim)**

96.     Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

97.     California Labor Code §226(a) sets forth the following reporting requirements for employers when they pay wages:

> Every employer shall ... at the time of each payment of wages, furnish each of his or her employees ... an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units

- 23 -

1
2
3
4
5
6
7
8

earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number statement, (8) the name and address of the legal entity that is the employer..., and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.... The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

9   98.   During the year immediately preceding the date of Plaintiff's PAGA exhaustion

10  letter, AT&T Mobility furnished Plaintiff and other California current and former employees,

11  regardless of position, and continues to furnish many of its other California employees with

12  wage statements that violate the requirements of California Labor Code §226(a) through its

13  omission of certain required information and/or inaccurate reporting of required information.

14  99.   PAGA, specifically California Labor Code §2699(a), allows Plaintiff to recover

15  civil penalties for the violation of provisions of the California Labor Code that contain their own

16  civil penalties.   California Labor Code §2699 contains the civil penalties for violation of

17  California Labor Code §226(a). Accordingly, Plaintiff seeks the civil penalties set forth in

18  California Labor Code §2699 for AT&T Mobility's violation of California Labor Code §226(a).

19  100.   Plaintiff requests penalties against AT&T Mobility for its violation of California

20  Labor Code §226(a) as provided under PAGA, plus reasonable attorneys' fees and costs, in

21  amounts to be proven at trial.

22  **FOURTEENTH CAUSE OF ACTION**

23  **For Violation of California Labor Code §204 Brought Under PAGA**
24  **Against AT&T Mobility by Plaintiff on a Private Attorneys General Basis**
    **(PAGA §204 Claim)**
25

26  101.   Plaintiff repeats and incorporates herein by reference each and every allegation

27  contained above, as though fully set forth herein.

28

- 24 -

102.    During the year immediately preceding the date of Plaintiff's PAGA exhaustion letter, AT&T Mobility failed to timely pay all wages timely in accordance with California Labor Code §204 to Plaintiff and other of AT&T Mobility's California current and former employees.

103.    PAGA, specifically California Labor Code §2699(a), allows Plaintiff to recover civil penalties for the violation of provisions of the California Labor Code that contain their own civil penalties. California Labor Code §§210 and 2699 contain the civil penalties for violation of California Labor Code §204.    Accordingly, Plaintiff seeks the civil penalties set forth in California Labor Code §§210 and 2699 for AT&T Mobility's violation of California Labor Code §204.

104.    Plaintiff requests penalties against AT&T Mobility for its violation of California Labor Code §204 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proven at trial.

## FIFTEENTH CAUSE OF ACTION

**For Violation of California Labor Code §1198 Brought Under PAGA**
**Against AT&T Mobility by Plaintiff on a Private Attorneys General Basis**
**(PAGA §1198 Claim)**

105.    Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

106.    California Labor Code §1198 provides that "[t]he employment of any employee … under conditions of labor prohibited by the [wage] order is unlawful."

107.    During the year immediately preceding the date of Plaintiff's PAGA exhaustion letter, AT&T Mobility violated California Labor Code §1198 by failing to pay proper minimum wages to Plaintiff and other of AT&T Mobility's current and former employees, in violation of the "Minimum Wages" section of the applicable California IWC Wage Order.

108.    During the year immediately preceding the date of Plaintiff's PAGA exhaustion letter, AT&T Mobility violated California Labor Code §1198 by failing to pay proper overtime wages to Plaintiff and other of AT&T Mobility's current and former employees, in violation of the "Hours and Days of Work" section of the applicable California IWC Wage Order.

- 25 -

109.    During the year immediately preceding the date of Plaintiff's PAGA exhaustion letter, AT&T Mobility violated California Labor Code §1198 by failing to authorize and permit compliant paid rest periods to Plaintiff and other of AT&T Mobility's current and former employees, in violation of the "Rest Periods" section of the applicable California IWC Wage Order.

110.    During the year immediately preceding the date of Plaintiff's PAGA exhaustion letter, AT&T Mobility violated California Labor Code §1198 by failing to provide compliant meal periods to Plaintiff and other of AT&T Mobility's current and former employees, in violation of the "Meal Periods" section of the applicable California IWC Wage Order.

111.    During the year immediately preceding the date of Plaintiff's PAGA exhaustion letter, AT&T Mobility violated California Labor Code §1198 by failing to provide and maintain compliant wage statements and records for Plaintiff and other of AT&T Mobility's current and former employees, regardless of job position, in violation of the "Records" section of the applicable California IWC Wage Order.

112.    PAGA, specifically California Labor Code §2699(f), establishes a civil penalty to be levied against California employers for violations of California Labor Code provisions that do not contain their own civil penalties.  California Labor Code §2699(f)(2) provides that "[i]f, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."  California Labor Code §1198 does not provide its own civil penalties.  Because AT&T Mobility is an employer that currently employs one or more employees, the civil penalties set forth in California Labor Code §2699(f)(2) apply to each of AT&T Mobility's violations of California Labor Code §1198.

113.    Plaintiff requests penalties against AT&T Mobility for its violation of California Labor Code §1198 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment, on behalf of herself and the other California employees, against each defendant, jointly and severally, as follows:

Class Certification

1.  That this action be certified as a class action;

2.  That Plaintiff be appointed as the representative of the Pay Stub Class, the RSC Class, and the RSC Waiting Time Sub Class; and

3.  That counsel for Plaintiff be appointed as counsel for the Pay Stub Class, the RSC Class, and the RSC Waiting Time Sub Class.

On the First and Second Causes of Action

1.  For repayment of wages and liquidated damages, under the First and Second Causes of Action, to Plaintiff and members of the RSC Class under California Labor Code §§1194 and 1194.2 according to proof and to the extent permissible;

2.  For payment of penalties to Plaintiff and members of the RSC Waiting Time Sub Class under California Labor Code §203 according to proof and to the extent permissible;

3.  For pre-judgment interest on any unpaid wages due from the day that such amounts were due under California Labor Code §1194;

4.  For reasonable attorneys' fees that Plaintiff and members of the RSC Class are entitled to recover under California Labor Code §1194;

5.  For costs of suit incurred herein that Plaintiff and members of the RSC Class are entitled to recover under California Labor Code §1194; and

6.  For such other and further relief as the Court deems proper.

On the Third and Fourth Causes of Action

1.  For statutory premium wages to Plaintiff and members of the RSC Class under California Labor Code §226.7(c) according to proof;

2.  For reasonable attorneys' fees and costs of suit pursuant to California Code of Civil Procedure §1021.5;

FIRST AMENDED CLASS ACTION COMPLAINT

1    3.    For pre-judgment interest on any unpaid wages due from the day that such
2    amounts were due; and

3    4.    For such other and further relief as the Court deems proper.

4                              On the Fifth Cause of Action

5    1.    For penalties according to proof under California Labor Code §203 to Plaintiff
6    and members of the RSC Waiting Time Sub Class;

7    2.    For reasonable attorneys' fees;

8    3.    For costs of suit incurred herein; and

9    4.    For such other and further relief as the Court deems proper.

10                             On the Sixth Cause of Action

11    1.    For penalties and damages according to proof under California Labor Code
12    §226(e) to Plaintiff and Pay Stub Class members;

13    2.    For injunctive relief under California Labor Code §226(h);

14    3.    For reasonable attorneys' fees;

15    4.    For costs of suit incurred herein; and

16    5.    For such other and further relief as the Court deems proper.

17                            On the Seventh Cause of Action

18    1.    That Defendants, jointly and/or severally, pay restitution and/or disgorgement of
19    sums to Plaintiff and members of the RSC Class for their failures to pay all minimum wages over
20    the last four years in an amount according to proof;

21    2.    That Defendants, jointly and/or severally, pay restitution and/or disgorgement of
22    sums to Plaintiff and members of the RSC Class for their failures to pay all overtime wages over
23    the last four years in an amount according to proof;

24    3.    That Defendants, jointly and/or severally, pay restitution and/or disgorgement of
25    sums to Plaintiff and members of the RSC Class for their failures to pay all wages due and owing
26    over the last four years as in an amount according to proof;

27    4.    That Defendants, jointly and/or severally, pay restitution and/or disgorgement of
28    sums to Plaintiff and members of the RSC Class for their failures to pay correct premium wages

- 28 -

1    for rest periods that were not authorized and permitted over the last four years in an amount

2    according to proof;

3        5.      That Defendants, jointly and/or severally, pay restitution and/or disgorgement of

4    sums to Plaintiff and members of the RSC Class for their failures to pay correct premium wages

5    for meal periods that were not provided over the last four years in an amount according to proof;

6        6.      For pre-judgment interest on any unpaid wages due from the day that such

7    amounts were due;

8        7.      For reasonable attorneys' fees that Plaintiff and members of the RSC Class are

9    entitled to recover under California Labor Code §§218.5 and 1194, and California Code of Civil

10   Procedure §1021.5;

11       8.      For costs of suit incurred herein that Plaintiff and members of the RSC Class are

12   entitled to recover under California Labor Code §§218.5 and 1194; and

13       9.      For such other and further relief as the Court deems proper.

14                   On the Eighth Through Fifteenth Causes of Action

15       1.      For penalties according to proof;

16       2.      For reasonable attorneys' fees and costs; and

17       3.      For such other and further relief as the Court deems proper.

18                          **DEMAND FOR JURY TRIAL**

19       Plaintiff requests a jury trial in this matter.

20   Dated: June 4, 2014                      ROBBINS ARROYO LLP
                                              THE DENTE LAW FIRM
21

22                                           By: /s/Diane E. Richard

23                                              DIANE E. RICHARD
                                              Attorneys for Plaintiff Tran K. Ly
24

25

26
     959851
27

28
                                     - 29 -
                          FIRST AMENDED CLASS ACTION COMPLAINT

# Exhibit A



**ROBBINS ARROYO** LLP

600 B Street, Suite 1900
San Diego, CA 92101
619.525.3990 phone
619.525.3991 fax
www.robbinsarroyo.com

April 30, 2014

## VIA U.S. CERTIFIED MAIL RETURN RECEIPT REQUESTED

CALIFORNIA LABOR AND WORKFORCE
DEVELOPMENT AGENCY
Attn. PAGA Administrator
455 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102

AT&T MOBILITY SERVICES LLC
c/o C T Corporation System, Agent for Service
of Process
675 W. Peachtree Street NW, Suite 2756
Atlanta, GA 30308

AT&T MOBILITY LLC
c/o C T Corporation System, Agent for Service
of Process
675 W. Peachtree Street, Suite 42-090
Atlanta, GA 30375-0001

Re:   **Notice of Claims/Labor Code Private Attorneys General Act of 2004,
California Labor Code §2698, _et seq._**

To:   California Labor and Workforce Development Agency, AT&T Mobility Services LLC, and
AT&T Mobility LLC

The Dente Law Firm and Robbins Arroyo LLP represent Tran K. Ly, a former employee at
AT&T Mobility Services LLC, and AT&T Mobility LLC (collectively "AT&T Mobility") in San
Diego, California. This letter is intended to constitute notice of claims, including notice pursuant
to the California Labor Code Private Attorneys General Act of 2004, California Labor Code
§2698, _et seq._ ("PAGA") that Ms. Ly intends to bring a civil action for penalties under PAGA for
California Labor Code violations committed by AT&T Mobility against Ms. Ly and other
current and/or former AT&T Mobility employees in California. Ms. Ly's PAGA action involves
AT&T Mobility's violations of sections 201, 202, 203, 204, 226(a), 226.7, 510, 512, 1197, and
1198 of the California Labor Code.

**AT&T Mobility's Violation of Sections 226(a) and 1198[1]:**Section 226(a) states in pertinent
part that: "Every employer shall ... at the time of each payment of wages, furnish each of his or
her employees ... an accurate itemized statement in writing showing (1) gross wages earned, (2)
total hours worked by the employee ..., (3) the number of piece-rate units earned and any
applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions ..., (5) net

---

[1] "Section __" or "Sections ___" refers to the California Labor Code, unless otherwise
noted.



Notice of Claims
April 30, 2014
Page 2

wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number ..., (8) the name and address of the ... employer ..., and (9) all applicable hourly rates in effect during the pay period ...." Additionally, the "Records" section of the applicable California Industrial Welfare Commission ("IWC") Wage Order ("Wage Order") requires accurate recordkeeping including records relating to time and pay.

During at least the year immediately preceding the date of this letter, Ms. Ly and other AT&T Mobility employees were issued itemized wage statements that did not comply with the requirements under either Section 226(a), or under the requirements of the "Records" section of the applicable IWC Wage Order, a violation of Section 1198. The wage statements provided to Ms. Ly and other employees of AT&T Mobility on their face fail to, among other things, correctly state the work dates for which payments are being paid including overtime wages, commissions, and adjustments, and accurately itemize the total hours worked and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in effect each pay period. For example, the wage statements on their face fail to identify a rate of pay, hours worked, and time periods for "true up payments" and "additional adjustments;" fail to have corresponding time periods listed for each time period that non-base payments are being made such as overtime and commissions; fail to accurately itemize the total hours worked; and fail to accurately state the rate of pay for meal and rest premiums in that the premium payments are not based on the employees' true regular rate of pay but rather only their base pay. Furthermore, the wage statements omit required information about the employer legal entities in that the wage statements identify AT&T Mobility Services LLC as the employer but fail to identify AT&T Mobility LLC as an employer. AT&T Mobility LLC is identified in a Labor Agreement between AT&T Mobility LLC and the Communication Workers of America as an employer of persons covered by that agreement. Additionally, the wage statements fail to accurately itemize hours worked and gross and net wages earned in that for AT&T Mobility employees who work as a non-exempt Retail Sales Consultant or equivalent position, the wage statements omit some hours worked and wages earned as a result of these employees not being paid for all time spent working while waiting for procedures to be completed for electronic devices and closing.

### AT&T Mobility's Violation of Section 204:

During at least the year immediately preceding the date of this letter, AT&T Mobility failed to timely pay Ms. Ly and other California non-exempt AT&T Mobility employees all wages due during employment in accordance with Section 204's timing requirements through its unlawful practices of, including, but not limited to: (i) failing to timely pay for all time worked arising from time spent waiting for issuance and return of electronic devices (e.g., iPads) for work (for AT&T Mobility employees who work as a non-exempt Retail Sales Consultant or equivalent position); (ii) failing to timely pay for all time worked on closing shifts arising from time spent waiting to be released from work at the end of closing shifts as a result of procedures such as lock-up, closing up, and alarming procedures (for AT&T Mobility employees who work as a non-exempt Retail Sales Consultant or equivalent position); and (iii) failing to timely pay

Notice of Claims
April 30, 2014
Page 3

meal and rest premium wages at the true regular rate of pay which includes commissions, incentive pay, and other forms of compensation that is factored into the calculation of employees' regular rate of pay. Additionally, during at least the year immediately preceding the date of this letter, AT&T Mobility failed to comply with Section 204(b)(2)'s requirements concerning setting forth corrections on paystubs when it issues wage statements to Ms. Ly and other California non-exempt of AT&T Mobility.

### AT&T Mobility's Violation of Sections 1197 and 1198:

Section 1197 provides that the payment of less than minimum wage is unlawful. Section 1198 provides that the standard conditions of labor fixed by the commission shall be the standard conditions of labor for employees. The "Minimum Wages" section of the applicable IWC Wage Order provides that every employer must pay to each employee on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the pay period whether the remuneration is measured by time, piece, commission, or otherwise. During at least the year immediately preceding the date of this letter, AT&T Mobility, among other things, with respect to AT&T Mobility employees who work as a non-exempt Retail Sales Consultant or equivalent position: (i) failed to pay for all time worked arising from time spent waiting for issuance and return of electronic devices (e.g. iPads) for work; and (ii) failed to pay for all time worked on closing shifts arising from time spent waiting to be released from work at the end of closing shifts as a result of procedures such as lock-up, closing up, and alarming procedures.

### AT&T Mobility's Violation of Sections 510 and 1198:

AT&T Mobility is required to pay Ms. Ly and other California non-exempt AT&T Mobility employees overtime compensation in accordance with Section 510. Section 1198 provides that the standard conditions of labor fixed by the commission shall be the standard conditions of labor for employees. The "Hours and Days of Work" section of the applicable IWC Wage Order provides that an employer must pay non-exempt employees daily and weekly overtime. During at least the year immediately preceding the date of this letter, AT&T Mobility, among other things, with respect to AT&T Mobility employees who work as a non-exempt Retail Sales Consultant or equivalent position: (i) failed to pay for all time worked arising from time spent waiting for issuance and return of electronic devices (e.g., iPads) for work; and (ii) failed to pay for all time worked on closing shifts arising from time spent waiting to be released from work at the end of closing shifts as a result of procedures such as lock-up, closing up, and alarming procedures.

### AT&T Mobility's Violation of Sections 226.7 and 1198:

Section 226.7(b) makes it unlawful for an employer to require any employee to work during any rest period mandated by the applicable IWC Wage Order, statute, regulation, standard, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health. Pursuant to "Rest Periods" section of the applicable IWC Wage Order, "Every employer shall authorize and permit all employees to take rest periods, which insofar as

Notice of Claims
April 30, 2014
Page 4

practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages." Section 1198 moreover makes it unlawful for an employer to violate the Rest Periods section of the applicable IWC Wage Order.

Section 226.7(c) provides that an employer shall pay an employee one additional hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

During at least the year immediately preceding the date of this letter, AT&T Mobility has failed to pay Ms. Ly and other AT&T Mobility employees who work as a non-exempt Retail Sales Consultant or equivalent position the appropriate payment under Section 226.7 because, if and when paid, AT&T Mobility paid the additional hour not at the employee's true regular rate of compensation but rather used the employee's base rate compensation not taking into account other compensation that forms the regular rate of compensation such as commissions and incentive pay. Furthermore, AT&T Mobility has further failed, as evidenced through any payment of any rest premium wages, to authorize and permit rest periods. As a result, AT&T Mobility has violated Sections 226.7 and 1198.

### AT&T Mobility's Violation of Sections 226.7, 512, and 1198:

Section 512 and the "Meal Periods" section of the applicable IWC Wage Order provide that no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. Further, under Section 512 and the applicable IWC Wage Order, an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived. The "Records" section of the applicable IWC Wage Order requires an employer to keep accurate information with respect to each employee including time records showing when the employee begins and ends each work period and meal periods. Section 1198 makes it unlawful to employ persons under conditions prohibited by the applicable IWC Wage Order. Furthermore, Section 226.7(b) makes it unlawful for an employer to require any employee to work during any meal period mandated by the applicable IWC Wage Order.

Section 226.7(c) provides that an employer shall pay an employee one additional hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

During at least the year immediately preceding the date of this letter, AT&T Mobility has failed to pay Ms. Ly and other AT&T Mobility employees who work as a non-exempt Retail

Notice of Claims
April 30, 2014
Page 5

Sales Consultant or equivalent position the appropriate payment under Section 226.7 because, if and when paid, AT&T Mobility paid the additional hour not at the employee's true regular rate of compensation but rather used the employee's base rate compensation not taking into account other compensation that forms the regular rate of compensation such as commissions and incentive pay. Furthermore, AT&T Mobility has further failed to provide meal periods, as evidenced through the payment of any meal premium wages. As a result, AT&T Mobility has violated Sections 226.7, 512 and 1198.

### AT&T Mobility's Violations/Penalties Regarding Sections 201, 202, and 203:

Sections 201 and 202 set forth the timing requirements for the payment of wages due upon an employee's separation of employment. Section 203 furthermore provides that a waiting time penalty must be paid should the timing requirements in Sections 201 or 202 not be complied with. AT&T Mobility did not pay Ms. Ly and other AT&T Mobility employees who work as a non-exempt Retail Sales Consultant or equivalent position all wages due by the times set forth in Sections 201 and 202 as applicable, including, but not limited to, regular, minimum, overtime, premium wages, and other forms of wages. Ms. Ly seeks civil penalties for these violations.

### Applicable PAGA Civil Penalty:

PAGA, specifically Section 2699(a), permits an aggrieved employee to recover civil penalties set forth within the California Labor Code for violations of the California Labor Code. In addition, Section 2699(f) establishes civil penalties for violations of California Labor Code provisions that do not contain their own civil penalties. Ms. Ly intends to bring a civil action to recover civil penalties for the violations identified above, including civil penalties pursuant to Section 2699(f) as well as those civil penalties specifically set forth within the text of the California Labor Code. These penalties are sought for violations committed against Ms. Ly and other California AT&T Mobility employees as described herein.

Please feel free to contact the undersigned with any questions you may have.

Very truly yours,

Diane E. Richard

cc:     Matthew S. Dente, Esq. (via e-mail)

943427

ROBBINS ARROYO LLP
BRIAN J. ROBBINS (SB# 190264)
DIANE E. RICHARD (SB# 204897)
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
brobbins@robbinsarroyo.com
drichard@robbinsarroyo.com

THE DENTE LAW FIRM
MATTHEW S. DENTE (SB# 241547)
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 550-3475
Facsimile: (619) 342-9668
matt@dentelaw.com

Attorneys for Plaintiff Tran K. Ly

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN DIEGO

| | |
|---|---|
| TRAN K. LY, Individually and on Behalf of Other Members of the Public Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> AT&T MOBILITY SERVICES LLC, AT&T MOBILITY LLC, and DOES 1-10, Inclusive, <br><br> Defendants. | Case No. 37-2014-00013654-CU-OE-CTL <br><br> **CLASS ACTION COMPLAINT FOR:** <br> **(1) FAILURE TO PAY MINIMUM WAGES;** <br> **(2) FAILURE TO PAY OVERTIME WAGES;** <br> **(3) FAILURE TO AUTHORIZE AND PERMIT PAID REST PERIODS;** <br> **(4) FAILURE TO PROVIDE MEAL PERIODS;** <br> **(5) FAILURE TO PAY WAGES TIMELY UPON SEPARATION OF EMPLOYMENT;** <br> **(6) FAILURE TO PROVIDE AND MAINTAIN COMPLIANT ITEMIZED WAGE STATEMENTS;** <br> **(7) UNFAIR COMPETITION** <br><br> **DAMAGES EXCEED $25,000** <br><br> **DEMAND FOR JURY TRIAL** |

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**04/30/2014** at 02:43:26 PM
Clerk of the Superior Court
By Bernice Orihuela, Deputy Clerk

CLASS ACTION COMPLAINT

1    COMES NOW Plaintiff Tran K. Ly ("Plaintiff"), on behalf of herself and as a

2  representative of employees of AT&T Mobility Services LLC and AT&T Mobility LLC

3  (collectively, "AT&T Mobility") and Does 1-10, inclusive, (collectively, with AT&T Mobility,

4  "Defendants") and asserts the following claims:

5    1.    This is a class action brought for violations of the California Labor Code

6  pertaining to the issuance and maintenance of noncompliant itemized wage statements, failure to

7  pay proper meal and rest premiums at the true regular rate of pay, failure to pay all required

8  wages for all time worked arising for the time periods employees spend waiting for the issuance

9  and return of electronic devices (e.g., iPads) and for the time periods employees spend waiting to

10  be released from work at the end of closing shifts, and for failure to pay all wages due and owing

11  upon separation of employment.

12    2.    On April 30, 2014, Plaintiff filed an exhaustion letter with the California Labor

13  and Workforce Development Agency providing notice of her intent to bring a private attorneys

14  general action for recovery of penalties under the California Labor Code Private Attorneys

15  General Act of 2004, California Labor Code §2698, *et seq.* ("PAGA"). *See Arias v. Superior*

16  *Court*, 46 Cal. 4th 969 (2009). PAGA permits an "aggrieved employee" to bring a lawsuit for

17  civil penalties arising from violations of California's Labor Code committed against himself or

18  herself and other current and former employees. Upon the conclusion of the PAGA exhaustion

19  period, Plaintiff will amend her Complaint, as permitted by law, to seek penalties for the Labor

20  Code violations committed against her and Defendants' other current and former California

21  employees as a private attorney general.

22    3.    Plaintiff is, and at all times mentioned in this Complaint was, a resident of San

23  Diego, California.

24    4.    Upon information and belief, defendant AT&T Mobility Services LLC is a

25  Delaware corporation with principal executive offices in Georgia. AT&T Mobility Services

26  LLC is currently registered to do business in the state of California and does business in San

27  Diego, California.

28

CLASS ACTION COMPLAINT

5.     Upon information and belief, defendant AT&T Mobility LLC is a Delaware corporation with principal executive offices in Georgia.  AT&T Mobility, LLC is currently registered to do business in the state of California and does business in San Diego, California.

6.     Upon information and belief, defendants AT&T Mobility are employers whose employees are engaged throughout San Diego County and the state of California.

7.     Whenever in this Complaint reference is made to any act, deed, or conduct of AT&T Mobility, the allegation means that AT&T Mobility engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of AT&T Mobility.

8.     Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein as Does 1-10, inclusive and therefore sues said defendants by such fictitious names ("Doe Defendants").  Plaintiff will amend this Complaint to insert the true names and capacities of the Doe Defendants at such time as the identities of the Doe Defendants are ascertained.

9.     Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are the partners, agents, or principals and/or co-conspirators of AT&T Mobility, and of each other; that AT&T Mobility and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the liability of AT&T Mobility as alleged herein.

10.     Plaintiff is further informed and believes, and thereon alleges, that at all times herein material, each defendant was completely dominated and controlled by its co-defendants and each was the alter ego of the other.  Whenever and wherever reference is made in this Complaint to any conduct by AT&T Mobility or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally.  Whenever and wherever reference is made to individuals who are not named as defendants in this Complaint, but were employees and/or agents of Defendants, such individuals

- 2 -

1   at all relevant times acted on behalf of Defendants named in this Complaint within the scope of

2   their respective employments.

3   **CLASS ACTION ALLEGATIONS**

4       11.    Plaintiff brings her claim for relief in this action on behalf of herself as well as on

5   behalf of each and all other persons similarly situated, and thus, seeks class certification under

6   California Code of Civil Procedure §382.

7       12.    All claims alleged herein arise under California law for which Plaintiff seeks

8   relief as authorized by California law.

9       13.    With respect to Plaintiff's First through Seventh Causes of Action, the proposed

10  Classes and Sub Class are comprised of and defined as:

11  
12      Any and all persons who are or were employees of AT&T Mobility LLC and/or
AT&T Mobility Services LLC in the state of California within one year prior to
the filing of the Complaint in this action until resolution of this lawsuit and who
13  received a paystub (hereinafter collectively referred to as the "Pay Stub Class").

14      Any and all persons who are or were non-exempt Retail Sales Consultant
employees, or equivalent positions however titled, of AT&T Mobility LLC
15  and/or AT&T Mobility Services LLC in the state of California within four years
prior to the filing of the Complaint in this action until resolution of this lawsuit
16  (hereinafter collectively referred to as the "RSC Class").

17      Any and all persons in the RSC Class whose employment was separated at any
18  time within three years prior to the filing of the Complaint in this action until
resolution of this lawsuit (hereinafter collectively referred to as the "RSC
19  Waiting Time Sub Class").

20      14.    The members of the Pay Stub Class, the RSC Class, and the RSC Waiting Time

21  Sub Class (collectively, the "Classes" or "Class Members") are so numerous as to make it

22  impracticable to bring them all before this Court. Plaintiff is unable to state the exact number of

23  the Class Members without discovery of Defendants' books and records, but avers upon

24  information and belief that each of the Classes exceed fifty members. The identity of Class

25  Members is readily ascertainable by an inspection of Defendants' employment and payroll

26  records.

27  

28

15. There are questions of law and fact common to the members of each of the Classes that predominate over any questions affecting any individual in the Classes. Defendants have acted, and refused to act, on grounds generally applicable to members of the Classes.

16. Plaintiff's claims are typical of the claims of the Class Members and Plaintiff will fairly and adequately protect the interests of these members.

17. The prosecution of separate actions by individual members of the Classes would create the risk of:

(a)    Inconsistent or varying adjudications in different jurisdictions with respect to individual Class Members, which would establish incompatible standards of conduct for Defendants; and

(b)    Adjudications with respect to individual Class Members which, as a practical matter, would be dispositive of the interests and rights of Class Members who are not parties to the adjudications, or would substantially impair or impede the ability of Class Members to protect their interests.

18. At all times relevant to this action, Defendants have enacted and effected unlawful and unfair state-wide employment policies and practices which have caused Plaintiff and members of the Classes to suffer injury. A class action is superior to other available methods for the fair and efficient adjudication of Defendants' policies and practices and the damage they caused Plaintiff and members of the Classes to suffer and which are the subject matter of this action.

19. Employers in the state of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means. The nature of this action allows for the protection of current and former employees' rights without fear for retaliation or damage.

20. The claims asserted herein implicate questions of law or fact common to members of the Classes  These common questions predominate over any questions affecting only individual Class Members.  Common questions include, but are not limited to:

(a)     Whether Defendants failed to maintain and provide Pay Stub Class members with wage statements that complied with the requirements of the California Labor Code §226(a);

(b)     Whether Defendants failed to provide members of the RSC Class with proper meal premium pay at the true regular rate of pay as required by California Labor Code §§226.7(c) and 1198 and the applicable California Industrial Welfare Commission ("IWC") Wage Order;

(c)     Whether Defendants failed to provide members of the RSC Class with proper rest premium pay at the true regular rate of pay as required by California Labor Code §§226.7(c) and 1198 and the applicable California IWC Wage Order;

(d)     Whether Defendants failed to provide members of the RSC Class with all required overtime in violation of California Labor Code §§510 and 1198;

(e)     Whether Defendants failed to provide members of the RSC Class with all required minimum wages in violation of California Labor Code §§1197 and 1198 and the applicable California IWC Wage Order;

(f)     Whether Defendants unlawfully failed to pay all wages due and owing to RSC Class members, and on a timely manner timely wages to members of the RSC Waiting Time Sub Class in violation of California Labor Code §§201, 202, and 203;

(g)     Whether Defendants engaged in unfair competition in violation of California Business and Professions Code §§17200, *et seq.*; and

(h)     The appropriate amount of penalties, damages, and restitution resulting from Defendants' violations of California law.

## FACTUAL ALLEGATIONS

21.   At all times set forth herein, Defendants employed, and continue to employ, employees throughout the state of California. Upon information and belief, defendant AT&T

- 5 -

1   Mobility Services LLC is a Delaware corporation with principal executive offices in Georgia.
2   AT&T Mobility Services LLC is currently registered to do business in the state of California and
3   does business in San Diego, California.

4       22.     Upon information and belief, defendant, AT&T Mobility LLC is Delaware
5   corporation with principal executive offices in Georgia.   AT&T Mobility LLC is currently
6   registered to do business in the state of California and does business in San Diego, California.

7       23.     Upon information and belief, defendants AT&T Mobility provide wireless
8   services and products and employ persons throughout San Diego County and the state of
9   California.

10      24.     Plaintiff is a former employee of Defendants and worked in San Diego County,
11  California, until approximately April 21, 2014.   At times relevant, she held a non-exempt
12  employee position of Retail Sales Consultant.  Plaintiff worked for Defendants at times during
13  the relevant period specified herein.

14      25.     Plaintiff and other members of the Pay Stub Class, the RSC Class, and the RSC
15  Waiting Time Sub Class have been at times pertinent hereto, employees of Defendants within the
16  meaning of the California Labor Code and the implementing rules and regulations of the
17  California IWC Wage Orders.   Plaintiff and other members of the RSC Class and the RSC
18  Waiting Time Sub Class have been at times pertinent hereto, non-exempt employees of
19  Defendants within the meaning of the California Labor Code and the implementing rules and
20  regulations of the California IWC Wage Orders.

21      26.     During the relevant time frame, Defendants knowingly and intentionally failed,
22  and continue to fail, to provide Plaintiff and other members of Pay Stub Class with wage
23  statements that contained the information required by California Labor Code §226(a).  The wage
24  statements Defendants have provided to Plaintiff and other employees in Pay Stub Class fail to,
25  among other things, on their face correctly state the work dates for which payments are being
26  paid including overtime wages, commissions, and adjustments, and accurately itemize the total
27  hours worked and all applicable hourly rates in effect during the pay period and the
28  corresponding number of hours worked at each hourly rate in effect each pay period.   For

- 6 -

example, the wage statements, on their face, fail to identify a rate of pay, hours worked, and time periods for "true up payments" and "additional adjustments;" fail to have corresponding time periods listed for each time period that non-base payments are being made such as overtime and commissions; fail to accurately itemize the total hours worked; and fail to accurately state the rate of pay for meal and rest premiums in that the premium payments are not based on the employees' true regular rate of pay but rather only their base pay.  Additionally, the wage statements fail to accurately itemize hours worked and gross and net wages earned in that for RSC Class members, the wage statements omit some hours worked and wages earned as a result of these employees not being paid for all time spent working while waiting for procedures to be completed for electronic devices and closing.  Furthermore, the wage statements omit required information about the employer legal entities in that the wage statements identify AT&T Mobility Services LLC as the employer but fail to identify AT&T Mobility LLC as an employer. AT&T Mobility LLC is identified in a Labor Agreement between AT&T Mobility LLC and the Communication Workers of America as an employer of persons covered by that agreement.

27.     During the relevant time frame, Plaintiff and RSC Class members have been systematically denied all extra hours of pay, at these employees' true regular rates of pay, as required by California law where meal periods were not provided and rest periods not authorized and permitted. Rather, when Defendants did pay the extra hours of pay, Defendants did so at the employees' base regular rate of pay and not their true regular rate of pay which includes commissions, incentive pay, and other forms of compensation that is factored into the calculation of the employees' regular rate of pay.

28.     During the relevant time frame, Plaintiff and RSC Class members were not exempt from receiving the applicable minimum wages and overtime wages.  Notwithstanding this, these persons had their rights violated through Defendants' failure to pay applicable minimum, overtime, and regular wages.  Such violations resulted from Defendants' conduct which includes, but is not limited to: (i) failing to pay for all time worked arising from time spent waiting for issuance and return of electronic devices (e.g., iPads) for work; and (ii) failing to pay for all time worked to closing shift RSC Class members arising from time spent waiting to be

- 7 -

1  released from work at the end of closing shifts as a result of procedures such as lock-up, closing

2  up, and alarming procedures.

3      29.    During the relevant time frame, Plaintiff and RSC Waiting Time Sub Class

4  members each were required to be paid timely upon separation of employment in accordance

5  with California Labor Code §§201, 202, and 203.  Defendants, through their actions including

6  those alleged herein of not paying proper wages, wilfully have not paid these employees all

7  wages due during upon separation of employment.

8      30.    During the relevant time frame, Defendants engaged in unlawful conduct and

9  unfair competition resulting in injury to Plaintiff and, on information and belief, others through

10  their violation of California's wage and hour laws alleged herein.

11  **FIRST CAUSE OF ACTION**

12  **Class Claim for Violation of California Labor Code §1197 Against All Defendants**
**(Minimum Wage Claim)**

13

14      31.    Plaintiff repeats and incorporates herein by reference each and every allegation

15  contained above, as though fully set forth herein.

16      32.    California Labor Code §1197 specifies that an employer engages in an unlawful

17  act if it pays employees an amount less than the lawful minimum wage fixed by the California

18  IWC Wage Order.

19      33.    The "Minimum Wages" section of the applicable California IWC Wage Order

20  makes it unlawful for an employer to pay less than the applicable minimum wage for all hours

21  worked, whether the remuneration is measured by time, piece, commission, or otherwise.

22      34.    During times relevant, Defendants failed to pay, at least minimum wages for all

23  hours worked, to Plaintiff and members of the RSC Class  This occurred as a result of

24  Defendants' conduct of, among other things: (i) failing to pay for all time worked arising from

25  time spent waiting for issuance and return of electronic devices (e.g., iPads) for work; and (ii)

26  failing to pay for all time worked to closing shift RSC Class members arising from time spent

27  waiting to be released from work at the end of closing shifts as a result of procedures such as

28  lock-up, closing up, and alarming procedures.

35.     California Labor Code §§201 and 202 set forth timing requirements for the payment of wages to employees who are separating employment.   A violation of California Labor Code §§201 and/or 202 results in payment waiting time penalties under California Labor Code §203.

36.     During times relevant, Defendants failed to pay Plaintiff and members of the RSC Waiting Time Sub Class wages timely in conformance with the requirements set forth in California Labor Code §§201 and 202, as applicable.

37.     For this violation, Plaintiff and members of the RSC Class are entitled to and seek the payment of the unlawfully withheld minimum wages and further seek recovery of any and all available remedies to the extent permissible including recovery of interest, attorneys' fees and costs, and liquidated damages relating to any unpaid minimum wages under California Labor Code §§1194 and 1194.2.   Further, Plaintiff and members of the RSC Waiting Time Sub Class who have not been paid timely within the statutory period set forth in California Labor Code §§201 and 202 are entitled to and seek recovery of penalties under California Labor Code §203.

## SECOND CAUSE OF ACTION

**Class Claim for Violation of California Labor Code §510 Against All Defendants**
**(Overtime Claim)**

38.     Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

39.     California Labor Code §510(a) provides in relevant part with respect to non-exempt employees:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

CLASS ACTION COMPLAINT

1       40.    During times relevant, Defendants failed to pay overtime wages for all hours

2  worked to Plaintiff and members of the RSC Class  This occurred as a result of Defendants'

3  conduct of, among other things: (i) failing to pay for all time worked arising from time spent

4  waiting for issuance and return of electronic devices (e.g., iPads) for work; and (ii) failing to pay

5  for all time worked to closing shift RSC Class members arising from time spent waiting to be

6  released from work at the end of closing shifts as a result of procedures such as lock-up, closing

7  up, and alarming procedures.

8       41.    California Labor Code §§201 and 202 set forth timing requirements for the

9  payment of wages to employees who are separating employment.  A violation of California

10  Labor Code §§201 and/or 202 results in payment waiting time penalties under California Labor

11  Code §203.

12       42.    During times relevant, Defendants failed to pay Plaintiff and members of the RSC

13  Waiting Time Sub Class wages timely in conformance with the requirements set forth in

14  California Labor Code §§201 and 202, as applicable.

15       43.    For this violation, Plaintiff and members of the RSC Class are entitled to and seek

16  the payment of the unlawfully withheld overtime wages and further seek recovery of any and all

17  available remedies to the extent permissible including recovery of interest, attorneys' fees and

18  costs, and liquidated damages relating to any unpaid overtime wages under California Labor

19  Code §§1194 and 1194.2.  Further, Plaintiff and members of the RSC Waiting Time Sub Class

20  who have not been paid timely within the statutory period set forth in California Labor Code

21  §§201 and 202 are entitled to and seek recovery of penalties under California Labor Code §203.

22                           **THIRD CAUSE OF ACTION**

23

**Class Claim for Violation of California Labor Code §226.7(b) Against All Defendants
(Rest Period Claim)**

24

25       44.    Plaintiff repeats and incorporates herein by reference each and every allegation

26  contained above, as though fully set forth herein.

27       45.    California Labor Code §226.7(b) makes it unlawful for an employer to require

28  any employee to work during any paid rest period mandated by an applicable California IWC

1  Wage Order.  California Labor Code §1198 additionally makes it unlawful to employ persons

2  under conditions prohibited by a Wage Order.  The "Rest Periods" section of the applicable

3  Wage Order provides the following in relevant part:

4        Every employer shall authorize and permit all employees to take rest periods,
      which insofar as practicable shall be in the middle of each work period. The

5        authorized rest period time shall be based on the total hours worked daily at the
      rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

6        However, a rest period need not be authorized for employees whose total daily

7        work time is less than three and one-half (3½) hours. Authorized rest period time
      shall be counted, as hours worked for which there shall be no deduction from

8        wages.

9      46.    California Labor Code §226.7(c) provides that an employer shall pay an employee

10  one additional hour of pay at the employee's regular rate of compensation for each workday that

11  the rest period is not provided.

12      47.    During times relevant, Defendants failed to pay the appropriate payment under

13  California Labor Code §226.7(c) because Defendants, if and when paid, paid the additional hour

14  not at the employee's true regular rate of compensation, but rather used the employee's base rate

15  compensation not taking into account other compensation that forms the regular rate of

16  compensation such as commissions and incentive pay.

17      48.    For this violation, Plaintiff and members of the RSC Class are entitled to and seek

18  one hour of premium pay at the employees' true regular rate of compensation for each day in

19  which a paid rest period was not authorized and permitted, and further seek recovery of any and

20  all available remedies to the extent permissible including recovery of interest, attorneys' fees, and

21  costs.

22  **FOURTH CAUSE OF ACTION**

23  **Class Claim for Violations of California Labor Code §§226.7(b) Against All Defendants**
**(Meal Period Claim)**

24

25      49.    Plaintiff repeats and incorporates herein by reference each and every allegation

26  contained above, as though fully set forth herein.

27      50.    California Labor Code §226.7(b) makes it unlawful for an employer to require

28  any employee to work during any meal period mandated by an applicable California IWC Wage

- 11 -

1   Order.  California Labor Code §1198 additionally makes it unlawful to employ persons under

2   conditions prohibited by a Wage Order.  The "Meal Periods" section of the applicable Wage

3   Order provides the following in relevant part:

4   No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.  Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.  An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time…. If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

13   51.     California Labor Code §226.7(c) provides that an employer shall pay an employee

14   one additional hour of pay at the employee's regular rate of compensation for each workday that

15   the meal period is not provided.

16   52.     During times relevant, Defendants failed to pay the appropriate payment under

17   California Labor Code §226.7(c) because Defendants, if and when paid, paid the additional hour

18   not at the employee's true regular rate of compensation, but rather used the employee's base rate

19   compensation not taking into account other compensation that forms the regular rate of

20   compensation such as commissions and incentive pay.

21   53.     For this violation, Plaintiff and members of the RSC Class are entitled to and seek

22   one hour of premium pay at the employees' true regular rate of compensation for each day in

23   which a meal period was provided, and further seek recovery of any and all available remedies to

24   the extent permissible including recovery of interest, attorneys' fees, and costs.

- 12 -

CLASS ACTION COMPLAINT

## FIFTH CAUSE OF ACTION

**Class Claim for Violations of California Labor Code §§201 and 202 Against All Defendants**
**(For Failure to Pay Wages Owed on Separation of Employment)**

54.     Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

55.     California Labor Code §§201 and 202 require an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two hours thereafter, unless the employee has given seventy-two hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.  California Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by California Labor Code §§201 and 202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty work days.

56.     During the relevant time period and through its conduct including that alleged herein, Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiff and members of the RSC Waiting Time Sub Class their wages, earned and unpaid, either at the time of discharge, or within seventy-two hours of their voluntarily leaving Defendants' employ.  Premium, regular, and minimum wages were improperly unpaid, but upon separation, Defendants also failed to pay earned and calculable wages due and owing within the time frame specified by California Labor Code §§201 and 202.

57.     Defendants' willful failure to pay Plaintiff and RSC Waiting Time Sub Class members their wages earned and unpaid at the time of discharge, or within seventy-two hours of their voluntarily leaving Defendants' employ, violates California Labor Code §§201 and 202, as applicable.  As a result, Defendants are liable to Plaintiff and members of the RSC Waiting Time Sub Class for waiting time penalties under California Labor Code §203, in an amount according to proof at the time of trial.

CLASS ACTION COMPLAINT

## SIXTH CAUSE OF ACTION

### Class Claim for Violation of California Labor Code §226(a) Against All Defendants
### (Pay Stub Claim)

58.    Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

59.    California Labor Code §226(a) sets forth reporting requirements for employers when they pay wages. In relevant part, it states:

> Every employer shall ... at the time of each payment of wages, furnish each of his or her employees ... an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer ..., and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee....

California Labor Code §226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

California Labor Code §226(e)(2)(B) provides:

> An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a)[;] (ii) Which deductions the employer made from

- 14 -

1
2
3
4
5
6

gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a)[;] (iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period[; and] (iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

7   60.   During the relevant time frame, Defendants knowingly and intentionally failed,

8 and continue to fail, to provide Plaintiff and other members of Pay Stub Class with wage

9 statements that contained the information required by California Labor Code §226(a).  The wage

10 statements Defendants have provided to Plaintiff and other employees in Pay Stub Class fail to,

11 among other things, on their face correctly state the work dates for which payments are being

12 paid including overtime wages, commissions, and adjustments, and accurately itemize the total

13 hours worked and all applicable hourly rates in effect during the pay period and the

14 corresponding number of hours worked at each hourly rate in effect each pay period.   For

15 example, the wage statements, on their face, fail to identify a rate of pay, hours worked, and time

16 periods for "true up payments" and "additional adjustments;" fail to have corresponding time

17 periods listed for each time period that non-base payments are being made such as overtime and

18 commissions; fail to accurately itemize the total hours worked; and fail to accurately state the

19 rate of pay for meal and rest premiums in that the premium payments are not based on the

20 employees' true regular rate of pay but rather only their base pay.   Additionally, the wage

21 statements fail to accurately itemize hours worked and gross and net wages earned in that for

22 RSC Class members, the wage statements omit some hours worked and wages earned as a result

23 of these employees' not being paid for all time spent working while waiting for procedures to be

24 completed for electronic devices and closing.   Furthermore, the wage statements omit required

25 information about the employer legal entities in that the wage statements identify AT&T

26 Mobility Services LLC as the employer but fail to identify AT&T Mobility LLC as an employer.

27 AT&T Mobility LLC is identified in a Labor Agreement between AT&T Mobility LLC and the

28 Communication Workers of America as an employer of persons covered by that agreement.

- 15 -

CLASS ACTION COMPLAINT

61.     Plaintiff and other Pay Stub Class members have been injured, as defined by California Labor Code §226, by these omissions and inaccuracies.

62.     Defendants knowingly and intentionally failed, and continue to fail, to furnish Plaintiff and Pay Stub Class members complete and accurate wage statements upon each payment of wages in violation of California Labor Code §226(a).   Plaintiff and Pay Stub Class members have been injured and damaged by these failures because, among other things, it renders them unable to determine whether Defendants properly recorded their hours worked and makes it impossible to tell whether they were properly compensated for all pay earned at the proper rates and during the applicable pay period.   Plaintiff and, on information and belief, Pay Stub Class members are required to engage in discovery and mathematical computations to reconstruct their time records to determine if they were paid correctly as a result of the inaccurate and/or incomplete wage statements. Plaintiff and, on information and belief, Pay Stub Class members cannot easily ascertain from the information provided to them through the wage statements whether his or her wages and hours have been calculated correctly. Accordingly, Plaintiff and, on information and belief, Pay Stub Class members cannot promptly and easily determine from the wage statement alone the information set forth in California Labor Code §226(e)(2)(B) to assure that he or she is not being underpaid and have had to refer to other documents and information to attempt to ascertain this information.

63.     Defendants will no doubt continue these illegal practices until such time as they are forced to pay monies set forth under California Labor Code §226(e).   Defendants moreover will no doubt continue these illegal practices until such time as they are forced to cease such practice under the injunctive relief provision of California Labor Code §226(h).

64.     Plaintiff and Pay Stub Class members are entitled to and seek any and all available remedies to the extent permissible including injunctive relief and recovery of all available statutory damages, penalties, interest, attorneys' fees, and costs pursuant to California Labor Code §226(e) and (h).

- 16 -

## SEVENTH CAUSE OF ACTION

**Class Claim for Unfair Competition Against All Defendants**
**(Unfair Competition Claim)**

65.   Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

66.   Defendants' conduct, as alleged in this Complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and members of the RSC Class, Defendants' competitors, and the general public.   Plaintiff seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure §1021.5.

67.   Defendants' policies, activities, and actions as alleged herein are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§17200, *et seq.*

68.   A violation of California Business and Professions Code §§17200, *et seq.*, may be predicated on the violation of any state or federal law.   In the instant case, Defendants' policies and practices of not paying proper wages, and not providing compliant additional hours of pay for meal and rest premiums, among the other statutory violations alleged herein, over the past four years violates California Labor Code §§226.7, 510, 1197, and 1198 among other statutes.

69.   Plaintiff and members of the RSC Class have been personally aggrieved and injured by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

70.   Pursuant to California Business and Professions Code §§17200, *et seq.*, Plaintiff and members of the RSC Class are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this Complaint, an award of attorneys' fees pursuant to California Code of Civil Procedure §1021.5, and an award of costs.

- 17 -

CLASS ACTION COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment, on behalf of herself and the other California employees, against each defendant, jointly and severally, as follows:

Class Certification

1.   That this action be certified as a class action;

2.   That Plaintiff be appointed as the representative of the Pay Stub Class, the RSC Class, and the RSC Waiting Time Sub Class; and

3.   That counsel for Plaintiff be appointed as counsel for the Pay Stub Class, the RSC Class, and the RSC Waiting Time Sub Class.

On the First and Second Causes of Action

1.   For repayment of wages and liquidated damages, under the First and Second Causes of Action, to Plaintiff and members of the RSC Class under California Labor Code §§1194 and 1194.2 according to proof and to the extent permissible;

2.   For payment of penalties to Plaintiff and members of the RSC Waiting Time Sub Class under California Labor Code §203 according to proof and to the extent permissible;

3.   For pre-judgment interest on any unpaid wages due from the day that such amounts were due under California Labor Code §1194;

4.   For reasonable attorneys' fees that Plaintiff and members of the RSC Class are entitled to recover under California Labor Code §1194;

5.   For costs of suit incurred herein that Plaintiff and members of the RSC Class are entitled to recover under California Labor Code §1194; and

6.   For such other and further relief as the Court deems proper.

On the Third and Fourth Causes of Action

1.   For statutory premium wages to Plaintiff and members of the RSC Class under California Labor Code §226.7(c) according to proof;

2.   For reasonable attorneys' fees and costs of suit pursuant to California Code of Civil Procedure §1021.5;

CLASS ACTION COMPLAINT

1    3.    For pre-judgment interest on any unpaid wages due from the day that such

2  amounts were due; and

3    4.    For such other and further relief as the Court deems proper.

4                    On the Fifth Cause of Action

5    1.    For penalties according to proof under California Labor Code §203 to Plaintiff

6  and members of the RSC Waiting Time Sub Class;

7    2.    For reasonable attorneys' fees;

8    3.    For costs of suit incurred herein; and

9    4.    For such other and further relief as the Court deems proper.

10                    On the Sixth Cause of Action

11    1.    For penalties and damages according to proof under California Labor Code

12  §226(e) to Plaintiff and Pay Stub Class members;

13    2.    For injunctive relief under California Labor Code §226(h);

14    3.    For reasonable attorneys' fees;

15    4.    For costs of suit incurred herein; and

16    5.    For such other and further relief as the Court deems proper.

17                    On the Seventh Cause of Action

18    1.    That Defendants, jointly and/or severally, pay restitution and/or disgorgement of

19  sums to Plaintiff and members of the RSC Class for their failures to pay all minimum wages over

20  the last four years in an amount according to proof;

21    2.    That Defendants, jointly and/or severally, pay restitution and/or disgorgement of

22  sums to Plaintiff and members of the RSC Class for their failures to pay all overtime wages over

23  the last four years in an amount according to proof;

24    3.    That Defendants, jointly and/or severally, pay restitution and/or disgorgement of

25  sums to Plaintiff and members of the RSC Class for their failures to pay all wages due and owing

26  over the last four years as in an amount according to proof;

27    4.    That Defendants, jointly and/or severally, pay restitution and/or disgorgement of

28  sums to Plaintiff and members of the RSC Class for their failures to pay correct premium wages

- 19 -

CLASS ACTION COMPLAINT

1   for rest periods that were not authorized and permitted over the last four years in an amount
2   according to proof;

3       5.    That Defendants, jointly and/or severally, pay restitution and/or disgorgement of
4   sums to Plaintiff and members of the RSC Class for their failures to pay correct premium wages
5   for meal periods that were not provided over the last four years in an amount according to proof;

6       6.    For pre-judgment interest on any unpaid wages due from the day that such
7   amounts were due;

8       7.    For reasonable attorneys' fees that Plaintiff and members of the RSC Class are
9   entitled to recover under California Labor Code §§218.5 and 1194, and California Code of Civil
10  Procedure §1021.5;

11      8.    For costs of suit incurred herein that Plaintiff and members of the RSC Class are
12  entitled to recover under California Labor Code §§218.5 and 1194; and

13      9.    For such other and further relief as the Court deems proper.

14                     **DEMAND FOR JURY TRIAL**

15       Plaintiff requests a jury trial in this matter.

16  Dated: April 30, 2014               ROBBINS ARROYO LLP
                                 THE DENTE LAW FIRM

17

18                             By: _____
19                                DIANE E. RICHARD

20                         Attorneys for Plaintiff Tran K. Ly

21

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Diane E. Richard (#204897)<br>ROBBINS ARROYO LLP<br>600 B Street, Suite 1900<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 525-3990   FAX NO.: (619) 525-3991<br>ATTORNEY FOR *(Name):* Plaintiff Tran K. Ly | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**04/30/2014** at 02:43:26 PM<br><br>Clerk of the Superior Court<br>By Bernice Orihuela,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

CASE NAME:
Ly v. AT&T Mobility Services LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2014-00013654-CU-OE-CTL |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Joel R. Wohlfeil<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 7
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 30, 2014
Diane E. Richard
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7073 |

PLAINTIFF(S) / PETITIONER(S):   Tran K Ly

DEFENDANT(S) / RESPONDENT(S):  AT&T MOBILITY SERVICES LLC et.al.

TRAN K LY VS AT&T MOBILITY SERVICES LLC [E-FILE]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER: 37-2014-00013654-CU-OE-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:  Joel R. Wohlfeil                                      Department: C-73

**COMPLAINT/PETITION FILED:** 04/30/2014

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 10/03/2014 | 01:30 pm | C-73 | Joel R. Wohlfeil |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order 010313 at www.sdcourt.ca.gov for guidelines and procedures.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2014-00013654-CU-OE-CTL   CASE TITLE:
Tran K Ly vs At&T Mobility Services LLC [E-FILE]

<u>NOTICE</u>: **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
        **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
        **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
        **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>**Potential Advantages and Disadvantages of ADR**</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
| --- | --- |
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>**Most Common Types of ADR**</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>**Local ADR Programs for Civil Cases**</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule <u>2.2.1</u> for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR:</u> Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>**Legal Representation and Advice**</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

PLAINTIFF(S): Tran K Ly

DEFENDANT(S): AT&T MOBILITY SERVICES LLC et.al.

SHORT TITLE: TRAN K LY VS AT&T MOBILITY SERVICES LLC [E-FILE]

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2014-00013654-CU-OE-CTL |
|---|---|

Judge: Joel R. Wohlfeil                    Department: C-73

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                ☐ Non-binding private arbitration

☐ Mediation (private)                        ☐ Binding private arbitration

☐ Voluntary settlement conference (private)  ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)               ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____        Date: _____

Name of Plaintiff                        Name of Defendant

Signature                                Signature

Name of Plaintiff's Attorney             Name of Defendant's Attorney

Signature                                Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 05/01/2014

JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**        Page: 1

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

IN RE PROCEDURES
REGARDING
ELECTRONIC FILING

GENERAL ORDER OF THE
PRESIDING DEPARTMENT

ORDER NO. 010214-24 (A)

This order superseded General Order No.: 010214-24.

THIS COURT FINDS AND ORDERS AS FOLLOWS:

On August 1, 2011, the San Diego Superior Court ("court") began an Electronic Filing and Imaging Pilot Program ("Program") designed to reduce paper filings and storage, facilitate electronic access to civil court files and, in Phase Two, allow remote electronic filing ("E-File" or "E-Filing") of papers in civil cases. The ultimate goal of the Program is to create a paperless or electronic file in all civil cases, as well as in other case categories.

Phase One of the Program, described in General Order: *In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records*, involved the court's scanning of papers in newly filed cases in designated divisions and departments (the "Imaging Project"). Phase Two of the Program

involved the implementation of electronic filing by counsel and parties through the court's E-File Service Provider, One Legal. Electronic filing under Phase Two of the Program was limited to the Central Civil Division only and it excluded Probate and Construction Defect Cases. Electronic filing under Phase Three of the Program expanded electronic filing to include permissive electronic filing in Probate cases. North County Civil Divisions of the Superior Court and Construction Defect cases, in the Central Division, were excluded from Phase Three of the Program.

Electronic Filing under Phase Four of the Program expands electronic filing to include *mandatory* E-Filing in Construction Defect Cases in the Central Division through the court's E-File Service Provider. This General Order relates to Phase Four, and supplements General Orders: *In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records.*

Effective **June 2, 2014**, mandatory electronic filing through the court E-File Service Provider One Legal will be required for all Construction Defect Cases, including those currently being filed through File&Serve Xpress (fka LexisNexis File&Serve). As of **5:01 p.m. on May 30, 2014**, no documents will be allowed to be filed through File&Serve Xpress. Further information on these initiatives can be found on the court's website, at www.sdcourt.ca.gov.

Filing and service of documents by electronic means is governed by Code of Civil Procedure Section 1010.6 and California Rules of Court ("CRC"), rules 2.250 et seq. and CRC 2.30. In addition, the San Diego Superior Court's specific requirements for E-filing are available on the court's website at www.sdcourt.ca.gov. Litigants and attorneys electronically filing documents must comply with all applicable rules and requirements.

This General Order supercedes and replaces all Electronic Filing and Service Orders previously entered in Construction Defect Cases.

**GENERAL E-FILING REQUIREMENTS**

Documents can only be electronically filed through the court's electronic service provider (the "Provider"). E-file Provider information is available on the court's website.

Any document filed electronically shall be considered as filed with the Clerk of the Superior Court when it is first transmitted to the Provider and the transmission is completed, except that any document filed on a day that the court is not open for business, or after 5:00 p.m. (Pacific Time) on a day the court is open for business, shall be deemed to have been filed on the next court day.

Additional and more specific information on electronic filing can be found on the court's website.

This Order shall expire on December 31, 2014, unless otherwise ordered by this court.

IT IS SO ORDERED.

Dated:  March 28, 2014

HON. DAVID J. DANIELSEN
PRESIDING JUDGE

## ELECTRONIC FILING REQUIREMENTS OF THE

## SAN DIEGO SUPERIOR COURT – CENTRAL CIVIL DIVISION

These requirements are issued pursuant to California Rules of Court ("CRC"), rules 2.250 et seq., Code of Civil Procedure section 1010.6, and San Diego Superior Court General Order: *In re Procedures Regarding Electronic Filing.*

Effective November 1, 2013, documents that are determined to be unacceptable for eFiling by the Court due to eFiling system restrictions or for failure to comply with these requirements will be rejected subject to being allowed to be filed nunc pro tunc to the original submittal date upon ex-parte application to the court and upon good cause shown.

It is the duty of the plaintiff (and cross-complainant) to serve a copy of the General Order of the Presiding Department, Order No. **010214-24A**, and Electronic Filing Requirements of the San Diego Superior Court with the complaint (and cross-complaint).

## PERMISSIVE eFILING

**Effective March 4, 2013**, documents **may be filed electronically** in non-mandated civil cases in the Central Division where either: (1) the case is first initiated on or after March 4, 2013; or (2) the case is already pending as of March 4, 2013 <u>and</u> has been imaged by the court.

## MANDATORY eFILING

The case types that shall be subject to mandatory eFiling are: civil class actions; consolidated and coordinated actions where all cases involved are imaged cases; and actions that are provisionally complex under CRC 3.400-3.403 (as set

Revised 3-10-14

forth in the Civil Cover Sheet, Judicial Council form CM-010 – including Construction Defect actions).    "Complex cases" included in mandatory eFiling include Antitrust/Trade Regulation, Mass Tort, Environmental/Toxic Tort, and Securities Litigation cases, as well as insurance coverage claims arising from these case types. Effective **June 2, 2014** Construction Defect and other cases, currently being electronically filed through File&Serve Xpress (fka LexisNexis File&Serve), must be electronically filed through the court's Electronic Filing Service Provider, One Legal.

Documents electronically filed in Construction Defect and other cases prior to **June 2, 2014** will be maintained in the File&Serve Xpress system and can be viewed via a File&Serve Xpress subscription or on the Public Access Terminal (PAT) located in Room 241 of the Hall of Justice (2nd floor).

For cases of the type subject to mandatory EFiling that are initiated on or after March 4, 2013, all documents **must be filed electronically**, subject to the exceptions set forth below.

For cases of the type subject to mandatory EFiling that are already pending as of March 3, 2013, and provided that the case has been imaged by the court, all documents filed on or after March 4, 2013 **must be filed electronically**, subject to the exceptions set forth below.

A party may request to be excused from mandatory electronic filing requirements. This request must be in writing and may be made by ex parte application to the judge or department to whom the case is assigned.  The clerk will not accept or file any documents in paper form that are required to be filed electronically, absent a court order allowing the filing.

Self-represented litigants are not required to EFile in a mandatory EFile case; however, they may EFile if they choose to do so and/or are otherwise ordered to EFile by the court.

Revised 3-10-14

## REQUIREMENTS FOR ALL eFILERS

EFile documents can only be filed through the court's Electronic Filing Service Provider (the "Provider"). See www.onelegal.com.

EFilers must comply with CRC 2.250-2.261. Also, all documents electronically filed must be in a text searchable format, i.e., OCR. The court is unable to accept documents that do not comply with these requirements, or documents that include but are not limited to: digitized signatures, fillable forms, or a negative image.

Documents that contain exhibits must be bookmarked, as set forth on the Provider's site. Documents not so bookmarked are subject to rejection. Moving papers with exhibits that are not bookmarked will be rejected. (See CRC 3.1110(f) with bookmarking being the substitute for plastic tabs in electronically filed documents.)

Exhibits to be considered via a Notice of Lodgment shall not be attached to the electronically filed Notice of Lodgment; instead, the submitting party must provide the assigned department with hard copies of the exhibits with a copy of the Notice of Lodgment that includes the eFiling Transaction ID# noted in the upper right hand corner.

Unless otherwise required by law, per CRC 1.20(b) only the last four digits of a social security or financial account number may be reflected in court case filings. Exclusion or redaction is the responsibility of the filer, not the clerk, CRC 1.20(b)(3). Failure to comply with this requirement may result in monetary sanctions, CRC 2.30(b).

Proposed filings, such as proposed court orders and amended complaints, should be submitted as an exhibit and then re-submitted as a separate and new eFiling transaction after the Court has ruled on the matter to which the proposed document

Revised 3-10-14

applies.  See also CRC 3.1312.

Any document filed electronically shall be considered as filed with the Clerk of the Superior Court when it is first transmitted to the vendor and the transmission is completed, except that any document filed on a day that the court is not open for business, or after 5:00 p.m. (Pacific Time) on a day the court is open for business, **shall be deemed to have been filed on the next court day.**

Please be advised that you must schedule a motion hearing date directly with the Independent Calendar Department.  A motion filed without an appointment, even when a conformed copy of the filing is provided by the court, is not scheduled and the hearing will not occur.

If a hearing is set within 2 court days of the time documents are electronically filed, litigant(s) must provide hard copies of the documents to the court.  Transaction ID numbers must be noted on the documents to the extent it is feasible to do so. Hard copies for Ex Parte hearings must be delivered directly to the department on or before 12 Noon the court day immediately preceding the hearing date.

An original of all documents filed electronically, including original signatures, shall be maintained by the party filing the document, pursuant to CRC 2.257.

**DOCUMENTS INELIGIBLE FOR ELECTRONIC FILING** The following documents are **not eligible for eFiling** in cases subject to either mandatory or permissive filing, and shall be filed in paper form:
- Safe at Home Name Change Petitions
- Civil Harassment TRO/RO
- Workplace Violence TRO/RO
- Elder Abuse TRO/RO

**Page 4 of 6**

- Transitional Housing Program Misconduct TRO/RO
- School Violence Prevention TRO/RO
- Out-of-State Commission Subpoena
- Undertaking/Surety Bonds
- Request for Payment of Trust Funds
- Writs
- Notice of Appeal of Labor Commissioner
- Abstracts
- Warrants
- Settlement Conference Briefs (to be lodged)
- Confidential documents lodged conditionally under seal
- Interpleader actions pursuant to CC2924j

The following documents **may be filed in paper form**, unless the court expressly directs otherwise:

- Documents filed under seal or provisionally under seal pursuant to CRC 2.551 (although the motion to file under seal itself must be electronically filed)
- Exhibits to declarations that are real objects, i.e., construction materials, core samples, etc. or other documents, i.e. plans, manuals, etc., which otherwise may not be comprehensibly viewed in an electronic format may be filed in paper form

## DOCUMENTS DISPLAYED ON THE PUBLIC-FACING REGISTER OF ACTIONS

Any documents submitted for eFiling (and accepted) will be filed and displayed on the San Diego Superior Court's public-facing Register of Actions with the exception of the following documents:

- CASp Inspection Report

Page 5 of 6

- Confidential Cover Sheet False Claims Action
- Confidential Statement of Debtor's Social Security Number
- Financial Statement
- Request for Accommodations by Persons with Disabilities and Court's Response
- Defendant/Respondent Information for Order Appointing Attorney Under Service Members Civil Relief Act
- Request to Waive Court Fees
- Request to Waive Additional Court Fees

Documents not included in the list above, that are intended to be kept confidential, should NOT be eFiled with the court.

# EXHIBIT C

 **CT Corporation**

**Service of Process Transmittal**
06/20/2014
CT Log Number 525181975

| | |
|---|---|
| **TO:** | Jill M Calafiore, Rm 3A119A<br>AT&T Corp.<br>One AT&T Way-<br>Bedminster, NJ 07921- |

**RE:** **Process Served in California**

**FOR:** AT&T Mobility Services LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Tran K. Ly, Individually and on Behalf of Other Members of the Public Similarly Situated, Pltf. vs. AT&T Mobility Services LLC, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, First Amended Complaint, Exhibit(s), Complaint, Cover Sheet, Instructions, Notice, Alternative Dispute Resolution Information, Stipulation, General Order |
| **COURT/AGENCY:** | San Diego County - Superior Court - San Diego, CA<br>Case # 37201400013654CUOECTL |
| **NATURE OF ACTION:** | Class action – Defendant's failure or refusal to pay all wages due and owing to the employee's |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/20/2014 at 14:30 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Earliest Answer Date - Within 30 days (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Diane E. Richard<br>Robbins Arroyo LLP<br>600 B Street<br>Suite 1900<br>San Diego, CA 92101<br>619-525-3990 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/21/2014, Expected Purge Date: 07/01/2014<br>Image SOP<br>Email Notification, Jill M Calafiore jcalafiore@att.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / NK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

6/20/14  2:30

**SUM-100**

## SUMMONS AS TO COMPLAINT
### (CITACION JUDICIAL)  AND FIRST
                                    AMENDED COMPLAINT

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AT&T MOBILITY SERVICES LLC, AT&T MOBILITY LLC, and
DOES 1-10, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TRAN K. LY, Individually and on Behalf of Other Members of the
Public Similarly Situated

| |
|---|
| **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |
| **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**04/30/2014** at 02:43:28 PM<br>Clerk of the Superior Court<br>By Bernice Orihuela, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  San Diego Superior Court | **CASE NUMBER:**<br>*(Número del Caso):*  37-2014-00013654-CU-OE-CTL |
|---|---|

330 West Broadway
San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Diane E. Richard, Robbins Arroyo LLP, 600 B Street, Suite 1900, San Diego, CA 92101; (619) 525-3990

| DATE: 05/01/2014 | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)*  B. Orihuela | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):*  AT&T mobility Services, LLC

under:  ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
        ☑ other *(specify):* Limited Liability Company
4. ☑ by personal delivery on *(date):* 6/20/14

| | Page 1 of 1 |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS**  6/20/14 | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

1    ROBBINS ARROYO LLP
     BRIAN J. ROBBINS (SB# 190264)
2    DIANE E. RICHARD (SB# 204897)
     600 B Street, Suite 1900
3    San Diego, CA 92101
     Telephone: (619) 525-3990
4    Facsimile: (619) 525-3991
     brobbins@robbinsarroyo.com
5    drichard@robbinsarroyo.com

6    THE DENTE LAW FIRM
     MATTHEW S. DENTE (SB# 241547)
7    600 B Street, Suite 1900
     San Diego, CA 92101
8    Telephone: (619) 550-3475
     Facsimile: (619) 342-9668
9    matt@dentelaw.com

10   Attorneys for Plaintiff Tran K. Ly

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/04/2014** at 03:57:00 PM

Clerk of the Superior Court
By Calvin Beutler, Deputy Clerk

11                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                                COUNTY OF SAN DIEGO

13   TRAN K. LY, Individually and on Behalf of        Case No. 37-2014-00013654-CU-OE-CTL
     Other Members of the Public Similarly
14   Situated,                                        **CLASS ACTION AS TO PLAINTIFF'S
                                                       FIRST THROUGH SEVENTH CAUSES
15                        Plaintiff,                   OF ACTION**

16              v.                                     **CALIFORNIA LABOR CODE PRIVATE
                                                       ATTORNEYS GENERAL ACT OF 2004
17   AT&T MOBILITY SERVICES LLC,                       ACTION AS TO PLAINTIFF'S EIGHTH
     AT&T MOBILITY LLC, and                            THROUGH FIFTEENTH CAUSES OF
18   DOES 1-10, Inclusive,                             ACTION**

19                        Defendants.                  **FIRST AMENDED COMPLAINT FOR:**

20                                                     **(1) FAILURE TO PAY MINIMUM
                                                           WAGES;**
21                                                     **(2) FAILURE TO PAY OVERTIME
                                                           WAGES;**
22                                                     **(3) FAILURE TO AUTHORIZE AND
                                                           PERMIT PAID REST PERIODS;**
23                                                     **(4) FAILURE TO PROVIDE MEAL
                                                           PERIODS;**
24                                                     **(5) FAILURE TO PAY WAGES TIMELY
                                                           UPON SEPARATION OF
25                                                         EMPLOYMENT;**
                                                       **(6) FAILURE TO PROVIDE AND
26                                                         MAINTAIN COMPLIANT ITEMIZED
                                                           WAGE STATEMENTS;**
27                                                     **(7) UNFAIR COMPETITION;**
                                                       **(8) VIOLATION OF LABOR CODE
28                                                         SECTION 1197 BROUGHT UNDER
                                                           THE LABOR CODE PRIVATE**

─────────────────────────────────────────────
                    FIRST AMENDED CLASS ACTION COMPLAINT

ATTORNEYS GENERAL ACT OF
2004 (CAL. LAB. CODE SECTION
2698, ET SEQ.);
(9) VIOLATION OF LABOR CODE
SECTION 510 BROUGHT UNDER
THE LABOR CODE PRIVATE
ATTORNEYS GENERAL ACT OF
2004 (CAL. LAB. CODE SECTION
2698, ET SEQ.);
(10) VIOLATION OF LABOR CODE
SECTION 226.7(B) BROUGHT
UNDER THE LABOR CODE
PRIVATE ATTORNEYS GENERAL
ACT OF 2004 (CAL. LAB. CODE
SECTION 2698, ET SEQ.);
(11) VIOLATIONS OF LABOR CODE
SECTIONS 226.7(B) AND 512
BROUGHT UNDER THE LABOR
CODE PRIVATE ATTORNEYS
GENERAL ACT OF 2004 (CAL. LAB.
CODE SECTION 2698, ET SEQ.);
(12) VIOLATIONS OF LABOR CODE
SECTIONS 201, 202, AND 203
BROUGHT UNDER THE LABOR
CODE PRIVATE ATTORNEYS
GENERAL ACT OF 2004 (CAL. LAB.
CODE SECTION 2698, ET SEQ.);
(13) VIOLATION OF LABOR CODE
SECTION 226(A) BROUGHT UNDER
THE LABOR CODE PRIVATE
ATTORNEYS GENERAL ACT OF
2004 (CAL. LAB. CODE SECTION
2698, ET SEQ.);
(14) VIOLATION OF LABOR CODE
SECTION 204 BROUGHT UNDER
THE LABOR CODE PRIVATE
ATTORNEYS GENERAL ACT OF
2004 (CAL. LAB. CODE SECTION
2698, ET SEQ.); AND
(15) VIOLATION OF LABOR CODE
SECTION 1198 BROUGHT UNDER
THE LABOR CODE PRIVATE
ATTORNEYS GENERAL ACT OF
2004 (CAL. LAB. CODE SECTION
2698, ET SEQ.)

DAMAGES EXCEED $25,000
DEMAND FOR JURY TRIAL

[IMAGED FILE]

Date Action Filed: April 30, 2014
Judge: Honorable Joel R. Wohlfeil
Dept.: C-73

FIRST AMENDED CLASS ACTION COMPLAINT

COMES NOW Plaintiff Tran K. Ly ("Plaintiff"), on behalf of herself and as a representative of employees of AT&T Mobility Services LLC and AT&T Mobility LLC (collectively, "AT&T Mobility") and Does 1-10, inclusive, (collectively, with AT&T Mobility, "Defendants") and asserts the following claims:

1.     This is a class action brought for violations of the California Labor Code pertaining to the issuance and maintenance of noncompliant itemized wage statements, failure to pay proper meal and rest premiums at the true regular rate of pay, failure to pay all required wages for all time worked arising for the time periods employees spend waiting for the issuance and return of electronic devices (e.g., iPads) and for the time periods employees spend waiting to be released from work at the end of closing shifts, and for failure to pay all wages due and owing upon separation of employment.

2.     This is further a private attorneys general action brought under the California Labor Code Private Attorneys General Act of 2004 codified in California Labor Code §2698, *et seq.* ("PAGA"). On April 30, 2014, Plaintiff filed an exhaustion letter with the California Labor and Workforce Development Agency ("LWDA"), AT&T Mobility Services LLC, and AT&T Mobility LLC providing notice of her intent to bring a private attorneys general action for recovery of penalties under PAGA. *See Arias v. Superior Court*, 46 Cal. 4th 969 (2009). PAGA permits an "aggrieved employee" to bring a lawsuit for civil penalties arising from violations of California's Labor Code committed against himself or herself and other current and former employees, as a private attorney general, to address an employer's violations of the California Labor Code. *Id.* at 980-81. More than thirty-three days have elapsed since Plaintiff served the PAGA notice without the LWDA providing notice of its intent to investigate, and further without AT&T Mobility Services LLC, and/or AT&T Mobility LLC providing notice that they have cured any of the alleged violations as may be applicable. Accordingly, Plaintiff brings a PAGA enforcement action as alleged herein.

3.     Plaintiff is, and at all times mentioned in this Complaint was, a resident of San Diego, California.

FIRST AMENDED CLASS ACTION COMPLAINT

4.     Upon information and belief, defendant AT&T Mobility Services LLC is a Delaware corporation with principal executive offices in Georgia.  AT&T Mobility Services LLC is currently registered to do business in the state of California and does business in San Diego, California.

5.     Upon information and belief, defendant AT&T Mobility LLC is a Delaware corporation with principal executive offices in Georgia.  AT&T Mobility, LLC is currently registered to do business in the state of California and does business in San Diego, California.

6.     Upon information and belief, defendants AT&T Mobility are employers whose employees are engaged throughout San Diego County and the state of California.

7.     Whenever in this Complaint reference is made to any act, deed, or conduct of AT&T Mobility, the allegation means that AT&T Mobility engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of AT&T Mobility.

8.     Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein as Does 1-10, inclusive and therefore sues said defendants by such fictitious names ("Doe Defendants").  Plaintiff will amend this Complaint to insert the true names and capacities of the Doe Defendants at such time as the identities of the Doe Defendants are ascertained.

9.     Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are the partners, agents, or principals and/or co-conspirators of AT&T Mobility, and of each other; that AT&T Mobility and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the liability of AT&T Mobility as alleged herein.

10.     Plaintiff is further informed and believes, and thereon alleges, that at all times herein material, each defendant was completely dominated and controlled by its co-defendants and each was the alter ego of the other.  Whenever and wherever reference is made in this

1  Complaint to any conduct by AT&T Mobility or Defendants, such allegations and references

2  shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly,

3  and severally.  Whenever and wherever reference is made to individuals who are not named as

4  defendants in this Complaint, but were employees and/or agents of Defendants, such individuals

5  at all relevant times acted on behalf of Defendants named in this Complaint within the scope of

6  their respective employments.

7  ### CLASS ACTION ALLEGATIONS

8      11.    Plaintiff brings her claim for relief in this action on behalf of herself as well as on

9  behalf of each and all other persons similarly situated, and thus, seeks class certification under

10 California Code of Civil Procedure §382.

11     12.    All claims alleged herein arise under California law for which Plaintiff seeks

12 relief as authorized by California law.

13     13.    With respect to Plaintiff's First through Seventh Causes of Action, the proposed

14 Classes and Sub Class are comprised of and defined as:

15     Any and all persons who are or were employees of AT&T Mobility LLC and/or
       AT&T Mobility Services LLC in the state of California within one year prior to
16     the filing of the Complaint in this action until resolution of this lawsuit and who
       received a paystub (hereinafter collectively referred to as the "Pay Stub Class").
17

18     Any and all persons who are or were non-exempt Retail Sales Consultant
       employees, or equivalent positions however titled, of AT&T Mobility LLC
19     and/or AT&T Mobility Services LLC in the state of California within four years
       prior to the filing of the Complaint in this action until resolution of this lawsuit
20     (hereinafter collectively referred to as the "RSC Class").

21     Any and all persons in the RSC Class whose employment was separated at any
       time within three years prior to the filing of the Complaint in this action until
22     resolution of this lawsuit (hereinafter collectively referred to as the "RSC
23     Waiting Time Sub Class").

24     14.    The members of the Pay Stub Class, the RSC Class, and the RSC Waiting Time

25 Sub Class (collectively, the "Classes" or "Class Members") are so numerous as to make it

26 impracticable to bring them all before this Court. Plaintiff is unable to state the exact number of

27 the Class Members without discovery of Defendants' books and records, but avers upon

28 information and belief that each of the Classes exceed fifty members.  The identity of Class

- 3 -

1  Members is readily ascertainable by an inspection of Defendants' employment and payroll
2  records.

3      15.     There are questions of law and fact common to the members of each of the
4  Classes that predominate over any questions affecting any individual in the Classes. Defendants
5  have acted, and refused to act, on grounds generally applicable to members of the Classes.

6      16.     Plaintiff's claims are typical of the claims of the Class Members and Plaintiff will
7  fairly and adequately protect the interests of these members.

8      17.     The prosecution of separate actions by individual members of the Classes would
9  create the risk of:

10         (a)     Inconsistent or varying adjudications in different jurisdictions with respect
11  to individual Class Members, which would establish incompatible standards of conduct for
12  Defendants; and

13         (b)     Adjudications with respect to individual Class Members which, as a
14  practical matter, would be dispositive of the interests and rights of Class Members who are not
15  parties to the adjudications, or would substantially impair or impede the ability of Class
16  Members to protect their interests.

17      18.     At all times relevant to this action, Defendants have enacted and effected
18  unlawful and unfair state-wide employment policies and practices which have caused Plaintiff
19  and members of the Classes to suffer injury.  A class action is superior to other available
20  methods for the fair and efficient adjudication of Defendants' policies and practices and the
21  damage they caused Plaintiff and members of the Classes to suffer and which are the subject
22  matter of this action.

23      19.     Employers in the State of California violate employment and labor laws every
24  day.  Current employees are often afraid to assert their rights out of fear of direct or indirect
25  retaliation.  Former employees are fearful of bringing actions because they believe their former
26  employers may damage their future endeavors through negative references and/or other means.
27  The nature of this action allows for the protection of current and former employees' rights
28  without fear for retaliation or damage.

- 4 -

1   20.   The claims asserted herein implicate questions of law or fact common to members

2   of the Classes   These common questions predominate over any questions affecting only

3   individual Class Members.  Common questions include, but are not limited to:

4   (a)   Whether Defendants failed to maintain and provide Pay Stub Class

5   members with wage statements that complied with the requirements of the California Labor

6   Code §226(a);

7   (b)   Whether Defendants failed to provide members of the RSC Class with

8   proper meal premium pay at the true regular rate of pay as required by California Labor Code

9   §§226.7(c) and 1198 and the applicable California Industrial Welfare Commission ("IWC")

10   Wage Order;

11   (c)   Whether Defendants failed to provide members of the RSC Class with

12   proper rest premium pay at the true regular rate of pay as required by California Labor Code

13   §§226.7(c) and 1198 and the applicable California IWC Wage Order;

14   (d)   Whether Defendants failed to provide members of the RSC Class with all

15   required overtime in violation of California Labor Code §§510 and 1198;

16   (e)   Whether Defendants failed to provide members of the RSC Class with all

17   required minimum wages in violation of California Labor Code §§1197 and 1198 and the

18   applicable California IWC Wage Order;

19   (f)   Whether Defendants unlawfully failed to pay all wages due and owing to

20   RSC Class members, and on a timely manner timely wages to members of the RSC Waiting

21   Time Sub Class in violation of California Labor Code §§201, 202, and 203;

22   (g)   Whether Defendants engaged in unfair competition in violation of

23   California Business and Professions Code §§17200, *et seq.*; and

24   (h)   The appropriate amount of penalties, damages, and restitution resulting

25   from Defendants' violations of California law.

26   **PAGA ALLEGATIONS**

27   21.   This is a PAGA enforcement action as to Plaintiff's Eighth through Fifteenth

28   Causes of Action only for recovery of civil penalties under the PAGA. *See Arias*, 46 Cal. 4th at

969. PAGA permits an "aggrieved employee" to bring a lawsuit for civil penalties as a private attorney general, to address an employer's violations of the California Labor Code committed against the aggrieved employee and other current and former employees. *Id.* at 980-81. In this case, Defendants violated California Labor Code §§201, 202, 203, 204, 226(a), 226.7(b), 510, 512, 1197, and 1198 as set forth more fully below. Plaintiff seeks PAGA penalties for the violations committed against her and Defendants' other current and former California employees.

22.   Plaintiff's Eighth through Fifteenth Causes of Action are suitable for treatment as a PAGA action for the following reasons:

(a)   The violations set forth in Plaintiff's Eighth through Fifteenth Causes of Action allege violations of the California Labor Code for which the Code provides a civil penalty to be assessed and recovered by the LWDA or any department, division, commission, boards, agencies, or employees, or for which a penalty is provided for under California Labor Code §2699(f);

(b)   Plaintiff is an "aggrieved employee" because she was employed by the Defendants and had one or more of the alleged violations committed against her;

(c)   Plaintiff complied with the requirement to commence a civil action under California Labor Code §2699.3;

(d)   Plaintiff complied with the exhaustion requirements of PAGA by providing notice by certified letter on April 30, 2014, to AT&T Mobility Services LLC, AT&T Mobility LLC, and the LWDA concerning the PAGA claims Plaintiff intends to pursue. A true and correct copy of the notice is attached as Exhibit A. More than thirty-three days have elapsed since Plaintiff served the PAGA notice, and the LWDA has not provided notice of its intent to investigate, nor has AT&T Mobility LLC or AT&T Mobility Services LLC provided notice that they have cured any of the alleged violations as may be applicable; and

(e)   "Current and former employees," for the purposes of the PAGA claims include any and all non-exempt Retail Sales Consultant employees, or equivalent positions however titled, of AT&T Mobility LLC and/or AT&T Mobility Services LLC in the State of

FIRST AMENDED CLASS ACTION COMPLAINT

1 | California, unless a different employee status is noted, at any time during the PAGA statutory
2 | period.

### FACTUAL ALLEGATIONS

4 |     23.    At all times set forth herein, Defendants employed, and continue to employ,
5 | employees throughout the state of California. Upon information and belief, defendant AT&T
6 | Mobility Services LLC is a Delaware corporation with principal executive offices in Georgia.
7 | AT&T Mobility Services LLC is currently registered to do business in the state of California and
8 | does business in San Diego, California.

9 |     24.    Upon information and belief, defendant, AT&T Mobility LLC is Delaware
10 | corporation with principal executive offices in Georgia.  AT&T Mobility LLC is currently
11 | registered to do business in the state of California and does business in San Diego, California.

12 |     25.    Upon information and belief, defendants AT&T Mobility provide wireless
13 | services and products and employ persons throughout San Diego County and the state of
14 | California.

15 |     26.    Plaintiff is a former employee of Defendants and worked in San Diego County,
16 | California, until approximately April 21, 2014.  At times relevant, she held a non-exempt
17 | employee position of Retail Sales Consultant.  Plaintiff worked for Defendants at times during
18 | the relevant period specified herein.

19 |     27.    Plaintiff and other members of the Pay Stub Class, the RSC Class, and the RSC
20 | Waiting Time Sub Class have been at times pertinent hereto, employees of Defendants within the
21 | meaning of the California Labor Code and the implementing rules and regulations of the
22 | California IWC Wage Orders.  Plaintiff and other members of the RSC Class and the RSC
23 | Waiting Time Sub Class have been at times pertinent hereto, non-exempt employees of
24 | Defendants within the meaning of the California Labor Code and the implementing rules and
25 | regulations of the California IWC Wage Orders.

26 |     28.    During the relevant time frame, Defendants knowingly and intentionally failed,
27 | and continue to fail, to provide Plaintiff and other members of Pay Stub Class with wage
28 | statements that contained the information required by California Labor Code §226(a).  The wage

statements Defendants have provided to Plaintiff and other employees in Pay Stub Class fail to, among other things, on their face correctly state the work dates for which payments are being paid including overtime wages, commissions, and adjustments, and accurately itemize the total hours worked and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in effect each pay period.  For example, the wage statements, on their face, fail to identify a rate of pay, hours worked, and time periods for "true up payments" and "additional adjustments;" fail to have corresponding time periods listed for each time period that non-base payments are being made such as overtime and commissions; fail to accurately itemize the total hours worked; and fail to accurately state the rate of pay for meal and rest premiums in that the premium payments are not based on the employees' true regular rate of pay but rather only their base pay.  Additionally, the wage statements fail to accurately itemize hours worked and gross and net wages earned in that for RSC Class members, the wage statements omit some hours worked and wages earned as a result of these employees not being paid for all time spent working while waiting for procedures to be completed for electronic devices and closing.  Furthermore, the wage statements omit required information about the employer legal entities in that the wage statements identify AT&T Mobility Services LLC as the employer but fail to identify AT&T Mobility LLC as an employer. AT&T Mobility LLC is identified in a Labor Agreement between AT&T Mobility LLC and the Communication Workers of America as an employer of persons covered by that agreement.

29.     During the relevant time frame, Plaintiff and RSC Class members have been systematically denied all extra hours of pay, at these employees' true regular rates of pay, as required by California law where meal periods were not provided and rest periods not authorized and permitted.  Rather, when Defendants did pay the extra hours of pay, Defendants did so at the employees' base regular rate of pay and not their true regular rate of pay which includes commissions, incentive pay, and other forms of compensation that is factored into the calculation of the employees' regular rate of pay.

30.     During the relevant time frame, Plaintiff and RSC Class members were not exempt from receiving the applicable minimum wages and overtime wages.  Notwithstanding

- 8 -

1    this, these persons had their rights violated through Defendants' failure to pay applicable

2    minimum, overtime, and regular wages. Such violations resulted from Defendants' conduct

3    which includes, but is not limited to: (i) failing to pay for all time worked arising from time spent

4    waiting for issuance and return of electronic devices (e.g., iPads) for work; and (ii) failing to pay

5    for all time worked to closing shift RSC Class members arising from time spent waiting to be

6    released from work at the end of closing shifts as a result of procedures such as lock-up, closing

7    up, and alarming procedures.

8       31.     During the relevant time frame, Plaintiff and RSC Waiting Time Sub Class

9    members each were required to be paid timely upon separation of employment in accordance

10    with California Labor Code §§201, 202, and 203. Defendants, through their actions including

11    those alleged herein of not paying proper wages, wilfully have not paid these employees all

12    wages due during upon separation of employment.

13       32.     On or about April 30, 2014, Plaintiff requested her employment records from

14    AT&T Mobility Services LLC and AT&T Mobility LLC, including time and wage statement

15    records, and compensation plan documents. As of the date of this filing, AT&T Mobility

16    Services LLC nor AT&T Mobility LLC had provided Plaintiff with the requested records, in

17    violation of the California Labor Code's and IWC Wage Order's requirements to do so.

18       33.     During the relevant time frame, Defendants engaged in unlawful conduct, and

19    unfair competition resulting in injury to Plaintiff and, on information and belief, others through

20    their violation of California's wage and hour laws alleged herein.

21                                  **CLASS ACTION CLAIMS**

22                                  **FIRST CAUSE OF ACTION**

23      **Class Claim for Violation of California Labor Code §1197 Against All Defendants**
                                      **(Minimum Wage Claim)**

24

25       34.     Plaintiff repeats and incorporates herein by reference each and every allegation

26    contained above, as though fully set forth herein.

27

28

35.     California Labor Code §1197 specifies that an employer engages in an unlawful act if it pays employees an amount less than the lawful minimum wage fixed by the California IWC Wage Order.

36.     The "Minimum Wages" section of the applicable California IWC Wage Order makes it unlawful for an employer to pay less than the applicable minimum wage for all hours worked, whether the remuneration is measured by time, piece, commission, or otherwise.

37.     During times relevant, Defendants failed to pay, at least minimum wages for all hours worked, to Plaintiff and members of the RSC Class  This occurred as a result of Defendants' conduct of, among other things: (i) failing to pay for all time worked arising from time spent waiting for issuance and return of electronic devices (e.g., iPads) for work; and (ii) failing to pay for all time worked to closing shift RSC Class members arising from time spent waiting to be released from work at the end of closing shifts as a result of procedures such as lock-up, closing up, and alarming procedures.

38.     California Labor Code §§201 and 202 set forth timing requirements for the payment of wages to employees who are separating employment.  A violation of California Labor Code §§201 and/or 202 results in payment waiting time penalties under California Labor Code §203.

39.     During times relevant, Defendants failed to pay Plaintiff and members of the RSC Waiting Time Sub Class wages timely in conformance with the requirements set forth in California Labor Code §§201 and 202, as applicable.

40.     For this violation, Plaintiff and members of the RSC Class are entitled to and seek the payment of the unlawfully withheld minimum wages and further seek recovery of any and all available remedies to the extent permissible including recovery of interest, attorneys' fees and costs, and liquidated damages relating to any unpaid minimum wages under California Labor Code §§1194 and 1194.2. Further, Plaintiff and members of the RSC Waiting Time Sub Class who have not been paid timely within the statutory period set forth in California Labor Code §§201 and 202 are entitled to and seek recovery of penalties under California Labor Code §203.

FIRST AMENDED CLASS ACTION COMPLAINT

## SECOND CAUSE OF ACTION

**Class Claim for Violation of California Labor Code §510 Against All Defendants**
**(Overtime Claim)**

41.    Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

42.    California Labor Code §510(a) provides in relevant part with respect to non-exempt employees:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

43.    During times relevant, Defendants failed to pay overtime wages for all hours worked to Plaintiff and members of the RSC Class  This occurred as a result of Defendants' conduct of, among other things: (i) failing to pay for all time worked arising from time spent waiting for issuance and return of electronic devices (e.g., iPads) for work; and (ii) failing to pay for all time worked to closing shift RSC Class members arising from time spent waiting to be released from work at the end of closing shifts as a result of procedures such as lock-up, closing up, and alarming procedures.

44.    California Labor Code §§201 and 202 set forth timing requirements for the payment of wages to employees who are separating employment.   A violation of California Labor Code §§201 and/or 202 results in payment waiting time penalties under California Labor Code §203.

45.    During times relevant, Defendants failed to pay Plaintiff and members of the RSC Waiting Time Sub Class wages timely in conformance with the requirements set forth in California Labor Code §§201 and 202, as applicable.

46.     For this violation, Plaintiff and members of the RSC Class are entitled to and seek the payment of the unlawfully withheld overtime wages and further seek recovery of any and all available remedies to the extent permissible including recovery of interest, attorneys' fees and costs, and liquidated damages relating to any unpaid overtime wages under California Labor Code §§1194 and 1194.2. Further, Plaintiff and members of the RSC Waiting Time Sub Class who have not been paid timely within the statutory period set forth in California Labor Code §§201 and 202 are entitled to and seek recovery of penalties under California Labor Code §203.

## THIRD CAUSE OF ACTION

### Class Claim for Violation of California Labor Code §226.7(b) Against All Defendants (Rest Period Claim)

47.     Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

48.     California Labor Code §226.7(b) makes it unlawful for an employer to require any employee to work during any paid rest period mandated by an applicable California IWC Wage Order.  California Labor Code §1198 additionally makes it unlawful to employ persons under conditions prohibited by a Wage Order.  The "Rest Periods" section of the applicable Wage Order provides the following in relevant part:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3½) hours. Authorized rest period time shall be counted, as hours worked for which there shall be no deduction from wages.

49.     California Labor Code §226.7(c) provides that an employer shall pay an employee one additional hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

50.     During times relevant, Defendants failed to pay the appropriate payment under California Labor Code §226.7(c) because Defendants, if and when paid, paid the additional hour not at the employee's true regular rate of compensation, but rather used the employee's base rate

- 12 -

1   compensation not taking into account other compensation that forms the regular rate of
2   compensation such as commissions and incentive pay.

3       51.     For this violation, Plaintiff and members of the RSC Class are entitled to and seek
4   one hour of premium pay at the employees' true regular rate of compensation for each day in
5   which a paid rest period was not authorized and permitted, and further seek recovery of any and
6   all available remedies to the extent permissible including recovery of interest, attorneys' fees, and
7   costs.

8                           **FOURTH CAUSE OF ACTION**

9   **Class Claim for Violations of California Labor Code §§226.7(b) Against All Defendants**
                                  **(Meal Period Claim)**
10

11      52.     Plaintiff repeats and incorporates herein by reference each and every allegation
12  contained above, as though fully set forth herein.

13      53.     California Labor Code §226.7(b) makes it unlawful for an employer to require
14  any employee to work during any meal period mandated by an applicable California IWC Wage
15  Order.  California Labor Code §1198 additionally makes it unlawful to employ persons under
16  conditions prohibited by a Wage Order.  The "Meal Periods" section of the applicable Wage
17  Order provides the following in relevant part:

18          No employer shall employ any person for a work period of more than five (5)
            hours without a meal period of not less than 30 minutes, except that when a work
19          period of not more than six (6) hours will complete the day's work the meal period
            may be waived by mutual consent of the employer and employee.  Unless the
20          employee is relieved of all duty during a 30 minute meal period, the meal period
            shall be considered an "on duty" meal period and counted as time worked.  An
21          "on duty" meal period shall be permitted only when the nature of the work
            prevents an employee from being relieved of all duty and when by written
22          agreement between the parties an on-the-job paid meal period is agreed to. The
            written agreement shall state that the employee may, in writing, revoke the
23          agreement at any time.... If an employer fails to provide an employee a meal
            period in accordance with the applicable provisions of this order, the employer
24          shall pay the employee one (1) hour of pay at the employee's regular rate of
25          compensation for each work day that the meal period is not provided.

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

54.     California Labor Code §226.7(c) provides that an employer shall pay an employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

55.     During times relevant, Defendants failed to pay the appropriate payment under California Labor Code §226.7(c) because Defendants, if and when paid, paid the additional hour not at the employee's true regular rate of compensation, but rather used the employee's base rate compensation not taking into account other compensation that forms the regular rate of compensation such as commissions and incentive pay.

56.     For this violation, Plaintiff and members of the RSC Class are entitled to and seek one hour of premium pay at the employees' true regular rate of compensation for each day in which a meal period was provided, and further seek recovery of any and all available remedies to the extent permissible including recovery of interest, attorneys' fees, and costs.

## FIFTH CAUSE OF ACTION

**Class Claim for Violations of California Labor Code §§201 and 202 Against All Defendants (For Failure to Pay Wages Owed on Separation of Employment)**

57.     Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

58.     California Labor Code §§201 and 202 require an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two hours thereafter, unless the employee has given seventy-two hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work. California Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by California Labor Code §§201 and 202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty work days.

59.     During the relevant time period and through its conduct including that alleged herein, Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay

- 14 -

1    Plaintiff and members of the RSC Waiting Time Sub Class their wages, earned and unpaid,

2    either at the time of discharge, or within seventy-two hours of their voluntarily leaving

3    Defendants' employ.  Premium, regular, and minimum wages were improperly unpaid, but upon

4    separation, Defendants also failed to pay earned and calculable wages due and owing within the

5    time frame specified by California Labor Code §§201 and 202.

6         60.    Defendants' willful failure to pay Plaintiff and RSC Waiting Time Sub Class

7    members their wages earned and unpaid at the time of discharge, or within seventy-two hours of

8    their voluntarily leaving Defendants' employ, violates California Labor Code §§201 and 202, as

9    applicable.  As a result, Defendants are liable to Plaintiff and members of the RSC Waiting Time

10   Sub Class for waiting time penalties under California Labor Code §203, in an amount according

11   to proof at the time of trial.

12                          **SIXTH CAUSE OF ACTION**

13   **Class Claim for Violation of California Labor Code §226(a) Against All Defendants**
     **(Pay Stub Claim)**
14

15        61.    Plaintiff repeats and incorporates herein by reference each and every allegation

16   contained above, as though fully set forth herein.

17        62.    California Labor Code §226(a) sets forth reporting requirements for employers

18   when they pay wages.  In relevant part, it states:

19        Every employer shall … at the time of each payment of wages, furnish each of his
          or her employees … an accurate itemized statement in writing showing (1) gross
20        wages earned, (2) total hours worked by the employee, except for any employee
          whose compensation is solely based on a salary and who is exempt from payment
21        of overtime under subdivision (a) of Section 515 or any applicable order of the
          Industrial Welfare Commission, (3) the number of piece-rate units earned and any
22        applicable piece rate if the employee is paid on a piece-rate basis, (4) all
          deductions, provided that all deductions made on written orders of the employee
23        may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive
          dates of the period for which the employee is paid, (7) the name of the employee
24        and only the last four digits of his or her social security number or an employee
          identification number other than a social security number, (8) the name and
25        address of the legal entity that is the employer …, and (9) all applicable hourly
          rates in effect during the pay period and the corresponding number of hours
26        worked at each hourly rate by the employee....

27

28        California Labor Code §226(e) provides:

                                       - 15 -

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

California Labor Code §226(e)(2)(B) provides:

An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a)[;] (ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a)[;] (iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period[; and] (iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

63.  During the relevant time frame, Defendants knowingly and intentionally failed, and continue to fail, to provide Plaintiff and other members of Pay Stub Class with wage statements that contained the information required by California Labor Code §226(a). The wage statements Defendants have provided to Plaintiff and other employees in Pay Stub Class fail to, among other things, on their face correctly state the work dates for which payments are being paid including overtime wages, commissions, and adjustments, and accurately itemize the total hours worked and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in effect each pay period.  For example, the wage statements, on their face, fail to identify a rate of pay, hours worked, and time periods for "true up payments" and "additional adjustments;" fail to have corresponding time periods listed for each time period that non-base payments are being made such as overtime and commissions; fail to accurately itemize the total hours worked; and fail to accurately state the

- 16 -

1   rate of pay for meal and rest premiums in that the premium payments are not based on the
2   employees' true regular rate of pay but rather only their base pay.  Additionally, the wage
3   statements fail to accurately itemize hours worked and gross and net wages earned in that for
4   RSC Class members, the wage statements omit some hours worked and wages earned as a result
5   of these employees' not being paid for all time spent working while waiting for procedures to be
6   completed for electronic devices and closing.  Furthermore, the wage statements omit required
7   information about the employer legal entities in that the wage statements identify AT&T
8   Mobility Services LLC as the employer but fail to identify AT&T Mobility LLC as an employer.
9   AT&T Mobility LLC is identified in a Labor Agreement between AT&T Mobility LLC and the
10  Communication Workers of America as an employer of persons covered by that agreement.

11          64.     Plaintiff and other Pay Stub Class members have been injured, as defined by
12  California Labor Code §226, by these omissions and inaccuracies.

13          65.     Defendants knowingly and intentionally failed, and continue to fail, to furnish
14  Plaintiff and Pay Stub Class members complete and accurate wage statements upon each
15  payment of wages in violation of California Labor Code §226(a).  Plaintiff and Pay Stub Class
16  members have been injured and damaged by these failures because, among other things, it
17  renders them unable to determine whether Defendants properly recorded their hours worked and
18  makes it impossible to tell whether they were properly compensated for all pay earned at the
19  proper rates and during the applicable pay period.  Plaintiff and, on information and belief, Pay
20  Stub Class members are required to engage in discovery and mathematical computations to
21  reconstruct their time records to determine if they were paid correctly as a result of the inaccurate
22  and/or incomplete wage statements. Plaintiff and, on information and belief, Pay Stub Class
23  members cannot easily ascertain from the information provided to them through the wage
24  statements whether his or her wages and hours have been calculated correctly. Accordingly,
25  Plaintiff and, on information and belief, Pay Stub Class members cannot promptly and easily
26  determine from the wage statement alone the information set forth in California Labor Code
27  §226(e)(2)(B) to assure that he or she is not being underpaid and have had to refer to other
28  documents and information to attempt to ascertain this information.

- 17 -

66.     Defendants will no doubt continue these illegal practices until such time as they are forced to pay monies set forth under California Labor Code §226(e).  Defendants moreover will no doubt continue these illegal practices until such time as they are forced to cease such practice under the injunctive relief provision of California Labor Code §226(h).

67.     AT&T Mobility moreover failed to permit Plaintiff to inspect or copy wage statement records within the time set forth in subdivision (c) of California Labor Code §226, entitling Plaintiff recover a $750 penalty from the employer as set forth in California Labor Code §226(f).  On information and belief, AT&T Mobility LLC have refused others in the Pay Stub Class their right under California Labor Code §226(c), entitling said employees to recover a $750 penalty from the employer as set forth in California Labor Code §226(f).

68.     Plaintiff and Pay Stub Class members are entitled to and seek any and all available remedies to the extent permissible including injunctive relief and recovery of all available statutory damages, penalties, interest, attorneys' fees, and costs pursuant to California Labor Code §226(e) and (h).

## SEVENTH CAUSE OF ACTION

### Class Claim for Unfair Competition Against All Defendants
### (Unfair Competition Claim)

69.     Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

70.     Defendants' conduct, as alleged in this Complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and members of the RSC Class, Defendants' competitors, and the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure §1021.5.

71.     Defendants' policies, activities, and actions as alleged herein are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§17200, *et seq.*

72.     A violation of California Business and Professions Code §§17200, *et seq.*, may be predicated on the violation of any state or federal law.  In the instant case, Defendants' policies

- 18 -

1  and practices of not paying proper wages, and not providing compliant additional hours of pay

2  for meal and rest premiums, among the other statutory violations alleged herein, over the past

3  four years violates California Labor Code §§226.7, 510, 1197, and 1198 among other statutes.

4      73.      Plaintiff and members of the RSC Class have been personally aggrieved and

5  injured by Defendants' unlawful and unfair business acts and practices alleged herein by the loss

6  of money and/or property.

7      74.      Pursuant to California Business and Professions Code §§17200, *et seq.*, Plaintiff

8  and members of the RSC Class are entitled to restitution of the wages withheld and retained by

9  Defendants during a period that commences four years prior to the filing of this Complaint, an

10  award of attorneys' fees pursuant to California Code of Civil Procedure §1021.5, and an award of

11  costs.

12                    **PAGA ACTION CLAIMS**

13                    **EIGHTH CAUSE OF ACTION**

14  **For Violation of California Labor Code §1197 Brought Under PAGA**
    **Against AT&T Mobility by Plaintiff on a Private Attorneys General Basis**
15                    **(PAGA Minimum Wage Claim)**

16

17      75.      Plaintiff repeats and incorporates herein by reference each and every allegation

18  contained above, as though fully set forth herein.

19      76.      During the year immediately preceding the date of Plaintiff's PAGA exhaustion

20  letter, AT&T Mobility paid to Plaintiff and other of AT&T Mobility's current and former

21  employees a less wage than the minimum fixed by the IWC in the "Minimum Wages" section of

22  the applicable California IWC Wage Order.  By doing so, AT&T Mobility violated California

23  Labor Code §1197.

24      77.      PAGA, specifically California Labor Code §2699(a), allows Plaintiff to recover

25  civil penalties for the violation of provisions of the California Labor Code that contain their own

26  civil penalties.  California Labor Code §§1197.1 and 2699 contain the civil penalties collectable

27  under the PAGA for violation of California Labor Code §1197.  Accordingly, Plaintiff seeks the

28

1  civil penalties permitted through California Labor Code §§1197.1 and 2699 for AT&T Mobility's

2  violation of California Labor Code §1197.

3      78.    Plaintiff requests penalties against AT&T Mobility for its violation of California

4  Labor Code §1197 as provided under PAGA, plus reasonable attorneys' fees and costs, in

5  amounts to be proven at trial.

6                              **NINTH CAUSE OF ACTION**

7          **For Violation of California Labor Code §510 Brought Under PAGA**
          **Against AT&T Mobility by Plaintiff on a Private Attorneys General Basis**
8                              **(PAGA Overtime Claim)**

9

10      79.    Plaintiff repeats and incorporates herein by reference each and every allegation

11  contained above, as though fully set forth herein.

12      80.    AT&T Mobility failed to pay required overtime compensation in accordance with

13  California Labor Code §510.

14      81.    During the year immediately preceding the date of Plaintiff's PAGA exhaustion

15  letter, AT&T Mobility failed to compensate Plaintiff and other California current and former

16  employees a proper overtime rate for hours worked in excess of eight in a day or forty in a week.

17      82.    PAGA, specifically California Labor Code §2699(a), allows Plaintiff to recover

18  civil penalties for the violation of provisions of the California Labor Code that contain their own

19  civil penalties.  California Labor Code §§558 and 2699 contain the civil penalties collectable

20  under the PAGA for violation of California Labor Code §510.  Accordingly, Plaintiff seeks the

21  civil penalties permitted through California Labor Code §§558 and 2699 for AT&T Mobility's

22  violation of California Labor Code §510.

23      83.    Plaintiff requests penalties against AT&T Mobility for its violation of California

24  Labor Code §510 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts

25  to be proven at trial.

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

## TENTH CAUSE OF ACTION

**For Violation of California Labor Code §226.7(b) Brought Under PAGA
Against AT&T Mobility by Plaintiff on a Private Attorneys General Basis
(PAGA Rest Period Claim)**

84.      Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

85.      During the year immediately preceding the date of Plaintiff's PAGA exhaustion letter, AT&T Mobility failed to authorize and permit paid rest periods to Plaintiff and other of AT&T Mobility's California current and former employees in violation of the "Rest Periods" section of the applicable California IWC Wage Order.  By failing to authorize and permit paid rest periods to Plaintiff and other of AT&T Mobility's California current and former employees in violation of the "Rest Periods" section of the applicable California IWC Wage Order, AT&T Mobility violated California Labor Code §226.7(b).

86.      PAGA, specifically California Labor Code §2699(a), allows Plaintiff to recover civil penalties for the violation of provisions of the California Labor Code that contain their own civil penalties.  California Labor Code §§558 and 2699 contain the civil penalties collectable under the PAGA for violation of California Labor Code §226.7(b).  Accordingly, Plaintiff seeks the civil penalties permitted through California Labor Code §§558 and 2699 for AT&T Mobility's violation of California Labor Code §226.7(b).

87.      Plaintiff requests penalties against AT&T Mobility for its violation of California Labor Code §226.7(b) as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proven at trial.

## ELEVENTH CAUSE OF ACTION

**For Violations of California Labor Code §§226.7(b) and 512 Brought Under PAGA
Against AT&T Mobility by Plaintiff on a Private Attorneys General Basis
(PAGA Meal Period Claim)**

88.      Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

- 21 -

89. During the year immediately preceding the date of Plaintiff's PAGA exhaustion letter, AT&T Mobility failed to authorize and provide first and, when applicable, second meal periods to Plaintiff and other of AT&T Mobility's California current and former employees in violation of the "Meal Periods" section of the applicable California IWC Wage Order and §512 of the California Labor Code. By failing to authorize and provide meal periods to Plaintiff and other of AT&T Mobility's California current and former employees, AT&T Mobility violated California Labor Code §§226.7(b) and 512.

90. PAGA, specifically California Labor Code §2699(a), allows Plaintiff to recover civil penalties for the violation of provisions of the California Labor Code that contain their own civil penalties. California Labor Code §§558 and 2699 contain the civil penalties collectable under the PAGA for violation of California Labor Code §§226.7(b) and 512. Accordingly, Plaintiff seeks the civil penalties permitted through California Labor Code §§558 and 2699 for AT&T Mobility's violations of California Labor Code §§226.7(b) and 512.

91. Plaintiff requests penalties against AT&T Mobility for its violations of California Labor Code §§226.7(b) and 512, as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proven at trial.

## TWELFTH CAUSE OF ACTION

**For Violations of California Labor Code §§201, 202, and 203 Brought Under PAGA Against AT&T Mobility by Plaintiff on a Private Attorneys General Basis (PAGA §§201-203 Claim)**

92. Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

93. During the year immediately preceding the date of Plaintiff's PAGA exhaustion letter, AT&T Mobility failed to pay Plaintiff and other California current and former employees whose employment had separated all wages due and owing by the times set forth in California Labor Code §§201-202, as applicable. AT&T Mobility further failed to pay the waiting time penalties as set forth in California Labor Code §203 to Plaintiff and other California current and former employees whose employment had separated.

- 22 -

94.     PAGA, specifically California Labor Code §2699(a), allows Plaintiff to recover civil penalties for the violation of provisions of the California Labor Code that contain their own civil penalties.  California Labor Code §§256 and 2699 contain the civil penalties collectable under the PAGA for violation of California Labor Code §203.   California Labor Code §2699(f)(2) provides that "[i]f, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."  California Labor Code §§201-202 do not provide their own civil penalties.  Because AT&T Mobility is an employer that currently employs one or more employees, the civil penalties set forth in California Labor Code §2699(f)(2) apply to each of AT&T Mobility's violations of California Labor Code §§201-202.   Accordingly, Plaintiff seeks the civil penalties permitted through California Labor Code §§256 and 2699 for AT&T Mobility's violation of California Labor Code §§201-203.

95.   Plaintiff requests penalties against AT&T Mobility for its violation of California Labor Code §§201-202 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proven at trial.

## THIRTEENTH CAUSE OF ACTION

**For Violation of California Labor Code §226(a) Brought Under PAGA
Against AT&T Mobility by Plaintiff on a Private Attorneys General Basis
(PAGA Pay Stub Claim)**

96.     Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

97.     California Labor Code §226(a) sets forth the following reporting requirements for employers when they pay wages:

Every employer shall ... at the time of each payment of wages, furnish each of his or her employees ... an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units

- 23 -

earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number statement, (8) the name and address of the legal entity that is the employer..., and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.... The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

98.     During the year immediately preceding the date of Plaintiff's PAGA exhaustion letter, AT&T Mobility furnished Plaintiff and other California current and former employees, regardless of position, and continues to furnish many of its other California employees with wage statements that violate the requirements of California Labor Code §226(a) through its omission of certain required information and/or inaccurate reporting of required information.

99.     PAGA, specifically California Labor Code §2699(a), allows Plaintiff to recover civil penalties for the violation of provisions of the California Labor Code that contain their own civil penalties.   California Labor Code §2699 contains the civil penalties for violation of California Labor Code §226(a). Accordingly, Plaintiff seeks the civil penalties set forth in California Labor Code §2699 for AT&T Mobility's violation of California Labor Code §226(a).

100.     Plaintiff requests penalties against AT&T Mobility for its violation of California Labor Code §226(a) as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proven at trial.

**FOURTEENTH CAUSE OF ACTION**

**For Violation of California Labor Code §204 Brought Under PAGA
Against AT&T Mobility by Plaintiff on a Private Attorneys General Basis
(PAGA §204 Claim)**

101.     Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

- 24 -

102.     During the year immediately preceding the date of Plaintiff's PAGA exhaustion letter, AT&T Mobility failed to timely pay all wages timely in accordance with California Labor Code §204 to Plaintiff and other of AT&T Mobility's California current and former employees.

103.     PAGA, specifically California Labor Code §2699(a), allows Plaintiff to recover civil penalties for the violation of provisions of the California Labor Code that contain their own civil penalties. California Labor Code §§210 and 2699 contain the civil penalties for violation of California Labor Code §204. Accordingly, Plaintiff seeks the civil penalties set forth in California Labor Code §§210 and 2699 for AT&T Mobility's violation of California Labor Code §204.

104.     Plaintiff requests penalties against AT&T Mobility for its violation of California Labor Code §204 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proven at trial.

## FIFTEENTH CAUSE OF ACTION

**For Violation of California Labor Code §1198 Brought Under PAGA**
**Against AT&T Mobility by Plaintiff on a Private Attorneys General Basis**
**(PAGA §1198 Claim)**

105.     Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

106.     California Labor Code §1198 provides that "[t]he employment of any employee ... under conditions of labor prohibited by the [wage] order is unlawful."

107.     During the year immediately preceding the date of Plaintiff's PAGA exhaustion letter, AT&T Mobility violated California Labor Code §1198 by failing to pay proper minimum wages to Plaintiff and other of AT&T Mobility's current and former employees, in violation of the "Minimum Wages" section of the applicable California IWC Wage Order.

108.     During the year immediately preceding the date of Plaintiff's PAGA exhaustion letter, AT&T Mobility violated California Labor Code §1198 by failing to pay proper overtime wages to Plaintiff and other of AT&T Mobility's current and former employees, in violation of the "Hours and Days of Work" section of the applicable California IWC Wage Order.

- 25 -

109.    During the year immediately preceding the date of Plaintiff's PAGA exhaustion letter, AT&T Mobility violated California Labor Code §1198 by failing to authorize and permit compliant paid rest periods to Plaintiff and other of AT&T Mobility's current and former employees, in violation of the "Rest Periods" section of the applicable California IWC Wage Order.

110.    During the year immediately preceding the date of Plaintiff's PAGA exhaustion letter, AT&T Mobility violated California Labor Code §1198 by failing to provide compliant meal periods to Plaintiff and other of AT&T Mobility's current and former employees, in violation of the "Meal Periods" section of the applicable California IWC Wage Order.

111.    During the year immediately preceding the date of Plaintiff's PAGA exhaustion letter, AT&T Mobility violated California Labor Code §1198 by failing to provide and maintain compliant wage statements and records for Plaintiff and other of AT&T Mobility's current and former employees, regardless of job position, in violation of the "Records" section of the applicable California IWC Wage Order.

112.    PAGA, specifically California Labor Code §2699(f), establishes a civil penalty to be levied against California employers for violations of California Labor Code provisions that do not contain their own civil penalties.  California Labor Code §2699(f)(2) provides that "[i]f, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."  California Labor Code §1198 does not provide its own civil penalties.  Because AT&T Mobility is an employer that currently employs one or more employees, the civil penalties set forth in California Labor Code §2699(f)(2) apply to each of AT&T Mobility's violations of California Labor Code §1198.

113.    Plaintiff requests penalties against AT&T Mobility for its violation of California Labor Code §1198 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

FIRST AMENDED CLASS ACTION COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment, on behalf of herself and the other California employees, against each defendant, jointly and severally, as follows:

Class Certification

1.   That this action be certified as a class action;

2.   That Plaintiff be appointed as the representative of the Pay Stub Class, the RSC Class, and the RSC Waiting Time Sub Class; and

3.   That counsel for Plaintiff be appointed as counsel for the Pay Stub Class, the RSC Class, and the RSC Waiting Time Sub Class.

On the First and Second Causes of Action

1.   For repayment of wages and liquidated damages, under the First and Second Causes of Action, to Plaintiff and members of the RSC Class under California Labor Code §§1194 and 1194.2 according to proof and to the extent permissible;

2.   For payment of penalties to Plaintiff and members of the RSC Waiting Time Sub Class under California Labor Code §203 according to proof and to the extent permissible;

3.   For pre-judgment interest on any unpaid wages due from the day that such amounts were due under California Labor Code §1194;

4.   For reasonable attorneys' fees that Plaintiff and members of the RSC Class are entitled to recover under California Labor Code §1194;

5.   For costs of suit incurred herein that Plaintiff and members of the RSC Class are entitled to recover under California Labor Code §1194; and

6.   For such other and further relief as the Court deems proper.

On the Third and Fourth Causes of Action

1.   For statutory premium wages to Plaintiff and members of the RSC Class under California Labor Code §226.7(c) according to proof;

2.   For reasonable attorneys' fees and costs of suit pursuant to California Code of Civil Procedure §1021.5;

3.  For pre-judgment interest on any unpaid wages due from the day that such amounts were due; and

4.  For such other and further relief as the Court deems proper.

On the Fifth Cause of Action

1.  For penalties according to proof under California Labor Code §203 to Plaintiff and members of the RSC Waiting Time Sub Class;

2.  For reasonable attorneys' fees;

3.  For costs of suit incurred herein; and

4.  For such other and further relief as the Court deems proper.

On the Sixth Cause of Action

1.  For penalties and damages according to proof under California Labor Code §226(e) to Plaintiff and Pay Stub Class members;

2.  For injunctive relief under California Labor Code §226(h);

3.  For reasonable attorneys' fees;

4.  For costs of suit incurred herein; and

5.  For such other and further relief as the Court deems proper.

On the Seventh Cause of Action

1.  That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff and members of the RSC Class for their failures to pay all minimum wages over the last four years in an amount according to proof;

2.  That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff and members of the RSC Class for their failures to pay all overtime wages over the last four years in an amount according to proof;

3.  That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff and members of the RSC Class for their failures to pay all wages due and owing over the last four years as in an amount according to proof;

4.  That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff and members of the RSC Class for their failures to pay correct premium wages

- 28 -

1 | for rest periods that were not authorized and permitted over the last four years in an amount
2 | according to proof;

3 |      5.      That Defendants, jointly and/or severally, pay restitution and/or disgorgement of
4 | sums to Plaintiff and members of the RSC Class for their failures to pay correct premium wages
5 | for meal periods that were not provided over the last four years in an amount according to proof;

6 |      6.      For pre-judgment interest on any unpaid wages due from the day that such
7 | amounts were due;

8 |      7.      For reasonable attorneys' fees that Plaintiff and members of the RSC Class are
9 | entitled to recover under California Labor Code §§218.5 and 1194, and California Code of Civil
10 | Procedure §1021.5;

11 |      8.      For costs of suit incurred herein that Plaintiff and members of the RSC Class are
12 | entitled to recover under California Labor Code §§218.5 and 1194; and

13 |      9.      For such other and further relief as the Court deems proper.

14 |           On the Eighth Through Fifteenth Causes of Action

15 |      1.      For penalties according to proof;

16 |      2.      For reasonable attorneys' fees and costs; and

17 |      3.      For such other and further relief as the Court deems proper.

18 | **DEMAND FOR JURY TRIAL**

19 |      Plaintiff requests a jury trial in this matter.

20 | Dated: June 4, 2014               ROBBINS ARROYO LLP
                                THE DENTE LAW FIRM

21 |

22 |                        By: /s/Diane E. Richard
23 |                           DIANE E. RICHARD
                       Attorneys for Plaintiff Tran K. Ly

24 |
25 |
26 |
959851
27 |
28 |

- 29 -

FIRST AMENDED CLASS ACTION COMPLAINT

# Exhibit A



600 B Street, Suite 1900
San Diego, CA 92101
619.525.3990 *phone*
619.525.3991 *fax*
www.robbinsarroyo.com

April 30, 2014

**VIA U.S. CERTIFIED MAIL RETURN RECEIPT REQUESTED**

CALIFORNIA LABOR AND WORKFORCE
  DEVELOPMENT AGENCY
Attn. PAGA Administrator
455 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102

AT&T MOBILITY SERVICES LLC
c/o C T Corporation System, Agent for Service
of Process
675 W. Peachtree Street NW, Suite 2756
Atlanta, GA 30308

AT&T MOBILITY LLC
c/o C T Corporation System, Agent for Service
of Process
675 W. Peachtree Street, Suite 42-090
Atlanta, GA 30375-0001

     Re:    <u>Notice of Claims/Labor Code Private Attorneys General Act of 2004,</u>
               <u>California Labor Code §2698, *et seq.*</u>

To:  California Labor and Workforce Development Agency, AT&T Mobility Services LLC, and
      AT&T Mobility LLC

     The Dente Law Firm and Robbins Arroyo LLP represent Tran K. Ly, a former employee at
AT&T Mobility Services LLC, and AT&T Mobility LLC (collectively "AT&T Mobility") in San
Diego, California. This letter is intended to constitute notice of claims, including notice pursuant
to the California Labor Code Private Attorneys General Act of 2004, California Labor Code
§2698, *et seq.* ("PAGA") that Ms. Ly intends to bring a civil action for penalties under PAGA for
California Labor Code violations committed by AT&T Mobility against Ms. Ly and other
current and/or former AT&T Mobility employees in California. Ms. Ly's PAGA action involves
AT&T Mobility's violations of sections 201, 202, 203, 204, 226(a), 226.7, 510, 512, 1197, and
1198 of the California Labor Code.

**AT&T Mobility's Violation of Sections 226(a) and 1198[1]:**Section 226(a) states in pertinent
part that: "Every employer shall ... at the time of each payment of wages, furnish each of his or
her employees ... an accurate itemized statement in writing showing (1) gross wages earned, (2)
total hours worked by the employee ..., (3) the number of piece-rate units earned and any
applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions ..., (5) net

--------

     [1] "Section ___" or "Sections ___" refers to the California Labor Code, unless otherwise
noted.



Notice of Claims
April 30, 2014
Page 2

wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number ..., (8) the name and address of the ... employer ..., and (9) all applicable hourly rates in effect during the pay period ...." Additionally, the "Records" section of the applicable California Industrial Welfare Commission ("IWC") Wage Order ("Wage Order") requires accurate recordkeeping including records relating to time and pay.

During at least the year immediately preceding the date of this letter, Ms. Ly and other AT&T Mobility employees were issued itemized wage statements that did not comply with the requirements under either Section 226(a), or under the requirements of the "Records" section of the applicable IWC Wage Order, a violation of Section 1198. The wage statements provided to Ms. Ly and other employees of AT&T Mobility on their face fail to, among other things, correctly state the work dates for which payments are being paid including overtime wages, commissions, and adjustments, and accurately itemize the total hours worked and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in effect each pay period. For example, the wage statements on their face fail to identify a rate of pay, hours worked, and time periods for "true up payments" and "additional adjustments;" fail to have corresponding time periods listed for each time period that non-base payments are being made such as overtime and commissions; fail to accurately itemize the total hours worked; and fail to accurately state the rate of pay for meal and rest premiums in that the premium payments are not based on the employees' true regular rate of pay but rather only their base pay. Furthermore, the wage statements omit required information about the employer legal entities in that the wage statements identify AT&T Mobility Services LLC as the employer but fail to identify AT&T Mobility LLC as an employer. AT&T Mobility LLC is identified in a Labor Agreement between AT&T Mobility LLC and the Communication Workers of America as an employer of persons covered by that agreement. Additionally, the wage statements fail to accurately itemize hours worked and gross and net wages earned in that for AT&T Mobility employees who work as a non-exempt Retail Sales Consultant or equivalent position, the wage statements omit some hours worked and wages earned as a result of these employees not being paid for all time spent working while waiting for procedures to be completed for electronic devices and closing.

**AT&T Mobility's Violation of Section 204:**

During at least the year immediately preceding the date of this letter, AT&T Mobility failed to timely pay Ms. Ly and other California non-exempt AT&T Mobility employees all wages due during employment in accordance with Section 204's timing requirements through its unlawful practices of, including, but not limited to: (i) failing to timely pay for all time worked arising from time spent waiting for issuance and return of electronic devices (e.g., iPads) for work (for AT&T Mobility employees who work as a non-exempt Retail Sales Consultant or equivalent position); (ii) failing to timely pay for all time worked on closing shifts arising from time spent waiting to be released from work at the end of closing shifts as a result of procedures such as lock-up, closing up, and alarming procedures (for AT&T Mobility employees who work as a non-exempt Retail Sales Consultant or equivalent position); and (iii) failing to timely pay

Notice of Claims
April 30, 2014
Page 3

meal and rest premium wages at the true regular rate of pay which includes commissions, incentive pay, and other forms of compensation that is factored into the calculation of employees' regular rate of pay. Additionally, during at least the year immediately preceding the date of this letter, AT&T Mobility failed to comply with Section 204(b)(2)'s requirements concerning setting forth corrections on paystubs when it issues wage statements to Ms. Ly and other California non-exempt of AT&T Mobility.

### AT&T Mobility's Violation of Sections 1197 and 1198:

Section 1197 provides that the payment of less than minimum wage is unlawful. Section 1198 provides that the standard conditions of labor fixed by the commission shall be the standard conditions of labor for employees. The "Minimum Wages" section of the applicable IWC Wage Order provides that every employer must pay to each employee on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the pay period whether the remuneration is measured by time, piece, commission, or otherwise. During at least the year immediately preceding the date of this letter, AT&T Mobility, among other things, with respect to AT&T Mobility employees who work as a non-exempt Retail Sales Consultant or equivalent position: (i) failed to pay for all time worked arising from time spent waiting for issuance and return of electronic devices (e.g. iPads) for work; and (ii) failed to pay for all time worked on closing shifts arising from time spent waiting to be released from work at the end of closing shifts as a result of procedures such as lock-up, closing up, and alarming procedures.

### AT&T Mobility's Violation of Sections 510 and 1198:

AT&T Mobility is required to pay Ms. Ly and other California non-exempt AT&T Mobility employees overtime compensation in accordance with Section 510. Section 1198 provides that the standard conditions of labor fixed by the commission shall be the standard conditions of labor for employees. The "Hours and Days of Work" section of the applicable IWC Wage Order provides that an employer must pay non-exempt employees daily and weekly overtime. During at least the year immediately preceding the date of this letter, AT&T Mobility, among other things, with respect to AT&T Mobility employees who work as a non-exempt Retail Sales Consultant or equivalent position: (i) failed to pay for all time worked arising from time spent waiting for issuance and return of electronic devices (e.g., iPads) for work; and (ii) failed to pay for all time worked on closing shifts arising from time spent waiting to be released from work at the end of closing shifts as a result of procedures such as lock-up, closing up, and alarming procedures.

### AT&T Mobility's Violation of Sections 226.7 and 1198:

Section 226.7(b) makes it unlawful for an employer to require any employee to work during any rest period mandated by the applicable IWC Wage Order, statute, regulation, standard, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health. Pursuant to "Rest Periods" section of the applicable IWC Wage Order, "Every employer shall authorize and permit all employees to take rest periods, which insofar as

Notice of Claims
April 30, 2014
Page 4

practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages." Section 1198 moreover makes it unlawful for an employer to violate the Rest Periods section of the applicable IWC Wage Order.

Section 226.7(c) provides that an employer shall pay an employee one additional hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

During at least the year immediately preceding the date of this letter, AT&T Mobility has failed to pay Ms. Ly and other AT&T Mobility employees who work as a non-exempt Retail Sales Consultant or equivalent position the appropriate payment under Section 226.7 because, if and when paid, AT&T Mobility paid the additional hour not at the employee's true regular rate of compensation but rather used the employee's base rate compensation not taking into account other compensation that forms the regular rate of compensation such as commissions and incentive pay. Furthermore, AT&T Mobility has further failed, as evidenced through any payment of any rest premium wages, to authorize and permit rest periods. As a result, AT&T Mobility has violated Sections 226.7 and 1198.

**AT&T Mobility's Violation of Sections 226.7, 512, and 1198:**

Section 512 and the "Meal Periods" section of the applicable IWC Wage Order provide that no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. Further, under Section 512 and the applicable IWC Wage Order, an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived. The "Records" section of the applicable IWC Wage Order requires an employer to keep accurate information with respect to each employee including time records showing when the employee begins and ends each work period and meal periods. Section 1198 makes it unlawful to employ persons under conditions prohibited by the applicable IWC Wage Order. Furthermore, Section 226.7(b) makes it unlawful for an employer to require any employee to work during any meal period mandated by the applicable IWC Wage Order.

Section 226.7(c) provides that an employer shall pay an employee one additional hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

During at least the year immediately preceding the date of this letter, AT&T Mobility has failed to pay Ms. Ly and other AT&T Mobility employees who work as a non-exempt Retail

Notice of Claims
April 30, 2014
Page 5

Sales Consultant or equivalent position the appropriate payment under Section 226.7 because, if and when paid, AT&T Mobility paid the additional hour not at the employee's true regular rate of compensation but rather used the employee's base rate compensation not taking into account other compensation that forms the regular rate of compensation such as commissions and incentive pay. Furthermore, AT&T Mobility has further failed to provide meal periods, as evidenced through the payment of any meal premium wages. As a result, AT&T Mobility has violated Sections 226.7, 512 and 1198.

### AT&T Mobility's Violations/Penalties Regarding Sections 201, 202, and 203:

Sections 201 and 202 set forth the timing requirements for the payment of wages due upon an employee's separation of employment. Section 203 furthermore provides that a waiting time penalty must be paid should the timing requirements in Sections 201 or 202 not be complied with. AT&T Mobility did not pay Ms. Ly and other AT&T Mobility employees who work as a non-exempt Retail Sales Consultant or equivalent position all wages due by the times set forth in Sections 201 and 202 as applicable, including, but not limited to, regular, minimum, overtime, premium wages, and other forms of wages. Ms. Ly seeks civil penalties for these violations.

### Applicable PAGA Civil Penalty:

PAGA, specifically Section 2699(a), permits an aggrieved employee to recover civil penalties set forth within the California Labor Code for violations of the California Labor Code. In addition, Section 2699(f) establishes civil penalties for violations of California Labor Code provisions that do not contain their own civil penalties. Ms. Ly intends to bring a civil action to recover civil penalties for the violations identified above, including civil penalties pursuant to Section 2699(f) as well as those civil penalties specifically set forth within the text of the California Labor Code. These penalties are sought for violations committed against Ms. Ly and other California AT&T Mobility employees as described herein.

Please feel free to contact the undersigned with any questions you may have.

Very truly yours,

Diane E. Richard

cc:     Matthew S. Dente, Esq. (via e-mail)

943427

1  ROBBINS ARROYO LLP
   BRIAN J. ROBBINS (SB# 190264)
2  DIANE E. RICHARD (SB# 204897)
   600 B Street, Suite 1900
3  San Diego, CA 92101
   Telephone: (619) 525-3990
4  Facsimile: (619) 525-3991
   brobbins@robbinsarroyo.com
5  drichard@robbinsarroyo.com

6  THE DENTE LAW FIRM
   MATTHEW S. DENTE (SB# 241547)
7  600 B Street, Suite 1900
   San Diego, CA 92101
8  Telephone: (619) 550-3475
   Facsimile: (619) 342-9668
9  matt@dentelaw.com

10  Attorneys for Plaintiff Tran K. Ly

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA
                         COUNTY OF SAN DIEGO
12

13  TRAN K. LY, Individually and on Behalf of        Case No.  37-2014-00013654-CU-OE-CTL
    Other Members of the Public Similarly
14  Situated,                                          **CLASS ACTION COMPLAINT FOR:**
                                                       **(1) FAILURE TO PAY MINIMUM**
15                      Plaintiff,                          **WAGES;**
                                                       **(2) FAILURE TO PAY OVERTIME**
16          v.                                              **WAGES;**
                                                       **(3) FAILURE TO AUTHORIZE AND**
17  AT&T MOBILITY SERVICES LLC,                            **PERMIT PAID REST PERIODS;**
    AT&T MOBILITY LLC, and                             **(4) FAILURE TO PROVIDE MEAL**
18  DOES 1-10, Inclusive,                                  **PERIODS;**
                                                       **(5) FAILURE TO PAY WAGES**
19                      Defendants.                         **TIMELY UPON SEPARATION OF**
                                                           **EMPLOYMENT;**
20                                                     **(6) FAILURE TO PROVIDE AND**
                                                           **MAINTAIN COMPLIANT**
21                                                         **ITEMIZED WAGE STATEMENTS;**
                                                       **(7) UNFAIR COMPETITION**
22
                                                       **DAMAGES EXCEED $25,000**
23
                                                       **DEMAND FOR JURY TRIAL**
24

25

26

27

28

                           CLASS ACTION COMPLAINT

1    COMES NOW Plaintiff Tran K. Ly ("Plaintiff"), on behalf of herself and as a

2 representative of employees of AT&T Mobility Services LLC and AT&T Mobility LLC

3 (collectively, "AT&T Mobility") and Does 1-10, inclusive, (collectively, with AT&T Mobility,

4 "Defendants") and asserts the following claims:

5    1.  This is a class action brought for violations of the California Labor Code

6 pertaining to the issuance and maintenance of noncompliant itemized wage statements, failure to

7 pay proper meal and rest premiums at the true regular rate of pay, failure to pay all required

8 wages for all time worked arising for the time periods employees spend waiting for the issuance

9 and return of electronic devices (e.g., iPads) and for the time periods employees spend waiting to

10 be released from work at the end of closing shifts, and for failure to pay all wages due and owing

11 upon separation of employment.

12    2.  On April 30, 2014, Plaintiff filed an exhaustion letter with the California Labor

13 and Workforce Development Agency providing notice of her intent to bring a private attorneys

14 general action for recovery of penalties under the California Labor Code Private Attorneys

15 General Act of 2004, California Labor Code §2698, *et seq.* ("PAGA"). *See Arias v. Superior*

16 *Court*, 46 Cal. 4th 969 (2009). PAGA permits an "aggrieved employee" to bring a lawsuit for

17 civil penalties arising from violations of California's Labor Code committed against himself or

18 herself and other current and former employees. Upon the conclusion of the PAGA exhaustion

19 period, Plaintiff will amend her Complaint, as permitted by law, to seek penalties for the Labor

20 Code violations committed against her and Defendants' other current and former California

21 employees as a private attorney general.

22    3.  Plaintiff is, and at all times mentioned in this Complaint was, a resident of San

23 Diego, California.

24    4.  Upon information and belief, defendant AT&T Mobility Services LLC is a

25 Delaware corporation with principal executive offices in Georgia. AT&T Mobility Services

26 LLC is currently registered to do business in the state of California and does business in San

27 Diego, California.

28

1       5.    Upon information and belief, defendant AT&T Mobility LLC is a Delaware

2  corporation with principal executive offices in Georgia.  AT&T Mobility, LLC is currently

3  registered to do business in the state of California and does business in San Diego, California.

4       6.    Upon information and belief, defendants AT&T Mobility are employers whose

5  employees are engaged throughout San Diego County and the state of California.

6       7.    Whenever in this Complaint reference is made to any act, deed, or conduct of

7  AT&T Mobility, the allegation means that AT&T Mobility engaged in the act, deed, or conduct

8  by or through one or more of its officers, directors, agents, employees, or representatives, who

9  was actively engaged in the management, direction, control, or transaction of the ordinary

10  business and affairs of AT&T Mobility.

11       8.    Plaintiff is ignorant of the true names and capacities, whether individual,

12  corporate, associate, or otherwise, of the defendants sued herein as Does 1-10, inclusive and

13  therefore sues said defendants by such fictitious names ("Doe Defendants").  Plaintiff will amend

14  this Complaint to insert the true names and capacities of the Doe Defendants at such time as the

15  identities of the Doe Defendants are ascertained.

16       9.    Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants

17  are the partners, agents, or principals and/or co-conspirators of AT&T Mobility, and of each

18  other; that AT&T Mobility and the Doe Defendants performed the acts and conduct herein

19  alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified,

20  and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is

21  liable to the extent of the liability of AT&T Mobility as alleged herein.

22       10.    Plaintiff is further informed and believes, and thereon alleges, that at all times

23  herein material, each defendant was completely dominated and controlled by its co-defendants

24  and each was the alter ego of the other.  Whenever and wherever reference is made in this

25  Complaint to any conduct by AT&T Mobility or Defendants, such allegations and references

26  shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly,

27  and severally.  Whenever and wherever reference is made to individuals who are not named as

28  defendants in this Complaint, but were employees and/or agents of Defendants, such individuals

CLASS ACTION COMPLAINT

1   at all relevant times acted on behalf of Defendants named in this Complaint within the scope of

2   their respective employments.

3                           **CLASS ACTION ALLEGATIONS**

4       11.    Plaintiff brings her claim for relief in this action on behalf of herself as well as on

5   behalf of each and all other persons similarly situated, and thus, seeks class certification under

6   California Code of Civil Procedure §382.

7       12.    All claims alleged herein arise under California law for which Plaintiff seeks

8   relief as authorized by California law.

9       13.    With respect to Plaintiff's First through Seventh Causes of Action, the proposed

10   Classes and Sub Class are comprised of and defined as:

11
12       Any and all persons who are or were employees of AT&T Mobility LLC and/or
        AT&T Mobility Services LLC in the state of California within one year prior to
        the filing of the Complaint in this action until resolution of this lawsuit and who
13       received a paystub (hereinafter collectively referred to as the "Pay Stub Class").

14       Any and all persons who are or were non-exempt Retail Sales Consultant
        employees, or equivalent positions however titled, of AT&T Mobility LLC
15       and/or AT&T Mobility Services LLC in the state of California within four years
        prior to the filing of the Complaint in this action until resolution of this lawsuit
16       (hereinafter collectively referred to as the "RSC Class").

17
18       Any and all persons in the RSC Class whose employment was separated at any
        time within three years prior to the filing of the Complaint in this action until
        resolution of this lawsuit (hereinafter collectively referred to as the "RSC
19       Waiting Time Sub Class").

20       14.    The members of the Pay Stub Class, the RSC Class, and the RSC Waiting Time

21   Sub Class (collectively, the "Classes" or "Class Members") are so numerous as to make it

22   impracticable to bring them all before this Court. Plaintiff is unable to state the exact number of

23   the Class Members without discovery of Defendants' books and records, but avers upon

24   information and belief that each of the Classes exceed fifty members. The identity of Class

25   Members is readily ascertainable by an inspection of Defendants' employment and payroll

26   records.

27

28

15.     There are questions of law and fact common to the members of each of the Classes that predominate over any questions affecting any individual in the Classes. Defendants have acted, and refused to act, on grounds generally applicable to members of the Classes.

16.     Plaintiff's claims are typical of the claims of the Class Members and Plaintiff will fairly and adequately protect the interests of these members.

17.     The prosecution of separate actions by individual members of the Classes would create the risk of:

(a)     Inconsistent or varying adjudications in different jurisdictions with respect to individual Class Members, which would establish incompatible standards of conduct for Defendants; and

(b)     Adjudications with respect to individual Class Members which, as a practical matter, would be dispositive of the interests and rights of Class Members who are not parties to the adjudications, or would substantially impair or impede the ability of Class Members to protect their interests.

18.     At all times relevant to this action, Defendants have enacted and effected unlawful and unfair state-wide employment policies and practices which have caused Plaintiff and members of the Classes to suffer injury.  A class action is superior to other available methods for the fair and efficient adjudication of Defendants' policies and practices and the damage they caused Plaintiff and members of the Classes to suffer and which are the subject matter of this action.

19.     Employers in the state of California violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means. The nature of this action allows for the protection of current and former employees' rights without fear for retaliation or damage.

- 4 -

CLASS ACTION COMPLAINT

20.    The claims asserted herein implicate questions of law or fact common to members of the Classes   These common questions predominate over any questions affecting only individual Class Members.  Common questions include, but are not limited to:

(a)    Whether Defendants failed to maintain and provide Pay Stub Class members with wage statements that complied with the requirements of the California Labor Code §226(a);

(b)    Whether Defendants failed to provide members of the RSC Class with proper meal premium pay at the true regular rate of pay as required by California Labor Code §§226.7(c) and 1198 and the applicable California Industrial Welfare Commission ("IWC") Wage Order;

(c)    Whether Defendants failed to provide members of the RSC Class with proper rest premium pay at the true regular rate of pay as required by California Labor Code §§226.7(c) and 1198 and the applicable California IWC Wage Order;

(d)    Whether Defendants failed to provide members of the RSC Class with all required overtime in violation of California Labor Code §§510 and 1198;

(e)    Whether Defendants failed to provide members of the RSC Class with all required minimum wages in violation of California Labor Code §§1197 and 1198 and the applicable California IWC Wage Order;

(f)    Whether Defendants unlawfully failed to pay all wages due and owing to RSC Class members, and on a timely manner timely wages to members of the RSC Waiting Time Sub Class in violation of California Labor Code §§201, 202, and 203;

(g)    Whether Defendants engaged in unfair competition in violation of California Business and Professions Code §§17200, *et seq.*; and

(h)    The appropriate amount of penalties, damages, and restitution resulting from Defendants' violations of California law.

## FACTUAL ALLEGATIONS

21.    At all times set forth herein, Defendants employed, and continue to employ, employees throughout the state of California. Upon information and belief, defendant AT&T

- 5 -

1  Mobility Services LLC is a Delaware corporation with principal executive offices in Georgia.
2  AT&T Mobility Services LLC is currently registered to do business in the state of California and
3  does business in San Diego, California.

4       22.    Upon information and belief, defendant, AT&T Mobility LLC is Delaware
5  corporation with principal executive offices in Georgia. AT&T Mobility LLC is currently
6  registered to do business in the state of California and does business in San Diego, California.

7       23.    Upon information and belief, defendants AT&T Mobility provide wireless
8  services and products and employ persons throughout San Diego County and the state of
9  California.

10       24.    Plaintiff is a former employee of Defendants and worked in San Diego County,
11  California, until approximately April 21, 2014. At times relevant, she held a non-exempt
12  employee position of Retail Sales Consultant. Plaintiff worked for Defendants at times during
13  the relevant period specified herein.

14       25.    Plaintiff and other members of the Pay Stub Class, the RSC Class, and the RSC
15  Waiting Time Sub Class have been at times pertinent hereto, employees of Defendants within the
16  meaning of the California Labor Code and the implementing rules and regulations of the
17  California IWC Wage Orders. Plaintiff and other members of the RSC Class and the RSC
18  Waiting Time Sub Class have been at times pertinent hereto, non-exempt employees of
19  Defendants within the meaning of the California Labor Code and the implementing rules and
20  regulations of the California IWC Wage Orders.

21       26.    During the relevant time frame, Defendants knowingly and intentionally failed,
22  and continue to fail, to provide Plaintiff and other members of Pay Stub Class with wage
23  statements that contained the information required by California Labor Code §226(a). The wage
24  statements Defendants have provided to Plaintiff and other employees in Pay Stub Class fail to,
25  among other things, on their face correctly state the work dates for which payments are being
26  paid including overtime wages, commissions, and adjustments, and accurately itemize the total
27  hours worked and all applicable hourly rates in effect during the pay period and the
28  corresponding number of hours worked at each hourly rate in effect each pay period. For

- 6 -
CLASS ACTION COMPLAINT

1    example, the wage statements, on their face, fail to identify a rate of pay, hours worked, and time

2    periods for "true up payments" and "additional adjustments;" fail to have corresponding time

3    periods listed for each time period that non-base payments are being made such as overtime and

4    commissions; fail to accurately itemize the total hours worked; and fail to accurately state the

5    rate of pay for meal and rest premiums in that the premium payments are not based on the

6    employees' true regular rate of pay but rather only their base pay.   Additionally, the wage

7    statements fail to accurately itemize hours worked and gross and net wages earned in that for

8    RSC Class members, the wage statements omit some hours worked and wages earned as a result

9    of these employees not being paid for all time spent working while waiting for procedures to be

10   completed for electronic devices and closing.   Furthermore, the wage statements omit required

11   information about the employer legal entities in that the wage statements identify AT&T

12   Mobility Services LLC as the employer but fail to identify AT&T Mobility LLC as an employer.

13   AT&T Mobility LLC is identified in a Labor Agreement between AT&T Mobility LLC and the

14   Communication Workers of America as an employer of persons covered by that agreement.

15        27.     During the relevant time frame, Plaintiff and RSC Class members have been

16   systematically denied all extra hours of pay, at these employees' true regular rates of pay, as

17   required by California law where meal periods were not provided and rest periods not authorized

18   and permitted. Rather, when Defendants did pay the extra hours of pay, Defendants did so at the

19   employees' base regular rate of pay and not their true regular rate of pay which includes

20   commissions, incentive pay, and other forms of compensation that is factored into the calculation

21   of the employees' regular rate of pay.

22        28.     During the relevant time frame, Plaintiff and RSC Class members were not

23   exempt from receiving the applicable minimum wages and overtime wages.   Notwithstanding

24   this, these persons had their rights violated through Defendants' failure to pay applicable

25   minimum, overtime, and regular wages.   Such violations resulted from Defendants' conduct

26   which includes, but is not limited to: (i) failing to pay for all time worked arising from time spent

27   waiting for issuance and return of electronic devices (e.g., iPads) for work; and (ii) failing to pay

28   for all time worked to closing shift RSC Class members arising from time spent waiting to be

CLASS ACTION COMPLAINT

1    released from work at the end of closing shifts as a result of procedures such as lock-up, closing

2    up, and alarming procedures.

3        29.    During the relevant time frame, Plaintiff and RSC Waiting Time Sub Class

4    members each were required to be paid timely upon separation of employment in accordance

5    with California Labor Code §§201, 202, and 203.  Defendants, through their actions including

6    those alleged herein of not paying proper wages, wilfully have not paid these employees all

7    wages due during upon separation of employment.

8        30.    During the relevant time frame, Defendants engaged in unlawful conduct and

9    unfair competition resulting in injury to Plaintiff and, on information and belief, others through

10   their violation of California's wage and hour laws alleged herein.

11                        **FIRST CAUSE OF ACTION**

12   **Class Claim for Violation of California Labor Code §1197 Against All Defendants**
                            **(Minimum Wage Claim)**
13

14       31.    Plaintiff repeats and incorporates herein by reference each and every allegation

15   contained above, as though fully set forth herein.

16       32.    California Labor Code §1197 specifies that an employer engages in an unlawful

17   act if it pays employees an amount less than the lawful minimum wage fixed by the California

18   IWC Wage Order.

19       33.    The "Minimum Wages" section of the applicable California IWC Wage Order

20   makes it unlawful for an employer to pay less than the applicable minimum wage for all hours

21   worked, whether the remuneration is measured by time, piece, commission, or otherwise.

22       34.    During times relevant, Defendants failed to pay, at least minimum wages for all

23   hours worked, to Plaintiff and members of the RSC Class   This occurred as a result of

24   Defendants' conduct of, among other things: (i) failing to pay for all time worked arising from

25   time spent waiting for issuance and return of electronic devices (e.g., iPads) for work; and (ii)

26   failing to pay for all time worked to closing shift RSC Class members arising from time spent

27   waiting to be released from work at the end of closing shifts as a result of procedures such as

28   lock-up, closing up, and alarming procedures.

35. California Labor Code §§201 and 202 set forth timing requirements for the payment of wages to employees who are separating employment. A violation of California Labor Code §§201 and/or 202 results in payment waiting time penalties under California Labor Code §203.

36. During times relevant, Defendants failed to pay Plaintiff and members of the RSC Waiting Time Sub Class wages timely in conformance with the requirements set forth in California Labor Code §§201 and 202, as applicable.

37. For this violation, Plaintiff and members of the RSC Class are entitled to and seek the payment of the unlawfully withheld minimum wages and further seek recovery of any and all available remedies to the extent permissible including recovery of interest, attorneys' fees and costs, and liquidated damages relating to any unpaid minimum wages under California Labor Code §§1194 and 1194.2. Further, Plaintiff and members of the RSC Waiting Time Sub Class who have not been paid timely within the statutory period set forth in California Labor Code §§201 and 202 are entitled to and seek recovery of penalties under California Labor Code §203.

## SECOND CAUSE OF ACTION

**Class Claim for Violation of California Labor Code §510 Against All Defendants
(Overtime Claim)**

38. Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

39. California Labor Code §510(a) provides in relevant part with respect to non-exempt employees:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

1     40.    During times relevant, Defendants failed to pay overtime wages for all hours

2 worked to Plaintiff and members of the RSC Class  This occurred as a result of Defendants'

3 conduct of, among other things: (i) failing to pay for all time worked arising from time spent

4 waiting for issuance and return of electronic devices (e.g., iPads) for work; and (ii) failing to pay

5 for all time worked to closing shift RSC Class members arising from time spent waiting to be

6 released from work at the end of closing shifts as a result of procedures such as lock-up, closing

7 up, and alarming procedures.

8     41.    California Labor Code §§201 and 202 set forth timing requirements for the

9 payment of wages to employees who are separating employment.  A violation of California

10 Labor Code §§201 and/or 202 results in payment waiting time penalties under California Labor

11 Code §203.

12     42.    During times relevant, Defendants failed to pay Plaintiff and members of the RSC

13 Waiting Time Sub Class wages timely in conformance with the requirements set forth in

14 California Labor Code §§201 and 202, as applicable.

15     43.    For this violation, Plaintiff and members of the RSC Class are entitled to and seek

16 the payment of the unlawfully withheld overtime wages and further seek recovery of any and all

17 available remedies to the extent permissible including recovery of interest, attorneys' fees and

18 costs, and liquidated damages relating to any unpaid overtime wages under California Labor

19 Code §§1194 and 1194.2.  Further, Plaintiff and members of the RSC Waiting Time Sub Class

20 who have not been paid timely within the statutory period set forth in California Labor Code

21 §§201 and 202 are entitled to and seek recovery of penalties under California Labor Code §203.

22 **THIRD CAUSE OF ACTION**

23
**Class Claim for Violation of California Labor Code §226.7(b) Against All Defendants**
**(Rest Period Claim)**
24

25     44.    Plaintiff repeats and incorporates herein by reference each and every allegation

26 contained above, as though fully set forth herein.

27     45.    California Labor Code §226.7(b) makes it unlawful for an employer to require

28 any employee to work during any paid rest period mandated by an applicable California IWC

- 10 -

1  Wage Order.  California Labor Code §1198 additionally makes it unlawful to employ persons

2  under conditions prohibited by a Wage Order.  The "Rest Periods" section of the applicable

3  Wage Order provides the following in relevant part:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3½) hours. Authorized rest period time shall be counted, as hours worked for which there shall be no deduction from wages.

9  46.     California Labor Code §226.7(c) provides that an employer shall pay an employee

10  one additional hour of pay at the employee's regular rate of compensation for each workday that

11  the rest period is not provided.

12  47.     During times relevant, Defendants failed to pay the appropriate payment under

13  California Labor Code §226.7(c) because Defendants, if and when paid, paid the additional hour

14  not at the employee's true regular rate of compensation, but rather used the employee's base rate

15  compensation not taking into account other compensation that forms the regular rate of

16  compensation such as commissions and incentive pay.

17  48.     For this violation, Plaintiff and members of the RSC Class are entitled to and seek

18  one hour of premium pay at the employees' true regular rate of compensation for each day in

19  which a paid rest period was not authorized and permitted, and further seek recovery of any and

20  all available remedies to the extent permissible including recovery of interest, attorneys' fees, and

21  costs.

22  **FOURTH CAUSE OF ACTION**

23  **Class Claim for Violations of California Labor Code §§226.7(b) Against All Defendants**
**(Meal Period Claim)**

24

25  49.     Plaintiff repeats and incorporates herein by reference each and every allegation

26  contained above, as though fully set forth herein.

27  50.     California Labor Code §226.7(b) makes it unlawful for an employer to require

28  any employee to work during any meal period mandated by an applicable California IWC Wage

- 11 -

1  Order.  California Labor Code §1198 additionally makes it unlawful to employ persons under

2  conditions prohibited by a Wage Order.  The "Meal Periods" section of the applicable Wage

3  Order provides the following in relevant part:

> No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.  Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.  An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.... If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

13  51.    California Labor Code §226.7(c) provides that an employer shall pay an employee

14  one additional hour of pay at the employee's regular rate of compensation for each workday that

15  the meal period is not provided.

16  52.    During times relevant, Defendants failed to pay the appropriate payment under

17  California Labor Code §226.7(c) because Defendants, if and when paid, paid the additional hour

18  not at the employee's true regular rate of compensation, but rather used the employee's base rate

19  compensation not taking into account other compensation that forms the regular rate of

20  compensation such as commissions and incentive pay.

21  53.    For this violation, Plaintiff and members of the RSC Class are entitled to and seek

22  one hour of premium pay at the employees' true regular rate of compensation for each day in

23  which a meal period was provided, and further seek recovery of any and all available remedies to

24  the extent permissible including recovery of interest, attorneys' fees, and costs.

- 12 -

## FIFTH CAUSE OF ACTION

**Class Claim for Violations of California Labor Code §§201 and 202 Against All Defendants**
**(For Failure to Pay Wages Owed on Separation of Employment)**

54.    Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

55.    California Labor Code §§201 and 202 require an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two hours thereafter, unless the employee has given seventy-two hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.  California Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by California Labor Code §§201 and 202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty work days.

56.    During the relevant time period and through its conduct including that alleged herein, Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay Plaintiff and members of the RSC Waiting Time Sub Class their wages, earned and unpaid, either at the time of discharge, or within seventy-two hours of their voluntarily leaving Defendants' employ.  Premium, regular, and minimum wages were improperly unpaid, but upon separation, Defendants also failed to pay earned and calculable wages due and owing within the time frame specified by California Labor Code §§201 and 202.

57.    Defendants' willful failure to pay Plaintiff and RSC Waiting Time Sub Class members their wages earned and unpaid at the time of discharge, or within seventy-two hours of their voluntarily leaving Defendants' employ, violates California Labor Code §§201 and 202, as applicable.  As a result, Defendants are liable to Plaintiff and members of the RSC Waiting Time Sub Class for waiting time penalties under California Labor Code §203, in an amount according to proof at the time of trial.

## SIXTH CAUSE OF ACTION

### Class Claim for Violation of California Labor Code §226(a) Against All Defendants
### (Pay Stub Claim)

58.     Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

59.     California Labor Code §226(a) sets forth reporting requirements for employers when they pay wages.  In relevant part, it states:

> Every employer shall ... at the time of each payment of wages, furnish each of his or her employees ... an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer ..., and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee....

California Labor Code §226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

California Labor Code §226(e)(2)(B) provides:

> An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a)[;] (ii) Which deductions the employer made from

gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a)[;] (iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period[; and] (iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

60.     During the relevant time frame, Defendants knowingly and intentionally failed, and continue to fail, to provide Plaintiff and other members of Pay Stub Class with wage statements that contained the information required by California Labor Code §226(a).  The wage statements Defendants have provided to Plaintiff and other employees in Pay Stub Class fail to, among other things, on their face correctly state the work dates for which payments are being paid including overtime wages, commissions, and adjustments, and accurately itemize the total hours worked and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in effect each pay period.   For example, the wage statements, on their face, fail to identify a rate of pay, hours worked, and time periods for "true up payments" and "additional adjustments;" fail to have corresponding time periods listed for each time period that non-base payments are being made such as overtime and commissions; fail to accurately itemize the total hours worked; and fail to accurately state the rate of pay for meal and rest premiums in that the premium payments are not based on the employees' true regular rate of pay but rather only their base pay.   Additionally, the wage statements fail to accurately itemize hours worked and gross and net wages earned in that for RSC Class members, the wage statements omit some hours worked and wages earned as a result of these employees' not being paid for all time spent working while waiting for procedures to be completed for electronic devices and closing.   Furthermore, the wage statements omit required information about the employer legal entities in that the wage statements identify AT&T Mobility Services LLC as the employer but fail to identify AT&T Mobility LLC as an employer. AT&T Mobility LLC is identified in a Labor Agreement between AT&T Mobility LLC and the Communication Workers of America as an employer of persons covered by that agreement.

- 15 -

61.    Plaintiff and other Pay Stub Class members have been injured, as defined by California Labor Code §226, by these omissions and inaccuracies.

62.    Defendants knowingly and intentionally failed, and continue to fail, to furnish Plaintiff and Pay Stub Class members complete and accurate wage statements upon each payment of wages in violation of California Labor Code §226(a).  Plaintiff and Pay Stub Class members have been injured and damaged by these failures because, among other things, it renders them unable to determine whether Defendants properly recorded their hours worked and makes it impossible to tell whether they were properly compensated for all pay earned at the proper rates and during the applicable pay period.  Plaintiff and, on information and belief, Pay Stub Class members are required to engage in discovery and mathematical computations to reconstruct their time records to determine if they were paid correctly as a result of the inaccurate and/or incomplete wage statements. Plaintiff and, on information and belief, Pay Stub Class members cannot easily ascertain from the information provided to them through the wage statements whether his or her wages and hours have been calculated correctly. Accordingly, Plaintiff and, on information and belief, Pay Stub Class members cannot promptly and easily determine from the wage statement alone the information set forth in California Labor Code §226(e)(2)(B) to assure that he or she is not being underpaid and have had to refer to other documents and information to attempt to ascertain this information.

63.    Defendants will no doubt continue these illegal practices until such time as they are forced to pay monies set forth under California Labor Code §226(e).  Defendants moreover will no doubt continue these illegal practices until such time as they are forced to cease such practice under the injunctive relief provision of California Labor Code §226(h).

64.    Plaintiff and Pay Stub Class members are entitled to and seek any and all available remedies to the extent permissible including injunctive relief and recovery of all available statutory damages, penalties, interest, attorneys' fees, and costs pursuant to California Labor Code §226(e) and (h).

- 16 -

## SEVENTH CAUSE OF ACTION

### Class Claim for Unfair Competition Against All Defendants
### (Unfair Competition Claim)

65.    Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

66.    Defendants' conduct, as alleged in this Complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and members of the RSC Class, Defendants' competitors, and the general public.   Plaintiff seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure §1021.5.

67.    Defendants' policies, activities, and actions as alleged herein are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§17200, *et seq.*

68.    A violation of California Business and Professions Code §§17200, *et seq.*, may be predicated on the violation of any state or federal law.   In the instant case, Defendants' policies and practices of not paying proper wages, and not providing compliant additional hours of pay for meal and rest premiums, among the other statutory violations alleged herein, over the past four years violates California Labor Code §§226.7, 510, 1197, and 1198 among other statutes.

69.    Plaintiff and members of the RSC Class have been personally aggrieved and injured by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

70.    Pursuant to California Business and Professions Code §§17200, *et seq.*, Plaintiff and members of the RSC Class are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this Complaint, an award of attorneys' fees pursuant to California Code of Civil Procedure §1021.5, and an award of costs.

CLASS ACTION COMPLAINT

1      **PRAYER FOR RELIEF**

2      WHEREFORE, Plaintiff requests entry of judgment, on behalf of herself and the other

3   California employees, against each defendant, jointly and severally, as follows:

4                                    Class Certification

5      1.      That this action be certified as a class action;

6      2.      That Plaintiff be appointed as the representative of the Pay Stub Class, the RSC

7   Class, and the RSC Waiting Time Sub Class; and

8      3.      That counsel for Plaintiff be appointed as counsel for the Pay Stub Class, the RSC

9   Class, and the RSC Waiting Time Sub Class.

10                          On the First and Second Causes of Action

11     1.      For repayment of wages and liquidated damages, under the First and Second

12  Causes of Action, to Plaintiff and members of the RSC Class under California Labor Code

13  §§1194 and 1194.2 according to proof and to the extent permissible;

14     2.      For payment of penalties to Plaintiff and members of the RSC Waiting Time Sub

15  Class under California Labor Code §203 according to proof and to the extent permissible;

16     3.      For pre-judgment interest on any unpaid wages due from the day that such

17  amounts were due under California Labor Code §1194;

18     4.      For reasonable attorneys' fees that Plaintiff and members of the RSC Class are

19  entitled to recover under California Labor Code §1194;

20     5.      For costs of suit incurred herein that Plaintiff and members of the RSC Class are

21  entitled to recover under California Labor Code §1194; and

22     6.      For such other and further relief as the Court deems proper.

23                           On the Third and Fourth Causes of Action

24     1.      For statutory premium wages to Plaintiff and members of the RSC Class under

25  California Labor Code §226.7(c) according to proof;

26     2.      For reasonable attorneys' fees and costs of suit pursuant to California Code of

27  Civil Procedure §1021.5;

28

                                       - 18 -

1      3.      For pre-judgment interest on any unpaid wages due from the day that such
2    amounts were due; and

3      4.      For such other and further relief as the Court deems proper.

4                              On the Fifth Cause of Action

5      1.      For penalties according to proof under California Labor Code §203 to Plaintiff
6    and members of the RSC Waiting Time Sub Class;

7      2.      For reasonable attorneys' fees;

8      3.      For costs of suit incurred herein; and

9      4.      For such other and further relief as the Court deems proper.

10                             On the Sixth Cause of Action

11     1.      For penalties and damages according to proof under California Labor Code
12   §226(e) to Plaintiff and Pay Stub Class members;

13     2.      For injunctive relief under California Labor Code §226(h);

14     3.      For reasonable attorneys' fees;

15     4.      For costs of suit incurred herein; and

16     5.      For such other and further relief as the Court deems proper.

17                            On the Seventh Cause of Action

18     1.      That Defendants, jointly and/or severally, pay restitution and/or disgorgement of
19   sums to Plaintiff and members of the RSC Class for their failures to pay all minimum wages over
20   the last four years in an amount according to proof;

21     2.      That Defendants, jointly and/or severally, pay restitution and/or disgorgement of
22   sums to Plaintiff and members of the RSC Class for their failures to pay all overtime wages over
23   the last four years in an amount according to proof;

24     3.      That Defendants, jointly and/or severally, pay restitution and/or disgorgement of
25   sums to Plaintiff and members of the RSC Class for their failures to pay all wages due and owing
26   over the last four years as in an amount according to proof;

27     4.      That Defendants, jointly and/or severally, pay restitution and/or disgorgement of
28   sums to Plaintiff and members of the RSC Class for their failures to pay correct premium wages

CLASS ACTION COMPLAINT

for rest periods that were not authorized and permitted over the last four years in an amount according to proof;

5.      That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff and members of the RSC Class for their failures to pay correct premium wages for meal periods that were not provided over the last four years in an amount according to proof;

6.      For pre-judgment interest on any unpaid wages due from the day that such amounts were due;

7.      For reasonable attorneys' fees that Plaintiff and members of the RSC Class are entitled to recover under California Labor Code §§218.5 and 1194, and California Code of Civil Procedure §1021.5;

8.      For costs of suit incurred herein that Plaintiff and members of the RSC Class are entitled to recover under California Labor Code §§218.5 and 1194; and

9.      For such other and further relief as the Court deems proper.

### DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial in this matter.

Dated: April 30, 2014

ROBBINS ARROYO LLP
THE DENTE LAW FIRM

By: _____
DIANE E. RICHARD

Attorneys for Plaintiff Tran K. Ly

CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Diane E. Richard (#204897)<br>ROBBINS ARROYO LLP<br>600 B Street, Suite 1900<br>San Diego, CA 92101 | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego |

TELEPHONE NO.: (619) 525-3990    FAX NO.: (619) 525-3991

ATTORNEY FOR *(Name):* Plaintiff Tran K. Ly

**04/30/2014** at 02:43:26 PM

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego

STREET ADDRESS: 330 West Broadway

Clerk of the Superior Court
By Bernice Orihuela,Deputy Clerk

MAILING ADDRESS:

CITY AND ZIP CODE: San Diego, CA 92101

BRANCH NAME: Central

CASE NAME:
Ly v. AT&T Mobility Services LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2014-00013654-CU-OE-CTL |
|---|---|---|
| ☑ Unlimited  ☐ Limited<br>(Amount       (Amount<br>demanded    demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Joel R. Wohlfeil<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☑ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties        d. ☐ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence            f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* 7
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 30, 2014

Diane E. Richard

► [signature]

(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:      330 W Broadway
MAILING ADDRESS:     330 W Broadway
CITY AND ZIP CODE:   San Diego, CA 92101-3827
BRANCH NAME:         Central
TELEPHONE NUMBER:    (619) 450-7073

PLAINTIFF(S) / PETITIONER(S):   Tran K Ly

DEFENDANT(S) / RESPONDENT(S):   AT&T MOBILITY SERVICES LLC et.al.

TRAN K LY VS AT&T MOBILITY SERVICES LLC [E-FILE]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER: 37-2014-00013654-CU-OE-CTL |
|---|---|

**CASE ASSIGNMENT**

Judge:  Joel R. Wohlfeil                                     Department: C-73

**COMPLAINT/PETITION FILED:** 04/30/2014

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 10/03/2014 | 01:30 pm | C-73 | Joel R. Wohlfeil |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order 010313 at www.sdcourt.ca.gov for guidelines and procedures.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

**NOTICE OF CASE ASSIGNMENT**



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2014-00013654-CU-OE-CTL   CASE TITLE:
Tran K Ly vs At&T Mobility Services LLC [E-FILE]

<u>NOTICE</u>: **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
        **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
        **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
        **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>**Potential Advantages and Disadvantages of ADR**</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>**Most Common Types of ADR**</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Tran K Ly |
|---|
| DEFENDANT(S): AT&T MOBILITY SERVICES LLC et.al. |
| SHORT TITLE: TRAN K LY VS AT&T MOBILITY SERVICES LLC [E-FILE] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2014-00013654-CU-OE-CTL |
|---|---|

Judge: Joel R. Wohlfeil                                      Department: C-73

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                            ☐ Binding private arbitration

☐ Voluntary settlement conference (private)      ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                   ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____


_____          _____
Name of Plaintiff                             Name of Defendant


_____          _____
Signature                                     Signature


_____          _____
Name of Plaintiff's Attorney                  Name of Defendant's Attorney


_____          _____
Signature                                     Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 05/01/2014

_____
JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**        Page: 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

**THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

| | |
|---|---|
| **IN RE PROCEDURES** | **GENERAL ORDER OF THE** |
| **REGARDING** | **PRESIDING DEPARTMENT** |
| **ELECTRONIC FILING** | **ORDER NO. 010214-24 (A)** |

17   This order superseded General Order No.: 010214-24.

18   THIS COURT FINDS AND ORDERS AS FOLLOWS:

19   On August 1, 2011, the San Diego Superior Court ("court") began an Electronic

20   Filing and Imaging Pilot Program ("Program") designed to reduce paper filings and

21   storage, facilitate electronic access to civil court files and, in Phase Two, allow remote

22   electronic filing ("E-File" or "E-Filing") of papers in civil cases.  The ultimate goal of the

23   Program is to create a paperless or electronic file in all civil cases, as well as in other

24   case categories.

25   Phase One of the Program, described in General Order: *In re Procedures*

26   *Regarding Electronically Imaged Court Records, Electronic Filing, and Access to*

27   *Electronic Court Records*, involved the court's scanning of papers in newly filed cases in

28   designated divisions and departments (the "Imaging Project").  Phase Two of the Program

involved the implementation of electronic filing by counsel and parties through the court's E-File Service Provider, One Legal. Electronic filing under Phase Two of the Program was limited to the Central Civil Division only and it excluded Probate and Construction Defect Cases. Electronic filing under Phase Three of the Program expanded electronic filing to include permissive electronic filing in Probate cases. North County Civil Divisions of the Superior Court and Construction Defect cases, in the Central Division, were excluded from Phase Three of the Program.

Electronic Filing under Phase Four of the Program expands electronic filing to include *mandatory* E-Filing in Construction Defect Cases in the Central Division through the court's E-File Service Provider.   This General Order relates to Phase Four, and supplements General Orders: *In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records.*

Effective **June 2, 2014**, mandatory electronic filing through the court E-File Service Provider One Legal will be required for all Construction Defect Cases, including those currently being filed through File&Serve Xpress (fka LexisNexis File&Serve). As of **5:01 p.m. on May 30, 2014**, no documents will be allowed to be filed through File&Serve Xpress. Further information on these initiatives can be found on the court's website, at www.sdcourt.ca.gov.

Filing and service of documents by electronic means is governed by Code of Civil Procedure Section 1010.6 and California Rules of Court ("CRC"), rules 2.250 et seq. and CRC 2.30.  In addition, the San Diego Superior Court's specific requirements for E-filing are available on the court's website at www.sdcourt.ca.gov.   Litigants and attorneys electronically filing documents must comply with all applicable rules and requirements.

This General Order supercedes and replaces all Electronic Filing and Service Orders previously entered in Construction Defect Cases.

**GENERAL E-FILING REQUIREMENTS**

Documents can only be electronically filed through the court's electronic service provider (the "Provider").  E-file Provider information is available on the court's website.

Any document filed electronically shall be considered as filed with the Clerk of the Superior Court when it is first transmitted to the Provider and the transmission is completed, except that any document filed on a day that the court is not open for business, or after 5:00 p.m. (Pacific Time) on a day the court is open for business, shall be deemed to have been filed on the next court day.

Additional and more specific information on electronic filing can be found on the court's website.

This Order shall expire on December 31, 2014, unless otherwise ordered by this court.

IT IS SO ORDERED.

Dated:  March 28, 2014

**HON. DAVID J. DANIELSEN**
**PRESIDING JUDGE**

## **ELECTRONIC FILING REQUIREMENTS OF THE**

## **SAN DIEGO SUPERIOR COURT – CENTRAL CIVIL DIVISION**

These requirements are issued pursuant to California Rules of Court ("CRC"), rules 2.250 et seq., Code of Civil Procedure section 1010.6, and San Diego Superior Court General Order: *In re Procedures Regarding Electronic Filing.*

Effective November 1, 2013, documents that are determined to be unacceptable for eFiling by the Court due to eFiling system restrictions or for failure to comply with these requirements will be rejected subject to being allowed to be filed nunc pro tunc to the original submittal date upon ex-parte application to the court and upon good cause shown.

It is the duty of the plaintiff (and cross-complainant) to serve a copy of the General Order of the Presiding Department, Order No. **010214-24A**, and Electronic Filing Requirements of the San Diego Superior Court with the complaint (and cross-complaint).

## **PERMISSIVE eFILING**

**Effective March 4, 2013**, documents **may be filed electronically** in non-mandated civil cases in the Central Division where either: (1) the case is first initiated on or after March 4, 2013; or (2)  the case is already pending as of March 4, 2013 <u>and</u> has been imaged by the court.

## **MANDATORY eFILING**

The case types that shall be subject to mandatory eFiling are:  civil class actions; consolidated and coordinated actions where all cases involved are imaged cases; and actions that are provisionally complex under CRC 3.400-3.403 (as set

forth in the Civil Cover Sheet, Judicial Council form CM-010 – including Construction Defect actions).   "Complex cases" included in mandatory eFiling include Antitrust/Trade Regulation, Mass Tort, Environmental/Toxic Tort, and Securities Litigation cases, as well as insurance coverage claims arising from these case types. Effective **June 2, 2014** Construction Defect and other cases, currently being electronically filed through File&Serve Xpress (fka LexisNexis File&Serve), must be electronically filed through the court's Electronic Filing Service Provider, One Legal.

Documents electronically filed in Construction Defect and other cases prior to **June 2, 2014** will be maintained in the File&Serve Xpress system and can be viewed via a File&Serve Xpress subscription or on the Public Access Terminal (PAT) located in Room 241 of the Hall of Justice (2nd floor).

For cases of the type subject to mandatory EFiling that are initiated on or after March 4, 2013, all documents **must be filed electronically**, subject to the exceptions set forth below.

For cases of the type subject to mandatory EFiling that are already pending as of March 3, 2013, and provided that the case has been imaged by the court, all documents filed on or after March 4, 2013 **must be filed electronically**, subject to the exceptions set forth below.

A party may request to be excused from mandatory electronic filing requirements. This request must be in writing and may be made by ex parte application to the judge or department to whom the case is assigned.   The clerk will not accept or file any documents in paper form that are required to be filed electronically, absent a court order allowing the filing.

Self-represented litigants are not required to EFile in a mandatory EFile case; however, they may EFile if they choose to do so and/or are otherwise ordered to EFile by the court.

Revised 3-10-14

## REQUIREMENTS FOR ALL eFILERS

EFile documents can only be filed through the court's Electronic Filing Service Provider (the "Provider").  See www.onelegal.com.

EFilers must comply with CRC 2.250-2.261.  Also, all documents electronically filed must be in a text searchable format, i.e., OCR. The court is unable to accept documents that do not comply with these requirements, or documents that include but are not limited to: digitized signatures, fillable forms, or a negative image.

Documents that contain exhibits must be bookmarked, as set forth on the Provider's site.  Documents not so bookmarked are subject to rejection.  Moving papers with exhibits that are not bookmarked will be rejected.  (See CRC 3.1110(f) with bookmarking being the substitute for plastic tabs in electronically filed documents.)

Exhibits to be considered via a Notice of Lodgment shall not be attached to the electronically filed Notice of Lodgment; instead, the submitting party must provide the assigned department with hard copies of the exhibits with a copy of the Notice of Lodgment that includes the eFiling Transaction ID# noted in the upper right hand corner.

Unless otherwise required by law, per CRC 1.20(b) only the last four digits of a social security or financial account number may be reflected in court case filings. Exclusion or redaction is the responsibility of the filer, not the clerk, CRC 1.20(b)(3). Failure to comply with this requirement may result in monetary sanctions, CRC 2.30(b).

Proposed filings, such as proposed court orders and amended complaints, should be submitted as an exhibit and then re-submitted as a separate and new eFiling transaction after the Court has ruled on the matter to which the proposed document

Revised 3-10-14

applies.  See also CRC 3.1312.

Any document filed electronically shall be considered as filed with the Clerk of the Superior Court when it is first transmitted to the vendor and the transmission is completed, except that any document filed on a day that the court is not open for business, or after 5:00 p.m. (Pacific Time) on a day the court is open for business, **shall be deemed to have been filed on the next court day.**

Please be advised that you must schedule a motion hearing date directly with the Independent Calendar Department.  A motion filed without an appointment, even when a conformed copy of the filing is provided by the court, is not scheduled and the hearing will not occur.

If a hearing is set within 2 court days of the time documents are electronically filed, litigant(s) must provide hard copies of the documents to the court.  Transaction ID numbers must be noted on the documents to the extent it is feasible to do so. Hard copies for Ex Parte hearings must be delivered directly to the department on or before 12 Noon the court day immediately preceding the hearing date.

An original of all documents filed electronically, including original signatures, shall be maintained by the party filing the document, pursuant to CRC 2.257.

**DOCUMENTS INELIGIBLE FOR ELECTRONIC FILING** The following documents are **not eligible for eFiling** in cases subject to either mandatory or permissive filing, and shall be filed in paper form:
- Safe at Home Name Change Petitions
- Civil Harassment TRO/RO
- Workplace Violence TRO/RO
- Elder Abuse TRO/RO

Revised 3-10-14

- Transitional Housing Program Misconduct TRO/RO
- School Violence Prevention TRO/RO
- Out-of-State Commission Subpoena
- Undertaking/Surety Bonds
- Request for Payment of Trust Funds
- Writs
- Notice of Appeal of Labor Commissioner
- Abstracts
- Warrants
- Settlement Conference Briefs (to be lodged)
- Confidential documents lodged conditionally under seal
- Interpleader actions pursuant to CC2924j

The following documents **may be filed in paper form**, unless the court expressly directs otherwise:

- Documents filed under seal or provisionally under seal pursuant to CRC 2.551 (although the motion to file under seal itself must be electronically filed)
- Exhibits to declarations that are real objects, i.e., construction materials, core samples, etc. or other documents, i.e. plans, manuals, etc., which otherwise may not be comprehensibly viewed in an electronic format may be filed in paper form

## DOCUMENTS DISPLAYED ON THE PUBLIC-FACING REGISTER OF ACTIONS

Any documents submitted for eFiling (and accepted) will be filed and displayed on the San Diego Superior Court's public-facing Register of Actions with the exception of the following documents:

- CASp Inspection Report

- Confidential Cover Sheet False Claims Action
- Confidential Statement of Debtor's Social Security Number
- Financial Statement
- Request for Accommodations by Persons with Disabilities and Court's Response
- Defendant/Respondent Information for Order Appointing Attorney Under Service Members Civil Relief Act
- Request to Waive Court Fees
- Request to Waive Additional Court Fees

Documents not included in the list above, that are intended to be kept confidential, should NOT be eFiled with the court.