| TRAN K. LY V. AT&T MOBILITY SERVICES LLC, ET AL. No. 3:14-cv-01686-L-RBB | | |
|---|---|---|
| DECLARATION OF DIANE E. RICHARD IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT | | |
| EXHIBIT LIST | | |
| TAB # | DESCRIPTION | PAGE NOS. |
| 1. | CLASS ACTION SETTLEMENT AGREEMENT | 1-35 |
| | EXHIBIT A – CLAIM FORM | 36-38 |
| | EXHIBIT B – CLASS NOTICE | 39-44 |
| 2. | PROPOSED SECOND AMENDED COMPLAINT | 45-88 |
| | EXHIBIT A – PAGA LETTER | 89-94 |

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAN K. LY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AT&T MOBILITY SERVICES LLC; AT&T MOBILITY, LLC and DOES 1-10, inclusive,<br><br>Defendants. | Case No. Case No. 3:14-cv-01686-L-RBB<br><br>**CLASS ACTION SETTLEMENT AGREEMENT** |

23254970v.2

Exhibit 1 - Page 1

## **TABLE OF CONTENTS**

1.      Definitions...................................................................................................................1

2.      Procedural History and Recitals...................................................................................5

3.      Stipulation to Certification and Limitation on Effect of Settlement...........................7

4.      Establishment of the GSA and Claims-Made Settlement.............................................8

5.      Calculation of the NSA and Distribution of Settlement Proceeds...............................8

7.      Attorneys' Fees and Costs. .......................................................................................10

8.      Service Award.............................................................................................................11

9.      PAGA Settlement Amount.........................................................................................11

10.     Costs of Settlement Administration............................................................................11

11.     Payment Procedure. ...................................................................................................12

12.     Tax Treatment.............................................................................................................13

13.     Resolution of Disputes Relating to Amounts Owed to a Class Member.....................14

14.     Release. ......................................................................................................................14

15.     Class Notice and Claims Administration....................................................................17

16.     Objections to the Settlement. .....................................................................................20

17.     Right to Request Exclusion.........................................................................................20

18.     Claims Process............................................................................................................22

19.     Application for Preliminary Approval Order..............................................................23

20.     Final Approval Order and Judgment...........................................................................23

21.     Effect of Settlement Not Being Final..........................................................................25

22.     Tolerance of Opt-Outs. ..............................................................................................25

23.     No Admissions............................................................................................................26

24.     Avoidance of Undue Publicity....................................................................................26

25.     Extensions of Time.....................................................................................................26

26.     Construction. ..................................................................................................26

27.     Due Authority of Attorneys. ..........................................................................26

28.     Entire Agreement. ...........................................................................................27

29.     Modification or Amendment ...........................................................................27

30.     Successors. ......................................................................................................27

31.     Counterparts. ...................................................................................................27

32.     Waivers. ...........................................................................................................27

33.     Governing Law. ...............................................................................................27

34.     Headings. .........................................................................................................27

35.     Dispute Resolution ..........................................................................................28

36.     Notices. ............................................................................................................28

23254970v.2

Exhibit 1 - Page 3

This Class Action Settlement Agreement ("Settlement Agreement") is made and entered into between Plaintiff Tran Ly ( "Ly" or "Plaintiff" ) on the one hand, individually and on behalf of the Class (as defined below), by and through their counsel of record, Matthew S. Dente, Diane E. Richard, Brian J. Robbins, Dente Law, P.C. and Robbins Arroyo LLP, and Defendant AT&T Mobility Services LLC ("Defendant" or "AT&T Mobility Services") on the other hand, by and through its counsel of record, Seyfarth Shaw LLP, subject to the approval of the Court, as provided below.  This Settlement Agreement is intended by Plaintiff and Defendant to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof, as follows:

1.      **Definitions.**

As used herein, for the purposes of this Settlement Agreement only, the following terms shall be defined as set forth below:

1.1     "Action" refers to the civil action entitled:  *Tran K. Ly v. AT&T Mobility Services LLC, AT&T Mobility, LLC, and Does 1-10, inclusive*, Case No. 3:14-cv-01686-L-RBB, in the United States District Court for the Southern District of California.

1.2     "Claim Deadline" refers to a date that is sixty calendar days after the date that the Class Settlement Notice is initially mailed to Class Members, and is the deadline by which Class Members' signed Claim Forms must be postmarked, faxed, or emailed in order to be valid.

1.3     "Claim Form" refers to the form that Class Members must properly complete and timely submit to receive a Class Member Payment, substantially in the form attached hereto as Exhibit A, as may be modified by the Court.

1.4     "Claimed NSA" refers to that portion of the Net Settlement Amount payable to Qualified Claimants including any amount payable to Qualified Claimants to meet the 50% floor if the claimed amount is less than 50%.

1.5     "Class" and "Class Members" refers to all persons who are employed or have been employed by AT&T Mobility Services who held the non-exempt position(s) of Retail Sales Consultant ("RSC") and/or Assistant Store Manager ("ASM") in AT&T Mobility Services' company-owned retail stores in California at any time during the Class Period.  Defendant represents that as of June 30, 2015, there were 9,426 Class Members.

1

Exhibit 1 - Page 4

1.6     "Class Counsel" refers to the attorneys of record for the Class Representative, *i.e.*, Matthew S. Dente, Diane E. Richard, Brian J. Robbins, Dente Law, P.C., and Robbins Arroyo LLP.

1.7     "Class Counsel Award" refers to costs incurred and attorneys' fees sought by Class Counsel and agreed upon by the Parties for Class Counsel's litigation and resolution of this Action, subject to Court approval.

1.8     "Class Settlement Notice" refers to the form of direct-mail notice to Class Members  substantially in the form attached hereto as Exhibit B, as may be modified by the Court.

1.9     "Class Member Payment" shall refer to the amount paid to a Qualified Claimant pursuant to terms of this Settlement Agreement.

1.10    "Class Period" refers to April 30, 2010, through the date of preliminary approval of this Settlement Agreement.

1.11    "Class Representative" refers to Tran K. Ly.

1.12    "Complaint" refers to all operative Complaints that have been or will be filed in this Action, including the Second Amended Complaint, which is the Complaint that Plaintiff will seek leave to file.

1.13    "FLSA Released Claims" are those FLSA claims defined in Paragraph 14.4 and that are released by Qualified Claimants who opt into the settlement.

1.14    "Fairness Hearing" refers to the hearing at which the Court will make a final determination whether the terms of the Settlement Agreement are fair, reasonable, and adequate for the Class and meet all applicable requirements for approval.

1.15    "Final Approval Order" refers to the final order by the Court approving the Settlement Agreement following the Fairness Hearing.

1.16    "Final Effective Date" refers to the first day after the date by which the last of the following has occurred:  (a) all conditions of settlement have been met except for transmission of all distributions to occur after the Final Effective Date including the Class Member Payments to the Qualified Claimants; (b) the Final Approval Order of the settlement is issued by the United States District Court, Southern District of California, or other court assuming jurisdiction of this matter; and (c) the Court's Judgment

approving the settlement becomes Final.  "Final" shall mean the latest of: (i) if there is an appeal of the Court's Judgment, the date the Judgment is affirmed on appeal, the date of dismissal of such appeal, or the expiration of the time to file a petition for writ of certiorari to the United States Supreme Court; or (ii) if a petition for writ of certiorari is filed, the date of denial of the petition for writ of certiorari, or the date the Judgment is affirmed pursuant to such petition; or (iii) if no appeal is filed, the expiration date of the time for filing or noticing any appeal of the Judgment.  The Parties agree that only persons who do not file a valid and timely Request for Exclusion maintain the right to appeal.

1.17    "Gross Settlement Amount" (also referred to herein as "GSA") refers to the maximum settlement payment Defendant is obligated to pay in this settlement, which is eight million dollars and zero cents ($8,000,000.00).  This sum shall include all Class Member Payments, the Court-approved Service Award to the Class Representative, the Court-approved Settlement Administration Costs, all applicable employer portion of payroll tax payments (e.g., FICA, FUTA, etc.), the Court-approved Class Counsel Award, and the Labor and Workforce Development Agency Payment.  It is expressly understood that if fewer than all Class Members timely submit Valid Claims, the total amount paid by Defendant will be less than the GSA.

1.18    "Judgment" refers to the final judgment by the Court approving the settlement.

1.19    "Labor and Workforce Development Agency Payment" means the amount that the Parties have agreed to pay to the Labor and Workforce Development Agency ("LWDA") in connection with the Labor Code Private Attorneys General Act of 2004 (Cal. Lab. Code §§ 2698, *et seq.*, "PAGA").  The Parties have agreed that Fifty Six Thousand Dollars ($56,000) of the GSA will be allocated to the resolution of any Class Members' claims arising under PAGA.  Pursuant to PAGA, 75%, or Forty Two Thousand Dollars ($42,000), of the PAGA settlement amount will be paid to the California Labor and Workforce Development Agency ("LWDA"), and 25%, or Fourteen Thousand Dollars ($14,000), of the PAGA settlement amount will be part of the Net Settlement Amount to be available for distribution to Settlement Class Members.

1.20    "Net Settlement Amount" (also referred to herein as "NSA") means the portion of the GSA that remains following deductions of the Court-approved Class Counsel Award of not more than $2,240,000 in fees and not more than $25,000 in costs requested by

Class Counsel, the Court-approved Settlement Administration Costs, the Labor and Workforce Development Agency Payment of $42,000, and the Court-approved Service Award of no more than $15,000.  The NSA is the maximum amount that shall be available for distribution to Qualified Claimants for Class Member Payments and on behalf of Qualified Claimants for the employer portion of payroll taxes on the wage component of the Class Member Payments.

1.21    "Parties" refers to Plaintiff Tran K. Ly and Defendant AT&T Mobility Services LLC collectively.

1.22    "Plaintiff's Released Claims" are those claims defined in Paragraph 14.1 and 14.2 that are released solely by Plaintiff.

1.23    "Qualified Claimants" refers to Settlement Class Members who timely return Valid Claims in accordance with the claims process set forth in Paragraph 18.

1.24    "Released Claims" are those claims defined in Paragraph 14.3 that are released by Settlement Class Members.

1.25    "Request for Exclusion" refers to a timely written, signed request that meets the requirements of Paragraph 17 by someone who otherwise would be a Class Member requesting to be excluded from the Class and the Settlement.

1.26    "Settlement Administrator" refers to the third party administrator mutually selected by the parties, subject to Court approval, to perform the notice, claims administration, and distribution functions further described in this Settlement Agreement.

1.27    "Settlement Administration Costs" refers to the costs that the Parties agree to pay the Settlement Administrator for its fees and costs to perform the notice, claims administration, and distribution functions further described in this Settlement Agreement. The Parties agree to use Rust Consulting subject to Court approval that the Settlement Administrator will be paid an amount approved by the Court from the GSA.  The Parties anticipate that the Settlement Administration Costs will not exceed $60,000.

1.28    "Service Award" refers to the Court's award of a monetary payment of up to $15,000 to the Plaintiff for her services as Class Representative as described in Paragraph 8, to be paid from the Gross Settlement Amount described below, and in return for executing the general release of all claims against Defendant, as set forth in Paragraph 14.

23254970v.2

Exhibit 1 - Page 7

1.29   "Settlement Class" or "Settlement Class Members" refers to all Class Members as defined in Paragraph 1.5 who do not submit a Request for Exclusion.

1.30   "Valid Claim" refers to a Claim Form that is properly completed and timely submitted by the Claim Deadline.

## 2.   Procedural History and Recitals.

2.1   On or about April 30, 2014, Plaintiff filed her Complaint purporting to assert putative class action claims against AT&T Mobility Services LLC and AT&T Mobility, LLC (collectively "Defendants"), on behalf all persons who are employed or have been employed by Defendants in the State of California within one year of the filing of the Complaint (the paystub class); and all persons who are employed or have been employed by Defendants in the State of California within four years of the filing of the Complaint who worked as non-exempt Retail Sales Consultants, or equivalent positions.

2.2   On or about June 4, 2014, Plaintiff filed a First Amended Complaint.  The First Amended Complaint alleges the following causes of action on a putative class action basis:  (1) Failure to Pay Minimum Wages; (2) Failure to Pay Overtime Wages; (3) Failure to Authorize and Permit Rest Periods; (4) Failure to Provide Meal Periods; (5) Failure to Pay Wages Timely Upon Separation of Employment; (6) Failure to Provide and Maintain Compliant Itemized Wage Statements; (7) Unfair Business Practices in Violation of Business & Professions Code Section 17200.   The First Amended Complaint also alleges various claims under PAGA.

2.3   On or about July 15, 2014, Defendants answered the First Amended Complaint, in which they denied the allegations contained therein and alleged a number of affirmative defenses to the claims contained in the First Amended Complaint.

2.4   On or about July 17, 2014, the Action was removed to the United States District Court for the Southern District of California.

2.5   On August 3, 2015, and August 22, 2015, the Parties participated in mediation sessions before mediator David Rotman, an experienced mediator who has mediated numerous wage-hour class actions.  After the second mediation session, the Parties reached the basic terms of a settlement, signed a Memorandum of Understanding and agreed to prepare this formal Settlement Agreement, subject to Court approval.

5

Exhibit 1 - Page 8

2.6     Plaintiff will be filing, subject to Court approval, a Second Amended Complaint adding claims for relief under the Fair Labor Standards Act ("FLSA") for failure to pay minimum wage and overtime wages, and asserting all claims on behalf of Assistant Store Managers. The Second Amended Complaint will remove AT&T Mobility, LLC from the Action.  Plaintiff will also file a request for dismissal or stipulation for dismissal without prejudice of AT&T Mobility, LLC from the Action.

2.7     AT&T Mobility Services denies that it is liable in any way to Plaintiff or the Class and further denies that, for any purpose other than settling the Action, this Action is appropriate for class treatment.

2.8     Class Counsel represent that they have thoroughly investigated the Class Representative's claims against Defendants.  Class Counsel represent that they have conducted their own investigation into the underlying facts, events, and issues related to the subject matter of this Action.  Class Counsel represent that they have further undertaken an extensive analysis of the legal principles applicable to the claims asserted against Defendants, and the potential defenses thereto.  Both Class Representative and Defendant have had an opportunity to evaluate their respective positions on the merits of the claims asserted.

2.9     Class Counsel has also engaged in intensive arms-length negotiations with counsel for Defendants with a view toward achieving substantial benefits for the Class while avoiding the cost, delay and uncertainty of further litigation, trial and appellate review.

2.10    As a consequence of said negotiations, and of Class Counsel's investigation, analysis and discovery, Plaintiff and Class Counsel determined to enter into this Settlement Agreement on the terms and conditions hereinafter set forth, believing such Settlement Agreement to be fair, reasonable and adequate and in the best interests of the Class Members.  Class Counsel have agreed to execute this Settlement Agreement and urge approval by the Court of the proposed Settlement Agreement after considering (1) the substantial factual and legal defenses available to Defendant to the claims asserted in the Action, which render the outcome of the Action and class certification substantially uncertain; (2) the potential difficulties Plaintiff and Class Members would encounter in establishing the elements of their claims and the fact that they are suitable for class treatment; (3) the substantial benefits that Class Members shall receive pursuant to the proposed Settlement Agreement; (4) the fact that the proposed Settlement Agreement

6

Exhibit 1 - Page 9

ensures that Class Members shall receive relief in the most expeditious and efficient manner practicable, and thus much sooner than would be possible were the claims to be litigated successfully through trial and appeal; and (5) the fact that the proposed Settlement Agreement allows persons who would otherwise fall within the definition of the Class, if they so desire, to opt out of the Action and individually pursue the claims alleged in the Action.

2.11   The Parties expressly acknowledge that this Settlement Agreement is entered into solely for the purposes of compromising highly disputed claims and that nothing herein is an admission of liability or wrongdoing by Defendant.  It is the Parties' intention that this Settlement Agreement shall constitute a full and complete settlement and release of all claims against Defendant as pled, or that could have been alleged based on the claims or facts alleged in the Second Amended Complaint that Plaintiff will seek leave to file pursuant to this Agreement, and any other Complaint filed in the Action as set forth in Paragraph 14 of this Settlement Agreement.

NOW THEREFORE, in consideration of the covenants and agreements set forth herein, and of the release and dismissal of all Released Claims, Plaintiff, on behalf of herself and as the Class Representative on behalf of the Class, Class Counsel, and Defendant agree to the terms and provisions of this Settlement Agreement, subject to the approval of the Court.

3.      **Stipulation to Certification and Limitation on Effect of Settlement.**

3.1   The Settlement Agreement shall not constitute, in this or any other proceeding, an admission of any kind by Defendant, including without limitation, that certification of a class is appropriate or proper or that Plaintiff could establish any of the requisite elements of her alleged claims or the requisite requirements for class treatment of any of the claims in the Action.  For purposes of this settlement only, the Parties stipulate to the certification of the Class under Rule 23.  In the event that the Settlement Agreement is not finally approved, or the settlement is otherwise terminated, Defendant expressly reserves all rights to challenge the merits of Plaintiff's claims and certification of a class on all available grounds.

23254970v.2

Exhibit 1 - Page 10

4.      **Establishment of the GSA and Claims-Made Settlement.**

4.1     This settlement shall be made on a claims-made basis with a guaranteed minimum distribution to Qualified Claimants of at least fifty percent (50%) of the NSA.  Payments made in consideration of the FLSA released claims (as detailed in Paragraph 5.1.1.1) shall be included in the calculation of the guaranteed payout of at least 50% of the NSA.

4.2     In no event shall Defendant pay more than the GSA.

5.      **Calculation of the NSA and Distribution of Settlement Proceeds.**

5.1     Each Qualified Claimant will be entitled to a share of the NSA in accordance with the following formulas:

5.1.1.1 For those Settlement Class Members who affirmatively opt into the settlement and release his or her claims under the FLSA as set forth in Paragraph 14.4, each will receive $0.25 for each pay period worked by him or her as a RSC and/or ASM in California from April 30, 2011 until the date of preliminary approval of the Settlement, as reflected in Defendant's records.

5.1.1.2 Then, each Class Member's potential share of the NSA remaining after the FLSA payments described above are subtracted will be calculated by dividing the number of weeks worked by the Class Member during the Class Period as a non-exempt Retail Sales Consultant and/or as a non-exempt Assistant Store Manager in a company-owned retail store in California by all weeks worked by all Class Members as a non-exempt Retail Sales Consultant and/or as a non-exempt Assistant Store Manager in a company-owned retail store in California during the Class Period, and then multiplied by the NSA remaining after the FLSA payments described above have been accounted for.

5.1.2   All Class Member Payments, including amounts paid for release of FLSA claims and all required employer portion of payroll taxes on amounts allocated to wage payments, will equal at least fifty percent (50%) of the NSA.  If the total Class Member Payments to Qualified Claimants, including all amounts paid for release of FLSA claims and all required employer portion of payroll taxes on amounts

8

Exhibit 1 - Page 11

allocated to wage payments, equals less than fifty percent of the NSA, the Settlement Administrator will proportionately increase the Class Member Payments to each Qualified Claimant to ensure that the total Class Member Payments including all amounts paid for release of FLSA claims and all required employer portion of payroll taxes on amounts allocated to wage payments equals fifty percent (50%) of the NSA.

5.1.3   The employer payroll taxes shall be calculated and subsequently paid out of the NSA after claims are submitted, but before payments are made to Qualified Claimants subject to paragraph 5.1.4.  In other words, the Settlement Administrator will determine the amount of the employer payroll taxes owed based on the claims submitted, and then will calculate the amounts owed to Qualified Claimants after deducting the employer payroll taxes and determining what remains subject to paragraph 5.1.4.

5.1.4   Any unclaimed amount above fifty percent (50%) of the NSA remains the exclusive property of Defendant and shall not be paid by Defendant.  Moreover, any employer payroll taxes shall be paid out of the unclaimed portion of the NSA prior to being taken from the Class Member Payments to Qualified Claimants.  As an example, if Qualified Claimants claim Class Member Payments in the amount of eighty percent (80%) of the NSA, the employer portion of payroll taxes on the wage component of the Class Member Payments shall be paid from the remaining unclaimed twenty percent (20%) of the NSA.

5.2   Payments to Class Members pursuant to this Settlement Agreement shall not be construed as compensation for purposes of determining eligibility for or benefit calculations of any health and welfare benefit plan, retirement benefit plan, vacation benefit plan, unemployment compensation, including, without limitation, all plans, subject to Employee Retirement Income Security Act ("ERISA") or any other AT&T program or policy.  The Parties agree these payments do not represent any modification of any employee's previously-credited hours of service or other eligibility criteria under any employee pension benefit plan, employee welfare benefit plan, or other program or policy.

9

6.      **Scope**

6.1     The Parties agree that it is their intent that the resolution set forth in this Settlement Agreement will release any further attempt, by lawsuit, administrative claim or action, arbitration, demand, or other action of any kind by each and all of the Settlement Class Members (including participation to any extent in any class or collective action), to obtain a recovery based on each and all of the allegations in any operative Complaint in this matter, including the proposed Second Amended Complaint, for harms arising during the relevant periods as defined in Paragraph 14.

6.2     As of the Final Effective Date, Class Members who do not submit a timely and valid Request for Exclusion will have surrendered the Released Claims.  Each Class Member who does not timely submit a valid Request for Exclusion will release any further attempt, by lawsuit, administrative claim or action, arbitration, demand, or other action of any kind (including participation to any extent in any class or collective action), to obtain a recovery based on the Released Claims.

7.      **Attorneys' Fees and Costs.**

Class Counsel shall file a motion requesting attorneys' fees and costs, to be heard with the motion for the Final Approval Order, and to which Defendant agrees to not oppose, an attorneys' fees award that is equal to or less than $2,240,000 (i.e., 28% of the GSA), plus up to $25,000 in costs.  Defendant retains the right to oppose a request for attorneys' fees exceeding $2,240,000 (i.e. 28% of the GSA) or a request for costs in excess of $25,000.  If the Class Counsel Award approved by the Court is less than $2,240,000 in attorneys' fees or less than $25,000 in costs, the other terms of this Settlement Agreement shall apply.  The award of the Class Counsel Award is not a material term of this Settlement Agreement such that if less than the above amounts for fees and costs are approved by the Court, it will not give rise to a basis to abrogate this Settlement Agreement.  Class Counsel retains the right to appeal any Court-approved Class Counsel Award that does not equal $2,240,000 (i.e. 28% of the GSA), plus up to $25,000 in costs. However, such an appeal will delay Defendant's obligation to make all Class Member Payments set forth in this Settlement Agreement.  Any unapproved amount of attorneys' fees and/or costs shall be allocated to the NSA and be apportioned to the Qualified Claimants as described in Paragraph 5 of this Settlement Agreement.

8.      **Service Award.**

Class Counsel shall request through a motion, a Service Award for Plaintiff, and to which Defendant agrees to not oppose, of up to and including $15,000 from the GSA in consideration for serving as Class Representative and for consideration of a general release of claims.  Defendant retains the right to oppose a request for a Service Award exceeding this amount.  If the Service Award approved by the Court is less than $15,000, the other terms of this Settlement Agreement shall apply.  The award of a Service Award is not a material term of this Settlement Agreement such that if less than the above amount is approved by the Court, it will not rise to a basis to abrogate this Settlement Agreement.  Class Counsel retains the right to appeal any Court-approved Service Award that does not equal $15,000.  However, such an appeal will delay Defendant's obligation to make all Class Member Payments set forth in this Settlement Agreement.  Any unapproved amount of Service Award shall be allocated to the NSA and be apportioned to the Qualified Claimants as described in Paragraph 5 of this Settlement Agreement.

9.      **PAGA Settlement Amount.**

Subject to Court approval, the Parties agree that the amount of Fifty Six Thousand Dollars ($56,000) of the GSA will be allocated to the resolution of any Class Members' claims arising under PAGA.  Pursuant to PAGA, 75%, or Forty Two Thousand Dollars ($42,000), of the PAGA settlement amount will be paid to the California Labor and Workforce Development Agency (this $42,000 is the Labor and Workforce Development Agency Payment as defined above), and 25%, or Fourteen Thousand Dollars ($14,000), of the PAGA settlement amount will be part of the NSA.  Defendant retains the right to oppose a request for a Labor and Workforce Development Agency Payment exceeding this amount.  If the Labor and Workforce Development Agency Payment approved by the Court is less than the specific amount, it does not give rise to a basis to abrogate this Settlement Agreement. Any unapproved amount of Labor and Workforce Development Agency Payment shall be allocated to the NSA and be apportioned to the Qualified Claimants as described in Paragraph 5 of this Settlement Agreement.

10.     **Costs of Settlement Administration.**

The Parties agree to mutually select a Settlement Administrator in this Action.  This administration duty shall include without limitation, setting up an escrow account ("Qualified Settlement Fund" or "QSF") for the NSA and the Court approved amounts of the GSA, obtaining tax identification number(s) for Defendant applicable to the settlement, calculating the Class Member Payments according to the formula set forth in this Settlement Agreement including all required employee withholdings and employer portion of payroll taxes on amounts allocated to wage payments, performing an initial National Change of Address (NCOA) search on Class Member mailing addresses, mailing the "Notice Packet" that will include the Class Settlement Notices, Claim Forms and reply

11

envelope, performing one skip trace for any Class Member whose settlement package is returned as undeliverable, reviewing and processing Claim Forms, reviewing and processing Requests for Exclusions, mailing requests to cure deficiencies in the Claim Form, mailing the Class Member Payments and tax forms to the Qualified Claimants, establishing a hotline telephone number to communicate with Class Members who have questions regarding the settlement, Claim Forms, Claim Form process or Request for Exclusion process, and remitting all tax payments and requisite reporting documentation to the applicable taxing authorities.  Subject to Court approval, the Settlement Administration Costs shall be paid from the GSA.  The approval of Settlement Administration Costs is not a material term of this Settlement Agreement and, regardless of the amount approved by the Court, does not give rise to a basis to abrogate this Settlement Agreement.  Class Counsel retains the right to appeal any Court-approved Settlement Administration Costs. However, such an appeal will delay Defendant's obligation to make all Class Member Payments set forth in this Settlement Agreement.  Any unapproved amount of Settlement Administration Costs shall be allocated to the NSA and be apportioned to the Qualified Claimants as described in Paragraph 5 of this Settlement Agreement.

11. **Payment Procedure.**

    11.1 <u>Funding the Settlement</u>.  Within twenty calendar days after the Final Effective Date of this Settlement Agreement, Defendant will deposit into an escrow account or QSF set up by the Settlement Administrator an amount equal to the Claimed NSA; the employer portion of payroll taxes on the wage component of Class Member Payments; the Court-approved Class Counsel Award; the Court-approved Settlement Administration Costs; the Court-approved Service Award; and the Court-approved Labor and Workforce Development Agency Payment.

    11.2 <u>Payments to Qualified Claimants, Class Counsel, the Class Representative, the LWDA, and Taxing Authorities</u>.  Within thirty business days after the Final Effective Date, the Settlement Administrator will pay: (1) Qualified Claimants per the terms of this Settlement Agreement and the Final Approval Order; (2) Court-approved Class Counsel Award to Class Counsel; (3) Court-approved Settlement Administration Costs to the Settlement Administrator; (4) the Court-approved Service Award to the Class Representative; (5) the Court-approved Labor and Workforce Development Agency Payment to the proper authority; and (6) all required employee withholdings and employer portion of payroll taxes on amounts allocated to wage payments, as calculated by the Settlement Administrator, to the applicable taxing authorities by the times set forth by law or regulations.

Exhibit 1 - Page 15

11.3   <u>Uncashed Class Member Payments</u>.  In the event that a Class Member Payment check as calculated as set forth in Paragraph 5 is not negotiated within 180 calendar days from the date initially mailed by the Settlement Administrator such check will be cancelled.  In such event, the affected Settlement Class Members will be deemed to have irrevocably waived any right in or claim to an individual settlement payment, but the settlement and their release of claims, as set forth in Paragraph 14, will remain binding upon them.  The Settlement Administrator will follow the procedures set by the State of California Department of Industrial Relations with respect to non-negotiated checks, with an identification of the Settlement Class Member to whom the funds belong.

12.   **Tax Treatment.**

12.1   <u>Tax Treatment of Claimed Portion of Settlement Payments</u>.  The Parties agree that twenty percent of each individual Class Member Payment shall constitute wages for the purposes of IRS reporting, while the other eighty percent shall constitute payments for penalties and interest, to which payroll taxes will not apply.  The wage payments shall be reported to the IRS pursuant to form W-2 and all other payments via form 1099.

12.2   <u>Employer's Portion of Payroll Taxes</u>.  Any employer payroll taxes shall be paid out of the unclaimed portion of the NSA (if any) prior to being taken from the Class Member Payments paid to Qualified Claimants.

12.3   <u>Tax Treatment of Class Representative Service Award</u>.  Plaintiff will receive an IRS Form 1099 for her individual Service Award, and will be responsible for payment of any taxes owing on said amount.

12.4   <u>Tax Treatment of Attorneys' Fees And Cost Award</u>.  Class Counsel will receive an IRS Form 1099 for any Class Counsel Award and will be responsible for payment of any taxes owing on said amount.

12.5   <u>No Tax Advice</u>.  Defendant is not giving any tax advice in connection with the settlement or any payments to be made pursuant to this settlement. Each Settlement Class member agrees to indemnify, and hold harmless Defendant from any liability for taxes, fees, costs, or assessments resulting from his or her failure to timely pay his or her share of taxes, interest, fees, or penalties owed.

13

13.    **Resolution of Disputes Relating to Amounts Owed to a Class Member.**

If a Class Member timely disputes the number of work weeks listed on the Claim Form, the Parties' counsel will make a good faith effort to resolve the dispute informally.  If counsel for the Parties cannot agree, the dispute shall be submitted to the Settlement Administrator, who shall examine the records and either verify the calculation or provide a corrected calculation.  If a Class Member disputes the number of work weeks, it will be the Class Member's responsibility to supply information confirming the error in the calculation or Defendant's records.  In any event, the Settlement Administrator will make every effort to resolve any such disputes prior to the Final Approval Order on this Settlement Agreement.  The Settlement Administrator's determination of disputes under this Paragraph will be final.

14.    **Release.**

In exchange for the consideration set forth in this Settlement Agreement, Plaintiff and the Class Members agree to release all claims as set forth herein.

14.1    Upon the Final Effective Date, Plaintiff on her own individual behalf agrees to generally release Defendant, and any of its former, present or future parents, legal affiliates, subsidiaries, and assigns, and each of their officers, directors, board members, trustees, shareholders, employees, agents, attorneys, auditors, accountants, experts, contractors, representatives, partners, insurers, reinsurers, profit sharing, savings, health and other employee benefit plans of any nature, the successors of such plans and those plans' respective trustees, administrators, agents, employees, fiduciaries, and other persons acting on their behalf, and each of them, and the predecessors and successors, assigns and legal representatives of all such entities and individuals (collectively, the "Released Parties"), from any and all causes of action, claims, rights, demands, liabilities, damages, punitive or statutory damages, penalties, liquidated damages, attorneys' fees, litigation costs, interest, expenses, restitution or other equitable relief, and losses and issues of any kind or nature whatsoever, that Plaintiff has or may have had against any of the Released Parties through the date of Plaintiff's execution of the Settlement Agreement, except that claims relating to the enforcement of this Settlement Agreement and any Court order and judgment pertaining to same are not released ("Plaintiff's Released Claims").  Plaintiff acknowledges that she may have claims that are presently unknown and that the release contained in this Settlement Agreement is intended to and will fully, finally, and forever discharge all claims against the Released Parties, whether now asserted or un-asserted, known or unknown, suspected or unsuspected, which now exist, or heretofore existed or may hereafter exist, which if known, might

23254970v.2

Exhibit 1 - Page 17

have affected her decision to enter into this release.  In making this waiver, Plaintiff agrees that, although she may discover facts in addition to or different from those that are currently known or believed to be true with respect to Plaintiff's Released Claims, it is her intention to fully, finally, and forever settle and release any and all of Plaintiff's Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts.  The foregoing waiver includes, without limitation, an express waiver, as to Plaintiff's Released Claims, to the fullest extent permitted by law, by Plaintiff of any and all rights under California Civil Code section 1542, which provides:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

14.2   Plaintiff warrants and represents that she has not assigned or, transferred, to any person or entity any of Plaintiff's Released Claims or any rights, claims, or causes of action arising out of Plaintiff's Released Claims.  In addition, Plaintiff shall defend, hold harmless, and indemnify the Released Parties, or any of them, from and against any claims, damages, litigation, causes of action, and expenses, including reasonable attorneys' fees, resulting from any breach by Plaintiff of this warranty and representation, or any breach by Plaintiff of her release of Plaintiff's Released Claims.

14.3   Upon the Final Effective Date, all Settlement Class Members, regardless of whether they submitted a Valid Claim, hereby release and discharge Defendant, and any of its former, present or future parents, legal affiliates, subsidiaries, and assigns, and each of their officers, directors, board members, trustees, shareholders, employees, agents, attorneys, auditors, accountants, experts, contractors, representatives, partners, insurers, reinsurers, profit sharing, savings, health and other employee benefit plans of any nature, the successors of such plans and those plans' respective trustees, administrators, agents, employees, fiduciaries, and other persons acting on their behalf, and each of them, and the predecessors and successors, assigns and legal representatives of all such entities and individuals (collectively, the "Releasees"), from any and all claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, that were or could have been brought based on the facts or claims alleged in any version of the Complaints filed in this matter arising

15

Exhibit 1 - Page 18

during the Class Period, except that the following are excluded from and not released: (i) FLSA Released Claims; and (ii) claims relating to the enforcement of this Settlement Agreement and/or any Court order and judgment pertaining to same. The claims released by the Settlement Class Members include, but are not limited to, statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs or expenses, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution or equitable relief, arising out of or based upon the following categories of allegations, regardless of the forum in which they may be brought, to the fullest extent such claims are releasable by law: (a) all claims for failure to pay wages, including overtime premium pay and the minimum wage based on the facts or claims alleged in the Complaint(s) in the Action; (b) all claims for the failure to provide meal and/or rest periods in accordance with applicable law, including all payments for missed meal and/or rest periods and alleged non-payment of wages for meal periods worked and not taken based on the facts or claims alleged in the Complaint(s) in the Action; and (c) any and all claims for recordkeeping or pay stub violations, failure to timely pay wages upon separation and all waiting time penalties, and all other civil and statutory penalties, including those recoverable under the Private Attorneys General Act, Labor Code § 2698 et seq. based on the facts or claims alleged in the Complaint(s) in the Action ("Released Claims"). The Released Claims include without limitation claims meeting the above definition(s) under any and all applicable statutes, including without limitation any provision of the California Labor Code based on the facts or claims alleged in the Complaint(s) in the Action; California Bus. & Prof. Code §§ 17200 et seq. based on the facts or claims alleged in the Complaint(s) in the Action; and any provision of the applicable California Industrial Welfare Commission Wage Orders based on the facts or claims alleged in the Complaint(s) in the Action. Nothing in the Released Claims shall serve as a waiver of Settlement Class Members' rights after the date of preliminary approval. As to the foregoing claims only, this release of Released Claims also includes a waiver of unknown claims in accordance with the provisions of California Civil Code § 1542, which provides:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

14.4    <u>Release of FLSA Claims</u>.  Upon the Final Effective Date, each Class Member who, on the Claim Form, affirmatively opts into the

settlement and elects to receive the additional payments described in Paragraph 5.1.1.1, shall also fully and finally release Defendant and Releasees from any and all claims for minimum wage and overtime under the Fair Labor Standards Act including associated claims for interest, liquidated damages, litigation costs, equitable relief and attorneys' fees for the minimum and overtime claims based on the facts or claims alleged in any of the operative Complaints in the Action ("FLSA Released Claims") for the time period of April 30, 2011 through the date of preliminary approval.

14.5    Prohibition on Subsequent Assertion of Released Claims.

14.5.1  Upon the Final Effective Date, Plaintiff, is prohibited from asserting a Plaintiff's Released Claim and from commencing, joining in, or voluntarily assisting in a lawsuit or adversary proceeding against the Released Parties, based on Plaintiff's Released Claims. Excluded from this prohibition are any instances where any individual is legally compelled to testify through service of a subpoena or other process.

14.5.2  Upon the Final Effective Date, all Settlement Class Members, are prohibited from asserting a Released Claim and from commencing, joining in, or voluntarily assisting in a lawsuit or adversary proceeding against the Releasees, based on Released Claims. Excluded from this prohibition are any instances where any individual is legally compelled to testify through service of a subpoena or other process. Furthermore, upon the Final Effective Date, all Settlement Class Members who affirmatively elect to opt into the FLSA portion of the Settlement by checking the box on a valid and timely submitted Claim Form, are prohibited from asserting a FLSA Released Claim and from commencing, joining in, or voluntarily assisting in a lawsuit or adversary proceeding against the Releasees, based on FLSA Released Claims. Excluded from this prohibition are any instances where any individual is legally compelled to testify through service of a subpoena or other process.

15.    **Class Notice and Claims Administration.**

15.1    Settlement Administrator Reporting and Recordkeeping.

15.1.1  The Settlement Administrator shall provide Defendant's counsel and Class Counsel with weekly summary reports, including the total number of Class Settlement Notices and

17

Claim Forms that were returned as undeliverable, the total number of Claim Forms received, the total number of Class Members who opt into the FLSA portion of the Settlement, the total dollar value of all Valid Claims received, and the total number of objections pursuant to Paragraph 16 and Requests for Exclusion. The Settlement Administrator shall maintain records of its work, which shall be available for inspection upon request by Defendant's counsel or Class Counsel.

15.2   <u>Identification of Class Members</u>.

15.2.1   Within thirty (30) calendar days of the entry of the Preliminary Approval Order, Defendant shall provide the Settlement Administrator with the following information:

(1)   the names, last known addresses, last known telephone numbers, and social security numbers of each Class Member; and

(2)   data showing Class Members' dates of active employment as a RSC and/or an ASM in California during the Class Period, and a calendar of Defendant's pay periods applicable to Class Members during the FLSA period of 4/30/11 through the date of preliminary approval. From this data, Rust shall be responsible for computing the total number of applicable workweeks for each Class Member during the Class Period, and the total number of applicable pay periods for each Class Member during the FLSA period.

15.2.2   Upon its receipt of the list of names and last known addresses of each Class Member, the Settlement Administrator shall access the National Change of Address ("NCOA") Database, and update the addresses maintained by Defendant.

After performing the address verification set forth in Paragraph 15.2.2, the Settlement Administrator shall send Notice Packets that will include the Class Settlement Notice, Claim Form, and reply envelope by first class mail, forwarding requested, to the Class Members at the addresses identified through the process described above. This mailing shall occur no later than forty-five (45) calendar days after the entry of the Preliminary Approval Order, assuming the Settlement Administrator believes this is a reasonable time frame.

18

15.2.3   As to any Notice Packets that are returned as undeliverable within twenty calendar days after the date of the initial mailing or where the NCOA Database indicates that the last known address of any Class Member is invalid or otherwise undeliverable, the Settlement Administrator shall perform one-skip trace procedure.  Such skip-trace procedure shall be performed within five calendar days of the date on which the Settlement Administrator is informed that a Class Notice is undeliverable.  If this procedure reveals a new address, the Settlement Administrator shall within five calendar days thereafter re-mail the Notice Packets to the new address.

15.2.4   If Defendant and the Settlement Administrator determine, based upon further review of available data, that a person previously identified as being a Class Member should not be so included or identify a person who should have been included as a Class Member but was not so included, Defendant and the Settlement Administrator shall promptly delete or add such person as appropriate and immediately notify Class Counsel prior to such deletions or additions (and the reasons therefore).

15.2.5   Other than the obligations set forth in this Settlement Agreement, Defendant shall have no additional obligation to identify or locate any Class Member or have any liability in connection with the provision of information to the Settlement Administrator.

15.3   Claim Forms.

15.3.1   Claim Forms for Persons Identified as Class Members. Included in the settlement package with the Class Settlement Notice shall be a pre-printed Claim Form, in substantially the form attached hereto as Exhibit A and to be approved by the Court.  The Claim Form shall state the number of work weeks that the Class Member worked as a RSC and/or an ASM in California during the Class Period, according to Defendant's records.  The Claim Form also shall include an explanation of the pro rata distribution formula and an estimate of the individual Class Member's pro rata distribution of the NSA.

15.3.1.1        The Claim Form shall state that, if the Class Member disagrees with the work weeks, the Class Member must set forth the information that he or she believes is correct, explain the basis for such

belief, and submit written documentation to support his or her claim.  Failure to submit written documentation to support such dispute will mean that the information found in Defendant's records will be controlling.

15.3.1.2      The Claim Form also shall state that, in order to receive the Class Member Payment, the Class Member must execute the Claim Form, and return the Claim Form by mail to the Settlement Administrator postmarked on or before the Claim Deadline, or by email or fax sent to the Settlement Administrator not later than the Claim Deadline.

15.3.1.3      The Claim Form also shall contain an election allowing the Class Member to affirmatively opt into the Settlement and release his or her claims under the Fair Labor Standards Act in exchange for the additional payment described in Paragraph 5.1.1.1.

16.    **Objections to the Settlement.**

Any Class Member who does not submit a timely Request for Exclusion (i.e. Settlement Class Member) may object to the proposed Settlement Agreement.  The Class Settlement Notice will instruct Class Members who wish to object to the settlement to file with the Court and serve on the Settlement Administrator, not later than sixty calendar days after the date the Settlement Administrator initially mails the Class Settlement Notice to the Class Members ("Objection Deadline"), a written statement objecting to the settlement.  The statement also will indicate whether the Class Member intends to appear and object to the settlement at the Fairness Hearing; the failure to so indicate will constitute a waiver of the right to appear at the Fairness Hearing.  A Class Member who does not file and serve an objection in the manner and by the deadline specified above will be deemed to have waived all objections and will be foreclosed from making any objections to the settlement, whether by appeal or otherwise.  The Settlement Administrator shall send all objections to counsel for Defendant and Class Counsel.

17.    **Right to Request Exclusion.**

17.1    Any Class Member may elect to opt out of the Settlement by filing a written Request for Exclusion from the settlement to the Settlement Administrator at the address that is set forth in the Class Settlement Notice.  To be timely, all such Requests for Exclusion must be postmarked no later than sixty calendar days after the date the Settlement Administrator initially mails the Class Settlement

23254970v.2

Exhibit 1 - Page 23

Notice to the Class Members (the "Exclusion Deadline"). Class Members requesting exclusion must set forth in their Request for Exclusion their full name and current address. A Request for Exclusion must also contain a signed statement in substantially the same form as follows: "Please exclude me from the proposed class in the Ly v. AT&T Mobility Services LLC litigation. I understand that I will not receive any settlement share." The Settlement Administrator shall send all Requests for Exclusion to Defendant's counsel and Class Counsel. A Class Member who fails to comply with the opt-out procedure set forth herein on or before the Exclusion Deadline, as set by the Court, shall not be excluded and shall instead be bound by all provisions of the Settlement Agreement and all orders issued pursuant thereto.

17.2   Any Class Member who elects to opt out of the Class in the manner and within the time limits specified above and in the Class Settlement Notice and Claim Form: (1) shall not have any rights under the Settlement Agreement; (2) shall not be entitled to receive any compensation under the Settlement Agreement; (3) shall not have standing to submit any objection to the Settlement Agreement; and (4) shall not be bound by the Settlement Agreement.

17.3   Except for persons who elect to opt out of the Class in the manner and within the time limits specified above and in the Class Settlement Notice and Claim Form, all Class Members, regardless of whether they have timely returned a Claim Form, shall be deemed to be within the Class for all purposes under this Settlement Agreement, shall be bound by the terms and conditions of this Settlement Agreement (including the release provisions in Paragraph 14 and its subparts as applicable), including all orders issued pursuant thereto, and shall be deemed to have waived all unstated objections and opposition to the fairness, reasonableness, and adequacy of this Settlement Agreement, and any of its terms, and will have been deemed to have waived any right to recover proceeds from any individual settlement agreement regarding Released Claims, whose terms will be void and unenforceable for said Class Member.

17.4   If the Court approves the Settlement Agreement in a Final Approval Order, the Settlement Agreement, upon the Final Effective Date, shall operate as a full, complete, and final release of all the Plaintiff's Released Claims of the Class Representative, and for all Class Members who do not submit timely valid Requests for Exclusion as to Defendant and all Releasees, and it shall operate as an effective covenant not to sue as to the Released Claims. Similarly, if the Court approves the Settlement Agreement

21

in a Final Approval Order, the Settlement Agreement, upon the Final Effective Date, shall operate as a full, complete, and final release of all the FLSA Released Claims of the all Class Members (including the Class Representative) who elect to opt-into the FLSA settlement, as to Defendant and all Releasees, and it shall operate as an effective covenant not to sue as to the FLSA Released Claims.

18.    **Claims Process.**

18.1    <u>Deadline for Submission of Claim Forms.</u>  In order for a claim to be timely, Class Members must execute the Claim Forms under penalty of perjury and return them to the Settlement Administrator so that they are postmarked on or before the Claim Deadline, which shall be sixty calendar days from the date the Settlement Administrator initially mails the Class Settlement Notice to the Class Members.

<u>Receipt and Maintenance of Claim Forms.</u>  The Settlement Administrator shall retain the original Claim Forms, any accompanying envelope or documents, for future review, if requested, by Defendant's Counsel and/or Class Counsel for a period of 12 months after the total settlement payout.

18.2    <u>Review and Evaluation of Claim Forms.</u>  The Settlement Administrator shall review the executed Claim Forms for completeness.

18.3    <u>Payments to the Qualified Claimants.</u>  As provided in Paragraph 11, payments to Qualified Claimants shall commence thirty business days after the Final Effective Date.  However, the deadlines for the provision of Class Member Payments to particular Class Members may be extended to provide for the resolution of any disputes regarding the validity or amount of any claims.

18.4    <u>Discharge of Obligations.</u>  The Parties agree that after the Settlement Administrator totals all Class Member Payments to be made to Qualified Claimants, if less than 50% of the NSA is claimed, including all required employer portion of payroll taxes on the amounts allocated to wages (e.g. FICA, FUTA), each Qualified Claimant will receive a proportionate share increase until the equivalent of 50% of the NSA is paid through Class Member Payments.  If such a calculation is required, it will be completed prior to the payment of any Class Member Payments.  Any unclaimed amount above fifty percent of the NSA remains the

Exhibit 1 - Page 25

exclusive property of Defendant and shall not be paid by Defendant as detailed in Paragraph 5.1.4.

19. **Application for Preliminary Approval Order.**

After the Parties' execution of this Agreement, Plaintiff shall file for preliminary approval of the proposed Settlement Agreement, after submitting a draft of the moving papers to Defendant and securing approval from Defendant to file same, requesting a Preliminary Approval Order that contains the following provisions:

(1)     preliminarily approving the Settlement Agreement and its terms;

(2)     approving the form of the Class Settlement Notice and Claim Forms, and finding that the proposed method of disseminating the Class Settlement Notice meets the requirements of due process and is the best notice practicable under the circumstances;

(3)     establishing the procedures and the deadline by which Class Members may assert objections to the certification of the Class and/or to the Settlement Agreement;

(4)     establishing a deadline for the Parties to submit papers/briefing in response to any objections and for Plaintiff to submit papers/briefing in support of final approval of the Settlement Agreement including the Service Award for the Class Representative, and the Class Counsel Award;

(5)     establishing procedures and the deadline by which individuals may exclude themselves from the Action; and

(6)     appointing Class Counsel, the Settlement Administrator, and the Class Representative; and

(7)     setting a date for the Fairness Hearing.

20. **Final Approval Order and Judgment.**

If the Settlement Agreement shall be finally approved by the Court following the Fairness Hearing, the Parties hereto shall jointly request that the Court enter a Final Approval Order and Judgment, which includes the following provisions:

(1)     confirming certification of the Class for settlement purposes;

(2)     finding that the dissemination of the Class Settlement Notice and Claim Form in the form and manner ordered by the Court was

accomplished as directed and met the requirements of due process; and

(3)    finally approving the Settlement Agreement and the settlement as fair, reasonable and adequate and directing consummation of the settlement in accordance with its terms and provisions.

The Judgment shall include the following provisions:

(1)    directing the Parties to implement the terms of the Settlement Agreement;

(2)    releasing and discharging the Released Parties from any and all liability with respect to Plaintiff's Released Claims as hereinabove provided;

(3)    releasing and discharging the Releasees from any and all liability with respect to Released Claims and FLSA Released Claims by all Settlement Class Members as applicable and as hereinabove provided;

(4)    resolving and settling all of Plaintiff's Released Claims as hereinabove provided, with the release precluding her from instituting, commencing, or continuing to prosecute, directly or indirectly, as an individual or collectively, representatively, derivatively, or on behalf of herself, or in any other capacity of any kind whatsoever, any action in this Court, any other federal or state court, or any arbitration or mediation proceeding or any other similar proceeding, against any Released Party that asserts any claims that are Plaintiff's Released Claims under the terms of the Settlement Agreement;

(5)    resolving and settling all of the Released Claims and FLSA Released Claims by all Settlement Class Members as applicable and as hereinabove provided, with the release precluding them from instituting, commencing, or continuing to prosecute, directly or indirectly, as an individual or collectively, representatively, derivatively, or on behalf of himself or herself, or in any other capacity of any kind whatsoever, any action in this Court, any other federal or state court, or any arbitration or mediation proceeding or any other similar proceeding, against any Releasees that asserts any claims that are Released Claims and/or FLSA Released Claims under the terms of the Settlement Agreement; and providing that any person who violates the terms of the release by further asserting any of the Released Claims against any of the Releasees shall pay the costs and attorneys' fees incurred by any Releasee as a result of the violation if Defendant has provided

23254970v.2

Exhibit 1 - Page 27

written notification to that person or their designated representative of the bar against asserting any of the Released Claims and the Releasee is the prevailing party in an action brought by the person for the asserted barred Released Claim;

(6)    awarding the Class Counsel Award as determined by the Court;

(7)    awarding the Service Award as determined by the Court;

(8)    awarding the Settlement Administration Costs as determined by the Court;

(9)    approving  the Labor and Workforce Development Agency Payment;

(10)    providing that any portion of the NSA above the 50% floor remaining after all payments to Qualified Claimants and all applicable employer portion of the payroll taxes on the wage payments have been made will remain the exclusive property of Defendant subject to provisions of Paragraph 5.1.4; and

(11)    reserving continuing and exclusive jurisdiction over all matters related to the administration and consummation of the terms of this Settlement Agreement and enforcement of the Judgment.

**21.    Effect of Settlement Not Being Final.**

In the event that the settlement does not become final, then the Settlement Agreement shall become null and void, and all negotiations, proceedings, and statements relating thereto shall be without prejudice as to the rights of any and all Parties hereto, and all Parties and their respective predecessors and successors shall be deemed to have reverted to their respective positions in the Action as of the date and time immediately prior to the execution of this Settlement Agreement, and except as otherwise expressly provided herein.  If the Court does not approve either preliminarily or finally any material term or condition of the Settlement Agreement, or if the Court effects a material change to the Parties' settlement, then this entire Settlement Agreement will be, at Defendant's sole and absolute discretion, voidable and unenforceable.

**22.    Tolerance of Opt-Outs.**

Notwithstanding any other provision of this Settlement Agreement, Defendant shall retain the right, in the exercise of its sole discretion, to nullify the Settlement Agreement within fifteen calendar days after expiration of the Exclusion Deadline, if 1% or more of the Class Members choose to opt out of this Settlement.  If Defendant elects to nullify the Settlement Agreement, Defendant is solely responsible for paying all costs to the Settlement Administrator for work performed.  The Parties agree they will not encourage any Class Member to

25

forego executing the release of Released Claims or FLSA Released Claims, to object to the settlement or to submit a Request for Exclusion to opt out of the Settlement.

**23.     No Admissions.**

The Parties understand and agree that this Settlement Agreement is the result of a good faith compromise settlement of disputed claims, and no part of this Settlement Agreement or any conduct or written or oral statements made in connection with this settlement and this Settlement Agreement, whether or not the settlement is finally approved and/or consummated, may be offered as or construed to be an admission or concession of any kind by Defendant, or any of the Released Parties.

**24.     Avoidance of Undue Publicity.**

The Parties and their counsel agree that they will not issue any press releases, initiate any contact with the press, respond to any press inquiry or have any communication with the press about the fact, amount or terms of the settlement.  If counsel for either party receives an inquiry about the settlement or Settlement Agreement or the Action from the media, counsel may respond only after the motion for preliminary approval has been filed and only by confirming the accurate terms of the Settlement Agreement.  Nothing in this provision shall prevent Defendant from making any required disclosure.

**25.     Extensions of Time.**

Without further order of the Court, the Parties hereto may agree in writing to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

**26.     Construction.**

This Settlement Agreement was entered into after substantial good faith, arms-length negotiations between the Parties' counsel.  This Settlement Agreement has been entered into without any coercion and under no duress.  The Parties acknowledge and agree that all Parties had an equal hand in drafting this Settlement Agreement so that it shall not be deemed to have been prepared or drafted by one party or another.

**27.     Due Authority of Attorneys.**

Each of the attorneys executing this Settlement Agreement on behalf of one or more Parties hereto warrants and represents that he or she has been duly authorized and empowered to execute this Settlement Agreement on behalf of each such respective Party and to bind them to the terms hereof.

28.   **Entire Agreement.**

This Settlement Agreement (including all Exhibits hereto) sets forth the entire agreement of the Parties with respect to its subject matter and supersedes any and all other prior agreements and all negotiations leading up to the execution of this Settlement Agreement, whether oral or written, regarding the subjects covered herein.  If any subject matter is not covered herein, but is covered in the Parties' Memorandum of Understanding (MOU), then the MOU governs.  The Parties acknowledge that no representations, inducements, warranties, promises, or statements relating to the subjects covered herein, oral or otherwise, have been made by any of the Parties which are not embodied or incorporated by reference herein.

29.   **Modification or Amendment.**

This Settlement Agreement may not be modified or amended except in a writing signed by all signatories hereto or their successors in interest.

30.   **Successors.**

This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, executors, administrators, successors and assigns, and upon any corporation, partnership or other entity into or with which any Party hereto may merge, combine or consolidate.

31.   **Counterparts.**

This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument.

32.   **Waivers.**

The waiver by any Party of any breach of this Settlement Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

33.   **Governing Law.**

This Settlement Agreement shall be governed by and construed, enforced, and administered in accordance with the internal laws of the State of California.

34.   **Headings.**

The headings contained in this Settlement Agreement are for convenience and reference purposes only, and shall not be given weight in its construction.

27

**35.    Dispute Resolution**

Any disputes arising out of or relating to this Settlement Agreement will be submitted to David Rotman for mediation. The Parties will split the costs of the mediator and all Parties will bear their own attorneys' fees and other costs incurred.

**36.    Notices.**

Any notices, requests, demands, or other communications required or permitted to be given pursuant to this Settlement Agreement, other than notice to the Class or Class Members, shall be in writing and mailed as follows: (1) to Class Representative, the Class, and Class Counsel to the attention of Matthew S, Dente, Dente Law, P.C., 600 B Street, Suite 1900, San Diego, California 92101, (619) 550-3475 or any alternative address provided; to Brian J. Robbins , Robbins Arroyo LLP, 600 B Street, Suite 1900, San Diego, California 92101 (619) 525-3990; and (2) to Defendant and counsel for Defendant, to the attention of Andrew M. Paley, Seyfarth Shaw LLP, 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021, (310) 277-7200.

IN WITNESS WHEREOF, this Settlement Agreement has been duly executed by and on behalf of the Parties, as follows:


Dated: January _____, 2016          By:_____
                                         Tran K. Ly
                                         On behalf of herself, as Plaintiff, and the
                                         proposed Class




                                     DENTE LAW, P.C.

Dated: January 15, 2016              By:_____
                                         Matthew S. Dente
                                         Attorneys for Plaintiff

23254970v.2

Exhibit 1 - Page 31

Dated: January __15__, 2016

By: _____
    Tran K. Ly
    On behalf of herself, as Plaintiff, and the proposed Class


DENTE LAW, P.C.

Dated: January _____, 2016

By: _____
    Matthew S. Dente
    Attorneys for Plaintiff


ROBBINS ARROYO LLP

Dated: January _____, 2016

By: _____
    Diane E. Richard
    Attorneys for Plaintiff


AT&T MOBILITY SERVICES LLC

Dated: January _____, 2016

By: _____
    Printed Name _____
    Its _____


SEYFARTH SHAW LLP

Dated: January _____, 2016

By: _____
    Andrew M. Paley
    Attorneys for AT&T Mobility Services LLC


23254970v.2

Exhibit 1 - Page 32

ROBBINS ARROYO LLP

Dated: January ⎯15⎯, 2016            By:_____
                                          Diane E. Richard
                                          Attorneys for Plaintiff


AT&T MOBILITY SERVICES LLC

Dated: January _____, 2016            By:_____
                                          Printed Name _____
                                          Its _____


SEYFARTH SHAW LLP

Dated: January _____, 2016            By:_____
                                          Andrew M. Paley
                                          Attorneys for AT&T Mobility Services LLC


29

Exhibit 1 - Page 33

DENTE LAW, P.C.

Dated: January _____, 2016     By:_____
                               Matthew S. Dente
                               Attorneys for Plaintiff

ROBBINS ARROYO LLP

Dated: January _____, 2016     By:_____
                               Diane E. Richard
                               Attorneys for Plaintiff

AT&T MOBILITY SERVICES LLC

Dated: January _____, 2016     By:_____
                               Printed Name     Brian J. Shay
                               Its               President-Retail Sales & Distribution

28

23254970v 2

Exhibit 1 - Page 34

ROBBINS ARROYO LLP

Dated: January _____, 2016     By:_____
                           Diane E. Richard
                           Attorneys for Plaintiff

AT&T MOBILITY SERVICES LLC

Dated: January _____, 2016     By:_____
                           Printed Name _____
                           Its _____

SEYFARTH SHAW LLP

Dated: January _15_, 2016     By:_____
                           Andrew M. Paley
                           Attorneys for AT&T Mobility Services LLC

29

23254970v 2

Exhibit 1 - Page 35

# EXHIBIT A

Exhibit 1 - Page 36

# EXHIBIT A

## CLAIM FORM

### *TRAN LY v. AT&T MOBILITY SERVICES LLC*
**United States District Court for the Southern District of California**
**Case No. 3:14-cv-01686-L-RBB**

**TO RECEIVE A SETTLEMENT PAYMENT YOU MUST COMPLETE, SIGN, AND SUBMIT THIS CLAIM FORM, POSTMARKED, FAXED, OR EMAILED ON OR BEFORE _____, 2016, TO: [SETTLEMENT ADMINISTRATOR – INSERT IN ADDRESS,TELEPHONE NUMBER, FAX NUMBER, EMAIL ADDRESS]**

_____

**INSTRUCTIONS**

(1)      You must complete, sign, and mail this Claim Form to be eligible to receive a payment.

(2)      If you move, please send the Settlement Administrator, [INSERT NAME] your new address or contact the Administrator at the following toll-free number:      . It is your responsibility to keep a current address on file with the Settlement Administrator.

IDENTIFYING INFORMATION

Please verify and/or complete any missing identifying information:

[NAME]                          Former Names (if any):
[ADDRESS LINE 1]
[ADDRESS LINE 2]             _____

_____

_____

1. **Settlement Payment:** According to AT&T Mobility Services LLC's records, you were employed by AT&T Mobility Services LLC in the State of California in a company-owned retail store as a non-exempt Retail Sales Consultant [Assistant Store Manager] for [number of Work Weeks] work weeks between April 30, 2010 and _____, (the "Class Period'). If you dispute the total number of work weeks set forth above, you must set forth the information that you believe is correct, and submit written documentation with your completed Claim Form to [Settlement Administrator] along with this Claim Form not later than _____. Assuming that the Court approves all payments requested by Plaintiff's counsel for attorneys' fees and costs; the service award to Tran Ly; settlement administration costs; and payments to the Labor and Workforce Development Agency; and assuming all Class Members make a claim for a settlement payment under Section 1 and all eligible Class Members elect to opt-into the FLSA claims as outlined in Section 2, it is currently estimated that your share of the Net Settlement Amount would be $_____ prior to the deduction of payroll taxes. Please note this is only an estimate. Your actual share of the Net Settlement Amount may be more or less than this estimate.

2. **Additional Settlement Payment for FLSA claims:** According to AT&T Mobility Services LLC's records, you were employed by AT&T Mobility Services LLC in the State of California in a company-owned retail store as a non-exempt Retail Sales Consultant [Assistant Store Manager] for [number of pay periods] pay periods between April 30, 2011 and _____, (the "FLSA Period"). If you dispute the total number of pay periods set forth above, you must set forth the information that you believe is correct, and submit written documentation with your completed Claim Form to [Settlement Administrator] along with this Claim Form not later than _____. If the number of pay periods noted in Section 2 above is greater than zero and assuming that the Court approves all payments requested by Plaintiff's counsel for attorneys' fees and costs; the service award to Tran Ly; settlement administration costs; and payments to

1

the Labor and Workforce Development Agency; and assuming all Class Members make a claim for a settlement payment under Section 1 and all eligible Class Members elect to opt-into the FLSA claims as outlined in Section 2, it is currently estimated that you are eligible to receive $_____ prior to the deduction of payroll taxes for the FLSA claims which is in addition to the amount specified in Section 1 above. Please note this is only an estimate. Your actual share of the Net Settlement Amount may be more or less than this estimate. **If you wish to receive this additional payment in exchange for a release of any claim that you may have under the Fair Labor Standards Act, you <u>must</u> check the box below. If you do not check the box below, you will not receive this additional payment:**

[____] I wish to receive an additional payment described in Section 2 in exchange for releasing my claims under the Fair Labor Standards Act.

In order for this Claim Form to be considered timely and valid and to be eligible to receive the settlement payment detailed in Section 1 (and Section 2 if applicable), you must date and sign below and return to the Settlement Administrator postmarked, faxed, or emailed not later than _____.

Executed on _____,

_____
(Signature)

_____
[Printed name to be inserted prior to mailing by Settlement Administrator.]

**How the Settlement Payments in Sections 1 and 2 are Calculated:**

First, for those Class Members who worked during the FSLA Period who affirmatively opt into the settlement above and release his or her claims under the Fair Labor Standards Act ("FLSA"), each will receive $0.25 for each pay period worked by him or her as a non-exempt Retail Sales Consultant and/or non-exempt Assistant Store Manager at a company-owned retail store in California during the FLSA Period. Then, each Class Member's potential share of the NSA remaining after the FLSA payments described above are subtracted will be calculated by dividing the number of weeks worked by the Class Member during the Class Period as a non-exempt Retail Sales Consultant and/or as a non-exempt Assistant Store Manager in a company-owned retail store in California by all weeks worked by all Class Members as a non-exempt Retail Sales Consultant and/or as a non-exempt Assistant Store Manager in a company-owned retail store in California during the Class Period, and then multiplied by the NSA remaining after the FLSA payments described above have been accounted for. If the total payments to Class Members who submit a valid claim form, including all required employer withholdings and employer portion of payroll taxes on amounts allocated to wage payments, equals less than fifty percent of the Net Settlement Amount, the Settlement Administrator will proportionately increase the Class Member Payments to each Qualified Claimant to ensure that at least 50% of the Net Settlement Amount is paid.

Note: You will not be retaliated against by AT&T Mobility Services for your participation or non-participation in the settlement.

23254970v.2

Exhibit 1 - Page 38

# EXHIBIT B

Exhibit 1 - Page 39

# EXHIBIT B

## NOTICE OF SETTLEMENT OF CLASS ACTION, SETTLEMENT HEARING AND CLAIMS PROCEDURE

### *Tran K. Ly, v. AT&T Mobility Services LLC*
### United States District Court for the Southern District of California
### Case No. 3:14-cv-01686-L-RBB

**To: All persons who were employed within the State of California by AT&T Mobility Services LLC ("AT&T Mobility Services" or "Defendant") at a company-owned retail store as a non-exempt Retail Sales Consultant and/or a non-exempt Assistant Store Manager during all or part of the time between April 30, 2010 and _____, ___:**

**THIS NOTICE is of a proposed settlement of a class action lawsuit, and an announcement of a court hearing that you may choose to attend. Your rights may be affected by the legal proceedings in this action. The Court will conduct a hearing on _____ to address whether the proposed settlement should be approved. You may be entitled to receive a payment under the terms of this class action settlement contained in the Settlement Agreement.**

**You must submit the enclosed Claim Form on or before [INSERT DATE] to receive any benefits under the settlement. Eligibility requirements for receiving payments are described below.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
| --- | --- |
| SUBMIT A CLAIM FORM | The only way to receive a payment is to sign and date the attached claim form and return it via mail, fax, or by email (a self-addressed reply envelope is enclosed). If you wish to receive an additional payment in exchange for releasing any claim you may have for unpaid minimum wage and overtime under the Fair Labor Standards Act, you must also check the box on the claim form. |
| EXCLUDE YOURSELF | You may "opt-out" of any connection with this case, including the rejection of any right to a settlement payment from this process to preserve your claim. |
| OBJECT | Write to the Court about why you do not like the Settlement. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the Settlement. |
| DO NOTHING | Receive no payment. Give up your right to sue. |

### I. Why should I read this Notice?

The parties have proposed to settle this class action lawsuit. You are a member of the Class. If the Court approves the proposed Settlement, your legal rights may be affected. This Notice, which has been approved by the Court, is only a summary. A more detailed Settlement Agreement contains the complete terms of the Settlement, and is on file with the Court, where it is available for your review.

### II. What is this lawsuit about?

A lawsuit entitled *Tran Ly v. AT&T Mobility Services LLC.* is now pending in the United States District Court for the Southern District of California, Case No. 3:14-cv-01686-L-RBB. Plaintiff Tran Ly ("Plaintiff") has alleged claims against AT&T Mobility Services LLC under the California Labor Code and federal Fair Labor Standards Act. Plaintiff brought this Lawsuit as a class action, collective action, and representative action on behalf of herself and other similarly situated AT&T Mobility Services employees, and is claiming that AT&T Mobility Services owes unpaid wages to current and former Retail Sales Consultants ("RSCs") and Assistant Store Managers ("ASMs") in California during the class period of April 30, 2010 and ____. In summary, Plaintiff alleges that RSCs and ASMs worked "off-the-clock" because of certain work and post-shift activity. Plaintiff also alleges that AT&T Mobility Services failed to pay the proper amount of premium pay for missed meal and rest periods. Plaintiff also alleges that AT&T Mobility Services did not provide all of the required information on wage statements provided to employees. Plaintiff's Second Amended Complaint alleges the following causes of action on a putative class action basis: (1) Failure to Pay Minimum Wages; (2) Failure to Pay Overtime Wages; (3) Failure to Authorize and Permit Rest Periods; (4) Failure to Provide Meal Periods; (5) Failure to Pay Wages Timely Upon Separation of Employment; (6) Failure to Provide and Maintain Compliant Itemized Wage Statements; (7) Unfair Business Practices in Violation of Business & Professions Code Section 17200; (8) Failure to Pay Minimum Wage and Overtime under the Fair Labor Standards Act. The Complaint also alleges claims under the California Private Attorneys General Act of 2004 ("PAGA"). Plaintiff seeks a monetary recovery on behalf of the class for the alleged violations, along with interest, costs and fees.

AT&T Mobility Services contends that it has complied with all laws and denies the allegations Plaintiff is asserting in this Lawsuit. The Court has not formed any opinions concerning the merits of the Lawsuit, and the Court has not ruled for or against Plaintiff as to the merits of any of her individual or

Questions? Please Call: _____   Notice
22530789v.2
23254970v.2

Exhibit 1 - Page 40

class or collective or representative claims.  *You will not be retaliated against by AT&T Mobility Services for electing to participate or not participate in the settlement.*

| **III.  Who is covered by the class action lawsuit and the proposed Settlement?** |
|---|

**A.      The Settlement Class**.  On _____, the Court granted preliminary approval of the Settlement and authorized this notice.  The Court defined the "Class" for settlement purposes as all persons who were employed within the State of California by AT&T Mobility Services in a company-owned retail store as a non-exempt RSC and/or non-exempt ASM during all or part of the time between April 30, 2010 and _____, (the "Class Period").

**B.      The Effect of Membership in the Settlement Class**.  If you come within the definition of the Class, you are a Class Member unless you exclude yourself from ("opt out of") the Class by following the procedures for exclusion that are set forth in this Notice.  Class Members who do not exclude themselves from the Class are eligible to receive the benefits created by the proposed Settlement and will be bound by the Settlement if it is approved by the Court.  Persons who exclude themselves from the Class will not be bound by the Settlement and will not share in the Settlement proceeds but may pursue their own timely individual claims at issue in the Settlement against AT&T Mobility Services

**C.      Ability to Opt-In to the Fair Labor Standards Act Claims Settlement**.  You also have the opportunity to receive additional payments from the Settlement in exchange for a release of any claim for minimum wage and overtime you might have under the Fair Labor Standards Act.  If you wish to receive this additional payment, you will be required to affirmatively "opt-in" to the Fair Labor Standards Act Settlement on the attached Claim Form by checking the box right above the date and signature lines.

| **IV.  What are the terms of the Settlement?** |
|---|

The proposed Settlement was negotiated with Defendant by the attorneys for the Class ("Class Counsel").  Class Counsel believes that this Settlement is in the best interest of the members of the Class.  As part of the proposed Settlement, Defendant, Plaintiff and Class Counsel have agreed to the following:

**Monetary Compensation**

- Defendant shall provide the members of the Class, on a claims-made basis, monetary compensation in the maximum total amount of $8,000,000 (the "Gross Settlement Amount" or "GSA"), less amounts awarded by the Court for attorneys' fees and costs, administrative expenses, service payment to the Class Representative, and payments made to the California Labor and Workforce Development Agency (the "Net Settlement Amount" or "NSA").  Portions of the NSA not claimed by members of the Class as long as total amount equals or exceeds the equivalent of 50% of the NSA, will be retained by Defendant.

- Each Class Member's estimated settlement payment, should the settlement be fully and finally approved, is provided on the customized Claim Form accompanying this Notice.  Each Class Member's proportional share will be determined as follows.  First, for those Class Members who affirmatively opt into the settlement and release his or her claims under the FLSA, each will receive $0.25 for each pay period worked by him or her as a non-exempt Retail Sales Consultant and/or an Assistant Store Manager in a company-owned store in California between April 30, 2011 and _____,_____.  Then, each Class Member's potential share of the NSA remaining after the FLSA payments described above are subtracted will be calculated by dividing the number of weeks worked by the Class Member during the Class Period as a non-exempt Retail Sales Consultant and/or non-exempt Assistant Store Manager in a company-owned store in California by all weeks worked by all Class Members as a non-exempt Retail Sales Consultant and/or non-exempt Assistant Store Manager in a company-owned store in California during the Class Period, multiplied by the NSA remaining after the FLSA payments described above.  If less than the equivalent of 50% of the NSA is claimed, including all required employer withholdings and employer's portion of payroll taxes for the amounts allocated to wages, each Claimant will receive additional proportionate shares until 50% of the NSA is claimed.

- Defendant, through the Settlement Administrator, shall pay the amounts awarded by the Court for attorneys' fees and costs, administrative expenses, service award, payments to the California Labor and Workforce Development Agency, applicable employer payroll taxes, and the amounts claimed by the Qualified Claimants (those Class Members who file a valid and timely Claim Form and who do not opt-out of the Settlement), within thirty business days after the Final Effective Date of the Settlement Agreement.  The Final Effective Date is defined as follows:  the first day after the date by which the last of the following has occurred:  (a) all conditions of settlement have been met except for transmission of all distributions to occur after the Final Effective Date including the Class Member Payments to the Qualified Claimants; (b) the Final Approval Order of the settlement is issued by the United States District Court, Southern District of California, or other court assuming jurisdiction of this matter; and (c) the Court's Judgment approving the settlement becomes Final.  "Final" shall mean the latest of: (i) if there is an appeal of the Court's Judgment, the date the Judgment is affirmed on appeal, the date of dismissal of such appeal, or the expiration of the time to file a petition for writ of certiorari to the United States Supreme Court; or (ii) if a petition for writ of certiorari is filed, the date of denial of the petition for writ of certiorari, or the date the Judgment is affirmed pursuant to such petition; or (iii) if no appeal is filed, the expiration date of the time for filing or noticing any appeal of the Judgment.  The Parties agree that only persons who do not file a valid and timely Request for Exclusion maintain the right to appeal.

**Fees and Expenses**

Prior to requesting the Court approve in final the proposed Settlement, Class Counsel will apply to the Court for an award of attorneys' fees and costs in an amount up to $2,240,000 (twenty eight percent of total Gross Settlement Amount) and an award of costs up to $25,000 for their work on prosecuting and settling the action which, to date, has been unpaid; costs of settlement administration to Rust Consulting in an amount expected not to exceed $60,000 for the fees and costs associated with administering the settlement including the mailing of this notice and distributing settlement checks, and Plaintiff Ly shall apply to the Court for a service award of $15,000 for her service to the Class in bringing the claims and for her general release of claims against Defendant, and a payment of $42,000 to the California Labor and Workforce Development Agency for settlement of the Private Attorneys General Act claims brought in this case. Such payments, if approved by the Court, will be deducted from the Gross Settlement Amount before calculation of the Net Settlement Amount available for distribution to the Class.

**Release**

- Upon the Court's approval of the Settlement, a judgment will be entered fully and finally settling the action as to Plaintiff and all Settlement Class Members.

  As a result of the Settlement and judgment to be entered, Class Members who did not opt out of this Action by filing a timely, valid Request for Exclusion (i.e. "Settlement Class Members"), regardless of whether they submitted a Valid Claim, upon the Final Effective Date, hereby release and discharge Defendant, and any of its former, present or future parents, legal affiliates, subsidiaries, and assigns, and each of their officers, directors, board members, trustees, shareholders, employees, agents, attorneys, auditors, accountants, experts, contractors, representatives, partners, insurers, reinsurers, profit sharing, savings, health and other employee benefit plans of any nature, the successors of such plans and those plans' respective trustees, administrators, agents, employees, fiduciaries, and other persons acting on their behalf, and each of them, and the predecessors and successors, assigns and legal representatives of all such entities and individuals (collectively, the "Releasees"), from any and all claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, that were or could have been brought based on the facts or claims alleged in any version of the Complaints filed in this matter arising during the Class Period, except that the following are excluded from and not released: (i) FLSA Released Claims; and (ii) claims relating to the enforcement of this Settlement Agreement and/or any Court order and judgment pertaining to same. The claims released by the Settlement Class Members include, but are not limited to, statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs or expenses, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution or equitable relief, arising out of or based upon the following categories of allegations, regardless of the forum in which they may be brought, to the fullest extent such claims are releasable by law: (a) all claims for failure to pay wages, including overtime premium pay and the minimum wage based on the facts or claims alleged in the Complaint(s) in the Action; (b) all claims for the failure to provide meal and/or rest periods in accordance with applicable law, including all payments for missed meal and/or rest periods and alleged non-payment of wages for meal periods worked and not taken based on the facts or claims alleged in the Complaint(s) in the Action; and (c) any and all claims for recordkeeping or pay stub violations, failure to timely pay wages upon separation and all waiting time penalties, and all other civil and statutory penalties, including those recoverable under the Private Attorneys General Act, Labor Code § 2698 et seq. based on the facts or claims alleged in the Complaint(s) in the Action ("Released Claims"). The Released Claims include without limitation claims meeting the above definition(s) under any and all applicable statutes, including without limitation any provision of the California Labor Code based on the facts or claims alleged in the Complaint(s) in the Action; California Bus. & Prof. Code §§ 17200 et seq. based on the facts or claims alleged in the Complaint(s) in the Action; and any provision of the applicable California Industrial Welfare Commission Wage Orders based on the facts or claims alleged in the Complaint(s) in the Action. Nothing in the Released Claims shall serve as a waiver of Settlement Class Members' rights after the date of preliminary approval. As to the foregoing claims only, this release of Released Claims also includes a waiver of unknown claims in accordance with the provisions of California Civil Code § 1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him must have materially affected his or her settlement with the debtor."

  **If you do NOT exclude yourself from the Class by following the procedures set forth in this Notice and the Court approves the proposed Settlement, you will be deemed to have entered into the release of Released Claims set forth above, whether or not you submit a Claim Form to receive the compensation described above.**

- Upon the Final Effective Date, each Settlement Class Member who, on the Claim Form, affirmatively opts into the settlement and elects to receive the additional payments described in this Section IV above under the "Monetary Compensation" heading in consideration for the FLSA Released Claims, shall also fully and finally release Defendant and Releasees from any and all claims for minimum wage and overtime under the Fair Labor Standards Act including associated claims for interest, liquidated damages, litigation costs, equitable relief and attorneys' fees for the minimum and overtime claims based on the facts or claims alleged in any of the operative Complaints in the Action ("FLSA Released Claims") for the time period of April 30, 2011 through the date of preliminary approval.

- As a result of the release of Released Claims and, if applicable, FLSA Released Claims, Settlement Class Members are precluding themselves from instituting, commencing, or continuing to prosecute, directly or indirectly, as an individual or collectively, representatively, derivatively, or on behalf of himself or herself, or in any other capacity of any kind whatsoever, any action in this Court, any other federal or state court, or any arbitration or mediation proceeding or any other similar proceeding, against any Releasees that asserts any claims that are Released

Claims and/or, if applicable, FLSA Released Claims under the terms of the Settlement Agreement; and providing that any person who violates the terms of the release by further asserting any of the Released Claims against any of the Releasees shall pay the costs and attorneys' fees incurred by any Releasee as a result of the violation if Defendant has provided written notification to that person or their designated representative of the bar against asserting any of the Released Claims and the Releasee is the prevailing party in an action brought by the person for the asserted barred Released Claim..

## V.  How do I receive a payment?

Any Class Member who wishes to be considered for any payment under this Settlement must complete, sign, and return the enclosed Claim Form to the Settlement Administrator, so that it is **postmarked, e-mailed or faxed** on or before INSERT DATE.  Late Claim Forms will **NOT** be considered.  If you are a member of the Class and you move or change your address, and you want to receive your settlement benefits at your new address, you must send a notice of your change of address to INSERT SETTLEMENT ADMINISTRATOR INFORMATION or contact the Administrator by phone at _____.

## VI.  Who represents the Class?

The Court has designated Plaintiff Tran Ly to serve as Class Representative in this lawsuit.  The attorneys that serve as Class Counsel are Matthew S. Dente, Diane E. Richard, and Brian J. Robbins.  Class Counsel can be reached as follows:

Matthew S. Dente, Dente Law, P.C., 600 B Street, Suite 1900, San Diego, California 92101, (619) 550-3475; and Brian J. Robbins, Robbins Arroyo LLP, 600 B. Street, Suite 1900, San Diego, California 92101, (619) 525-3990.

## VII.  What are the reasons for the Settlement?

Plaintiff and Class Counsel agreed to enter into this proposed Settlement after weighing the risks and benefits to the Class of this Settlement compared with those of continuing the litigation.  The factors that Class Counsel considered included the uncertainty and delay associated with continued litigation, a trial and appeals, and the uncertainty of particular legal issues that have yet to be determined.  Plaintiff and Class Counsel balanced these and other substantial risks in determining that the proposed Settlement is fair, reasonable, and adequate in light of all circumstances and in the best interests of Class Members.

Defendant agreed to this proposed Settlement in order to avoid the expense and distraction associated with lengthy litigation, and to allow it to focus on continuing to provide quality service to its customers.

## VIII.  What are my rights and options?

**A.**  **First, you may remain a member of the Class, represented by Class Counsel, and take no further action.**  If you take no further action as a Class Member, you will be represented by Class Counsel but will **not** have the right to receive any Settlement proceeds. If the Settlement is approved by the Court, you will be bound by the terms of the Settlement which will result in a release of your claims.  As a member of the Class, you will not be charged for the services of Class Counsel.

**B.**  **Second, you may remain a member of the Class, represented by Class Counsel, and timely return the enclosed Claim Form to preserve your rights to Receive a Settlement Payment.**  As a Class Member, you will be represented by Class Counsel and will have the right to receive your share of the Settlement proceeds if you timely return a valid Claim Form.  If the Settlement is approved by the Court, the Settlement will result in a release of the Released Claims outlined in Section IV above.  You *must* return the Claim Form to the Settlement Administrator to receive payment under this settlement **postmarked, e-mailed or faxed** on or before INSERT DATE.  The Settlement Administrator's contact information is located in Section V. You also have the opportunity to receive an additional payment in exchange for agreeing to release any claim you may have under the Fair Labor Standards Act for unpaid minimum wages and overtime.   To receive this additional payment, you *must* check the appropriate box on the Claim Form.  As a member of the Class, you will not be charged for the services of Class Counsel.

**C.**  **Third, you may remain a member of the Class but elect to hire your own attorney to represent you.**  If you do not wish to be represented by Class Counsel, you may hire your own attorney.  Your attorney must send a Notice of Appearance to the INSERT SETTLEMENT ADMINISTRATOR INFORMATION at the address listed in Section V, so that it is **postmarked** on or before INSERT DATE.  Even though your own attorney represents you, you will continue to be a Class Member and will need to return the enclosed Claim Form to receive any Settlement payments.  You will be responsible for any attorneys' fees and costs charged by your attorney.

**D.**  **Fourth, you may exclude yourself from the Class.**  If you are a member of the Class but do not want to remain in the Class, you may exclude yourself ("opt out").  If you exclude yourself from the Class, you will lose any right to participate in the Settlement.  You will also lose the right to raise any objections you might have to the Settlement considered by the Court before it rules on the Settlement.  If you exclude yourself, you will be free to pursue any of the "Released Claims" and/or "FLSA Released Claims" described in Section IV above you may have against Defendant on your own behalf subject to statute of limitations, but Class Counsel will not represent you.  In order to exclude yourself from the Class, you must send a letter requesting exclusion, which must contain: (1) your full name and current address; (2) a specific statement of your intention to exclude yourself from the lawsuit ("Please exclude me from the proposed class in Ly v. AT&T Mobility Services LLC Litigation.  I understand that I will not receive

any settlement share."); and (3) your signature. Requests for exclusion must be sent to the Settlement Administrator at the address listed in Section V, **postmarked** on or before INSERT DATE. *If you do not comply with these procedures and the deadline for exclusions, you will lose any opportunity to exclude yourself from the Class, and your rights will be determined in this lawsuit by the Settlement Agreement if it is approved by the Court and you may not recover under any other individual settlement agreement regarding the claims in this case. Moreover, any Class Member who submits both a valid Request for Exclusion and a Valid Claim will be automatically deemed to have submitted a Valid Claim and an invalid Request for Exclusion.*

**E.        Fifth, you may remain a member of the Class, and on your own behalf, or through your own attorney, object to the certification of the Class, to the Settlement, to the Application for Attorneys' Fees and Costs, and/or to the Application for Service Award.** If you do not exclude yourself from the Class, you may object to the certification of the Class, to the terms of the proposed Settlement, and/or to the applications for attorneys' fees, costs, or service award. To do so, you or your own attorney must file not later than _____a written objection, which must contain: (1) the name and case number of this lawsuit *Tran Ly v. AT&T Mobility Services LLC*, United States District Court for the Southern District of California, Case No. 3:14-cv-01686-L-RBB; (2) your full name and current address; (3) the specific reason(s) for your objection; and (4) any and all evidence and supporting papers (including, without limitation, all briefs, written evidence, and declarations) that you would like the Court to consider. If you wish to appear at the Settlement Hearing and be heard orally in support of, or in opposition to the Settlement, you must state so in the objection. The objection must also be sent to the INSERT SETTLEMENT ADMINISTRATOR INFORMATION, **postmarked** on or before INSERT DATE. *If you do not comply with these procedures and the deadline for objections, you will lose any opportunity to have your objection considered at the Settlement Hearing or otherwise to contest the approval of the Settlement or to appeal from any orders or judgments entered by the Court in connection with the Proposed Settlement. Please note that if you object, you are still eligible to receive a settlement payment if the Settlement is finally approved and if you timely complete and return the enclosed claim form by the Claim Form deadline.*

---

**IX.   When is the court hearing and what is it for?**

---

On INSERT FINAL APPROVAL HEARING DATE, the Court will hold a public hearing in Courtroom 5B of the United States District Court for the Southern District of California, 221 West Broadway, San Diego, California 92101, for the purposes of determining whether the proposed Settlement is fair, adequate and reasonable and should be approved, whether to approve Class Counsel's applications for attorneys' fees and costs, whether to approve the payments to the Labor and Workforce Development Agency, whether to approve the payments to the Settlement Administrator, and whether to approve the Class Representative's request for a service award. This hearing may be continued or rescheduled by the Court without further notice. Class Members who support the proposed Settlement do not need to appear at the hearing and do not need to take any other action to indicate their approval. Class Members who object to the proposed Settlement are not required to attend the Settlement Hearing. If you want to be heard orally in support of or in opposition to the Settlement, either personally or through counsel, you must indicate your intention to appear at the Settlement Hearing in writing as detailed above.

---

**X.   Where can I get more information?**

---

If you have questions about this Notice, the enclosed Claim Form, or the Settlement, or if you did not receive this Notice in the mail and you believe that you are or may be a member of the Class, you should contact the INSERT SETTLEMENT ADMINISTRATOR INFORMATION, for more information or to request that a copy of this Notice and Claim Form be sent to you in the mail. If you wish to communicate directly with Class Counsel, you may contact them (see Section VI for contact information). You may also seek advice and guidance from your own private attorney at your own expense, if you so desire.

This Notice is only a summary. For more detailed information, you may review the Settlement Agreement, containing the complete terms of the proposed Settlement, which is on file with the Court and available to be inspected at any time during regular business hours at the Clerk's Office, United States District Court for the Southern District of California, 333 West Broadway, Suite 420, San Diego, California 92101. You may also review the pleadings, records and other papers on file in this lawsuit at the Clerk's Office.

**PLEASE DO NOT WRITE OR TELEPHONE THE COURT OR DEFENDANT FOR INFORMATION ABOUT THE PROPOSED SETTLEMENT OR THIS LAWSUIT.**

# EXHIBIT 2

Exhibit 2 - Page 45

1  ROBBINS ARROYO LLP
   BRIAN J. ROBBINS (SBN: 190264)
2  brobbins@robbinsarroyo.com
   DIANE E. RICHARD (SBN: 204897)
3  drichard@robbinsarroyo.com
   600 B Street, Suite 1900
4  San Diego, CA 92101
   Telephone:   (619) 525-3990
5  Facsimile:    (619) 525-3991

6  DENTE LAW, P.C.
   MATTHEW S. DENTE (SBN: 241547)
7  matt@dentelaw.com
   600 B Street, Suite 1900
8  San Diego, CA 92101
   Telephone:   (619) 550-3475
9  Facsimile:    (619) 342-9668

10 Attorneys for Plaintiff Tran K. Ly

11                    UNITED STATES DISTRICT COURT

12                 SOUTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| TRAN K. LY, Individually and on Behalf of Other Members of the Public Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY SERVICES LLC, AT&T MOBILITY LLC, and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: 3:14-cv-01686-L-RBB<br><br>**CLASS ACTION AS TO PLAINTIFF'S FIRST THROUGH SEVENTH CAUSES OF ACTION**<br><br>**CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004 ACTION AS TO PLAINTIFF'S EIGHTH THROUGH FIFTEENTH CAUSES OF ACTION**<br><br>**FLSA COLLECTIVE ACTION AS TO PLAINTIFF'S SIXTEENTH THROUGH SEVENTEENTH CAUSES OF ACTION**<br><br>**SECOND AMENDED COMPLAINT FOR:**<br><br>**(1)   FAILURE TO PAY MINIMUM WAGES UNDER THE CALIFORNIA LABOR CODE;**<br>**(2)   FAILURE TO PAY OVERTIME WAGES UNDER THE CALIFORNIA LABOR CODE;**<br>**(3)   FAILURE TO AUTHORIZE AND PERMIT PAID REST PERIODS UNDER THE** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CALIFORNIA LABOR CODE;**

**(4)    FAILURE TO PROVIDE MEAL PERIODS UNDER THE CALIFORNIA LABOR CODE;**

**(5)    FAILURE TO PAY WAGES TIMELY UPON SEPARATION OF EMPLOYMENT UNDER THE CALIFORNIA LABOR CODE;**

**(6)    FAILURE TO PROVIDE AND MAINTAIN COMPLIANT ITEMIZED WAGE STATEMENTS UNDER THE CALIFORNIA LABOR CODE;**

**(7)    UNFAIR COMPETITION;**

**(8)    VIOLATION OF LABOR CODE SECTION 1197 BROUGHT UNDER THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004 (CAL. LAB. CODE SECTION 2698, ET SEQ.);**

**(9)    VIOLATION OF LABOR CODE SECTION 510 BROUGHT UNDER THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004 (CAL. LAB. CODE SECTION 2698, ET SEQ.);**

**(10)   VIOLATION OF LABOR CODE SECTION 226.7(B) BROUGHT UNDER THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004 (CAL. LAB. CODE SECTION 2698, ET SEQ.);**

**(11)   VIOLATIONS OF LABOR CODE SECTIONS 226.7(B) AND 512 BROUGHT UNDER THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004 (CAL. LAB. CODE SECTION 2698, ET SEQ.);**

**(12)   VIOLATIONS OF LABOR CODE SECTIONS 201, 202, AND 203 BROUGHT UNDER THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004 (CAL. LAB. CODE SECTION 2698, ET SEQ.);**

**(13)   VIOLATION OF LABOR CODE SECTION 226(A) BROUGHT UNDER THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT**

SECOND AMENDED CLASS ACTION COMPLAINT

Exhibit 2 - Page 47

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**OF 2004 (CAL. LAB. CODE SECTION 2698, ET SEQ.);**
**(14)  VIOLATION OF LABOR CODE SECTION 204 BROUGHT UNDER THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004 (CAL. LAB. CODE SECTION 2698, ET SEQ.);**
**(15)  VIOLATION OF LABOR CODE SECTION 1198 BROUGHT UNDER THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004 (CAL. LAB. CODE SECTION 2698, ET SEQ.);**
**(16)  FAILURE TO PAY MINIMUM WAGES UNDER THE FLSA; AND**
**(17)  FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA**

**DEMAND FOR JURY TRIAL**

Judge:          Hon. M. James Lorenz
Courtroom:    5B

Action Filed:        April 30, 2014
Action Removed:  July 17, 2014

SECOND AMENDED CLASS ACTION COMPLAINT

Exhibit 2 - Page 48

1   COMES NOW Plaintiff Tran K. Ly ("Plaintiff"), on behalf of herself and as

2   a representative of employees of AT&T Mobility Services LLC ("AT&T Mobility

3   Services" or "Defendant") and asserts the following claims:

4   1.   This is a class action brought for violations of the California Labor

5   Code pertaining to the issuance and maintenance of noncompliant itemized wage

6   statements, failure to pay proper meal and rest premiums at the true regular rate of

7   pay, failure to pay all required wages for all time worked arising for the time

8   periods employees spend waiting for the issuance and return of electronic devices

9   (e.g., iPads) and for the time periods employees spend waiting to be released from

10  work at the end of closing shifts, and for failure to pay all wages due and owing

11  upon separation of employment. This is also a collective action brought for

12  violations of the Federal Fair Labor Standards Act ("FLSA") pertaining to

13  minimum and overtime wage claims for the failure to pay all required wages for all

14  time worked arising for the time periods employees spend waiting for the issuance

15  and return of electronic devices (e.g., iPads) and for the time periods employees

16  spend waiting to be released from work at the end of closing shifts.

17  2.   This is further a private attorneys general action brought under the

18  California Labor Code Private Attorneys General Act of 2004 codified in

19  California Labor Code §2698, *et seq.* ("PAGA").  On April 30, 2014, Plaintiff filed

20  an exhaustion letter with the California Labor and Workforce Development

21  Agency ("LWDA"), AT&T Mobility Services LLC, and AT&T Mobility LLC

22  providing notice of her intent to bring a private attorneys general action for

23  recovery of penalties under PAGA.  *See Arias v. Superior Court*, 46 Cal. 4th 969

24  (2009).  PAGA permits an "aggrieved employee" to bring a lawsuit for civil

25  penalties arising from violations of California's Labor Code committed against

26  himself or herself and other current and former employees, as a private attorney

27  general, to address an employer's violations of the California Labor Code.  *Id.* at

28  980-81.  More than thirty-three days have elapsed since Plaintiff served the PAGA

1  notice without the LWDA providing notice of its intent to investigate, and further

2  without Defendant providing notice that it has cured any of the alleged violations

3  as may be applicable.  Accordingly, Plaintiff brings a PAGA enforcement action as

4  alleged herein.

5  **JURISDICTION AND VENUE**

6  3.     This action was originally filed in the Superior Court of the State of

7  California, County of San Diego.

8  4.     On July 17, 2014, Defendant removed this action under the Class

9  Action Fairness Act, 28 U.S.C. §1332(d) (herein "CAFA").  This Court has subject

10  matter jurisdiction under CAFA because the amount in controversy exceeds

11  $5,000,000 exclusive of interest and costs, and because this is a class action by an

12  individual and putative class of plaintiffs who are citizens of different states from

13  Defendant.

14  5.     This Court has subject matter jurisdiction over the FLSA collective

15  action pursuant to 28 U.S.C. §§1331 and 1337 and pursuant to the FLSA, 29

16  U.S.C. §216(b).

17  **PARTIES**

18  6.     Plaintiff is, and at all times mentioned in this Complaint was, a

19  resident of San Diego, California.

20  7.     Upon information and belief, defendant AT&T Mobility Services

21  LLC is a Delaware corporation with principal executive offices in Georgia.  AT&T

22  Mobility Services LLC is currently registered to do business in the state of

23  California and does business in San Diego, California.

24  8.     Upon information and belief, defendant AT&T Mobility Services is

25  an employer whose employees are engaged throughout San Diego County and the

26  state of California.

27  ///

28  ///

9.      Whenever in this Complaint reference is made to any act, deed, or conduct of AT&T Mobility Services, the allegation means that AT&T Mobility Services engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of AT&T Mobility Services.

10.     Whenever and wherever reference is made in this Complaint to any conduct by AT&T Mobility Services or Defendant, such allegations and references means that AT&T Mobility Services engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives, who were actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of AT&T Mobility Services.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings her claim for relief for Causes of Action One through Seven in this action on behalf of herself as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under Rule 23 of the Federal Rules of Civil Procedure ("FRCP").

12.     All claims alleged in Causes of Action One through Seven arise under California law for which Plaintiff seeks relief as authorized by California law.

13.     With respect to Plaintiff's First through Seventh Causes of Action, the proposed Class and Sub Classes are comprised of and defined as:

> Any and all persons who are employed or have been employed by AT&T Mobility Services who held the non-exempt position(s) of Retail Sales Consultant ("RSC") and/or Assistant Store Manager ("ASM") in AT&T Mobility Services' retail stores in California at any time since four years prior to the filing of the original Complaint in this action until resolution of this lawsuit (referred to as the "Class").

1

Any and all persons in the Class whose employment was separated at any time since three years prior to the filing of the original Complaint in this action until resolution of this lawsuit (referred to as the "Waiting Time Sub Class").

Any and all persons in the Class who received a paystub at any time since one year prior to the filing of the Original Complaint in this action until resolution of this lawsuit (referred to as the "Pay Stub Sub Class").

14.     The members of the Class, the Waiting Time Sub Class, and the Pay Stub Sub Class (collectively, the "Class" or "Class Members") are so numerous as to make it impracticable to bring them all before this Court.  Upon information and belief the Class is sufficiently numerous.  The identity of Class Members is readily ascertainable by an inspection of Defendant's employment and payroll records.

15.     There are questions of law and fact common to the members of the Class that predominate over any questions affecting any individual in the Class. Defendant has acted, and refused to act, on grounds generally applicable to members of the Class.

16.     Plaintiff's claims are typical of the claims of the Class Members and Plaintiff will fairly and adequately protect the interests of these members.

17.     The prosecution of separate actions by individual members of the Class would create the risk of:

(a)     Inconsistent or varying adjudications in different jurisdictions with respect to individual Class Members, which would establish incompatible standards of conduct for Defendant; and

(b)     Adjudications with respect to individual Class Members which, as a practical matter, would be dispositive of the interests and rights of Class Members who are not parties to the adjudications, or would substantially impair or impede the ability of Class Members to protect their interests.

///

///

SECOND AMENDED CLASS ACTION COMPLAINT

18.     At all times relevant to this action, Defendant had enacted and effected unlawful and unfair state-wide employment policies and practices which have caused Plaintiff and members of the Class to suffer injury.  A class action is superior to other available methods for the fair and efficient adjudication of Defendant's policies and practices and the damage it caused Plaintiff and members of the Class to suffer and which are the subject matter of this action.

19.     Employers in the State of California violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means.  The nature of this action allows for the protection of current and former employees' rights without fear for retaliation or damage.

20.     The claims asserted herein implicate questions of law or fact common to members of the Class.  These common questions predominate over any questions affecting only individual Class Members.  Common questions include, but are not limited to:

(a)     Whether Defendant failed to maintain and provide Pay Stub Sub Class members with wage statements that complied with the requirements of the California Labor Code §226(a);

(b)     Whether Defendant failed to provide Class Members proper meal premium pay at the true regular rate of pay as required by California Labor Code §§226.7(c) and 1198 and the applicable California Industrial Welfare Commission ("IWC") Wage Order;

(c)     Whether Defendant failed to provide Class Members with proper rest premium pay at the true regular rate of pay as required by California Labor Code §§226.7(c) and 1198 and the applicable California IWC Wage Order;

(d)     Whether Defendant failed to provide Class Members with all required overtime in violation of California Labor Code §§510 and 1198;

(e)     Whether Defendant failed to provide Class Members with all required minimum wages in violation of California Labor Code §§1197 and 1198 and the applicable California IWC Wage Order;

(f)     Whether Defendant unlawfully failed to pay all wages due and owing to Class Members, and on a timely manner timely wages to members of the Waiting Time Sub Class in violation of California Labor Code §§201, 202, and 203;

(g)     Whether Defendant engaged in unfair competition in violation of California Business and Professions Code §§17200, *et seq.*; and

(h)     The appropriate amount of penalties, damages, and restitution resulting from Defendant's violations of California law.

## PAGA ALLEGATIONS

21.     This is a PAGA enforcement action as to Plaintiff's Eighth through Fifteenth Causes of Action only for recovery of civil penalties under the PAGA. *See Arias*, 46 Cal. 4th at 969.  PAGA permits an "aggrieved employee" to bring a lawsuit for civil penalties as a private attorney general, to address an employer's violations of the California Labor Code committed against the aggrieved employee and other current and former employees.  *Id.* at 980-81.  In this case, Defendant violated California Labor Code  §§201, 202, 203, 204, 226(a), 226.7(b), 510, 512, 1197, and 1198 as set forth more fully below.  Plaintiff seeks PAGA penalties for the violations committed against her and Defendant's other current and former California employees designated as non-exempt RSCs and/or non-exempt ASMs.

22.     Plaintiff's Eighth through Fifteenth Causes of Action are suitable for treatment as a PAGA action for the following reasons:

(a)     The violations set forth in Plaintiff's Eighth through Fifteenth Causes of Action allege violations of the California Labor Code for which the

Code provides a civil penalty to be assessed and recovered by the LWDA or any department, division, commission, boards, agencies, or employees, or for which a penalty is provided for under California Labor Code §2699(f);

(b)     Plaintiff is an "aggrieved employee" because she was employed by the Defendant and had one or more of the alleged violations committed against her;

(c)     Plaintiff complied with the requirement to commence a civil action under California Labor Code §2699.3;

(d)     Plaintiff complied with the exhaustion requirements of PAGA by providing notice by certified letter on April 30, 2014, to AT&T Mobility Services LLC, AT&T Mobility LLC, and the LWDA concerning the PAGA claims Plaintiff intends to pursue.  A true and correct copy of the notice is attached as Exhibit A.  More than thirty-three days have elapsed since Plaintiff served the PAGA notice, and the LWDA has not provided notice of its intent to investigate, nor has AT&T Mobility Services LLC provided notice that it has cured any of the alleged violations as may be applicable; and

(e)     "Current and former employees," for the purposes of the PAGA claims include any and all persons who are employed or have been employed by AT&T Mobility Services who held the non-exempt position(s) of RSC and/or ASM in AT&T Mobility Services' retail stores in California at any time since the PAGA statutory period arising from the original Complaint through the resolution of the lawsuit.

## COLLECTIVE ACTION ALLEGATIONS

23.     Plaintiff also brings FLSA claims in Plaintiff's Sixteenth through Seventeenth Causes of Action (the "FLSA Collective Action") on behalf of herself and as a representative of any and all persons who are employed or have been employed by AT&T Mobility Services who held the non-exempt position(s) of RSC and/or ASM in AT&T Mobility Services' retail stores in California at any

1   time since three years year prior to the filing of the Original Complaint in this

2   action until resolution of this lawsuit  ("FLSA Covered Employees") and who elect

3   to opt-in to this collective action under the FLSA

4      24.   The Sixteenth and Seventeenth Causes of Action arise under the

5   FLSA for which Plaintiff seeks relief as authorized by the FLSA.

6      25.   Defendant is liable under the FLSA for unpaid minimum and overtime

7   wages for the failure to pay all required wages for all time worked arising for the

8   time periods employees spend waiting for the issuance and return of electronic

9   devices (e.g., iPads) and for the time periods employees spend waiting to be

10  released from work at the end of closing shifts.

11     26.   Upon information and belief, there are numerous similarly situated

12  current and former RSCs and/or ASMs of Defendant who have been underpaid

13  minimum and overtime wages for the failure to pay all required wages for all time

14  worked arising for the time periods employees spend waiting for the issuance and

15  return of electronic devices (e.g., iPads) and for the time periods employees spend

16  waiting to be released from work at the end of closing shifts, and who would

17  benefit from the issuance of a court-supervised notice of the present lawsuit and

18  the opportunity to join the present lawsuit.  Those similarly situated are known to

19  Defendant, are readily identifiable, and can be located through Defendant's records.

20  Notice should be sent to the FLSA Covered Employees pursuant to 29 U.S.C.

21  §216(b).

22                          **FACTUAL ALLEGATIONS**

23     27.   At all times set forth herein, Defendant employed, and continues to

24  employ, employees throughout the state of California. Upon information and

25  belief, defendant AT&T Mobility Services is a Delaware corporation with

26  principal executive offices in Georgia.  AT&T Mobility Services is currently

27  registered to do business in the state of California and does business in San Diego,

28  California.

28.     Upon information and belief, defendant AT&T Mobility Services provide wireless services and products and employs persons throughout San Diego County and the state of California.

29.     Plaintiff is a former employee of Defendant and worked in San Diego County, California, until approximately April 21, 2014.  At times relevant, she held a non-exempt employee position of Retail Sales Consultant.  Plaintiff worked for Defendant at times during the relevant period specified herein.

30.     Plaintiff and other members of the Class, Pay Stub Sub Class and the Waiting Time Sub Class have been at times pertinent hereto, non-exempt employees of Defendant within the meaning of the California Labor Code and the implementing rules and regulations of the California IWC Wage Orders.

31.     Plaintiff and other members of the Class, as RSCs and/or ASMs, have been paid on the basis of a base pay plus commissions, incentive pay, and other forms of compensation.

32.     During the relevant time frame, Defendant knowingly and intentionally failed, and continues to fail, to provide Plaintiff and other members of Pay Stub Sub Class with wage statements that contained the information required by California Labor Code §226(a).  The wage statements Defendant has provided to Plaintiff and other employees in Pay Stub Sub Class fail to, among other things, on their face correctly state the work dates for which payments are being paid including overtime wages, commissions, and adjustments, and accurately itemize the total hours worked and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in effect each pay period.  For example, the wage statements, on their face, fail to identify a rate of pay, hours worked, and time periods for "true up payments" and "additional adjustments;" fail to have corresponding time periods listed for each time period that non-base payments are being made such as overtime and commissions; fail to accurately itemize the total hours worked; and fail to accurately state the rate of

1    pay for meal and rest premiums in that the premium payments are not based on the

2    employees' true regular rate of pay but rather only their base pay.  Additionally, the

3    wage statements fail to accurately itemize hours worked and gross and net wages

4    earned in that for Class Members, the wage statements omit some hours worked

5    and wages earned as a result of these employees not being paid for all time spent

6    working while waiting for procedures to be completed for electronic devices and

7    closing.

8         33.    During the relevant time frame, Plaintiff and Class Members have

9    been systematically denied all extra hours of pay, at these employees' true regular

10   rates of pay, as required by California law where meal periods were not provided

11   and rest periods not authorized and permitted.  Rather, when Defendant did pay the

12   extra hours of pay, Defendant did so at the employees' base regular rate of pay and

13   not their true regular rate of pay which includes commissions, incentive pay, and

14   other forms of compensation that is factored into the calculation of the employees'

15   regular rate of pay.

16        34.    During the relevant time frame, Plaintiff and Class Members were not

17   exempt from receiving the applicable minimum wages and overtime wages under

18   both the California Labor Code and the FLSA.  Notwithstanding this, these persons

19   had their rights violated through Defendant's failure to pay applicable minimum,

20   overtime.  In addition, all regular wages were not paid for the alleged violations.

21   Such violations resulted from Defendant's conduct which includes, but is not

22   limited to: (i) failing to pay for all time worked arising from time spent waiting for

23   issuance and return of electronic devices (e.g., iPads) for work; and (ii) failing to

24   pay for all time worked to closing shift Class Members arising from time spent

25   waiting to be released from work at the end of closing shifts as a result of

26   procedures such as lock-up, closing up, and alarming procedures.

27   ///

28   ///

35.     During the relevant time frame, Plaintiff and Waiting Time Sub Class members each were required to be paid timely upon separation of employment in accordance with California Labor Code §§201, 202, and 203.  Defendant, through its actions including those alleged herein of not paying proper wages, willfully have not paid these employees all wages due during upon separation of employment.

36.     On or about April 30, 2014, Plaintiff requested her employment records from AT&T Mobility Services, including time and wage statement records, and compensation plan documents.  AT&T Mobility Services did not provide Plaintiff with the requested records, within the time period required by the law, in violation of the California Labor Code's and IWC Wage Order's requirements to do so.

37.     During the relevant time frame, Defendant engaged in unlawful conduct, and unfair competition resulting in injury to Plaintiff and, on information and belief, others through their violation of California's wage and hour laws alleged herein.

## CLASS ACTION CLAIMS

## FIRSTCAUSE OF ACTION

**Class Claim for Violation of California Labor Code §1197 Against Defendant (Minimum Wage Claim)**

38.     Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

39.     California Labor Code §1197 specifies that an employer engages in an unlawful act if it pays employees an amount less than the lawful minimum wage fixed by the California IWC Wage Order.

///

///

///

40.     The "Minimum Wages" section of the applicable California IWC Wage Order makes it unlawful for an employer to pay less than the applicable minimum wage for all hours worked, whether the remuneration is measured by time, piece, commission, or otherwise.

41.     During times relevant, Defendant failed to pay, at least minimum wages for all hours worked, to Plaintiff and members of the Class  This occurred as a result of Defendant's conduct of, among other things: (i) failing to pay for all time worked arising from time spent waiting for issuance and return of electronic devices (e.g., iPads) for work; and (ii) failing to pay for all time worked to closing shift Class Members arising from time spent waiting to be released from work at the end of closing shifts as a result of procedures such as lock-up, closing up, and alarming procedures.

42.     California Labor Code §§201 and 202 set forth timing requirements for the payment of wages to employees who are separating employment.   A violation of California Labor Code §§201 and/or 202 results in payment waiting time penalties under California Labor Code §203.

43.     During times relevant, Defendant failed to pay Plaintiff and members of the Waiting Time Sub Class wages timely in conformance with the requirements set forth in California Labor Code §§201 and 202, as applicable.

44.     For this violation, Plaintiff and members of the Class are entitled to and seek the payment of the unlawfully withheld minimum wages and further seek recovery of any and all available remedies to the extent permissible including recovery of interest, attorneys' fees and costs, and liquidated damages relating to any unpaid minimum wages under California Labor Code §§1194 and 1194.2. Further, Plaintiff and members of the Waiting Time Sub Class who have not been paid timely within the statutory period set forth in California Labor Code §§201 and 202 are entitled to and seek recovery of penalties under California Labor Code §203.

## SECOND CAUSE OF ACTION

**Class Claim for Violation of California Labor Code §510 Against Defendant
(Overtime Claim)**

45.     Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

46.     California Labor Code §510(a) provides in relevant part with respect to non-exempt employees:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

47.     During times relevant, Defendant failed to pay overtime wages for all hours worked to Plaintiff and members of the Class  This occurred as a result of Defendant's conduct of, among other things: (i) failing to pay for all time worked arising from time spent waiting for issuance and return of electronic devices (e.g., iPads) for work; and (ii) failing to pay for all time worked to closing shift Class Members arising from time spent waiting to be released from work at the end of closing shifts as a result of procedures such as lock-up, closing up, and alarming procedures.

48.     California Labor Code §§201 and 202 set forth timing requirements for the payment of wages to employees who are separating employment.   A violation of California Labor Code §§201 and/or 202 results in payment waiting time penalties under California Labor Code §203.

49.     During times relevant, Defendant failed to pay Plaintiff and members of the Waiting Time Sub Class wages timely in conformance with the requirements set forth in California Labor Code §§201 and 202, as applicable.

50.     For this violation, Plaintiff and members of the Class are entitled to and seek the payment of the unlawfully withheld overtime wages and further seek recovery of any and all available remedies to the extent permissible including recovery of interest, attorneys' fees and costs, and liquidated damages relating to any unpaid overtime wages under California Labor Code §§1194 and 1194.2. Further, Plaintiff and members of the Waiting Time Sub Class who have not been paid timely within the statutory period set forth in California Labor Code §§201 and 202 are entitled to and seek recovery of penalties under California Labor Code §203.

## THIRD CAUSE OF ACTION

### Class Claim for Violation of California Labor Code §226.7(b) Against Defendant  (Rest Period Claim)

51.     Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

52.     California Labor Code §226.7(b) makes it unlawful for an employer to require any employee to work during any paid rest period mandated by an applicable California IWC Wage Order.  California Labor Code §1198 additionally makes it unlawful to employ persons under conditions prohibited by a Wage Order. The "Rest Periods" section of the applicable Wage Order provides the following in relevant part:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3½) hours. Authorized rest period time

shall be counted, as hours worked for which there shall be no deduction from wages.

53.    California Labor Code §226.7(c) provides that an employer shall pay an employee one additional hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

54.    During times relevant, Defendant failed to pay the appropriate payment under California Labor Code §226.7(c) because Defendant, if and when paid, paid the additional hour not at the employee's true regular rate of compensation, but rather used the employee's base rate compensation not taking into account other compensation that forms the regular rate of compensation such as commissions and incentive pay.

55.    For this violation, Plaintiff and members of the Class are entitled to and seek one hour of premium pay at the employees' true regular rate of compensation for each day in which a paid rest period was not authorized and permitted, and further seek recovery of any and all available remedies to the extent permissible including recovery of interest, attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION

### Class Claim for Violations of California Labor Code §§226.7(b) Against Defendant (Meal Period Claim)

56.    Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

57.    California Labor Code §226.7(b) makes it unlawful for an employer to require any employee to work during any meal period mandated by an applicable California IWC Wage Order.  California Labor Code §1198 additionally makes it unlawful to employ persons under conditions prohibited by a Wage Order. The "Meal Periods" section of the applicable Wage Order provides the following in relevant part:

No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.  Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.  An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time…. If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

58.     California Labor Code §226.7(c) provides that an employer shall pay an employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

59.     During times relevant, Defendant failed to pay the appropriate payment under California Labor Code §226.7(c) because Defendant, if and when paid, paid the additional hour not at the employee's true regular rate of compensation, but rather used the employee's base rate compensation not taking into account other compensation that forms the regular rate of compensation such as commissions and incentive pay.

60.     For this violation, Plaintiff and members of the Class are entitled to and seek one hour of premium pay at the employees' true regular rate of compensation for each day in which a meal period was provided, and further seek recovery of any and all available remedies to the extent permissible including recovery of interest, attorneys' fees, and costs.

## FIFTH CAUSE OF ACTION

**Class Claim for Violations of California Labor Code §§201 and 202 Against Defendant (For Failure to Pay Wages Owed on Separation of Employment)**

61.     Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

- 16 -

SECOND AMENDED CLASS ACTION COMPLAINT

62.   California Labor Code §§201 and 202 require an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two hours thereafter, unless the employee has given seventy-two hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.  California Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by California Labor Code §§201 and 202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty work days.

63.   During the relevant time period and through its conduct including that alleged herein, Defendant willfully failed and refused, and continues to willfully fail and refuse, to pay Plaintiff and members of the Waiting Time Sub Class their wages, earned and unpaid, either at the time of discharge, or within seventy-two hours of their voluntarily leaving Defendant's employ.  Premium, regular, and minimum wages were improperly unpaid, but upon separation, Defendant also failed to pay earned and calculable wages due and owing within the time frame specified by California Labor Code §§201 and 202.

64.   Defendant's willful failure to pay Plaintiff and Waiting Time Sub Class members their wages earned and unpaid at the time of discharge, or within seventy-two hours of their voluntarily leaving Defendant's employ, violates California Labor Code §§201 and 202, as applicable.  As a result, Defendant is liable to Plaintiff and members of the Waiting Time Sub Class for waiting time penalties under California Labor Code §203, in an amount according to proof at the time of trial.

///

///

# SIXTH CAUSE OF ACTION

## Class Claim for Violation of California Labor Code §226(a) Against Defendant (Pay Stub Claim)

65.     Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

66.     California Labor Code §226(a) sets forth reporting requirements for employers when they pay wages.  In relevant part, it states:

> Every employer shall … at the time of each payment of wages, furnish each of his or her employees … an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer …, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee….

> California Labor Code §226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

///

///

California Labor Code §226(e)(2)(B) provides:

An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a)[;] (ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a)[;] (iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period[; and] (iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

67.     During the relevant time frame, Defendant knowingly and intentionally failed, and continues to fail, to provide Plaintiff and other members of Pay Stub Sub Class with wage statements that contained the information required by California Labor Code §226(a).  The wage statements Defendant has provided to Plaintiff and other employees in Pay Stub Sub Class fail to, among other things, on their face correctly state the work dates for which payments are being paid including overtime wages, commissions, and adjustments, and accurately itemize the total hours worked and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in effect each pay period.  For example, the wage statements, on their face, fail to identify a rate of pay, hours worked, and time periods for "true up payments" and "additional adjustments;" fail to have corresponding time periods listed for each time period that non-base payments are being made such as overtime and commissions; fail to accurately itemize the total hours worked; and fail to accurately state the rate of

1   pay for meal and rest premiums in that the premium payments are not based on the

2   employees' true regular rate of pay but rather only their base pay.  Additionally, the

3   wage statements fail to accurately itemize hours worked and gross and net wages

4   earned in that for Class Members, the wage statements omit some hours worked

5   and wages earned as a result of these employees' not being paid for all time spent

6   working while waiting for procedures to be completed for electronic devices and

7   closing.

8       68.    Plaintiff and other Pay Stub Sub Class members have been injured, as

9   defined by California Labor Code §226, by these omissions and inaccuracies.

10      69.    Defendant knowingly and intentionally failed, and continues to fail, to

11  furnish Plaintiff and Pay Stub Sub Class members complete and accurate wage

12  statements upon each payment of wages in violation of California Labor Code

13  §226(a).   Plaintiff and Pay Stub Sub Class members have been injured and

14  damaged by these failures because, among other things, it renders them unable to

15  determine whether Defendant properly recorded their hours worked and makes it

16  impossible to tell whether they were properly compensated for all pay earned at the

17  proper rates and during the applicable pay period.  Plaintiff and, on information

18  and belief, Pay Stub Sub Class members are required to engage in discovery and

19  mathematical computations to reconstruct their time records to determine if they

20  were paid correctly as a result of the inaccurate and/or incomplete wage

21  statements. Plaintiff and, on information and belief, Pay Stub Sub Class members

22  cannot easily ascertain from the information provided to them through the wage

23  statements whether his or her wages and hours have been calculated correctly.

24  Accordingly, Plaintiff and, on information and belief, Pay Stub Sub Class members

25  cannot promptly and easily determine from the wage statement alone the

26  information set forth in California Labor Code §226(e)(2)(B) to assure that he or

27  she is not being underpaid and have had to refer to other documents and

28  information to attempt to ascertain this information.

70.     Defendant will no doubt continue these illegal practices until such time as it is forced to pay monies set forth under California Labor Code §226(e). Defendant moreover will no doubt continue these illegal practices until such time as it is forced to cease such practice under the injunctive relief provision of California Labor Code §226(h).

71.     AT&T Mobility Services moreover failed to permit Plaintiff to inspect or copy wage statement records within the time set forth in subdivision (c) of California Labor Code §226, entitling Plaintiff recover a $750 penalty from the employer as set forth in California Labor Code §226(f).

72.     Plaintiff and Pay Stub Sub Class members are entitled to and seek any and all available remedies to the extent permissible including injunctive relief and recovery of all available statutory damages, penalties, interest, attorneys' fees, and costs pursuant to California Labor Code §226(e) and (h).

## SEVENTH CAUSE OF ACTION

### Class Claim for Unfair Competition Against Defendant
### (Unfair Competition Claim)

73.     Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

74.     Defendant's conduct, as alleged in this Complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and members of the Class, Defendant's competitors, and the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure §1021.5.

75.     Defendant's policies, activities, and actions as alleged herein are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§17200, *et seq.*

76.     A violation of California Business and Professions Code §§17200, *et seq.*, may be predicated on the violation of any state or federal law.  In the instant

case, Defendant's policies and practices of not paying proper wages, and not providing compliant additional hours of pay for meal and rest premiums, among the other statutory violations alleged herein, over the past four years violates California Labor Code §§226.7, 510, 1197, and 1198 among other statutes.

77.    Plaintiff and members of the Class have been personally aggrieved and injured by Defendant's unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

78.    Pursuant to California Business and Professions Code §§17200, *et seq.*, Plaintiff and members of the Class are entitled to restitution of the wages withheld and retained by Defendant during a period that commences four years prior to the filing of this Complaint, an award of attorneys' fees pursuant to California Code of Civil Procedure §1021.5, and an award of costs.

## PAGA ACTION CLAIMS

## EIGHTH CAUSE OF ACTION

**For Violation of California Labor Code §1197 Brought Under PAGA Against Defendant by Plaintiff on a Private Attorneys General Basis (PAGA Minimum Wage Claim)**

79.    Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

80.    During the year immediately preceding the date of Plaintiff's PAGA exhaustion letter, Defendant paid to Plaintiff and other of Defendant's current and former employees a less wage than the minimum fixed by the IWC in the "Minimum Wages" section of the applicable California IWC Wage Order.  By doing so, Defendant violated California Labor Code §1197.

81.    PAGA, specifically California Labor Code §2699(a), allows Plaintiff to recover civil penalties for the violation of provisions of the California Labor Code that contain their own civil penalties.  California Labor Code §§1197.1 and 2699 contain the civil penalties collectable under the PAGA for violation of

California Labor Code §1197.  Accordingly, Plaintiff seeks the civil penalties permitted through California Labor Code §§1197.1 and 2699 for Defendant's violation of California Labor Code §1197.

82.  Plaintiff requests penalties against Defendant for its violation of California Labor Code §1197 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proven at trial.

## NINTH CAUSE OF ACTION

**For Violation of California Labor Code §510 Brought Under PAGA Against Defendant by Plaintiff on a Private Attorneys General Basis (PAGA Overtime Claim)**

83.  Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

84.  Defendant failed to pay required overtime compensation in accordance with California Labor Code §510.

85.  During the year immediately preceding the date of Plaintiff's PAGA exhaustion letter, Defendant failed to compensate Plaintiff and other California current and former employees a proper overtime rate for hours worked in excess of eight in a day or forty in a week.

86.  PAGA, specifically California Labor Code §2699(a), allows Plaintiff to recover civil penalties for the violation of provisions of the California Labor Code that contain their own civil penalties.  California Labor Code §§558 and 2699 contain the civil penalties collectable under the PAGA for violation of California Labor Code §510.  Accordingly, Plaintiff seeks the civil penalties permitted through California Labor Code §§558 and 2699 for Defendant's violation of California Labor Code §510.

87.  Plaintiff requests penalties against Defendant for its violation of California Labor Code §510 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proven at trial.

1

## **TENTHCAUSE OF ACTION**

2

3

**For Violation of California Labor Code §226.7(b) Brought Under PAGA
Against Defendant by Plaintiff on a Private Attorneys General Basis
(PAGA Rest Period Claim)**

4

5

6

88.     Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

7

8

9

10

11

12

13

14

89.     During the year immediately preceding the date of Plaintiff's PAGA exhaustion letter, Defendant failed to authorize and permit paid rest periods to Plaintiff and other of Defendant's California current and former employees in violation of the "Rest Periods" section of the applicable California IWC Wage Order.  By failing to authorize and permit paid rest periods to Plaintiff and other of Defendant's California current and former employees in violation of the "Rest Periods" section of the applicable California IWC Wage Order, AT&T Mobility violated California Labor Code §226.7(b).

15

16

17

18

19

20

21

90.     PAGA, specifically California Labor Code §2699(a), allows Plaintiff to recover civil penalties for the violation of provisions of the California Labor Code that contain their own civil penalties.  California Labor Code §§558 and 2699 contain the civil penalties collectable under the PAGA for violation of California Labor Code §226.7(b).  Accordingly, Plaintiff seeks the civil penalties permitted through California Labor Code §§558 and 2699 for Defendant's violation of California Labor Code §226.7(b).

22

23

24

91.     Plaintiff requests penalties against Defendant for its violation of California Labor Code §226.7(b) as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proven at trial.

25

///

26

///

27

///

28

///

**ELEVENTH CAUSE OF ACTION**

**For Violations of California Labor Code §§226.7(b) and 512 Brought Under PAGA Against Defendant by Plaintiff on a Private Attorneys General Basis (PAGA Meal Period Claim)**

92.     Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

93.     During the year immediately preceding the date of Plaintiff's PAGA exhaustion letter, Defendant failed to authorize and provide first and, when applicable, second meal periods to Plaintiff and other of Defendant's California current and former employees in violation of the "Meal Periods" section of the applicable California IWC Wage Order and §512 of the California Labor Code. By failing to authorize and provide meal periods to Plaintiff and other of Defendant's California current and former employees, Defendant violated California Labor Code §§226.7(b) and 512.

94.     PAGA, specifically California Labor Code §2699(a), allows Plaintiff to recover civil penalties for the violation of provisions of the California Labor Code that contain their own civil penalties.  California Labor Code §§558 and 2699 contain the civil penalties collectable under the PAGA for violation of California Labor Code §§226.7(b) and 512.  Accordingly, Plaintiff seeks the civil penalties permitted through California Labor Code §§558 and 2699 for Defendant's violations of California Labor Code §§226.7(b) and 512.

95.     Plaintiff requests penalties against Defendant for its violations of California Labor Code §§226.7(b) and 512, as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proven at trial.

///
///
///
///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TWELFTH CAUSE OF ACTION

**For Violations of California Labor Code §§201, 202, and 203 Brought Under PAGA Against Defendant by Plaintiff on a Private Attorneys General Basis (PAGA §§201-203 Claim)**

96.     Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

97.     During the year immediately preceding the date of Plaintiff's PAGA exhaustion letter, Defendant failed to pay Plaintiff and other California current and former employees whose employment had separated all wages due and owing by the times set forth in California Labor Code §§201-202, as applicable.  Defendant further failed to pay the waiting time penalties as set forth in California Labor Code §203 to Plaintiff and other California current and former employees whose employment had separated.

98.     PAGA, specifically California Labor Code §2699(a), allows Plaintiff to recover civil penalties for the violation of provisions of the California Labor Code that contain their own civil penalties.  California Labor Code §§256 and 2699 contain the civil penalties collectable under the PAGA for violation of California Labor Code §203.  California Labor Code §2699(f)(2) provides that "[i]f, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation." California Labor Code §§201-202 do not provide their own civil penalties. Because Defendant is an employer that currently employs one or more employees, the civil penalties set forth in California Labor Code §2699(f)(2) apply to each of Defendant's violations of California Labor Code §§201-202.  Accordingly, Plaintiff seeks the civil penalties permitted through California Labor Code §§256 and 2699 for Defendant's violation of California Labor Code §§201-203.

99.   Plaintiff requests penalties Defendant for its violation of California Labor Code §§201-202 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proven at trial.

## THIRTEENTH CAUSE OF ACTION

**For Violation of California Labor Code §226(a) Brought Under PAGA Against Defendant by Plaintiff on a Private Attorneys General Basis (PAGA Pay Stub Claim)**

100.   Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

101.   California Labor Code §226(a) sets forth the following reporting requirements for employers when they pay wages:

> Every employer shall … at the time of each payment of wages, furnish each of his or her employees … an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number statement, (8) the name and address of the legal entity that is the employer…, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

102.   During the year immediately preceding the date of Plaintiff's PAGA exhaustion letter, Defendant furnished Plaintiff and other California current and former employees, regardless of position, and continues to furnish many of its other California employees with wage statements that violate the requirements of California Labor Code §226(a) through its omission of certain required information and/or inaccurate reporting of required information.

103.   PAGA, specifically California Labor Code §2699(a), allows Plaintiff to recover civil penalties for the violation of provisions of the California Labor Code that contain their own civil penalties.  California Labor Code §2699 contains the civil penalties for violation of California Labor Code §226(a). Accordingly, Plaintiff seeks the civil penalties set forth in California Labor Code §2699 for Defendant's violation of California Labor Code §226(a).

104.   Plaintiff requests penalties against Defendant for its violation of California Labor Code §226(a) as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proven at trial.

## FOURTEENTH CAUSE OF ACTION

**For Violation of California Labor Code §204 Brought Under PAGA
Against Defendant by Plaintiff on a Private Attorneys General Basis
(PAGA §204 Claim)**

105.   Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

106.   During the year immediately preceding the date of Plaintiff's PAGA exhaustion letter, Defendant failed to timely pay all wages timely in accordance with California Labor Code §204 to Plaintiff and other of Defendant's California current and former employees.

///

///

///

107.   PAGA, specifically California Labor Code §2699(a), allows Plaintiff to recover civil penalties for the violation of provisions of the California Labor Code that contain their own civil penalties.   California Labor Code §§210 and 2699 contain the civil penalties for violation of California Labor Code §204. Accordingly, Plaintiff seeks the civil penalties set forth in California Labor Code §§210 and 2699 for Defendant's violation of California Labor Code §204.

108.   Plaintiff requests penalties against Defendant for its violation of California Labor Code §204 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proven at trial.

## FIFTEENTH CAUSE OF ACTION

**For Violation of California Labor Code §1198 Brought Under PAGA
Against Defendant by Plaintiff on a Private Attorneys General Basis
(PAGA §1198 Claim)**

109.   Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

110.   California Labor Code §1198 provides that "[t]he employment of any employee … under conditions of labor prohibited by the [wage] order is unlawful."

111.   During the year immediately preceding the date of Plaintiff's PAGA exhaustion letter, Defendant violated California Labor Code §1198 by failing to pay proper minimum wages to Plaintiff and other of Defendant's current and former employees, in violation of the "Minimum Wages" section of the applicable California IWC Wage Order.

112.   During the year immediately preceding the date of Plaintiff's PAGA exhaustion letter, Defendant violated California Labor Code §1198 by failing to pay proper overtime wages to Plaintiff and other of Defendant's current and former employees, in violation of the "Hours and Days of Work" section of the applicable California IWC Wage Order.

113.   During the year immediately preceding the date of Plaintiff's PAGA exhaustion letter, Defendant violated California Labor Code §1198 by failing to authorize and permit compliant paid rest periods to Plaintiff and other of Defendant's current and former employees, in violation of the "Rest Periods" section of the applicable California IWC Wage Order.

114.   During the year immediately preceding the date of Plaintiff's PAGA exhaustion letter, Defendant violated California Labor Code §1198 by failing to provide compliant meal periods to Plaintiff and other of Defendant's current and former employees, in violation of the "Meal Periods" section of the applicable California IWC Wage Order.

115.   During the year immediately preceding the date of Plaintiff's PAGA exhaustion letter, AT&T Mobility violated California Labor Code §1198 by failing to provide and maintain compliant wage statements and records for Plaintiff and other of AT&T Mobility's current and former employees, regardless of job position, in violation of the "Records" section of the applicable California IWC Wage Order.

116.  PAGA, specifically California Labor Code §2699(f), establishes a civil penalty to be levied against California employers for violations of California Labor Code provisions that do not contain their own civil penalties.  California Labor Code §2699(f)(2) provides that "[i]f, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."  California Labor Code §1198 does not provide its own civil penalties.  Because Defendant is an employer that currently employs one or more employees, the civil penalties set forth in California Labor Code §2699(f)(2) apply to each of Defendant's violations of California Labor Code §1198.

1    117.   Plaintiff requests penalties against Defendant for its violation of

2  California Labor Code §1198 as provided under PAGA, plus reasonable attorneys'

3  fees and costs, in amounts to be proved at trial.

4                        **COLLECTIVE ACTION CLAIMS**

5                        **SIXTEENTH CAUSE OF ACTION**

6
     **Collective Action Claim for Violation of FLSA §§206,** *et seq.* **Against**
7                    **Defendant (FLSA Minimum Wage Claim)**

8    118.   Plaintiff repeats and incorporates herein by reference each and every

9  allegation contained above, as though fully set forth herein.

10   119.   During times relevant, Defendant has been an employer within the

11 meaning of 29 U.S.C. §203.   During times relevant, Plaintiff and the FLSA

12 Covered Employees have been employed by Defendant as non-exempt employees

13 within the meaning of 29 U.S.C. §203.

14   120.   During times relevant, Plaintiff and the FLSA Covered Employees

15 have been engaged in commerce and/or the production of goods for commerce

16 within the meaning of 29 U.S.C. §§206(a) and 207(a).   During times relevant,

17 Defendant has been an employer engaged in commerce and/or the production of

18 goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

19   121.   Pursuant to 29 U.S.C. §206(a), employers must pay employees at least

20 minimum wage for time worked.

21   122.   During times relevant, Defendant willfully failed to compensate

22 Plaintiff and the FLSA Covered Employees at a rate not less than minimum wage

23 for all work performed in violation of the FLSA, 29 U.S.C. §206(a).  This occurred

24 as a result of Defendant's conduct of, among other things: (i) failing to pay for all

25 time worked arising from time spent waiting for issuance and return of electronic

26 devices (e.g., iPads) for work; and (ii) failing to pay for all time worked to closing

27 shift FLSA Covered Employees arising from time spent waiting to be released

28

from work at the end of closing shifts as a result of procedures such as lock-up, closing up, and alarming procedures.

123.   Defendant has failed to make a good faith effort to comply with the FLSA's overtime provisions.  Defendant's violations of the FLSA were willful and intentional and thus a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

124.   Pursuant to 29 U.S.C. §216(b):

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages…. An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

125.   For this violation, Plaintiff and FLSA Covered Employees are entitled to and seek the payment of all unlawfully withheld wages, liquidated damages equal to that amount, prejudgment interest, attorneys' fees and costs, and any and all available remedies to the extent permissible under the FLSA, including 29 U.S.C. §216.

## SEVENTEENTHCAUSE OF ACTION

### Collective Action Claim for Violation of FLSA §§207, *et seq.* Against Defendant (FLSA Overtime Claim)

126.  Plaintiff repeats and incorporates herein by reference each and every allegation contained above, as though fully set forth herein.

127. During times relevant, Defendant has been an employer within the meaning of 29 U.S.C. §203. During times relevant, Plaintiff and the FLSA Covered Employees have been employed by Defendant as non-exempt employees within the meaning of 29 U.S.C. §203.

128. During times relevant, Plaintiff and the FLSA Covered Employees have been engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a). During times relevant, Defendant has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

129. Pursuant to 29 U.S.C. §207, employers must pay employees overtime compensation for all work performed in excess of forty hours per week, at a rate not less than one and one-half times their regular rate of pay.

130. During times relevant, Defendant willfully failed to pay Plaintiff and the FLSA Covered Employees overtime compensation, at a rate not less than one and one-half times their regular rate of pay, for all work performed in excess of forty hours per week in violation of the FLSA, 29 U.S.C. §207.

131. This occurred as a result of Defendant's conduct of, among other things: (i) failing to pay for all time worked arising from time spent waiting for issuance and return of electronic devices (e.g., iPads) for work; and (ii) failing to pay for all time worked to closing shift FLSA Covered Employees arising from time spent waiting to be released from work at the end of closing shifts as a result of procedures such as lock-up, closing up, and alarming procedures.

132. Defendant has failed to make a good faith effort to comply with the FLSA's overtime provisions. Defendant's violations of the FLSA were willful and intentional.

133. Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

134.     Pursuant to 29 U.S.C. §216(b):

Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages…. An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

135.     For this violations, Plaintiff and FLSA Covered Employees are entitled to and seek the payment of all unlawfully withheld overtime wages at a rate not less than federal minimum wage, liquidated damages equal to that amount, prejudgment interest, attorneys' fees and costs, and any and all available remedies to the extent permissible under the FLSA, including 29 U.S.C. §216.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment, on behalf of herself and the other California employees specified herein, against Defendant as follows:

### Class Certification

1.     That this action be certified as a class action for the First through Seventh Causes of Action;

2.     That Plaintiff be appointed as the representative of the Class including the Sub Classes; and

3.     That counsel for Plaintiff be appointed as counsel for the Class including the Sub Classes.

1    <u>On the First and Second Causes of Action</u>

2    1.    For repayment of wages and liquidated damages, under the First and

3    Second Causes of Action, to Plaintiff and members of the Class under California

4    Labor Code §§1194 and 1194.2 according to proof and to the extent permissible;

5    2.    For payment of penalties to Plaintiff and members of the Waiting

6    Time Sub Class under California Labor Code §203 according to proof and to the

7    extent permissible;

8    3.    For pre-judgment interest on any unpaid wages due from the day that

9    such amounts were due under California Labor Code §1194;

10    4.    For reasonable attorneys' fees that Plaintiff and members of the Class

11    are entitled to recover under California Labor Code §1194;

12    5.    For costs of suit incurred herein that Plaintiff and members of the

13    Class are entitled to recover under California Labor Code §1194; and

14    6.    For such other and further relief as the Court deems proper.

15    <u>On the Third and Fourth Causes of Action</u>

16    1.    For statutory premium wages to Plaintiff and members of the Class

17    under California Labor Code §226.7(c) according to proof;

18    2.    For reasonable attorneys' fees and costs of suit pursuant to California

19    Code of Civil Procedure §1021.5;

20    3.    For pre-judgment interest on any unpaid wages due from the day that

21    such amounts were due; and

22    4.    For such other and further relief as the Court deems proper.

23    <u>On the Fifth Cause of Action</u>

24    1.    For penalties according to proof under California Labor Code §203 to

25    Plaintiff and members of the Waiting Time Sub Class;

26    2.    For reasonable attorneys' fees;

27    3.    For costs of suit incurred herein; and

28    4.    For such other and further relief as the Court deems proper.

On the Sixth Cause of Action

1.   For penalties and damages according to proof under California Labor Code §226(e) to Plaintiff and Pay Stub Sub Class members;

2.   For injunctive relief under California Labor Code §226(h);

3.   For reasonable attorneys' fees;

4.   For costs of suit incurred herein; and

5.   For such other and further relief as the Court deems proper.

On the Seventh Cause of Action

1.   That Defendant pay restitution and/or disgorgement of sums to Plaintiff and members of the Class for its failures to pay all minimum wages over the last four years in an amount according to proof;

2.   That Defendant pay restitution and/or disgorgement of sums to Plaintiff and members of the Class for its failure to pay all overtime wages over the last four years in an amount according to proof;

3.   That Defendant pay restitution and/or disgorgement of sums to Plaintiff and members of the Class for its failures to pay all wages due and owing over the last four years as in an amount according to proof;

4.   That Defendant pay restitution and/or disgorgement of sums to Plaintiff and members of the Class for its failures to pay correct premium wages for rest periods that were not authorized and permitted over the last four years in an amount according to proof;

5.   That Defendant pay restitution and/or disgorgement of sums to Plaintiff and members of the Class for its failures to pay correct premium wages for meal periods that were not provided over the last four years in an amount according to proof;

6.   For pre-judgment interest on any unpaid wages due from the day that such amounts were due;

SECOND AMENDED CLASS ACTION COMPLAINT

Exhibit 2 - Page 84

7.      For reasonable attorneys' fees that Plaintiff and members of the Class are entitled to recover under California Labor Code §§218.5 and 1194, and California Code of Civil Procedure §1021.5;

8.      For costs of suit incurred herein that Plaintiff and members of the Class are entitled to recover under California Labor Code §§218.5 and 1194; and

9.      For such other and further relief as the Court deems proper.

<u>On the Eighth Through Fifteenth Causes of Action</u>

1.      For penalties according to proof;

2.      For reasonable attorneys' fees and costs; and

3.      For such other and further relief as the Court deems proper.

<u>Collective Action</u>

1.      That this action be declared to be maintainable as a collective action pursuant to 29 U.S.C. §216(b) for the Sixteenth through Seventeenth Causes of Action; and

2.      At the earliest possible time, Plaintiff be allowed to give notice of this collective action, or the Court issue such notice, to all FLSA Covered Employees. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages.

<u>On the Sixteenth through Seventeenth Causes of Action</u>

1.      For repayment of minimum and overtime wages and liquidated damages equal to 100% of the repayment for the three years immediately preceding the filing of this Complaint to Plaintiff and FLSA Covered Employees who opt-in under 29 U.S.C. §216(b) according to proof and to the extent permissible;

2.      For pre-judgment interest on any unpaid wages due from the day that such amounts were due under 29 U.S.C. §216(b);

1    3.    For reasonable attorneys' fees that Plaintiff and FLSA Covered

2  Employees are entitled to recover under 29 U.S.C. §216(b);

3    4.    For costs of suit incurred herein that Plaintiff and FLSA Covered

4  Employees are entitled to recover under 29 U.S.C. §216(b); and

5    5.    For such other and further relief as the Court deems just and proper.

6                              **<u>DEMAND FOR JURY TRIAL</u>**

7         Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

8  requests a jury trial in this matter to the extent permissible.

9

10  Dated: _____          ROBBINS ARROYO LLP

11                                       DENTE LAW, P.C.

12

13                              By: _____

14                                       DIANE E. RICHARD

15                                       Attorneys for Plaintiff Tran K. Ly
                                         Email: drichard@robbinsarroyo.com

16

17

18

19

20

21

22

23

24

25

26

27  1063338_3

28

1

## CONSENT TO BECOME PARTY PLAINTIFF

2

3        I hereby consent to be a party plaintiff in a lawsuit against AT&T Mobility Services LLC in order to seek redress for violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section 216(b).  I hereby designate my attorneys of record to represent me in such a lawsuit.

4

5

6

7    Signature: _____

8    Full Name (Print): _____

9    Address: _____

10

11   City, State and Zip Code: _____

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on _____, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

Dated: _____ 2016        s/ Diane E. Richard
_____
DIANE E. RICHARD
Attorneys for Plaintiff Tran K. Ly
Email: drichard@robbinsarroyo.com

# EXHIBIT A

Exhibit 2 - Page 89



600 B Street, Suite 1900
San Diego, CA  92101
619.525.3990 *phone*
619.525.3991 *fax*
www.robbinsarroyo.com

April 30, 2014

**<u>VIA U.S. CERTIFIED MAIL RETURN RECEIPT REQUESTED</u>**

CALIFORNIA LABOR AND WORKFORCE
   DEVELOPMENT AGENCY
Attn. PAGA Administrator
455 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102

AT&T MOBILITY SERVICES LLC
c/o C T Corporation System, Agent for Service
of Process
675 W. Peachtree Street NW, Suite 2756
Atlanta, GA 30308

AT&T MOBILITY LLC
c/o C T Corporation System, Agent for Service
of Process
675 W. Peachtree Street, Suite 42-090
Atlanta, GA 30375-0001

Re:  **<u>Notice of Claims/Labor Code Private Attorneys General Act of 2004,
     California Labor Code §2698, *et seq.*</u>**

To:  California Labor and Workforce Development Agency, AT&T Mobility Services LLC, and
     AT&T Mobility LLC

The Dente Law Firm and Robbins Arroyo LLP represent Tran K. Ly, a former employee at
AT&T Mobility Services LLC, and AT&T Mobility LLC (collectively "AT&T Mobility") in San
Diego, California.  This letter is intended to constitute notice of claims, including notice pursuant
to the California Labor Code Private Attorneys General Act of 2004, California Labor Code
§2698, *et seq.* ("PAGA") that Ms. Ly intends to bring a civil action for penalties under PAGA for
California Labor Code violations committed by AT&T Mobility against Ms. Ly and other
current and/or former AT&T Mobility employees in California.  Ms. Ly's PAGA action involves
AT&T Mobility's violations of sections 201, 202, 203, 204, 226(a), 226.7, 510, 512, 1197, and
1198 of the California Labor Code.

**<u>AT&T Mobility's Violation of Sections 226(a) and 1198[1]:</u>**Section 226(a) states in pertinent
part that: "Every employer shall ... at the time of each payment of wages, furnish each of his or
her employees ... an accurate itemized statement in writing showing (1) gross wages earned, (2)
total hours worked by the employee ..., (3) the number of piece-rate units earned and any
applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions ..., (5) net

---

[1] "Section __" or "Sections ___" refers to the California Labor Code, unless otherwise
noted.



Exhibit 2 - Page 90

wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number ..., (8) the name and address of the ... employer ..., and (9) all applicable hourly rates in effect during the pay period ...." Additionally, the "Records" section of the applicable California Industrial Welfare Commission ("IWC") Wage Order ("Wage Order") requires accurate recordkeeping including records relating to time and pay.

During at least the year immediately preceding the date of this letter, Ms. Ly and other AT&T Mobility employees were issued itemized wage statements that did not comply with the requirements under either Section 226(a), or under the requirements of the "Records" section of the applicable IWC Wage Order, a violation of Section 1198. The wage statements provided to Ms. Ly and other employees of AT&T Mobility on their face fail to, among other things, correctly state the work dates for which payments are being paid including overtime wages, commissions, and adjustments, and accurately itemize the total hours worked and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in effect each pay period. For example, the wage statements on their face fail to identify a rate of pay, hours worked, and time periods for "true up payments" and "additional adjustments;" fail to have corresponding time periods listed for each time period that non-base payments are being made such as overtime and commissions; fail to accurately itemize the total hours worked; and fail to accurately state the rate of pay for meal and rest premiums in that the premium payments are not based on the employees' true regular rate of pay but rather only their base pay. Furthermore, the wage statements omit required information about the employer legal entities in that the wage statements identify AT&T Mobility Services LLC as the employer but fail to identify AT&T Mobility LLC as an employer. AT&T Mobility LLC is identified in a Labor Agreement between AT&T Mobility LLC and the Communication Workers of America as an employer of persons covered by that agreement. Additionally, the wage statements fail to accurately itemize hours worked and gross and net wages earned in that for AT&T Mobility employees who work as a non-exempt Retail Sales Consultant or equivalent position, the wage statements omit some hours worked and wages earned as a result of these employees not being paid for all time spent working while waiting for procedures to be completed for electronic devices and closing.

**AT&T Mobility's Violation of Section 204:**

During at least the year immediately preceding the date of this letter, AT&T Mobility failed to timely pay Ms. Ly and other California non-exempt AT&T Mobility employees all wages due during employment in accordance with Section 204's timing requirements through its unlawful practices of, including, but not limited to: (i) failing to timely pay for all time worked arising from time spent waiting for issuance and return of electronic devices (e.g., iPads) for work (for AT&T Mobility employees who work as a non-exempt Retail Sales Consultant or equivalent position); (ii) failing to timely pay for all time worked on closing shifts arising from time spent waiting to be released from work at the end of closing shifts as a result of procedures such as lock-up, closing up, and alarming procedures (for AT&T Mobility employees who work as a non-exempt Retail Sales Consultant or equivalent position); and (iii) failing to timely pay

Exhibit 2 - Page 91

meal and rest premium wages at the true regular rate of pay which includes commissions, incentive pay, and other forms of compensation that is factored into the calculation of employees' regular rate of pay.   Additionally, during at least the year immediately preceding the date of this letter, AT&T Mobility failed to comply with Section 204(b)(2)'s requirements concerning setting forth corrections on paystubs when it issues wage statements to Ms. Ly and other California non-exempt of AT&T Mobility.

**AT&T Mobility's Violation of Sections 1197 and 1198:**

Section 1197 provides that the payment of less than minimum wage is unlawful.  Section 1198 provides that the standard conditions of labor fixed by the commission shall be the standard conditions of labor for employees.  The "Minimum Wages" section of the applicable IWC Wage Order provides that every employer must pay to each employee on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the pay period whether the remuneration is measured by time, piece, commission, or otherwise.  During at least the year immediately preceding the date of this letter, AT&T Mobility, among other things, with respect to AT&T Mobility employees who work as a non-exempt Retail Sales Consultant or equivalent position: (i) failed to pay for all time worked arising from time spent waiting for issuance and return of electronic devices (e.g. iPads) for work; and (ii) failed to pay for all time worked on closing shifts arising from time spent waiting to be released from work at the end of closing shifts as a result of procedures such as lock-up, closing up, and alarming procedures.

**AT&T Mobility's Violation of Sections 510 and 1198:**

AT&T Mobility is required to pay Ms. Ly and other California non-exempt AT&T Mobility employees overtime compensation in accordance with Section 510.  Section 1198 provides that the standard conditions of labor fixed by the commission shall be the standard conditions of labor for employees.  The "Hours and Days of Work" section of the applicable IWC Wage Order provides that an employer must pay non-exempt employees daily and weekly overtime.  During at least the year immediately preceding the date of this letter, AT&T Mobility, among other things, with respect to AT&T Mobility employees who work as a non-exempt Retail Sales Consultant or equivalent position: (i) failed to pay for all time worked arising from time spent waiting for issuance and return of electronic devices (e.g., iPads) for work; and (ii) failed to pay for all time worked on closing shifts arising from time spent waiting to be released from work at the end of closing shifts as a result of procedures such as lock-up, closing up, and alarming procedures.

**AT&T Mobility's Violation of Sections 226.7 and 1198:**

Section 226.7(b) makes it unlawful for an employer to require any employee to work during any rest period mandated by the applicable IWC Wage Order, statute, regulation, standard, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.  Pursuant to "Rest Periods" section of the applicable IWC Wage Order, "Every employer shall authorize and permit all employees to take rest periods, which insofar as

Exhibit 2 - Page 92

practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.  However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages." Section 1198 moreover makes it unlawful for an employer to violate the Rest Periods section of the applicable IWC Wage Order.

Section 226.7(c) provides that an employer shall pay an employee one additional hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

During at least the year immediately preceding the date of this letter, AT&T Mobility has failed to pay Ms. Ly and other AT&T Mobility employees who work as a non-exempt Retail Sales Consultant or equivalent position the appropriate payment under Section 226.7 because, if and when paid, AT&T Mobility paid the additional hour not at the employee's true regular rate of compensation but rather used the employee's base rate compensation not taking into account other compensation that forms the regular rate of compensation such as commissions and incentive pay.  Furthermore, AT&T Mobility has further failed, as evidenced through any payment of any rest premium wages, to authorize and permit rest periods.  As a result, AT&T Mobility has violated Sections 226.7 and 1198.

## AT&T Mobility's Violation of Sections 226.7, 512, and 1198:

Section 512 and the "Meal Periods" section of the applicable IWC Wage Order provide that no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  Further, under Section 512 and the applicable IWC Wage Order, an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.  The "Records" section of the applicable IWC Wage Order requires an employer to keep accurate information with respect to each employee including time records showing when the employee begins and ends each work period and meal periods.  Section 1198 makes it unlawful to employ persons under conditions prohibited by the applicable IWC Wage Order.  Furthermore, Section 226.7(b) makes it unlawful for an employer to require any employee to work during any meal period mandated by the applicable IWC Wage Order.

Section 226.7(c) provides that an employer shall pay an employee one additional hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

During at least the year immediately preceding the date of this letter, AT&T Mobility has failed to pay Ms. Ly and other AT&T Mobility employees who work as a non-exempt Retail

Exhibit 2 - Page 93

Notice of Claims
April 30, 2014
Page 5

Sales Consultant or equivalent position the appropriate payment under Section 226.7 because, if and when paid, AT&T Mobility paid the additional hour not at the employee's true regular rate of compensation but rather used the employee's base rate compensation not taking into account other compensation that forms the regular rate of compensation such as commissions and incentive pay. Furthermore, AT&T Mobility has further failed to provide meal periods, as evidenced through the payment of any meal premium wages. As a result, AT&T Mobility has violated Sections 226.7, 512 and 1198.

**AT&T Mobility's Violations/Penalties Regarding Sections 201, 202, and 203:**

Sections 201 and 202 set forth the timing requirements for the payment of wages due upon an employee's separation of employment. Section 203 furthermore provides that a waiting time penalty must be paid should the timing requirements in Sections 201 or 202 not be complied with. AT&T Mobility did not pay Ms. Ly and other AT&T Mobility employees who work as a non-exempt Retail Sales Consultant or equivalent position all wages due by the times set forth in Sections 201 and 202 as applicable, including, but not limited to, regular, minimum, overtime, premium wages, and other forms of wages. Ms. Ly seeks civil penalties for these violations.

**Applicable PAGA Civil Penalty:**

PAGA, specifically Section 2699(a), permits an aggrieved employee to recover civil penalties set forth within the California Labor Code for violations of the California Labor Code. In addition, Section 2699(f) establishes civil penalties for violations of California Labor Code provisions that do not contain their own civil penalties. Ms. Ly intends to bring a civil action to recover civil penalties for the violations identified above, including civil penalties pursuant to Section 2699(f) as well as those civil penalties specifically set forth within the text of the California Labor Code. These penalties are sought for violations committed against Ms. Ly and other California AT&T Mobility employees as described herein.

Please feel free to contact the undersigned with any questions you may have.

Very truly yours,

Diane E. Richard

cc:     Matthew S. Dente, Esq. (via e-mail)

943427

Exhibit 2 - Page 94