UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAN K. LY,<br><br>                   Plaintiff,<br><br>v.<br><br>AT&T MOBILITY SERVICES LLC,,<br><br>                   Defendant. | Case No.: 3:14-cv-01686-L-RBB<br><br>**FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

      On December 5, 2016, a hearing was held on the motion of plaintiff Tran K. Ly ("Plaintiff"), on behalf of herself and Class Members, for final approval of the Class Action Settlement Agreement ("Settlement Agreement")[1] entered into between Plaintiff and defendant AT&T Mobility Services LLC ("AT&T Mobility" or "Defendant") (collectively, with Plaintiff, the "Parties").  Due and adequate notice has been given to the Class Members as required by this Court's Order granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (Doc. No. 52) dated July 14, 2016.  Having considered the papers on the Parties' Joint Motion for Final Approval of Class Action Settlement ("Motion for Final Approval of Settlement") and Plaintiff's Motion for Attorneys' Fees and Costs (Doc. No. 54) ("Motion for Attorney's Fees and Costs"), the Settlement, and the record and proceedings herein, and having determined that the Settlement is fair, adequate, and

---

[1] As used in this order, capitalized terms carry the definitions provided in the Settlement Agreement [Doc. 47-3]

reasonable, and otherwise being fully informed, the Court finds, concludes, and hereby orders and adjudges as follows:

1. The Parties' Joint Motion for Final Approval of Settlement and Plaintiff's Motion for Attorneys' Fees and Costs are hereby granted.

2. All terms used herein shall have the same meaning as given them in the Settlement Agreement [Doc. 47-3].

3. The Court has jurisdiction over the subject matter of this proceeding and over all Parties to this proceeding.

4. The Court hereby finds that the following Class is properly certified for settlement purposes:

> "All persons who are employed or have been employed by AT&T Mobility Services who held the non-exempt position(s) of Retail Sales Consultant ("RSC") and/or Assistant Store Manager ("ASM") in AT&T Mobility Services' company-owned retail stores in California at any time during the Class Period of April 30, 2010 through July 14, 2016."

All members of the Class are covered by and included within the Settlement and within this Final Approval Order and Final Judgment, except for the ten (10) individuals who validly opted-out.

5. The Court finds that dissemination of the Notice Packet (which included the Class Settlement Notice and Claim Form) in the form and manner ordered by the Court in the Preliminary Approval Order was accomplished as directed and met the requirements of due process. The Court further finds the dissemination of the Notice Packet, including individual notice to all Class Members who could be identified through reasonable effort, was the best notice practicable under the circumstances. The Notice Packet provided due and adequate notice of the proceedings and of the matters set forth in the Preliminary Approval Order, including the proposed Settlement, to all persons entitled to such Notice Packet and therefore fully satisfied due process requirements.

6. The Court finds that the Settlement has been reached as a result of intensive, serious, and non-collusive arm's-length negotiations and finds that the Settlement was entered into in good faith. The Court further finds that the Settlement is fair, reasonable, and adequate, and that Plaintiff has satisfied the standards and applicable requirements for final approval of the Settlement under Rule 23 of the Federal Rules of Civil Procedure and California law.

7. In granting final approval of the Settlement, the Court considered the nature of the claims, the allocation of settlement proceeds to the Class Members, and the fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. Additionally, the Court finds that the terms of the Settlement have no deficiencies and do not improperly grant preferential treatment to any individual Class Member.

8. The Court hereby finally approves the Settlement Agreement and the Settlement as, in all respects, fair, adequate, and reasonable, and directs the Parties to consummate and implement the Settlement in accordance with its terms and provisions and in accordance with this Final Approval Order and Final Judgment.

9. The Court hereby confirms the following: (i) George C. Aguilar and Brian J. Robbins (of Robbins Arroyo LLP) and Matthew S. Dente and Diane E. Richard (of Dente Richard LLP) as Class Counsel; (ii) Tran K. Ly as the Class Representative; and (iii) Rust Consulting ("Rust") as the Settlement Administrator.

10. The Court hereby directs Rust to distribute the maximum Gross Settlement Amount and Net Settlement Amount in accordance with the Settlement Agreement and this Final Approval Order and Judgment.

11. The Court approves and orders Class Member Payments to Qualified Claimants to be paid from the Net Settlement Amount as set forth in the Settlement Agreement and directs Rust to distribute said payments to Qualified Claimants in accordance with the Settlement Agreement. The Court further approves and orders employer side payroll taxes to be paid from the Net Settlement Amount as set forth in the

Settlement Agreement and directs Rust to distribute said payments to the appropriate taxing authorities. Any employer payroll taxes shall be paid out of the unclaimed portion of the Net Settlement Amount prior to being taken from Class Member Payments to Qualified Claimants. Any portion of the Net Settlement Amount above the 50% floor remaining after all payments to Qualified Claimants and all applicable employer portion of the payroll taxes on the wage payments have been made will remain the exclusive property of Defendant subject to provisions of Paragraph 5.1.4 of the Settlement Agreement.

12. The Court approves and orders the payment of $60,000 to Rust for the Settlement Administration Costs as set forth in the Settlement. The payment authorized by this paragraph shall be made in accordance with the terms of the Settlement.

13. The Court approves and orders the settlement of claims under the California Labor Code Private Attorneys General Act ("PAGA"), California Labor Code §2698, *et seq.*, and the payment of $42,000 to the California Labor & Workforce Development Agency ("LWDA") as the LWDA's share of the Settlement attributable to civil penalties under PAGA. The payment to the LWDA shall be made in accordance with the terms of the Settlement.

14. The Court approves and orders payment of $15,000 to Plaintiff for her service as the Class Representative and in consideration of Plaintiff's general release of Released Claims which is much broader than a Settlement Class Member's release of claims. The payment of the Class Representative Service Award shall be made in accordance with the terms of the Settlement.

15. Under the terms of the Settlement and the authorities, evidence, and argument set forth in Class Counsel's application, an award of attorneys' fees in the amount of $2,240,000, and for costs and expenses in the amount of $21,151.45, as final payment for and complete satisfaction of any and all attorneys' fees and costs incurred by and/or owed to Class Counsel is hereby granted. The Court finds that Class Counsel's request is fair and reasonable, and that the results achieved justify the award. The payment of fees and costs to Class Counsel shall be made in accordance with the terms of the Settlement.

16. Upon the Final Effective Date, Plaintiff generally releases Plaintiff's Released Claims against Released Parties, as those terms are defined in the Settlement Agreement. Released Parties, upon the Final Effective Date, are released and discharged by Plaintiff from any and all liability with respect to Plaintiff's Released Claims. Upon the Final Effective Date, Plaintiff's Released Claims are resolved and settled and Plaintiff is prohibited (as an individual or collectively, representatively, derivatively, or on behalf of herself, or in any other capacity of any kind whatsoever) from asserting a Plaintiff's Released Claim and from instituting, commencing, prosecuting or continuing to prosecute, directly or indirectly, joining in, or voluntarily assisting in a lawsuit, action in this Court or any other federal or state court, in any arbitration, mediation, adversary or any other similar proceeding against the Released Parties, or any of them, that asserts any claims that are Plaintiffs' Released Claims. Excluded from this prohibition are any instances where Plaintiff is legally compelled to testify through services of a subpoena or other process.

17. Upon the Final Effective Date, each Class Member who did not validly opt out of the Settlement ("Settlement Class Member") is and shall be deemed to have conclusively released each and every Released Claim against Releasees, defined as follows:

> The claims released ("Released Claims") are those that were or could have been brought based on the facts or claims alleged in any version of the Complaints filed in the *Ly v. AT&T Mobility Services LLC* action arising during April 30, 2010 and July 28, 2016 except that the following are excluded from and not released: (i) FLSA Released Claims; and (ii) claims relating to the enforcement of this Settlement Agreement and/or any Court order and judgment pertaining to same. The claims released by the Settlement Class Members include, but are not limited to, statutory, constitutional, contractual or common law claims for wages, damages, unpaid costs or expenses, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution or equitable relief, arising out of or based upon the

following categories of allegations, regardless of the forum in which they may be brought, to the fullest extent such claims are releasable by law: (a) all claims for failure to pay wages, including overtime premium pay and the minimum wage based on the facts or claims alleged in the Complaint(s) in the Action; (b) all claims for the failure to provide meal and/or rest periods in accordance with applicable law, including all payments for missed meal and/or rest periods and alleged non-payment of wages for meal periods worked and not taken based on the facts or claims alleged in the Complaint(s) in the Action; and (c) any and all claims for recordkeeping or pay stub violations, failure to timely pay wages upon separation and all waiting time penalties, and all other civil and statutory penalties, including those recoverable under the Private Attorneys General Act, Labor Code § 2698 et seq. based on the facts or claims alleged in the Complaint(s) in the Action. The Released Claims include without limitation claims meeting the above definition(s) under any and all applicable statutes, including without limitation any provision of the California Labor Code based on the facts or claims alleged in the Complaint(s) in the Action; California Bus. & Prof. Code §§ 17200 et seq. based on the facts or claims alleged in the Complaint(s) in the Action; and any provision of the applicable California Industrial Welfare Commission Wage Orders based on the facts or claims alleged in the Complaint(s) in the Action. Nothing in the Released Claims shall serve as a waiver of Settlement Class Members' rights after the date of preliminary approval. As to the foregoing claims only, this release of Released Claims also includes a waiver of unknown claims in accordance with the provisions of California Civil Code § 1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him must have materially affected his or her settlement with the debtor."

Releasees upon the Final Effective Date, are released and discharged by Settlement Class Members from any and all liability with respect to the Released Claims.

18. Upon the Final Effective Date, each Class Member who, on the Claim Form, affirmatively opted into the Settlement for the FLSA claims is and shall be deemed to have conclusively released each and every FLSA Released Claims against Releasees, defined as follows:

> FLSA Released Claims are any and all claims for minimum wage and overtime under the Fair Labor Standards Act including associated claims for interest, liquidated damages, litigation costs, equitable relief and attorneys' fees for the minimum and overtime claims based on the facts or claims alleged in any of the operative Complaints in the *Ly v. AT&T Mobility Services LLC* action for the time period of April 30, 2011 through July 28, 2016.

Releasees, upon the Final Effective Date, are released and discharged by each Class Member who affirmatively opted into the Settlement for the FLSA claims, from any and all liability with respect to the FLSA Released Claims.

19. Upon the Final Effective Date, each Settlement Class Member's Released Claims, and FLSA Released Claims as applicable if the Settlement Class Members affirmatively opted into the Settlement for the FLSA claims, are resolved, discharged, and settled. Settlement Class Members are prohibited (as an individual or collectively, representatively, derivatively, or on behalf of herself or himself, or in any other capacity of any kind whatsoever) from asserting a Released Claim (and FLSA Released Claims if he or she affirmatively opted into the Settlement for the FLSA claims) and from instituting, commencing, prosecuting or continuing to prosecute, directly or indirectly, joining in, or voluntarily assisting in a lawsuit, action in this Court or any other federal or state court, in any arbitration, mediation, adversary or any other similar proceeding against the Releasees, or any of them, that asserts any claims that are Released Claims (and FLSA Released Claims if he or she affirmatively opted into the Settlement for the FLSA claims). Excluded from this prohibition are any instances where the Settlement Class Member is legally

compelled to testify through services of a subpoena or other process. Any Settlement Class Member who violates the terms of the release by further asserting any of the Released Claims (and FLSA Released Claims if he or she affirmatively opted into the Settlement for the FLSA claims) against any the of the Releasees shall pay the costs and attorneys' fees incurred by any Releasee as a result of the violation if Defendant provided written notification to that person or their designated representative of the bar against any of the Released Claims and the Releasee is the prevailing party in an action brought by the person for the asserted barred Released Claims.

20. The Settlement does not constitute an admission by AT&T Mobility of liability to Plaintiff or any Class Member, nor does this Final Approval Order and Final Judgment constitute a finding by the Court of the validity of any of the claims alleged in this Action, or any liability of Defendant.

21. The Magistrate Judge shall retain jurisdiction over all disputes between and among the Parties arising out of the Settlement Agreement, including but not limited to the interpretation and enforcement of the terms of the Settlement Agreement.

22. If the Settlement does not become final and effective in accordance with its terms, this Final Approval Order and Final Judgment and all orders entered in connection herewith, shall be vacated and shall have no further force or effect.

Dated:  December 8, 2016

_____
Hon. M. James Lorenz
United States District Judge